June 15, 2017

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      RE:    *Contant, et al. v. Bank of America Corporation, et al.*, No. 17-cv-3139;
               *Lavender, et al. v. Bank of America Corporation, et al.*, No. 17-cv-4392

Dear Judge Schofield:

      Counsel for Plaintiffs in the above-captioned FX indirect purchaser antitrust class actions ("Plaintiffs") respectfully submit this letter in response to Defendants' June 14, 2017 letter (No. 17-cv-3139, ECF No. 79) ("Defendants' Letter Motion"), and to request that the Court order the following to enable Defendants to efficiently brief any new issues related to the newly filed *Lavender, et al. v. Bank of America Corporation, et al.*, 17-cv-4392 ("*Lavender*"), that are distinct from those Defendants may wish to address regarding *Contant, et al. v. Bank of America Corporation, et al.*, 17-cv-3139 ("*Contant*"), for which Defendants' brief is due on June 19, 2017:

1. No later than seven (7) days after entry of this Order, Plaintiffs shall file a consolidated class action complaint that shall encompass all claims alleged in *Contant* and *Lavender*;
2. The *Contant* docket number, 17-cv-3139, shall serve as the master docket for the consolidated *Contant* and *Lavender* cases; and
3. Defendants may file a joint 12(b)(6) Motion to Dismiss and/or Stay and a separate joint 12(b)(2) Motion to Dismiss the consolidated action, within 30 days after the entry of this Order. Plaintiffs may file memoranda in opposition to Defendants' Motions to Dismiss, both due 45 days after the filing of Defendants' motions. Defendants may file joint reply briefs, due 23 days after the filing of Plaintiffs' opposition briefs.

      On September 26, 2016, Plaintiffs' counsel filed *Baker, et al. v. Bank of America Corporation,* No. 16-cv-7512 ("*Baker*"), which sought injunctive relief under the Sherman Act and damages under New York and California law on behalf of proposed classes of indirect purchasers of FX Instruments. In response to Defendants' positions regarding the purported standing of the plaintiffs in *Baker* to assert indirect antitrust claims, Plaintiffs filed an amended complaint that was substantially similar to the *Baker* complaint, but substituted new plaintiffs and, separately, added proposed classes under Florida, Illinois, Minnesota and North Carolina law. In response, Defendants raised several unusual procedural issues, including that the filing of a substantively identical amended complaint in which the plaintiffs are substituted constitutes a new action. Rather than injecting delay and wasting resources by briefing those issues, the parties stipulated to the voluntary dismissal of the *Baker* complaint without prejudice, and agreed that Plaintiffs would file the *Contant* complaint as a new action. On May 5, 2017, the Court entered a stipulated order setting forth a schedule for the motion to dismiss the *Contant* complaint, which would be due on June 19, 2017. (No. 17-cv-3139, ECF No. 17.).

Separately, on May 5, 2017, pursuant to Massachusetts law, Plaintiffs' counsel sent Defendants a demand letter on behalf of a proposed class representative seeking to represent a class of indirect purchasers of FX Instruments under Massachusetts law. Because Massachusetts law provides that a demand letter must be sent 30 days prior to the filing of a complaint, those claims could not be included in *Contant*. In response, Defendants requested that the parties stipulate to a modification of the briefing schedule in *Contant*. Plaintiffs indicated their willingness to modify the *Contant* briefing schedule if additional state-law claims were asserted and requested that Defendants expedite their statutory 30-day response time to the demand letters to increase efficiency and avoid the present circumstance in which additional claims could not be pled pursuant to the applicable statute for 30 days which roughly coincided with the stipulated briefing deadline in *Contant*. Defendants did not respond to Plaintiffs' request and instead, sent responses to Plaintiffs' demand letters beginning on June 2 and as late as June 5.

On June 10, 2017, Plaintiffs notified Defendants that they intended to file the *Lavender* action that would include claims behalf of proposed classes of indirect purchasers of FX Instruments in Massachusetts and Arizona. Plaintiffs stated that they "recognize[d] that the Defendants may want to address the claims in our new complaint in a single motion to dismiss." Plaintiffs were therefore amenable to "entering into a stipulation to modify the briefing schedule to allow defendants to move with respect to both complaints at the same time" as well as alternative options that would enable the parties and the Court to proceed efficiently. Thereafter, Plaintiffs' counsel filed *Lavender* which, as Defendants state, "was nearly identical to the *Contant* complaint," but included claims under Massachusetts and Arizona law.

On June 12, Defendants requested that Plaintiffs join their request to "stay" the briefing schedule in *Contant*, pending negotiations between the parties for a plan to consolidate and brief the above-captioned cases. Plaintiffs agreed that the briefing schedule in *Contant* should be suspended, proposed a briefing schedule for the consolidated complaint, and proposed that rather than requesting an indefinite stay, it would be more efficient if a joint request to modify the *Contant* briefing schedule included a proposal for consolidation and briefing the consolidated complaint and proposed a briefing schedule. Defendants in turn insisted upon a number of preconditions, including a declaration that Plaintiffs' counsel would not assert any new claims or seek to represent any classes other than those expressly included in the consolidated complaint. Such a declaration is unwarranted and improper. Defendants did not respond to Plaintiffs' proposed briefing schedule and instead committed to agreeing upon a schedule in the next 10 days. At 12:00 p.m., on June 14, 2017, Defendants emailed Plaintiffs with additional questions regarding Plaintiffs' position on a plan for filing a consolidated complaint, and stated: "[w]e look forward to continuing to discuss with you scheduling and other outstanding case management issues." Plaintiffs responded with answers to those questions at 12:28 p.m. Without responding, Defendants filed their Letter Motion several minutes after Plaintiffs' email was sent.

Plaintiffs' proposed relief is consistent with the proposal Plaintiffs communicated to Defendants on June 13, 2017. Plaintiffs' proposal allows these actions to proceed efficiently and without unnecessary delay while extending the stipulated schedule in *Contant*, ECF No. 69, to afford Defendants ample time to modify their motion to dismiss briefs in *Contant*, currently due on June 19th, to address any additional Arizona and Massachusetts state-law issues that may be raised regarding *Lavender*.

Honorable Lorna G. Schofield
June 14, 2017
Page 3

Respectfully submitted,

/s/ Michael Dell'Angelo
Michael Dell'Angelo
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net

*Counsel for Plaintiffs in the*
*Above-Captioned Actions*