1622 LOCUST STREET   |   PHILADELPHIA, PA  19103-6305   |   PHONE:  215/875-3000   |   FAX:  215/875-4604   |   WWW.BERGERMONTAGUE.COM



| | |
|---|---|
| **MICHAEL DELL'ANGELO** | |
| WRITER'S DIRECT DIAL | 215/875-3080 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | mdellangelo@bm.net |

July 28, 2017

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      RE:    *Contant, et al. v. Bank of America Corporation, et al.*, No. 17-cv-3139;

Dear Judge Schofield:

      Counsel for Plaintiffs in the above-captioned action ("Plaintiffs") respectfully submit this letter in response to Defendants' July 26, 2017 letter (No. 17-cv-3139, ECF No. 91) ("Defendants' Letter Motion").

      On September 26, 2016, Plaintiffs' counsel filed *Baker, et al. v. Bank of America Corporation,* No. 16-cv-7512 ("*Baker*"), which sought injunctive relief under the Sherman Act and damages under New York and California law on behalf of proposed classes of indirect purchasers of FX Instruments. At the initial hearing in that case, the Court told Defendants "I presume you will follow my individual rules as far as page limits. If you need an extension of that, you can make an application. I suspect you may not. Then we'll just see where that takes us." *See Baker*, ECF No. 62, at 6:21-24. Defendants did not apply for a page extension.

      On March 24, 2017, Plaintiffs filed an amended complaint that was substantially similar to the *Baker* complaint, but substituted new plaintiffs and, separately, added proposed classes under Florida, Illinois, Minnesota, and North Carolina law. *Id.* at ECF No. 176. In response, Defendants insisted that the amended complaint should be filed as a new action, and rather than delaying the litigation, Plaintiffs agreed to voluntarily dismiss *Baker* and file the New York, California, Florida, Illinois, Minnesota, and North Carolina claims as a new action in the above-captioned docket. Although Plaintiffs raised the issue of page limits several times in negotiating the joint letter and stipulations, Defendants stated in an April 18, 2017 email from Sam Auld (counsel for JPMorgan) to Plaintiffs that Defendants wanted to omit any mention of page limits from the joint letter.

As stipulated, on April 28, 2017, Plaintiffs filed *Contant, et al. v. Bank of America Corporation, et al.*, No. 17-cv-3139 ("*Contant*"), at ECF No. 1. On May 5, 2017, the Court entered the parties' stipulated order setting forth a schedule for the motion to dismiss the *Contant* complaint, which would be due on June 19, 2017. (No. 17-cv-3139, ECF No. 17). Plaintiffs filed an additional complaint captioned *Lavender, et al. v. Bank of America Corporation, et al.*, 17-cv-4392 ("*Lavender*"), which, as Defendants stated, "was nearly identical to the *Contant* complaint," *see Contant*, ECF No. 79, but included claims under Massachusetts and Arizona law.

In a letter motion dated June 15, 2017, just four days before their motions to dismiss were due in *Contant*, Defendants requested that the court suspend their briefing deadlines in Contant so that the parties could negotiate a plan to consolidate *Lavender* with *Contant* and brief the cases jointly. ECF No. 79. The Court granted that motion on June 15, 2017. During a week of difficult negotiations, Defendants insisted Plaintiffs file a consolidated complaint including all class representatives and claims from *Contant* and *Lavender*, and that Defendants would file a joint 12(b)(6) Motion to Dismiss and a joint 12(b)(2) Motion to Dismiss. Defendants never raised the need for an extension on the page limit, and did not request the inclusion of a page limit extension in the stipulation.

The only difference between the originally filed *Contant* complaint, ECF No. 1, and the Consolidated Class Action Complaint, ECF No. 84, is two additional state-law claims under Massachusetts and Arizona law, which Defendants were aware of before they insisted upon consolidation and the filing of a joint motion to dismiss. Defendants have failed to establish that their arguments in support of dismissing Plaintiffs' Massachusetts and Arizona claims require ten additional pages. Nevertheless, Plaintiffs offered Defendants an extension of up to four pages, provided that those pages address Plaintiffs' Massachusetts and Arizona state-law claims, and Plaintiffs would be afforded a four-page extension for their response. Defendants rejected Plaintiffs' offer.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Letter Motion request for additional pages. Alternatively, Plaintiffs request that any additional pages granted to Defendants for their 12(b)(6) brief be limited to arguments specific to Plaintiffs' Arizona and Massachusetts state-law claims and that any page limit extension is mutual as applied to Plaintiffs' responsive briefing.

    Respectfully submitted,

    /s/ Michael Dell'Angelo
    Michael Dell'Angelo
    **BERGER & MONTAGUE, P.C.**
    1622 Locust Street
    Philadelphia, PA 19103
    Tel: (215) 875-3000
    Fax: (215) 875-4604
    mdellangelo@bm.net

    *Counsel for Plaintiffs*