1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



February 26, 2018

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RE: *Contant, et al. v. Bank of America Corporation, et al.*, No. 17-cv-3139;

Dear Judge Schofield:

Counsel for Plaintiffs in the above-captioned action ("Plaintiffs") respectfully submit this letter to inform the Court of controlling supplemental authority relevant to Defendants' pending Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (ECF No. 103). A copy of the Second Circuit decision, *Charles Schwab Corp., et al. v. Bank of America Corp., et al.*, No. 16-1189-cv (2d Cir. Feb. 23, 2018), is attached as Exhibit A.

Defendants Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC, HSBC Holdings, HSBC Bank plc, Royal Bank of Scotland Group plc, Société Générale, Standard Chartered Bank, and UBS AG ("Foreign Defendants") filed a motion to dismiss Plaintiffs' Consolidated Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and a brief in support of the motion on August 11, 2017. (ECF Nos. 103, 107) ("12(b)(2) Motion"). Foreign Defendants argued in their brief that the Court lacks personal jurisdiction over them in this case because, *inter alia*, "personal jurisdiction consistent with the Due Process Clause cannot be obtained over the Foreign Defendants based on the alleged conduct of other Defendants." ECF No. 107, at 21 (citing *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, 2016 WL 1558504, at *9 n.8 (S.D.N.Y. Apr. 14, 2016). Specifically, Foreign Defendants cited *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2016 WL 1558504, at *9, for the proposition that "the availability 'of the conspiracy theory of personal jurisdiction is unsettled in this Circuit.'" ECF No. 107, at 21. Foreign Defendants' reply brief in support of the 12(b)(2) Motion (ECF No. 121, filed Oct. 24, 2017) reiterated that "Plaintiffs . . . err in contending that jurisdiction attaches vicariously to the Foreign Defendants based on 'the acts of co-conspirators'" because "[t]he so-called 'conspiracy jurisdiction' doctrine as asserted by Plaintiffs is [inconsistent] with Second Circuit precedent." *Id*.

Plaintiffs argued in their brief opposing the 12(b)(2) Motion that in addition to several other independent bases, personal jurisdiction over Foreign Defendants is proper on the basis of "conspiracy jurisdiction." (ECF No. 115, filed Sep. 27, 2017), at 17-18. In cases alleging that defendants entered into a conspiracy, "the acts of co-conspirators are attributed to all Defendants for purposes of personal jurisdiction." *Id*. at 17 (citing *In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 484 (S.D.N.Y. 2013); *Sea Trade Mar. Corp. v. Coutsodontis*, No.

09-cv-488, 2012 WL 3594288, at *7 (S.D.N.Y. Aug. 16, 2012)). Plaintiffs argued that because Plaintiffs plausibly alleged that the Foreign Defendants participated in a Conspiracy with non-Foreign Defendants, the acts of each Defendant, including non-Foreign Defendants, are attributed to Foreign Defendants for purposes of personal jurisdiction. ECF No. 115, at 17-18. Because the non-Foreign Defendants are indisputably subject to personal jurisdiction on the basis of their specific acts committed in this District in furtherance of the conspiracy, Foreign Defendants are subject to personal jurisdiction on the basis of those same acts. *Id*.

On February 23, 2018, after briefing on Defendants' motions to dismiss concluded, the Second Circuit issued an opinion in *Charles Schwab Corp., et al. v. Bank of America Corp.*, et al., No. 16-1189-cv (2d Cir. Feb. 23, 2018) ("*Schwab*"), holding as a matter of first impression that "conspiracy jurisdiction" provides an independent basis for personal jurisdiction. Slip Op. at 31. The Second Circuit also specified the requirements for a finding of personal jurisdiction on the basis of a defendant's participation in a conspiracy:

> We agree that [the Fourth Circuit's holding in *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013)] sets forth the appropriate test for alleging a conspiracy theory of jurisdiction: the plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state.

Slip Op. at 31 (citing *Unspam*, 716 F.3d at 329).

As described in Plaintiffs' opposition brief, each of these requirements is met here. ECF No. 115, at 17-18. This Court has already found plausible that Foreign Defendants participated in a conspiracy with Non-Foreign Defendants. *In re For. Exch. Benchmark Rates Antitrust Litig.*, 74 F. Supp. 3d 581 (S.D.N.Y. 2015); *In re For. Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789-LGS, 2016 WL 5108131, at *1 (S.D.N.Y. Sept. 20, 2016). And Foreign Defendants do not dispute that the non-Foreign Defendants committed substantial acts in furtherance of the conspiracy within this District, including fixing prices through interfirm communications, and selling FX Instruments at supracompetitive prices to direct and indirect purchaser customers located in this District.[1] Therefore, under the test for conspiracy jurisdiction adopted by the Second Circuit in *Schwab*, personal jurisdiction is clearly proper here.

In sum, while Foreign Defendants were correct at the time in noting that the Second Circuit had not yet decided the question of whether "conspiracy jurisdiction" is a basis for personal jurisdiction, the Second Circuit in *Schwab* answered in the affirmative. Accordingly, Plaintiffs respectfully submit that *Schwab* provides additional support for the Court to conclude that Foreign Defendants are subject to personal jurisdiction on the basis of "conspiracy jurisdiction."

Respectfully submitted,

---

[1] In *Schwab*, the parties disputed whether the defendants committed acts in furtherance of the conspiracy in California (the relevant state for the court's personal jurisdiction analysis), so the Second Circuit held that appellants should be granted leave to amend to add allegations supporting its conspiracy jurisdiction argument. Slip Op. at 39. Here, Plaintiffs plausibly allege, and Defendants do not deny, that non-Foreign Defendants committed acts in furtherance of the conspiracy in the U.S. and in this District.

/s/ Michael Dell'Angelo
Michael Dell'Angelo
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net

*Counsel for Plaintiffs*