March 6, 2018

**VIA ECF**
Honorable Lorna G. Schofield, United States District Judge
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, New York 10007

      Re:    *Contant, et al. v. Bank of Am. Corp.*, 17 Civ. 3139

Dear Judge Schofield:

      We write on behalf of the Foreign Defendants to respond to Plaintiffs' letter (Dkt. 132) (Feb. 26, 2018) concerning *Charles Schwab Corp. v. Bank of Am. Corp.* ("*Schwab*"), No. 16-1189-cv, 2018 WL 1022541 (2d Cir. Feb. 23, 2018). Contrary to that letter, *Schwab* confirms that the Foreign Defendants' Rule 12(b)(2) motion should be granted because Plaintiffs have failed to make a *prima facie* showing of "suit-related conduct" by the Foreign Defendants that "create[s] a substantial connection with the forum State." *Id.* at *7 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).

      First, *Schwab* holds that a defendant's sales of financial instruments into a forum is not, standing alone, sufficient to establish jurisdiction over claims by purchasers that the defendant manipulated a foreign financial benchmark that impacted the pricing of those instruments. The claims in *Schwab* arose out of alleged manipulation of the London Interbank Offered Rate ("LIBOR"). The plaintiffs alleged that the "direct selling" defendants had solicited and sold LIBOR-linked instruments directly to Schwab in California. The Second Circuit held that direct sales of the instruments in California "do not alone create personal jurisdiction for claims premised solely on Defendants' false LIBOR submissions in London." 2018 WL 1022541, at *6–7. The court required that Schwab "show some sort of causal relationship between [the] defendant[s]' U.S. contacts and the episode[s] in suit," and that each of its claims "in some way 'arise from the defendants' purposeful contacts with the forum.'" *Id.* at *7 (citations omitted). Schwab failed those requirements as to its claims based solely on fraudulent manipulation of LIBOR in London, because "the California transactions did not cause Defendants' false LIBOR submissions . . . in London, nor did the transactions in some other way give rise to claims seeking to hold Defendants liable for those submissions." *Id.*[1]

      Similarly, Plaintiffs' claims here against the Foreign Defendants are based solely on allegedly collusive activity outside the United States. Indeed, the causal link alleged in this case is even weaker than in *Schwab* because Plaintiffs do not allege a trading relationship with any Defendant (foreign or otherwise) or their affiliates; their suit is based entirely on indirect transactions between Plaintiffs and FX intermediaries. *See* Rule 12(b)(2) Mem. 13–16 (Dkt. 107) (Aug. 11, 2017); Rule 12(b)(2) Reply 2–5 (Dkt. 121) (Oct. 24, 2017).

---

[1] The panel did conclude, however, that Schwab made sufficient allegations of "individualized" conduct in the forum to support specific jurisdiction over its state law claims premised on material omissions made by certain defendants during direct sales made to Schwab in California. These allegations supported jurisdiction over state law claims only against the two defendants that "allegedly sold debt instruments *directly*" to "particular" plaintiffs; the claims against other alleged direct seller defendants (including HSBC) failed because they conflated parents and wholly owned subsidiaries. *Id.* (emphasis added).

Honorable Lorna G. Schofield, March 6, 2018, Page 2

Second, *Schwab* confirms that Plaintiffs cannot support specific jurisdiction over the Foreign Defendants by conflating their conduct with that of their subsidiaries or affiliates. *Schwab* rejected as "too conclusory" allegations of an "agency" relationship between the indirect seller defendants and the "nonparty broker-dealer subsidiaries or affiliates" that allegedly sold instruments to Schwab in California. A "bare allegation" of "control[]" or "material[] participat[ion]" does not suffice to "impute[]" the broker-dealer contacts to particular defendants. *Id.* at *9. That conclusion, applied here, disposes of Plaintiffs' claims against Barclays, HSBC, RBS, and UBS. *See* Rule 12(b)(2) Mem. 18 & n.16. Indeed, Plaintiffs do not and could not even allege that the FX intermediaries with which they transacted were agents of any Defendant. CAC ¶ 148.

Third, Plaintiffs' claims cannot be saved by their reliance on conduct of alleged co-conspirators of the Foreign Defendants. *Schwab* held that such a "conspiracy theory of jurisdiction" is allowed only if "(1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Id.* at *9 (citing *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013)). Schwab's allegations failed the third element because Schwab did not allege that the co-conspirators had engaged in overt acts in furtherance of the conspiracy in California. The alleged sale of LIBOR-linked instruments in California was insufficient, because those transactions "had nothing to do with" the alleged conspiracy to manipulate the benchmark through false submissions in London. *Id.* at *10. And simply promoting a "financial self-interest is not the same as furthering a conspiracy through [forum]-directed sales." *Id.*[2]

