UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, *et al.*,<br><br>                Plaintiffs,<br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>                Defendants. | Case No. 17-cv-3139-LGS<br><br>(related to No. 13-cv-7789-LGS)<br><br>ECF CASE |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASSES, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASSES**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] and Citigroup[3] (together, the "Settling Parties") have entered into and executed a Stipulation and Agreement of Settlement (the "Settlement") that has been attached as Exhibit A to the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval ("Dell'Angelo Dec."), which, if finally approved by the Court, will result in the settlement of all claims against Citigroup:

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Citigroup has agreed to pay an amount of $9,950,000 (the "Settlement Amount"), and to provide reasonable cooperation in the continued prosecution of the Action as set forth in the Settlement (the "Cooperation Provisions");

WHEREAS, Plaintiffs, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement, which sets forth the terms and conditions of the settlement of the Action against Citigroup and for dismissal of the Action against Citigroup with prejudice upon the terms and conditions set forth in the Settlement;

WHEREAS, Class Plaintiffs have sought, and Citigroup has agreed not to object to, the certification of the Settlement Classes (as defined below) solely for settlement purposes;

---

[1] As defined in the Settlement, the "Action" means *Contant, et al. v. Bank of America Corp., et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y.) and all actions consolidated thereunder or that may be consolidated thereunder in the future. Settlement at II, ¶ (a).

[2] As defined in the Settlement, "Plaintiffs" are James Contant (the "New York Plaintiff"), Sandra Lavender (the "Arizona Plaintiff"), Victor Hernandez and Martin-Han Tran (together, the "California Plaintiffs"), FX Primus Ltd. and Carlos Gonzalez (together, the "Florida Plaintiffs"), Ugnius Matkus (the "Illinois Plaintiff"), Charles G. Hitchcock III (the "Massachusetts Plaintiff"), Jerry Jacobson (the "Minnesota Plaintiff"), and Tina Porter and Paul Vermillion (together, the "North Carolina Plaintiffs"). Settlement at II, ¶¶ (c), (e), (y), (dd)-(hh).

[3] As defined in the Settlement, "Citigroup" means Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. Settlement at II, ¶ (f).

WHEREAS, solely for settlement purposes, the Settlement Classes meet the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b) of the Federal Rules of Civil Procedure, and therefore, solely for settlement purposes, the Settlement Classes should be certified;

WHEREAS, Berger & Montague, P.C., has requested that it be appointed as settlement class counsel for the Settlement Classes pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Classes;

WHEREAS, the Settling Parties have agreed to the entry of this Preliminary Approval Order (the "Order");

WHEREAS, the Court has considered the Settlement and other documents submitted in connection with Class Plaintiffs' Motion for Preliminary Approval of Settlement, Certification of the Settlement Classes, and Appointment of Settlement Class Counsel and Class Representatives for the Settlement Classes;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

## I. **PRELIMINARY APPROVAL OF SETTLEMENT**

2. Upon review of the record, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval. Therefore, the Settlement is hereby preliminarily approved, subject to further

consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlement raises no obvious reasons to doubt its fairness and finds a reasonable basis for determining that the Settlement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement should be given as provided in this Order.

## II.  CERTIFICATION OF THE SETTLEMENT CLASSES

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following "Settlement Classes":

> **New York Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in New York and/or while domiciled in New York, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the New York Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.
>
> **Arizona Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were

operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**California Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in California and/or while domiciled in California, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Florida Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Illinois Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of

the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Massachusetts Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Minnesota Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**North Carolina Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in North Carolina and/or while domiciled in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct

purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

4.      As defined in the Settlement, the term "Class Period" for all Settlement Classes is the period of December 1, 2007 through the date the Court preliminarily approves the Settlement. Settlement at II, ¶ (n).

5.      As defined in the Settlement, the term "FX Instrument" for all Settlement Classes is any FX spot, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related in any way to FX rates. Settlement at II, ¶ (bb).

6.      As defined in the Settlement, the term "Direct Settlement Class" for all Settlement Classes refers to the class of direct purchasers who purchased an FX Instrument directly from one or more Defendants or co-conspirators, which was granted preliminarily class certification for settlement purposes in *FOREX*, ECF No. 536. The order granting preliminary class certification, *id.*, defines the Direct Settlement Class as (capitalized terms below have the meanings specified in Citigroup's *FOREX* settlement, *FOREX* ECF No. 481-3):

> All Persons who, between January 1, 2003 and the date of the Preliminary Approval Order, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

7.      Solely for purposes of the Settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as

follows: (a) the members of the Settlement Classes are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of their respective Settlement Classes; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Classes in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the likely difficulties in managing this Action as a class action.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

8. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, Berger & Montague, P.C. is hereby designated as settlement class counsel for the Settlement Classes.

9. Plaintiffs will serve as class representatives on behalf of their respective Settlement Classes.

### IV. PLAN OF DISTRIBUTION AND CLASS NOTICE

10. Within thirty (30) days of the entry of an Order resolving Plaintiffs' Motion for Leave to File [Proposed] Second Consolidated Class Action Complaint (ECF No. 138) or the entry of this Order, whichever is later, Plaintiffs shall submit a motion to take limited discovery of Defendants and third parties sufficient to develop a proposed plan of allocation and

distribution, and to identify the members of the Settlement Classes and develop a proposed form of notice to the members of the Settlement Classes.

11. Following Plaintiffs' discovery, at a later date to be determined by the Court, Class Counsel shall submit for the Court's approval a proposed plan of allocation and distribution, a proposed date for a Fairness Hearing, and a proposed notice plan for purposes of advising members of the Settlement Classes, among other things, of their right to object to the Settlement, their right to exclude themselves from the Settlement Classes, and the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

12. At or after the Fairness Hearing, the Court shall determine separately whether the Settlement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses by counsel for Plaintiffs should be finally approved.

V.  **PLAN OF DISTRIBUTION AND CLASS NOTICE**

13. The Court approves the Settling Parties' designation of Huntington National Bank as the Escrow Agent. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement.

14. The Court approves the establishment of an escrow account under the Settlement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

15. The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement and/or further order(s) of the Court.

16. All reasonable expenses incurred up to $100,000 in identifying and notifying potential Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement.

17. All costs and expenses incurred in connection with providing Class Notice and the administration of the settlement in excess of $100,000 shall be paid from the Settlement Fund, subject to approval from the Court.

18. In the event that the Court does not grant final approval, the Settlement Amount, plus any accrued interest, shall be returned to Citigroup, less the amounts for notice and the administration of the Settlement. If the Settlement otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and *bona fide* incurred or disbursed pursuant to Section X, Paragraph (b) of the Settlement.

19. In the event that the Court does not grant final approval, the Settling Parties shall be deemed to have reverted to their respective statuses in the Action as of March 5, 2018, except as otherwise expressly provided herein.

20. Neither Citigroup nor their counsel shall have any liability with respect to the notice, allocation, or distribution of the Settlement Fund.

21. Citigroup has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement

shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Citigroup.

22. All proceedings in the Action with respect to Citigroup are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms thereof. Pending final determination of whether the Settlement should be approved, each Plaintiff and each Class Member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties, and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claim.

23. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Classes.

24. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Class Member who does not enter an appearance will be represented by Class Counsel.

SO ORDERED.

DATED: _____, 2018                    _____
                                                                                              The Honorable Lorna G. Schofield
                                                                                              United States District Judge