September 21, 2018

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      RE:    *Contant, et al. v. Bank of America Corporation, et al.*, 17-cv-3139

Dear Judge Schofield:

      Pursuant to this Court's September 12, 2018 Order (ECF No. 160), the undersigned defendants respectfully submit this letter brief addressing (1) what entities constitute "banks…regulated by federal agencies" under Fla. Stat. § 501.212(4)(c); and (2) each defendant's basis for asserting the bank exemption in the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq*.

      Each of the undersigned defendants fell within this FDUTPA exemption during the applicable class period. "Banks . . . regulated by federal agencies" are outside the purview of FDUT-PA. The terms "bank"[1] and "federal regulation" are neither defined nor otherwise limited by the text of the statute.[2] The legislative history and judicial interpretation of FDUTPA, however, make clear that the purpose of the exemption is to avoid subjecting banks and similar entities to dual sources of regulation. For instance, when the Florida legislature extended FDUTPA's exemption to credit unions, its reports explicitly stated that it was including credit unions in the exemption because, like banks, they are subject to a federal regulatory scheme and therefore FDUTPA coverage would be redundant. *See* Florida Senate Bill Analysis and Fiscal Impact Statement, SB 1620, 4/12/2017, at 3 ("Like banks, both state- and federally-chartered credit unions are subject to a number of regulations that provide some protections that overlap with FDUTPA"); Florida House of Representatives Final Bill Analysis, HB 1347, 5/3/2017, at 1 (same). Here, each defendant is subject to an extensive and comprehensive federal regulatory

---

[1] Black's Law Dictionary defines "bank" as, among other things: "A financial establishment for the deposit, loan, exchange, or issue of money and for the transmission of funds, organized in accordance with state or federal law; esp., a member of the Federal Reserve System." BLACK'S LAW DICTIONARY (10th ed. 2014). Here, the defendants are alleged to have engaged in foreign exchange transactions, e.g., the exchange of one currency instrument for another. Notably, plaintiffs themselves allege that the defendants are "banks." *See, e.g.*, ECF No. 139-1, Proposed Am. Compl. ¶¶ 69 (Defendants are "large bank dealers"), 95 (Defendant traders "communicate and socialize with traders at other Defendant banks."), 116 ("there are thousands of electronic communications between traders at two or more Defendant banks"), 153 ("dealer banks, such as Defendants"), 158 (same), 168 (same).

[2] FDUTPA was amended to add an exemption for banks six years after it was passed into law and contained no limitations on the definition of bank in the amendment. *See* Florida Senate Staff Analysis and Fiscal Impact Statement, SB 509, 5/23/1979, at 2. The legislature added no limitations when subsequently amending § 501.212(4). *See, e.g.*, 2004 Fla. Sess. Law Serv. Ch. 2004-390 (West).

Honorable Lorna G. Schofield
September 21, 2018
Page 2

scheme that places it squarely within FDUTPA's bank exemption.[3]  *See, e.g.*, *Bankers Tr. Co. v. Basciano*, 960 So.2d 773, 778-79 (Fla. Dist. Ct. App. 2007) (finding FDUTPA does not apply to banks and savings and loan associations regulated by the federal government).[4]

    Three of the defendants are federally chartered banks regulated by the Federal Reserve and the Office of the Comptroller of the Currency, and are therefore exempt from FDUTPA.[5] *See Helman v. Bank of Am.*, No. 12-80808-CIV, 2015 WL 13022509, at *3 (S.D. Fla. July 14, 2015) (noting that Bank of America, N.A. is regulated by the Office of the Comptroller of the Currency, a federal agency, and finding "Florida expressly exempts federally regulated banks such as [Bank of America, N.A.] from compliance with FDUTPA"), *aff'd*, 685 F. App'x 723 (11th Cir. 2017); *Jacobini v. JP Morgan Chase, N.A.*, No. 6:11-cv-231, 2011 WL 13248162, at *5 (M.D. Fla. Aug. 1, 2011) ("Plaintiff's FDUTPA claim fails as a matter of law because the statute does not apply to federally regulated banks such as Defendant.").[6]

    Twenty-four defendants are bank holding companies ("BHCs") or BHC subsidiaries as defined by the Bank Holding Company Act, and therefore subject to federal regulation and exempt from FDUTPA.[7]  The Federal Reserve Board has comprehensive supervisory, regulatory, and enforcement authority over all BHCs in the instant action and their subsidiaries under the Bank Holding Company Act.  *See Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476, 2015

---

[3] If the Court requires, each defendant can supplement this letter with further judicially noticeable factual support concerning its legal status.

