Case 1:17-cv-03139-LGS-SDA   Document 204   Filed 01/11/19   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2019

# ALIOTO LAW FIRM
ONE SANSOME STREET, 35TH FLOOR
SAN FRANCISCO, CALIFORNIA  94104
TELEPHONE (415) 434-8900
FACSIMILE (415) 434-9200

Application DENIED without prejudice to renewal.  The Court's December 20, 2018 Order (Dkt. No. 393) directed the parties to meet and confer and to propose a deposition protocol order.  Plaintiffs objections are premature; they may object to the proposed deposition protocol after it has been filed.  To the extent that the Nypl Plaintiffs have not been invited to meet and confer with the other parties, the parties are directed to include the Nypl Plaintiffs in such discussions.

The Clerk of Court is respectfully directed to docket this Order at 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364.

Dated: January 11, 2019
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *John Nypl, et al. v. JP Morgan Chase & Co et al.,* No. 15-cv-9300 (LGS)

Dear Judge Schofield:

The *Nypl* Plaintiffs respectfully object to the ORDER REGARDING DEPOSITION COORDINATION (ECF No. 393), and request that they be excluded from such Order, if the Order is not vacated.

1.  *Nypl* Plaintiffs had no notice of the Order, much less an invitation to meet and confer.

2.  These cases are not consolidated, and should not be. The Court ruled against consolidation in the *Forex* case. The cases are substantially different. The Plaintiffs appear to be in different classes. There are many more Defendants. There are many different factual and legal issues from the *Nypl* case. The deposition topics are largely different.  *Nypl* is past Rule 12 motions.

3.  *Nypl* has advised the Defendants on numerous occasions of the identity of the requested deponents (the signatories to the Plea Agreements and Deferred Prosecution Agreement, not including Rule 30(b)(6) depositions), the estimated time for each deposition, the location, and an invitation to change these to suit the convenience of the witnesses and counsel.

4.  The depositions were first noticed in June, 2016, and specifically restated in this Court's CIVIL CASE MANAGEMENT AND SCHEDULING ORDER of September 27, 2017 (ECF No. 231, ¶ 12).  The depositions were re-noticed again on November 17, 2017 and March 1, 2018.  Those depositions were stayed.  In addition, *Nypl* has been and continues to be prevented from taking these depositions only because of the extensions of the stay, which are now extended to March 25, 2019. *Nypl* intends to take these depositions as soon as the stay is lifted.  This will not and cannot prejudice the other Plaintiffs or the Defendants, and will indeed promote the principles of Rule 1 of the Federal Rules of Civil Procedure.

5.  The Order will not only result in further delay to the prejudice of *Nypl*, but, as noted in paragraph 2 of the Scheduling Order (ECF No. 231), the provisions are pre-destined to result in collateral litigation, to the further burden, expense, and prejudice to *Nypl*.  The promised efficiency in reality will be discord.

ALIOTO LAW FIRM
Page 2

                              Respectfully submitted:

                              **ALIOTO LAW FIRM**

                    *By: /s/ Joseph M. Alioto*
                         Joseph M. Alioto

                    **LAW OFFICES OF LINGEL H. WINTERS P. C.**

                    *By: /s/ Lingel H. Winters*
                         Lingel H. Winters

                    *Attorneys for Plaintiffs and the Nypl Putative class*

cc:    Counsel of Record via ECF