UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                           :

JAMES CONTANT, et al.,              :

                           :

                   Plaintiffs,    :     Case No. 17 CV 3139 (LGS)

                           :

        -against-             :

                           :

BANK OF AMERICA CORPORATION, et al., :

                           :

                 Defendants.    :

                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DEFENDANTS BNP PARIBAS US WHOLESALE HOLDINGS CORP.'S AND BNP PARIBAS SECURITIES CORP.'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT

Defendants BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. (together, "BNPP"), by their undersigned counsel, respond as follows to the allegations in Plaintiffs' Second Consolidated Class Action Complaint, filed November 28, 2018 (the "Complaint").

BNPP incorporates into each such response a denial of all allegations in the Complaint (including those outside of the knowledge and information of BNPP), except with respect to those specific allegations expressly admitted herein, and denies any averments in the Table of Contents, headings and subheadings of the Complaint. BNPP intends to respond only to allegations directed at BNPP individually, and where BNPP responds to allegations that concern "Defendants" and not BNPP individually, BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants unless BNPP expressly states otherwise. BNPP expressly denies that Plaintiffs have standing to sue,

and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

For the sake of clarity, and unless otherwise expressly stated, BNPP herein uses the defined terms and phrases set forth in the Complaint.  In so doing, however, BNPP does not concede that any such definitions are proper or appropriate.

The Complaint is replete with references to purported descriptions and/or summaries of, and purported quotations from, various documents, press releases and transcripts of recorded testimony.  BNPP respectfully refers to the relevant documents for a complete, fair, and accurate statement of their contents without admitting the truth thereof or the admissibility of any such documents.  To the extent such purported descriptions, summaries and quotations are taken from sources not specifically identified in the Complaint or not in BNPP's possession, or are otherwise unclear, BNPP denies knowledge or information sufficient to form a belief as to the truth of the relevant allegations and, in the case of quotations, as to the accuracy of such quotations.

BNPP further responds to the specific allegations in the Complaint as follows:

<u>**ANSWER**</u>

BNPP denies the allegations of the first unnumbered paragraph of the Complaint, except admits that Plaintiffs purport to describe the nature of this action and the putative class Plaintiffs purport to represent.

1.      BNPP denies the allegations of paragraph 1.

2.      BNPP denies the allegations of paragraph 2.

3.      BNPP denies the allegations of paragraph 3.

4.      BNPP denies the allegations of paragraph 4, except admits that the U.S. Department of Justice, the U.S. Commodity Futures Trading Commission, and certain other regulators commenced investigations into the FX market.

5.      BNPP respectfully refers the Court to the cited documents for a complete, fair, and accurate statement of their contents, and otherwise denies the allegations of paragraph 5, except avers that the settlement is specifically inadmissible as evidence.

6.      To the extent that the allegations of paragraph 6 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and otherwise denies the allegations of paragraph 6.

7.      To the extent that the allegations of paragraph 7 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 7.

8.      To the extent that the allegations of paragraph 8 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 8, denies knowledge or information sufficient to form a belief as to whether any FX transactions it engaged in in New York relate to Plaintiffs' claims, and denies knowledge or information sufficient to form a belief as to whether BNPP engaged in any FX transactions in Arizona, California, Illinois, Florida, Massachusetts, Minnesota, North Carolina and other states relating to Plaintiffs' claims, except admits that it maintains an office in New York.

9.      To the extent that the allegations of paragraph 9 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, BNPP

denies the allegations of paragraph 9, except admits that (a) Plaintiffs purport to base venue in this action on the statutes cited therein, and (b) BNPP transacts business in the territory covered by the Southern District of New York.  BNPP lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning whether any person or entity other than BNPP reside, transact business, or had agents in the territory covered by the Southern District of New York.

10.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and otherwise denies the allegations of paragraph 10.

11.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and otherwise denies the allegations of paragraph 11.

12.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and otherwise denies the allegations of paragraph 12.

13.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and otherwise denies the allegations of paragraph 13.

14.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and otherwise denies the allegations of paragraph 14.

15.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and otherwise denies the allegations of paragraph 15.

16.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and otherwise denies the allegations of paragraph 16.

17.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and otherwise denies the allegations of paragraph 17.

18.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and otherwise denies the allegations of paragraph 18.