Similarly, Plaintiffs here have failed to allege that any non-Foreign Defendant co-conspirator engaged in overt acts in the United States "in furtherance" of a conspiracy allegedly involving Foreign Defendants, and Plaintiffs therefore fail the third element of the *Unspam* test. Moreover, the conspiracy allegations this Court found plausibly alleged in *FOREX* do not assist Plaintiffs here, because this action concerns Plaintiffs' purported injuries from transactions with the unidentified FX intermediaries, not Plaintiffs' transactions with any Defendant or even any Defendant's agent. Plaintiffs point to no non-conclusory allegations that any of the purported transactions between a Defendant and one of the unidentified FX intermediaries took place in New York or the United States and was within the scope of, or affected, the alleged FX spot market collusion centered in the United Kingdom (CAC ¶¶ 85–88, 176) and continental Europe (CAC ¶¶ 89–90, 176). *See* Rule 12(b)(2) Mem. 20–21; Rule 12(b)(2) Reply 7–8.[3]

---

[2]   The panel nowhere reached any constitutional question about the conspiracy jurisdiction theory under *Walden*; there was no need to do so given the deficiency in the jurisdictional allegations. *See Escambia County v. McMillan*, 466 U.S. 48, 51 (1984) (*per curiam*) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case").

[3]   The panel also rejected Schwab's allegations that specific jurisdiction was warranted under the "effects" test, because Schwab offered only the inadequate averment that the California effects of the alleged LIBOR suppression were "foreseeab[le]." 2018 WL 1022541 at *10. That conclusion supports the Foreign Defendants' argument that Plaintiffs here fail the "effects" test. *See* Rule 12(b)(2) Mem. 18–20; Rule 12(b)(2) Reply 7. The *Schwab* panel went on to afford Plaintiffs leave to "clarify the status of the grouped entities" and to replead the "agency and conspiracy theories of jurisdiction." *Id.* at *11–12. Here, Plaintiffs have never even begun to make such allegations, so leave to amend would be futile. Rule 12(b)(2) Reply 10. Moreover, Plaintiffs chose "not to amend [the] [C]omplaint" in response to the Rule 12(b)(2) motion under Rule III.C.2 of this Court's Individual Rules. *Id.*

Dated:   New York, New York					Respectfully submitted,

| | |
|---|---|
| SULLIVAN & CROMWELL LLP | GIBSON, DUNN & CRUTCHER LLP |

By: /s/ Matthew A. Schwartz		By: /s/ Eric J. Stock
Matthew A. Schwartz			Eric J. Stock
David H. Braff				Indraneel Sur
125 Broad Street				200 Park Avenue
New York, New York 10004			New York, New York 10166
Telephone:  (212) 558-4000		Telephone:  (212) 351-4000
schwartzmatthew@sullcrom.com		estock@gibsondunn.com
braffd@sullcrom.com			isur@gibsondunn.com

*Attorneys for Foreign Defendant*		D. Jarrett Arp
*Barclays Bank PLC*			Melanie L. Katsur
					1050 Connecticut Avenue, N.W.
					Washington, D.C.  20036
DAVIS POLK & WARDWELL LLP		Telephone:  (202) 955-8500
					jarp@gibsondunn.com
By:  /s/ Joel M. Cohen			mkatsur@gibsondunn.com
Joel M. Cohen
Alyssa B. Gomez				*Attorneys for Foreign Defendant*
450 Lexington Avenue			*UBS AG*
New York, New York 10017
Telephone:  (212) 450-4000
joel.cohen@davispolk.com
alyssa.gomez@davispolk.com

*Attorneys for Foreign Defendant*
*The Royal Bank of Scotland Group plc*

| | |
|---|---|
| LINKLATERS LLP | LOCKE LORD LLP |
| By: /s/ James R. Warnot, Jr.<br>James R. Warnot, Jr.<br>Adam S. Lurie<br>Patrick C. Ashby<br>1345 Avenue of the Americas<br>New York, New York 10105<br>Telephone:  (212) 903-9000<br>james.warnot@linklaters.com<br>adam.lurie@linklaters.com<br>patrick.ashby@linklaters.com<br><br>*Attorneys for Foreign Defendant*<br>*Société Générale* | By: /s/ Gregory T. Casamento<br>Gregory T. Casamento<br>3 World Financial Center<br>New York, New York 10281<br>Telephone:  (212) 812-8325<br>gcasamento@lockelord.com<br><br>Roger B. Cowie<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas  75201-6776<br>Telephone:  (214) 740-8000<br>rcowie@lockelord.com<br><br>J. Matthew Goodin<br>Julia C. Webb<br>111 S. Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 443-0472<br>jmgoodin@lockelord.com<br>jwebb@lockelord.com<br><br>*Attorneys for Foreign Defendants*<br>*HSBC Holdings plc and HSBC Bank plc* |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>By: /s/ Kenneth A. Gallo<br>Kenneth A. Gallo<br>Michael E. Gertzman<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:  (212) 373-3000<br>kgallo@paulweiss.com<br>mgertzman@paulweiss.com<br><br>*Attorneys for Foreign Defendant The*<br>*Bank of Tokyo-Mitsubishi UFJ, Ltd.* | SIDLEY AUSTIN LLP<br><br>By: /s/ Andrew W. Stern<br>Andrew W. Stern<br>Alan M. Unger<br>Nicholas P. Crowell<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>astern@sidley.com<br>aunger@sidley.com<br>ncrowell@sidley.com<br><br>*Attorneys for Foreign Defendant*<br>*Standard Chartered Bank* |