[4] *See, e.g.*, ECF No. 104, Mem. in Support of Defs.' Mot. to Dismiss at 26 n.17 (listing federal agencies regulating nearly all defendants); *In the Matter of the Royal Bank of Scotland Group plc et al.*, Order to Cease and Desist by the Board of Governors of the Federal Reserve System (July 26, 2011), available at https://www.federalreserve.gov/newsevents/pressreleases/files/enf20110727a1.pdf.  The Court can take judicial notice of documents filed with or retrieved from official government websites.  *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F.Supp.3d 156, 166 (S.D.N.Y. 2015).

[5] Bank of America, N.A., HSBC Bank USA, N.A., and JPMorgan Chase Bank, N.A.  Indeed, plaintiffs concede that some defendants are national banks.  ECF No. 139-1, Proposed Am. Compl. ¶¶ 21, 29-30.

[6] A minority of courts have declined to dismiss federally chartered banks from FDUTPA suits in a Rule 12 posture because they seek a more developed record, not because FDUTPA permits suits against banks.  *See, e.g.*, *Christie v. Bank of Am., N.A.*, No. 813-cv-1371-T-23TBM, 2014 WL 5285987, at *4 (M.D. Fla. Oct. 15, 2014).  The weight of authority—marshalled above—disagrees.  Similarly, while some Florida courts have observed that "[n]othing in FDUTPA suggests that bank subsidiaries, affiliates or agents are *necessarily* exempt from FDUTPA," *Bankers Tr.*, 960 So. 2d  at 779 (emphasis added),  those entities may be properly exempt when they themselves are federally regulated, as defendants are here.  Moreover, those courts also have not ultimately ruled that FDUTPA applies to defendants.  *See, e.g.*, *Renfrow v. First Mortg. Am., Inc.*, No. 08-80233-CIV, 2011 WL 2416247 (S.D. Fla. June 13, 2011).

[7] BHCs are: Barclays Bank PLC, Bank of America Corporation, BNP Paribas, Deutsche Bank AG, The Goldman Sachs Group, Inc., HSBC North America Holdings, Inc., JPMorgan Chase & Co., Morgan Stanley, MUFG Bank, Ltd., and Standard Chartered.

BHC subsidiaries are:  Barclays Capital Inc., Bank of America, N.A., BNP Paribas North America, Inc., BNP Paribas Prime Brokerage, Inc., BNP Paribas Securities Corp., Deutsche Bank Securities Inc., Goldman Sachs & Co. LLC,  HSBC Bank USA, N.A., HSBC Securities (USA) Inc., JPMorgan Chase Bank, N.A., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co., LLC, Morgan Stanley & Co. International PLC, MUFG Bank, Ltd., and RBC Capital Markets, LLC.

Honorable Lorna G. Schofield
September 21, 2018
Page 3

WL 7777516, at *5 (M.D. Fla. Dec. 3, 2015) (taking judicial notice that the Federal Reserve Board regulates Regions Bank and therefore dismissing FDUTPA claims); *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1372 (S.D. Fla. 2009) (finding JPMorgan Chase & Co., a bank holding company, exempt from FDUTPA); *Patagonia Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 517 F.2d 803, 811 (9th Cir. 1975) (finding "Congress intended, by enacting [§ 1841(d)(3)], to expand the Board's authority to identify and regulate bank holding company subsidiaries").[8]