19.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and otherwise denies the allegations of paragraph 19.

20.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and otherwise denies the allegations of paragraph 20.

21.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.      BNPP denies the allegations in paragraph 24, except admits that (i) BNP Paribas, the legal name of the entity Plaintiffs refer to as BNP Paribas Group, is a French bank headquartered in Paris, France, and licensed by the NYDFS with an address at 787 Seventh Avenue, New York, New York 10019; (ii) BNP Paribas North America, Inc., now known as BNP Paribas US Wholesale Holdings Corp., is a Delaware corporation headquartered at 787 Seventh Avenue, New York, New York 10019; and (iii) BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc., is a Delaware corporation with its principal place of business in New York, New York.

25.      BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Paragraph 37 purports solely to provide a definition of "Defendant" and "Defendants," to which no response is required, except that BNPP denies that Plaintiffs' definition of "Defendant" and "Defendants" is appropriate, as it is improper group pleading, and Plaintiffs fail to establish the acts of each entity and person for which they seek to hold BNPP responsible.  To the extent a response is required, BNPP denies the allegations of paragraph 37.

38.     To the extent that the allegations of paragraph 38 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 38.

39.     To the extent that the allegations of paragraph 39 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 39.

40.     To the extent that the allegations of paragraph 40 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 40, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

41.     To the extent that the allegations of paragraph 41 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 41, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

42.     To the extent that the allegations of paragraph 42 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required,

BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 42, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

43.     To the extent that the allegations of paragraph 43 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 43, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

44.     To the extent that the allegations of paragraph 44 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 44, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

45.     To the extent that the allegations of paragraph 45 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 45, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

46.     To the extent that the allegations of paragraph 46 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 46, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

47.     To the extent that the allegations of paragraph 47 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 47, except admits that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

48.     Paragraph 48 purports solely to provide a definition of "State Classes," to which no response is required.  To the extent a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 48.

49.     BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 49, except admits that Plaintiffs purport to describe the putative class that Plaintiffs purport to represent.

50.     BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 50, except admits that Plaintiffs purport to describe the putative class that Plaintiffs purport to represent.

51.     To the extent that the allegations of paragraph 51 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 51.

52.     To the extent that the allegations of paragraph 52 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 52.

53.     To the extent that the allegations of paragraph 53 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 53.

54.     To the extent that the allegations of paragraph 54 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 54.

55.     To the extent that the allegations of paragraph 55 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 55.

56.     To the extent that the allegations of paragraph 56 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 56.

57.     To the extent that the allegations of paragraph 57 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 57.

58.     To the extent that the allegations of paragraph 58 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required,

BNPP denies that Plaintiffs' claims are appropriate for class treatment and otherwise denies the allegations of paragraph 58.

59.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59, except admits that currencies are traded on the FX market, and respectfully refers the Court to the document quoted therein for a complete, fair, and accurate statement of its contents.

60.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60, except admits that there are many currencies used around the world.

61.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, except admits that BNPP engages in FX trades.

62.     BNPP denies that the allegations of paragraph 62 present a complete, fair, and accurate description of the matters described therein, respectfully refers the Court to the material quoted therein for a complete, fair, and accurate statement of its contents, and otherwise denies the allegations of paragraph 62.

63.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, except admits that trading can be conducted OTC with a counterparty or on a centralized exchange and the FX market is predominantly an OTC market.

64.     BNPP admits the allegations of paragraph 64, but denies the allegations of paragraph 64 present a complete, fair, and accurate description of the matters described therein.

65.     BNPP admits the allegations of paragraph 65, but denies the allegations of paragraph 65 present a complete, fair, and accurate description of the matters described therein.

66.     BNPP admits the allegations of paragraph 66, but denies the allegations of paragraph 66 present a complete, fair, and accurate description of the matters described therein.

67.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, except admits that currencies may be bought or sold in pairs.

68.     BNPP denies that the allegations of paragraph 68 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 68.

69.     BNPP denies that the purported definitions are complete, fair, and accurate, and otherwise denies the allegations of paragraph 69.

70.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.     BNPP denies that the allegations of paragraph 71 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 71, except admits that spot transactions occur OTC and that dealer banks are sometimes referred to as "market makers" or "liquidity providers."