Twenty-four defendants are (or were during the class period) foreign banks, foreign banking organizations, and/or subsidiaries thereof, which are subject to the supervisory, regulatory, and enforcement authority of the Federal Reserve Board, among other federal agencies, pursuant to the International Banking Act of 1978—and therefore fall within the exemption to FDUTPA.[9] *See Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, 899 F. Supp. 2d 1304, 1315–16 (S.D. Fla. 2010) ("[F]oreign banks are subject to federal regulation under the International Banking Act of 1978, 12 U.S.C. §§ 3101–11 . . . [a]ccordingly, the German Banks may not be subject to FDUTPA claims"), *aff'd sub nom. World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641 (11th Cir. 2012); *see also* 12 U.S.C. § 3105(c)(1)(A) ("The [Federal Reserve] Board may examine each branch or agency of a foreign bank . . . and other office or affiliate of a foreign bank conducting business in any State.").

Finally, any argument that the banks here are not exempt from FDUTPA on the ground that the particular alleged conduct is not federally regulated is mistaken. Unlike other parts of § 501.212(4), subsection 4(c) offers no such parsing between regulated and unregulated conduct of a regulated bank and "the majority rule in Florida is that it is sufficient that the bank itself is federally regulated, and there is no need to examine whether the activity is federally regulated." *Nino v. Flagstar Bank, FSB*, No. 16-14407, 2017 WL 9802627, at *3–6 (E.D. Mich. Dec. 31, 2017); *see also Bankers Tr.*, 960 So. 2d at 779 (FDUTPA excludes banks without considering the activity in question); *Sovereign Bonds Exch. LLC*, 899 F. Supp. 2d at 1315-16 (same). In any event, as plaintiffs themselves recognize, the fines that federal agencies have imposed on certain defendants for conduct related to allegations in this very case demonstrate the substantial degree to which the conduct at issue here is indeed subject to federal oversight. *See* ECF No. 139-1, Proposed Am. Compl., ¶¶ 187-88, 191, 200, 210, 212.

---

[8] *See* 12 U.S.C. § 1841(a)(1), (d) (defining "bank holding company" and "subsidiary"); *Bloch v. Wells Fargo Home Mortg.*, No. 11-80434-CIV, 2012 WL 12862806, at *3-4 (S.D. Fla. June 13, 2012) (finding subsidiaries of national banks, including Bank of America, N.A., exempt from FDUTPA and noting that "the Supreme Court has held that operating subsidiaries of national banks are treated as equivalent to, and are subject to the same oversight, regulations, protections, and obligations as their national bank parent companies."); *see also, e.g.*, JPMorgan Chase & Co., Annual Report (Form 10-K), at 3 (Feb. 27, 2017) ("As a bank holding company and a financial holding company, JPMorgan Chase is subject to comprehensive consolidated supervision, regulation and examination by the Federal Reserve.").

[9] Barclays Bank PLC, Barclays Capital Inc., BNP Paribas, BNP Paribas North America, Inc., BNP Paribas Prime Brokerage, Inc., BNP Paribas Securities Corp., Credit Suisse AG, Credit Suisse Group AG, Credit Suisse Securities (USA) LLC, Deutsche Bank AG, Deutsche Bank Securities Inc., HSBC North America Holdings, Inc., HSBC Bank plc, HSBC Bank USA, N.A,, HSBC Securities (USA) Inc., MUFG Bank, Ltd., RBC Capital Markets, LLC, RBS plc, RBS Securities Inc., Société Générale, Standard Chartered, UBS AG, UBS Group AG, and UBS Securities, LLC.