72.     BNPP denies that the allegations of paragraph 72 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 72, except admits that Plaintiffs purport to define "bid-ask," "bid," and "ask."

73.     BNPP denies that the allegations of paragraph 73 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 73, except admits that Plaintiffs purport to define "percentage in point" and "pip."

74.     BNPP denies that the allegations of paragraph 74 present a complete, fair, and accurate description of the matters described therein, except admits the allegations in the first sentence of paragraph 74.

75.     BNPP denies that the allegations of paragraph 75 present a complete, fair, and accurate description of the matters described therein, except admits the allegations in the first, second, and third sentences of paragraph 75.

76.     BNPP denies that the allegations of paragraph 76 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 76.

77.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     BNPP denies the allegations of paragraph 78.

79.     BNPP denies the allegations of paragraph 79.

80.     BNPP denies that the allegations of paragraph 80 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 80, except admits that Plaintiffs purport to define "Fix."

81.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81, and otherwise denies the allegations of paragraph 81.

82.     BNPP denies that the allegations of paragraph 82 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 82.

83.     BNPP denies that the allegations of paragraph 83 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 83.

84.     BNPP denies the allegations of paragraph 84.

85.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85, except admits that Plaintiffs purport to define "WM/Reuters" and "WM/Reuters Closing Spot Rates."

86.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86, except admits that Plaintiffs purport to define "fix period."

87.     BNPP denies that the allegations of paragraph 87 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 87.

88.     BNPP denies that the allegations of paragraph 88 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 88.

89.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89, except admits that Plaintiffs purport to describe ECB reference rates.

90.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90.

91.     BNPP denies that the allegations of paragraph 91 present a complete, fair, and accurate description of the matters described therein.

92.     BNPP denies that the allegations of paragraph 92 present a complete, fair, and accurate description of the matters described therein, respectfully refers the Court to the documents cited therein for a complete, fair, and accurate description of their contents, and otherwise denies the allegations of paragraph 92.

93.     BNPP denies that the allegations of paragraph 93 present a complete, fair, and accurate description of the matters described therein, respectfully refers the Court to the documents cited therein for a complete, fair, and accurate description of their contents, and otherwise denies the allegations of paragraph 93.

94.     BNPP denies that the allegations of paragraph 94 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 94.

95.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.     BNPP denies that the allegations of paragraph 96 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 96.

97.     BNPP denies that the allegations of paragraph 97 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 97.

98.     BNPP denies that the allegations of paragraph 98 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 98.

99.     BNPP denies that the allegations of paragraph 99 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 99.

100.     To the extent that the allegations of paragraph 100 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 100.

101.     BNPP denies the allegations of paragraph 101.

102.     BNPP denies that the allegations of paragraph 102 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 102.

103.     BNPP denies the allegations of paragraph 103.

104.     BNPP denies the allegations of paragraph 104.

105.     BNPP denies the allegations of paragraph 105.

106.     BNPP denies the allegations of paragraph 106.

107.     BNPP denies the allegations of paragraph 107.

108.     BNPP denies the allegations of paragraph 108, except admits that from time to time, certain of its employees participated in chat rooms relating to FX issues as to various currencies, with various participants, and on various dates.

109.     BNPP denies the allegations of paragraph 109.

110.     BNPP respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 110.

111.     BNPP respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 111.

112.     BNPP denies the allegations of paragraph 112.

113.     BNPP respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 113.

114.     BNPP respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 114.

115.     BNPP denies the allegations of paragraph 115.

116.     BNPP denies the allegations of paragraph 116.

117.     BNPP respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 117.

118.     BNPP denies that the allegations of paragraph 118 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 118.

119.     BNPP denies the allegations of paragraph 119.

120.     BNPP denies the allegations of paragraph 120.

121.     BNPP denies the allegations of paragraph 121.

122.     BNPP denies the allegations of paragraph 122.

123.     BNPP denies the allegations of paragraph 123.

124.     To the extent that the allegations of paragraph 124 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 124.

125.     BNPP denies the allegations of paragraph 125.

126.     BNPP denies the allegations of paragraph 126.

127.     BNPP denies the allegations of paragraph 127.

128.     BNPP denies the allegations of paragraph 128.

129.     BNPP denies the allegations of paragraph 129.

130.     BNPP denies the allegations of paragraph 130.

131.     BNPP denies the allegations of paragraph 131.

132.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

133.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

134.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

135.     BNPP denies the allegations of paragraph 135.

136.     BNPP denies the allegations of paragraph 136.

137.     BNPP denies the allegations of paragraph 137.

138.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

139.     BNPP denies the allegations of paragraph 139.

140.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

141.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

142.     BNPP denies the allegations of paragraph 142.

143.     BNPP denies the allegations of paragraph 143.

144.     BNPP denies that the allegations of paragraph 144 present a complete, fair, and accurate description of the matters described therein, except admits that Plaintiffs purport to describe a stop-loss order.