Honorable Lorna G. Schofield
September 21, 2018
Page 4

Respectfully submitted,

SHEARMAN & STERLING LLP

By: /s/ Adam S. Hakki
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Incorporated*

SULLIVAN & CROMWELL LLP

By: /s/ Matthew A. Schwartz
Matthew A. Schwartz
David H. Braff
Yvonne S. Quinn
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
braffd@sullcrom.com
quinny@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC and Barclays Capital Inc.*

Honorable Lorna G. Schofield
September 21, 2018
Page 5

ALLEN & OVERY LLP

By: /s/ David C. Esseks
David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for Defendants BNP Paribas, BNP Paribas North America, Inc., BNP Paribas Securities Corp., and BNP Paribas Prime Brokerage, Inc.*

CAHILL GORDON & REINDEL LLP

By: /s/ David G. Januszewski
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com

*Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

Honorable Lorna G. Schofield
September 21, 2018
Page 6

KING & SPALDING LLP

By: /s/ G. Patrick Montgomery
G. Patrick Montgomery (*pro hac vice*)
1700 Pennsylvania Ave., NW
Washington, D.C. 20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

LATHAM & WATKINS LLP

By: /s/ Joseph Serino, Jr.
Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1717
joseph.serino@lw.com

*Attorneys for Defendant Deutsche Bank
AG and Deutsche Bank Securities Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney
George S. Cary
Sue S. Guan
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
sguan@cgsh.com

*Attorneys for Defendants The Goldman
Sachs Group, Inc. and Goldman, Sachs &
Co.*

Honorable Lorna G. Schofield
September 21, 2018
Page 7

LOCKE LORD LLP

By: /s/ Gregory T. Casamento
Gregory T. Casamento
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8000 rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Boris Bershteyn
Peter E. Greene
Boris Bershteyn
Peter Julian
Tansy Woan
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
peter.greene@skadden.com
boris.bershteyn@skadden.com
peter.julian@skadden.com
tansy.woan@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

Honorable Lorna G. Schofield
September 21, 2018
Page 8

WACHTELL, LIPTON, ROSEN &
KATZ

By: /s/ Jonathan Moses
Jonathan Moses
Bradley R. Wilson
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stan-
ley, Morgan Stanley & Co., LLC, and
Morgan Stanley & Co. International
PLC*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: /s/ Kenneth A. Gallo
Kenneth A. Gallo
Michael E. Gertzman
Maxwell A.H. Kosman
Anand Sithian
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kgallo@paulweiss.com
mgertzman@paulweiss.com
mkosman@paulweiss.com
asithian@paulweiss.com

*Attorneys for Defendant MUFG Bank, Ltd.
(f/k/a The Bank of Tokyo-
Mitsubishi UFJ, Ltd.)*

Honorable Lorna G. Schofield
September 21, 2018
Page 9

MOORE AND VAN ALLEN PLLC          DAVIS POLK & WARDWELL LLP

By: /s/ James P. McLoughlin, Jr.          By: /s/ Paul S. Mishkin
James P. McLoughlin, Jr.                   Paul S. Mishkin
Mark A. Nebrig                             Maude Paquin
Joshua D. Lanning                          450 Lexington Avenue
Moore and Van Allen PLLC                   New York, New York 10017
100 N. Tryon Street, Suite 4700            Telephone: (212) 450-4000
Charlotte, North Carolina 28202            paul.mishkin@davispolk.com
Telephone: (704) 331-1000                  maude.paquin@davispolk.com
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendant*                  *Attorneys for Defendants The Royal Bank*
*RBC Capital Markets, LLC*                 *of Scotland plc and RBS Securities Inc.*

Honorable Lorna G. Schofield
September 21, 2018
Page 10

LINKLATERS LLP

By: /s/ James R. Warnot, Jr.
James R. Warnot, Jr.
Adam S. Lurie
Patrick C. Ashby
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
james.warnot@linklaters.com
adam.lurie@linklaters.com
patrick.ashby@linklaters.com

*Attorneys for Defendant Société Générale*

SIDLEY AUSTIN LLP

By: /s/ Andrew W. Stern
Andrew W. Stern
Alan M. Unger
Nicholas P. Crowell
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
astern@sidley.com
aunger@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant Standard Chartered Bank*

Honorable Lorna G. Schofield
September 21, 2018
Page 11

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric J. Stock
Eric J. Stock
Indraneel Sur
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
isur@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jarp@gibsondunn.com
mkatsur@gibsondunn.com

*Attorneys for Defendants UBS AG,*
*UBS Group AG, and UBS Securities,*
*LLC*