145.     BNPP denies that the allegations of paragraph 145 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 145.

146.     BNPP denies the allegations of paragraph 146.

147.     BNPP denies the allegations of paragraph 147.

148.     To the extent that the allegations of paragraph 148 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies that the allegations of paragraph 148 present a complete, fair, and accurate

description of the matters described therein, and otherwise denies the allegations of paragraph 148.

149.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149.

150.    To the extent that the allegations of paragraph 150 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 150.

151.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151.

152.    BNPP denies that the allegations of paragraph 152 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 152, except admits that Plaintiffs purport to define "liquidity providers."

153.    BNPP denies knowledge or information sufficient to form a belief as to the allegations of paragraph 153 concerning any person or entity other than BNPP, respectfully refers the Court to the documents cited therein for a complete, fair, and accurate description of their contents and otherwise denies the allegations of paragraph 153, except admits that BNPP currently engages in FX transactions with OANDA.

154.    BNPP denies the allegations of paragraph 154.

155.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155.

156.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156.

157.    BNPP denies the allegations of paragraph 157.

158.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158.

159.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159, and otherwise denies the allegations of paragraph 159.

160.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160, and otherwise denies the allegations of paragraph 160.

161.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161.

162.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162, and otherwise denies the allegations of paragraph 162.

163.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163.

164.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164.

165.    To the extent that the allegations of paragraph 165 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and otherwise denies the allegations of paragraph 165, except admits that Plaintiffs purport to limit membership in their purported Classes to those persons and entities described in paragraph 165.

166.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166.

167.     BNPP denies the allegations of paragraph 167.

168.     BNPP denies the allegations of paragraph 168.

169.     BNPP denies the allegations of paragraph 169.

170.     BNPP denies the allegations of paragraph 170.

171.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

172.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172, respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 172.

173.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

174.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174, respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 174.

175.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175, respectfully refers the Court to the material cited

therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 175.

176.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

177.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

178.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

179.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179, respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 179.

180.    BNPP denies the allegations of paragraph 180.

181.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 181, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

182.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

183.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183, and respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents.

184.   BNPP denies the allegations of paragraph 184.

185.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185, except admits that there is publicly available information regarding inquiries into FX-related conduct.

186.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

187.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

188.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

189.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

190.   BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

191.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

192.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

193.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

194.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

195.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195, except admits that Jason Katz worked for BNP Paribas Securities Corp. between September 2011 and September 2013, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

196.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

197.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197, respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents, and avers that

Messrs. Ashton, Ramchandani and Usher were acquitted of all charges in *United States v. Usher* on October 26, 2018.

198.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

199.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

200.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

201.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201, except admits that the SFO publicly announced an investigation into the FX market.

202.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

203.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203, except admits that the European Commission publicly announced an investigation into the FX market.

204.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204, except admits that the Competition Commission of South Africa filed its complaint referral against BNPP and others, and respectfully refers the

Court to the complaint referral filed by the Competition Commission for a complete, fair, and accurate description of its contents.  To the extent that the Plaintiffs are alleging that the complaint referral is true as to BNPP, BNPP denies the allegations of paragraph 204.

205.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

206.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206, and respectfully refers the Court to CADE's announcement regarding BNPP for a complete, fair, and accurate description of its contents.  To the extent that the Plaintiffs are alleging that CADE's announcement is true as to BNPP, BNPP denies the allegations of paragraph 206.

207.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

208.    BNPP denies that the allegations of paragraph 208 present a complete, fair, and accurate description of the matters described therein, except admits that the NYDFS conducted an inquiry resulting in an order on May 24, 2017 and respectfully refers the Court to the order for a complete, fair, and accurate description of its contents.

209.    BNPP denies that the allegations of paragraph 209 present a complete, fair, and accurate description of the matters described therein, except admits that the Federal Reserve Board conducted an inquiry resulting in an order on July 17, 2017 and respectfully refers the Court to the order for a complete, fair, and accurate description of its contents.

210.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

211.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211.

212.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212.

213.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 213, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

214.     BNPP denies that the allegations in the first two sentences of paragraph 214 present a complete, fair, and accurate description of the matters described therein, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.  BNPP further denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third and final sentence of paragraph 214, and respectfully refers the Court to the material referred to and quoted therein for a complete, fair, and accurate description of its contents.

215.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215, except admits that there is publicly available information regarding inquiries into FX-related conduct.

216.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216, and respectfully refers the Court to the material referred to therein for a complete, fair, and accurate description of its contents.

217.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217, and otherwise denies the allegations of paragraph 217, except admits that there is publicly available information regarding inquiries into FX-related conduct.

218.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218, and otherwise denies the allegations of paragraph 218, except admits that there is publicly available information regarding inquiries into FX-related conduct.

219.    BNPP denies the allegations of paragraph 219, except admits that it has made certain disclosures relating to FX, and respectfully refers the Court to the disclosures for a complete, fair, and accurate description of their contents.

220.    BNPP respectfully refers the Court to the cited document for a complete, fair, and accurate statement of its contents, and otherwise denies the allegations of paragraph 220.

221.    BNPP respectfully refers the Court to the cited documents for a complete, fair, and accurate statement of their contents, and otherwise denies the allegations of paragraph 221.

222.    BNPP respectfully refers the Court to the cited document for a complete, fair, and accurate statement of its contents, and otherwise denies the allegations of paragraph 222.

223.    BNPP respectfully refers the Court to the cited documents for a complete, fair, and accurate statement of their contents, and otherwise denies the allegations of paragraph 223.

224.     BNPP respectfully refers the Court to the cited document for a complete, fair, and accurate statement of its contents, and otherwise denies the allegations of paragraph 224.

225.     BNPP respectfully refers the Court to the cited document for a complete, fair, and accurate statement of its contents, and otherwise denies the allegations of paragraph 225.

226.     To the extent that paragraph 226 purports to define "Settling Defendants," no response is required.  To the extent that a response is required, BNPP respectfully refers the Court to the cited documents for a complete, fair, and accurate statement of their contents, and otherwise denies the allegations of paragraph 226.

227.     To the extent that paragraph 227 purports to define "Non-Settling Defendants," no response is required.  To the extent that a response is required, BNPP respectfully refers the Court to the cited documents for a complete, fair, and accurate statement of their contents, and otherwise denies the allegations of paragraph 227.

228.     BNPP denies the allegations of paragraph 228.

229.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229.

230.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230, and respectfully refers the Court to the quoted material therein for a complete, fair, and accurate description of its contents.

231.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231, and respectfully refers the Court to the quoted material therein for a complete, fair, and accurate description of its contents.

232.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232, and respectfully refers the Court to the quoted material therein for a complete, fair, and accurate description of its contents.

233.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233.

234.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234.

235.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235.

236.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236, and respectfully refers the Court to the quoted material therein for a complete, fair, and accurate description of its contents.

237.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237.

238.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238.

239.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239.

240.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 240.

241.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241.

242.    BNPP denies the allegations of paragraph 242.

243.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243.

244.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244, and respectfully refers the Court to the material quoted therein for a complete, fair, and accurate description of its contents.

245.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245, respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 245.

246.     BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246, and otherwise denies the allegations of paragraph 246.

247.     BNPP denies that the allegations of paragraph 247 present a complete, fair, and accurate description of the matters described therein, and otherwise denies the allegations of paragraph 247.

248.     BNPP denies the allegations of paragraph 248.

249.     BNPP denies the allegations of paragraph 249.

250.     BNPP denies the allegations of paragraph 250.

251.     BNPP denies the allegations of paragraph 251.

252.     BNPP denies the allegations of paragraph 252.

253.     BNPP denies the allegations of paragraph 253.

254.     BNPP denies the allegations of paragraph 254.

255.     BNPP denies the allegations of paragraph 255.

256.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256, respectfully refers the Court to the material cited therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 256.

257.    BNPP denies the allegations of paragraph 257.

258.    BNPP denies the allegations of paragraph 258.

259.    BNPP denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 259, respectfully refers the Court to the material cited and quoted therein for a complete, fair, and accurate description of its contents, and otherwise denies the allegations of paragraph 259.

260.    BNPP denies the allegations of paragraph 260.

261.    To the extent that the allegations of paragraph 261 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 261.

262.    In answer to the allegations of paragraph 262, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

263.    To the extent that the allegations of paragraph 263 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 263, except admits that BNPP conducts business in New York.

264.    In answer to the allegations of paragraph 264, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

265.    To the extent that the allegations of paragraph 265 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 265.

266.    To the extent that the allegations of paragraph 266 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 266.

267.    In answer to the allegations of paragraph 267, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

268.    To the extent that the allegations of paragraph 268 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 268.

269.    In answer to the allegations of paragraph 269, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

270.    To the extent that the allegations of paragraph 270 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 270.

271.    In answer to the allegations of paragraph 271, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

272.    To the extent that the allegations of paragraph 272 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 272.

273.    In answer to the allegations of paragraph 273, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

274.    To the extent that the allegations of paragraph 274 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 274.

275.    In answer to the allegations of paragraph 275, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

276.    To the extent that the allegations of paragraph 276 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 276.

277.    In answer to the allegations of paragraph 277, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

278.    To the extent that the allegations of paragraph 278 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 278.

279.    In answer to the allegations of paragraph 279, BNPP incorporates and restates its answers to each preceding paragraph as if fully set forth herein.

280.    To the extent that the allegations of paragraph 280 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, BNPP denies the allegations of paragraph 280.

281.    BNPP denies each and every allegation, statement and matter not expressly admitted.

## DEFENSES

Without assuming any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon the Plaintiffs, BNPP states the following defenses to the Complaint.

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and waiver.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert those claims.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing to assert those claims.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because each of the Plaintiffs had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which BNPP's liability is asserted. Furthermore, each Plaintiff knew or should have known the risks

associated with FX transactions, and each Plaintiff assumed the risk that it might be damaged by entering into an FX transaction.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are based upon alleged conduct that concluded before, or began after, Plaintiffs' alleged FX purchases.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct alleged in the Complaint is expressly or impliedly immune from challenge under the antitrust laws.

## NINTH DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no injury in fact as a result of any acts of, or failures to act by, BNPP.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered a cognizable antitrust injury flowing from any allegedly anti-competitive conduct by BNPP.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injury, if any (which BNPP expressly denies), was indirect and not actually or proximately caused by BNPP.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because the injuries alleged by Plaintiffs, if any (which BNPP expressly denies), were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of BNPP, by the conduct of third parties for

whom BNPP was not responsible, through forces in the marketplace over which BNPP has no control, or through acts or omissions by persons or entities other than BNPP.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any (which BNPP expressly denies), are remote, speculative and uncertain.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BNPP is not liable for the acts of any other defendant.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BNPP's alleged conduct was pro-competitive, reasonable, and permissible, has not unreasonably restrained trade and was based on independent, self-interested, and legitimate business and economic conduct.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BNPP did not participate in, and had no knowledge of, the alleged agreement, contract, combination, or conspiracy relating to FX trading or the setting of FX-related benchmark rates.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of BNPP's challenged actions or omissions substantially lessened competition within any properly defined, legally cognizable, and relevant market.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a properly defined, legally cognizable, and relevant product market and

geographic market, and are so vague and ambiguous as to deny BNPP notice of the markets alleged by Plaintiffs.

## TWENTIETH DEFENSE

The Complaint fails to plead fraudulent concealment and manipulation with particularity under Rule 9(b) of the Federal Rules of the Civil Procedure.

## TWENTY-FIRST DEFENSE

Recovery on Plaintiffs' claims is barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages, if any (which BNPP expressly denies).

## TWENTY-SECOND DEFENSE

Plaintiffs are not entitled to injunctive relief as they have an adequate remedy at law.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims based on FX transactions outside the United States are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-FIFTH DEFENSE

Plaintiffs have failed to state an adequate basis for an award of treble damages.

## TWENTY-SIXTH DEFENSE

BNPP denies that plaintiffs are entitled to recovery of attorneys' fees.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not direct purchasers of FX instruments from BNPP.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, release, discharge, accord and satisfaction, res judicata, collateral estoppel, waiver, general estoppel, ratification, acquiescence, contribution, indemnity, unclean hands, and/or *in pari delicto*.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any price change was absorbed by others (including, without limitation, the RFEDs with whom Plaintiffs allegedly transacted) and were not passed through to Plaintiffs, either directly or indirectly.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs are part of the Direct or Exchange-Only Settlement Classes in the consolidated FOREX litigation and their claims were released by the Direct or Exchange-Only Settlements.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off to the extent of any settlement amount received by Plaintiffs from other Defendants.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' California and/or Massachusetts consumer protection and/or North Carolina antitrust claims do not sufficiently allege a substantial effect on intrastate commerce or relation to any of those states.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims under the Uniform Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 and Mass. Gen. Law. Chapter 93A are barred, in whole or in part, because the challenged conduct did not occur primarily or substantially in the state.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims under California Bus. and Prof. Code §§16700, et seq., and California Bus. and Prof. Code §§ 17200, et seq., are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Defendants occurring outside of California.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Florida consumer protection claims do not allege that Plaintiffs are consumers.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Florida and/or Illinois claims relate to the conduct of exempt, regulated banks such as BNPP.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims under Florida Stat. §§ 501.201 are barred, in whole or in part, under the exemption in § 501.212(4) for "banks and savings and loan associations regulated by [the state]."

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not permitted by the Illinois Antitrust Act to bring or maintain a class action on behalf of indirect purchasers.

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Massachusetts consumer protection claim does not allege that Plaintiffs engaged in consumer transactions.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' North Carolina antitrust claim is barred by the regulatory scheme exception.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to Fla. Stat. § 607.1502(a), to the extent any Florida Plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

## FORTY-THIRD DEFENSE

Plaintiffs' claims under Massachusetts Gen. Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Defendants at least thirty days prior to filing the Complaint.

## FORTY-FOURTH DEFENSE

Any award of restitution or disgorgement under California Bus. and Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of Article I, Section 17 of the California Constitution.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the price at which Plaintiffs transacted for FX Instruments was determined and set by the RFEDs with whom Plaintiffs transacted such FX Instruments, either individually or collectively.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Defendants paying damages to more than one claimant for the same alleged overcharges.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to allege that BNPP possessed or possesses market power in any properly defined, legally cognizable, and relevant market.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misconduct did not occur within or was not expressly aimed at the territorial jurisdiction of the United States.

## FORTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged relevant RFEDs and is so vague and ambiguous as to deny BNPP notice of the transactions alleged by Plaintiffs.

## FIFTIETH DEFENSE

Plaintiffs' claim for restitution is barred, in whole or in part, because BNPP is not in possession of funds in which Plaintiffs have an ownership interest.

## FIFTY-FIRST DEFENSE

Plaintiffs' claim for disgorgement is barred, in whole or in part, to the extent such disgorgement is nonrestitutionary.

## ADDITIONAL DEFENSES

BNPP hereby incorporates by reference any defense asserted or to be asserted by any other defendant not set forth above that is applicable to BNPP's defense of the claims in this action.  By designating the aforementioned defenses, BNPP does not in any way waive or limit any defenses, which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of BNPP to assert such defenses, and are without prejudice to its ability to raise other and further defenses.  BNPP expressly reserves all rights to reevaluate its defenses and/or assert additional defenses, cross claims and third party claims upon discovery and review of additional documents and information, upon the development of other pertinent facts, during pretrial proceedings in this action, and upon other investigations.

**PRAYER FOR RELIEF**

Based upon the foregoing, BNPP prays that (a) Plaintiffs take nothing by virtue of the Complaint; (b) judgment be entered dismissing the Complaint on the merits, in its entirety and with prejudice; (c) BNPP be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; (d) denying certification of any litigation class; and (e) this Court grant such other relief as it deems just and appropriate.

Dated:  January 11, 2019

Respectfully submitted,

By: /s/ Laura R. Hall
David C. Esseks
Laura R. Hall
Rebecca Delfiner
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Tel:  (212) 610-6300
Fax:  (212) 610-6399
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc.*