**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES CONTANT, SANDRA LAVENDER, VICTOR HERNANDEZ, MARTIN-HAN TRAN, FX PRIMUS LTD., CARLOS GONZALEZ, UGNIUS MATKUS, CHARLES G. HITCHCOCK III, JERRY JACOBSON, TINA PORTER, AND PAUL VERMILLION on behalf of themselves and all others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, et al., <br><br> Defendants. | Case No. 1:17-cv-03139-LGS <br><br> [rel. 13-cv-7789-LGS] <br><br> ECF CASE |

**DOMESTIC HSBC DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants HSBC North America Holdings, Inc. ("HNAH"), HSBC Bank USA, N.A. ("HBUS"), and HSBC Securities (USA) Inc. ("HSBC Securities") (together, the "Domestic HSBC Defendants") answer Plaintiffs' Second Consolidated Class Action Complaint (ECF 177, the "SCCAC") as follows:

**NATURE OF THE ACTION[1]**

1.     The Domestic HSBC Defendants deny the allegations in Paragraph 1 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 to the extent they relate to other parties.

2.     The Domestic HSBC Defendants deny the allegations in Paragraph 2 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information

---

[1] The Domestic HSBC Defendants include Plaintiffs' headings for ease of reference only and without admitting any factual assertion or allegation contained therein. The Domestic HSBC Defendants expressly deny any factual assertion or allegation contained in Plaintiffs' headings and otherwise deny any factual assertion or allegation not expressly admitted herein.

sufficient to form a belief about the truth of the allegations in Paragraph 2 to the extent they relate to other parties.

3.      The Domestic HSBC Defendants deny the allegations in Paragraph 3 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 to the extent they relate to other parties.

4.      The Domestic HSBC Defendants admit that certain government agencies have conducted investigations into, and imposed fines on, "one or more Defendants" in this action.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 4 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 to the extent they relate to other parties.

5.      The Domestic HSBC Defendants deny the existence of the conspiracy alleged in Paragraph 5, but admit they and other Defendants in this action (a) were named defendants in the class action styled *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-07789-LGS (S.D.N.Y.) ("FX Litigation"), and (b) were among certain Defendants that entered into settlements that resolved the claims asserted against them in the FX Litigation.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 5 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 to the extent they relate to other parties.

6.      The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 6.  The

remainder of Paragraph 6 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 6 are denied.

<u>**JURISDICTION, VENUE, AND INTERSTATE COMMERCE**</u>

7.    Paragraph 7 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 7 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form the belief about the truth of the allegations in Paragraph 7 to the extent they relate to other parties.

8.    Paragraph 8 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants admit that they maintain offices in New York, but otherwise deny any and all remaining allegations in Paragraph 8 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 to the extent they relate to other parties.

9.    Paragraph 9 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 9 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 to the extent they relate to other parties.

<u>**PARTIES**</u>

I.    <u>**Plaintiffs**</u>

10.    The Domestic HSBC Defendants deny the allegations in Paragraph 10 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 10 to the extent they relate to other parties.

11.     The Domestic HSBC Defendants deny the allegations in Paragraph 11 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 to the extent they relate to other parties.

12.     The Domestic HSBC Defendants deny the allegations in Paragraph 12 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 to the extent they relate to other parties.

13.     The Domestic HSBC Defendants deny the allegations in Paragraph 13 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 to the extent they relate to other parties.

14.     The Domestic HSBC Defendants deny the allegations in Paragraph 14 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 to the extent they relate to other parties.

15.     The Domestic HSBC Defendants deny the allegations in Paragraph 15 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 to the extent they relate to other parties.

16.    The Domestic HSBC Defendants deny the allegations in Paragraph 16 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 to the extent they relate to other parties.

17.    The Domestic HSBC Defendants deny the allegations in Paragraph 17 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 to the extent they relate to other parties.

18.    The Domestic HSBC Defendants deny the allegations in Paragraph 18 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 to the extent they relate to other parties.

19.    The Domestic HSBC Defendants deny the allegations in Paragraph 19 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 to the extent they relate to other parties.

20.    The Domestic HSBC Defendants deny the allegations in Paragraph 20 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 to the extent they relate to other parties.

**Defendants**

21.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.    The Domestic HSBC Defendants admit that HSBC Bank plc is a subsidiary of HSBC Holdings plc and a public limited company incorporated under the laws of England and Wales, with its registered office and principal place of business in London, England; however, the Domestic HSBC Defendants deny that the Court has jurisdiction over HSBC Bank plc and do not answer on its behalf.  The Domestic HSBC Defendants admit that HNAH is an intermediate holding company and indirect subsidiary of HSBC Holdings plc, that it is incorporated in Delaware, and that its principal place of business is located at 452 5th Ave. New York, New York.  The Domestic HSBC Defendants deny that HNAH is the holding company for HSBC Bank plc's operations in the United States.  The Domestic

HSBC Defendants admit that HBUS is a national banking association and an indirect subsidiary of HNAH, with its registered office and principal place of business in New York, New York.  The Domestic HSBC Defendants admit that HSBC Securities is an indirect subsidiary of HNAH and that it is incorporated in Delaware, with its registered office and principal place of business in New York, New York.  The Domestic HSBC Defendants admit that HBUS has branches in California and Florida.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 29.

29.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.    Domestic The HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     Paragraph 37 does not contain any factual allegations to which a response is required.  To the extent a response is required, the Domestic HSBC Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 38 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 to the extent they relate to other parties.

39.     Paragraph 39 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the existence of the conspiracy alleged in Paragraph 39 and otherwise deny any and all allegations in Paragraph 39 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 to the extent they relate to other parties.

## CLASS ACTION ALLEGATIONS

40.     Paragraph 40 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 40.

41.     Paragraph 41 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 41.

42.     Paragraph 42 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 42.

43.     Paragraph 43 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 43.

44.     Paragraph 44 states legal conclusions to which a response is not required, to the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 44.

45.     Paragraph 45 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 45.

46.     Paragraph 46 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of

Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 46.

47.     Paragraph 47 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 47.

48.     To the extent Paragraph 48 requires a response, the Domestic HSBC Defendants deny that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 48.

49.     Paragraph 49 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 49.

50.     Paragraph 50 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for

class treatment.   The Domestic HSBC Defendants deny the remaining allegations in Paragraph 50.

51.     Paragraph 51 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 51 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 to the extent they relate to other parties or non-parties.

52.     Paragraph 52 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 52.

53.     Paragraph 53 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 53.

54.     Paragraph 54 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 56.

57.     Paragraph 57 states opinions and legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 states legal conclusions to which a response is not required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 58.

## FACTUAL ALLEGATIONS

### I.     OVERVIEW OF THE FX MARKET

#### A.     Background

59.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     The Domestic HSBC Defendants admit that currencies can sometimes be identified by a three-letter code and that the currencies identified in Paragraph 60 are sometimes referred to as "G10" currencies.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.     The Domestic HSBC Defendants admit that transactions in foreign currencies may occur over-the-counter or on a centralized exchange.  The Domestic HSBC Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63.

64.     The Domestic HSBC Defendants admit that foreign exchange trading is generally available twenty four hours a day during business days.  The Domestic HSBC Defendants lack knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 64.

65.     The Domestic HSBC Defendants admit that foreign exchange trading is generally available twenty four hours a day during business days.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66.     The Domestic HSBC Defendants admit that foreign exchange trading is generally available twenty four hours a day during business days. The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66.

67.     The Domestic HSBC Defendants admit that currencies are traded in pairs, that the price of a currency pair refers to the rate at which the currency is exchanged, and that "EUR/USD" refers to the purchase or sale of euros in exchange for U.S. dollars.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67.

68.     The Domestic HSBC Defendants deny the existence of the conspiracy alleged in the last sentence of Paragraph 68 and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69.

70.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.     The Domestic HSBC Defendants admit that some banks that buy and sell foreign currency are sometimes referred to as "market makers" or "liquidity providers," but deny the remaining allegations in Paragraph 71 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 to the extent they relate to other parties or non-parties.

72.     The Domestic HSBC Defendants admit that the difference between the price at which a dealer is willing to buy currency, or "bid," and the price at which a dealer is will to sell currency, or "ask," is sometimes referred to as a "bid-ask spread." The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72.

73.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     The Domestic HSBC Defendants admit that the difference between the price at which a dealer is willing to buy currency, or "bid," and the price at which a dealer is will to sell currency, or "ask," is sometimes referred to as a "bid-ask spread." The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74.

75.     The Domestic HSBC Defendants admit that traders can sometimes execute a foreign exchange spot transaction via telephone or electronically. The Domestic HSBC

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75.

76.     The Domestic HSBC Defendants admit that foreign exchange dealers commonly employ salespeople to interact with customers and traders to enter into foreign exchange transactions.   The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76.

77.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.      The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     The Domestic HSBC Defendants deny the allegations in Paragraph 79.

**B.     Benchmark Rates**

80.      The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

### 1.    WM/Reuters

85.    The Domestic HSBC Defendants admit that W/M Reuters publishes benchmark spot exchange rates at or near 4:00 p.m. GMT and that these rates are sometimes referred to as the "W/M Reuters Fix" or the "4:00 p.m. fix."   The Domestic HSBC Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 85.

86.    The Domestic HSBC Defendants deny that the allegations in Paragraph 86 present a complete and accurate description of the calculation of W/M Reuters Closing Spot Rates.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86.

87.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.    The Domestic HSBC Defendants admit that WM/Reuters publishes benchmark forward exchange rates, but deny the remaining allegations in Paragraph 88 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88 to the extent they relate to other parties and non-parties.

### 2.    The ECB Rates

89.    The Domestic HSBC Defendants admit that the European Central Bank ("ECB") publishes euro foreign exchange reference rates at approximately 14:00 CET based on a point-in-time snapshot at or near 14:15 CET, and that prior to December 2015, the ECB published euro foreign exchange reference rates at approximately 14:30 CET based on a point-in-time snapshot at or near 13:15 CET, which was sometimes referred to as the "1:15

p.m. fix."  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89.

90.    The Domestic HSBC Defendants admit that the euro foreign exchange reference rates published by the ECB are reference exchange rates for euros against various currency pairs, and are currently based on a point-in-time snapshot of the market at approximately 14:15 CET, but probably were based on a point-in-time snapshot at approximately 13:15 CET.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90.

C.    **The FX Market Is Concentrated and Dominated by Defendants**

91.    The Domestic HSBC Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 91.

92.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.    The Domestic HSBC Defendants deny the allegations in Paragraph 94 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 to the extent they relate to other parties.

D.    **The FX Market Is Susceptible to Collusion**

95.    The Domestic HSBC Defendants admit that some foreign exchange trading occurs over the counter.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95.

96.     The Domestic HSBC Defendants deny the allegations in Paragraph 96 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96.

97.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98.     The Domestic HSBC Defendants deny the allegations in Paragraph 98 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 to the extent they relate to other parties.

99.     The Domestic HSBC Defendants deny the allegations in Paragraph 99 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 to the extent they relate to other parties.

100.    Paragraph 100 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 100 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 to the extent they relate to other parties.

101.    The Domestic HSBC Defendants deny the allegations in Paragraph 101 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 to the extent they relate to other parties.

102.    The Domestic HSBC Defendants deny the allegations in Paragraph 102 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 to the extent they relate to other parties.

103.    The Domestic HSBC Defendants deny the allegations in Paragraph 103 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 to the extent they relate to other parties.

## II.    DEFENDANTS CONSPIRED TO FIX FX PRICES

104.    The Domestic HSBC Defendants deny the allegations in Paragraph 104 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 to the extent they relate to other parties.

105.    The Domestic HSBC Defendants deny the allegations in Paragraph 105 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 to the extent they relate to other parties.

106.    The Domestic HSBC Defendants deny the allegations in Paragraph 106 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 to the extent they relate to other parties.

107.    The Domestic HSBC Defendants deny the allegations in Paragraph 107 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 107 to the extent they relate to other parties.

A.   **Defendants Conspired to Fix Prices and Carried Out the Conspiracy through Electronic Communications**

108.   The Domestic HSBC Defendants deny the allegations in Paragraph 108 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 to the extent they relate to other parties.

109.   The Domestic HSBC Defendants deny the allegations in Paragraph 109 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 to the extent they relate to other parties.

110.   The Domestic HSBC Defendants deny the allegations in Paragraph 110 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 to the extent they relate to other parties.

111.   The Domestic HSBC Defendants deny the allegations in Paragraph 111 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 to the extent they relate to other parties.

112.   The Domestic HSBC Defendants deny the allegations in Paragraph 112 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 to the extent they relate to other parties.

113.    The Domestic HSBC Defendants deny the allegations in Paragraph 113 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 to the extent they relate to other parties.

114.    The Domestic HSBC Defendants deny the allegations in Paragraph 114 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 to the extent they relate to other parties.

### B.      Defendants Conspired to Fix Bid-Ask Spreads

115.    The Domestic HSBC Defendants deny the allegations in Paragraph 115 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 to the extent they relate to other parties.

116.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.    The Domestic HSBC Defendants deny the allegations in Paragraph 117 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 to the extent they relate to other parties.

118.    The Domestic HSBC Defendants deny the allegations in Paragraph 118 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 to the extent they relate to other parties.

### C.   Defendants' Conspiracy to Fix the Benchmark Rates

119.    The Domestic HSBC Defendants deny the allegations in Paragraph 119 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 to the extent they relate to other parties.

120.    The Domestic HSBC Defendants deny the allegations in Paragraph 120 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 to the extent they relate to other parties.

121.    The Domestic HSBC Defendants deny the allegations in Paragraph 121 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 to the extent they relate to other parties.

### 1.   Defendants Shared Proprietary Trade Data In Order To Manipulate FX Benchmark Rates

122.    The Domestic HSBC Defendants deny the allegations in Paragraph 122 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 to the extent they relate to other parties.

123.    The Domestic HSBC Defendants deny the allegations in Paragraph 123 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 to the extent they relate to other parties.

124.     The Domestic HSBC Defendants admit that the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities" is accurately quoted in Paragraph 124, but deny any and all remaining allegations in Paragraph 124.

125.     The Domestic HSBC Defendants deny the allegations in Paragraph 125 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 to the extent they relate to other parties.

2.     <strong><u>Methods of Manipulating Benchmark Rates</u></strong>

126.     The Domestic HSBC Defendants deny the allegations in Paragraph 126 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 to the extent they relate to other parties.

127.     The Domestic HSBC Defendants deny the allegations in Paragraph 127 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127 to the extent they relate to other parties.

128.     The Domestic HSBC Defendants deny the allegations in Paragraph 128 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 to the extent they relate to other parties.

129.     The Domestic HSBC Defendants deny the allegations in Paragraph 129 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 to the extent they relate to other parties.

130.   The Domestic HSBC Defendants deny the allegations in Paragraph 130 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 to the extent they relate to other parties.

131.   The Domestic HSBC Defendants deny the allegations in Paragraph 131 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 to the extent they relate to other parties.

132.   The Domestic HSBC Defendants deny the allegations in Paragraph 132 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 to the extent they relate to other parties.

133.   The Domestic HSBC Defendants deny the allegations in Paragraph 133 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 to the extent they relate to other parties.

134.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135.   The Domestic HSBC Defendants deny the allegations in Paragraph 135 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 to the extent they relate to other parties.

136.    The Domestic HSBC Defendants deny the allegations in Paragraph 136 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 to the extent they relate to other parties or non-parties.

137.    The Domestic HSBC Defendants deny the allegations in Paragraph 137 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 to the extent they relate to other parties.

138.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139.    The Domestic HSBC Defendants deny the allegations in Paragraph 139 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 to the extent they relate to other parties.

140.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140.

141.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

142.    The Domestic HSBC Defendants deny the allegations in Paragraph 142 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142 to the extent they relate to other parties.

D.   **Other Conduct in Furtherance of the Conspiracy**

143.   The Domestic HSBC Defendants deny the allegations in Paragraph 143 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 to the extent they relate to other parties.

144.   The Domestic HSBC Defendants admit that the first sentence of Paragraph 144 describes a type of stop-loss order,but deny the remaining allegations in Paragraph 144.

145.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

146.   The Domestic HSBC Defendants deny the allegations in Paragraph 146 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 to the extent they relate to other parties.

III.   **DEFENDANTS' CONSPIRACY IMPACTED INDIRECT PURCHASES OF FX INSTRUMENTS**

147.   The Domestic HSBC Defendants deny the allegations in Paragraph 147.

148.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 148.  The remainder of Paragraph 148 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the remaining allegations in Paragraph 148.

149.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149.

150.    The Domestic HSBC Defendants deny the allegations in Paragraph 150 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 to the extent they relate to other parties.

151.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151.

152.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152.

153.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153.

154.    The Domestic HSBC Defendants deny the allegations in Paragraph 154 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154 to the extent they relate to other parties.

155.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155.

156.    The Domestic HSBC Defendants deny the allegations in Paragraph 156 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 to the extent they relate to other parties.

157.    The Domestic HSBC Defendants deny the allegations in the first and last sentences of Paragraph 157.    The Domestic HSBC Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 157.

158.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158.

159.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159 to the extent they relate to other parties or non-parties.

160.    The Domestic HSBC Defendants deny the allegations of price manipulation in Paragraph 160, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 160.

161.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161.

162.    The Domestic HSBC Defendants deny the allegation of any "anticompetitive overcharge" to the extent that allegation relates to the Domestic HSBC Defendants, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 162.

163.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163.

164.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165.

166.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166.

167.    The Domestic HSBC Defendants deny the allegations in Paragraph 167 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 to the extent they relate to other parties or non-parties.

168.    The Domestic HSBC Defendants deny the allegations in Paragraph 168 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 to the extent they relate to other parties or non-parties.

169.    The Domestic HSBC Defendants deny the allegations in Paragraph 169 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169 to the extent they relate to other parties or non-parties.

170.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.    The Domestic HSBC Defendants deny the allegations in Paragraph 171 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 to the extent they relate to other parties or non-parties (including Plaintiffs' expert).

172.    The Domestic HSBC Defendants deny the allegations in Paragraph 172.

173.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the data in Figure 2, but otherwise deny the remaining allegations in

Paragraph 173 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 173 to the extent they relate to other parties or non-parties (including Plaintiffs' expert).

174. The Domestic HSBC Defendants deny the allegations in Paragraph 174.

175. The Domestic HSBC Defendants deny the allegations in Paragraph 175.

176. The Domestic HSBC Defendants deny the allegations in Paragraph 176.

177. The Domestic HSBC Defendants deny the allegations in Paragraph 177.

178. The Domestic HSBC Defendants deny the allegations in Paragraph 178.

179. The Domestic HSBC Defendants deny the allegations in Paragraph 179.

180. The Domestic HSBC Defendants deny the allegations in Paragraph 180.

181. The Domestic HSBC Defendants deny the allegations in Paragraph 181.

182. The Domestic HSBC Defendants deny the allegations in Paragraph 182.

183. The Domestic HSBC Defendants deny the allegations in Paragraph 183.

184. The Domestic HSBC Defendants deny the allegations in Paragraph 184 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184 to the extent they relate to other parties or non-parties.

## IV. GOVERNMENT INVESTIGATIONS OF DEFENDANTS FOR ILLEGAL CONDUCT IN FX TRADING

185. The Domestic HSBC Defendants admit that certain Defendants in this action have been previously, or are currently being, investigated by governmental regulatory authorities related to conduct in the foreign exchange market. The Domestic HSBC

Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 185.

186.    The Domestic HSBC Defendants admit that the CFTC issued Orders Imposing Remedial Sanctions against certain Defendants in this action involving conduct in the foreign exchange spot market.   The CFTC orders speak for themselves as to their contents.   The Domestic HSBC Defendants otherwise deny the remaining allegations in Paragraph 186 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 186 to the extent they relate to other parties or non-parties.

187.    The Domestic HSBC Defendants admit that the U.S. Office of the Comptroller of the Currency ("OCC") imposed fines on certain Defendants in this action involving conduct in the foreign exchange spot market.   The OCC orders speak for themselves as to their contents.  The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 187.

188.    The Domestic HSBC Defendants admit that the DOJ and certain Defendants in this action have entered into Plea Agreements involving conduct in the foreign exchange market.   The Plea Agreements speak for themselves as to their contents.   The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 188.

189.    The Domestic HSBC Defendants admit that the DOJ and certain Defendants in this action have entered into Plea Agreements involving conduct in the foreign exchange market.   The Plea Agreements speak for themselves as to their contents.   The Domestic

HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 189.

190.    The Domestic HSBC Defendants admit that the Federal Reserve imposed fines on certain Defendants in this action.  The Federal Reserve orders speak for themselves as to their contents.   The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 190.

191.    The Domestic HSBC Defendants admit that the NYDFS imposed fines on certain Defendants in this action involving conduct in the foreign exchange market.  The NYDFS orders speak for themselves as to their contents.  The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 191.

192.    The Domestic HSBC Defendants admit that the DOJ filed a complaint against Mark Johnson and Stuart Scott and that Mr. Johnson was arrested in July 2016.  The DOJ complaint against Mr. Johnson and Mr. Scott speaks for itself as to its contents.  The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192.

193.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193.

194.    The Domestic HSBC Defendants admit that the United States District Court for the District of Connecticut entered judgments against certain Defendants in this action.  The judgments speak for themselves as to their contents.  The Domestic HSBC Defendants

otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 194.

195.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195.

196.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196.

197.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197.

198.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198.

199.     The Domestic HSBC Defendants admit that the Federal Reserve imposed a fine on Deutsche Bank involving conduct in the foreign exchange market.  The Federal Reserve order speaks for itself as to its contents.  The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199.

200.     The Domestic HSBC Defendants admit that the FCA imposed a fine on HSBC Bank plc.  The FCA order speaks for itself as to its contents.  The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 200.

201.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201.

202.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202.

203.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 203.

204.    The Domestic HSBC Defendants admit that the Competition Commission of South Africa (the "Commission") referred its investigation of certain Defendants in this action and others to the Tribunal for prosecution involving conduct in the foreign exchange market.  The Domestic HSBC Defendants admit that the Commission later added HBUS as a respondent in the case.  The Commission's complaint speaks for itself as to its contents. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 204.

205.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205.

206.    The Domestic HSBC Defendants admit that certain Defendants in this action entered into Cease and Desist Agreements with the Tribunal of the Administrative Council for Economic Defense.  The Cease and Desist Agreements speak for themselves as to their contents.   The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206.

207.    The Domestic HSBC Defendants admit that the South Korean Fair Trade Commission imposed fines on certain Defendants in this action.  The South Korean Fair Trade Commission orders speak for themselves as to their contents.  The Domestic HSBC Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 207.

208.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208.

209.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209.

210.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210.

211.    The Domestic HSBC Defendants admit that, on September 29, 2017, the Federal Reserve Board imposed a fine of $175 million on HSBC Holdings plc and HNAH. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 211.

212.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 212.

213.    The Domestic HSBC Defendants admit that the DOJ made an announcement regarding HSBC's agreement to pay certain fines.  The announcement speaks for itself as to its contents.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 213.

214.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 214.

215.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215.

216.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216.

217.    The Domestic HSBC Defendants admit that certain government agencies have investigated, and may still be investigating, certain Defendants in this action, and that certain government agencies have filed criminal and/or administrative actions against certain Defendants in this action or former employees of Defendants.  The Domestic HSBC

Defendants deny the remaining allegations in Paragraph 217 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217 to the extent they relate to other parties.

218.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218.

219.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 219.

## V.   DIRECT PURCHASER LITIGATION AND SETTLEMENTS

220.   The Domestic HSBC Defendants admit that Haverhill Retirement System filed a class action complaint in this District.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 220.

221.   The Domestic HSBC Defendants admit that on January 28, 2015 the Court entered an Opinion and Order which speaks for itself as to its contents.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 221.

222.   The Domestic HSBC Defendants deny that the allegations in Paragraph 222 present a complete and accurate description of the subsequent actions related to the FX Litigation, but admit that the Court ordered consolidation of various related cases on February 13, 2014 (FX Litigation ECF No. 96).  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 222.

223.   The Domestic HSBC Defendants admit that on October 22, 2015, the Plaintiffs in the FX Litigation filed a motion for preliminary approval of settlement agreements entered into with Bank of American Corp., Bank of America, N.A., Merrill Lynch, Pierce, Fennery & Smith, Inc.; Barclays Bank PLC, and Barclays Capital Inc.; BNP

Paribas Group, BNP Paribas North America, Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc.; Citigroup, Inc., Citigroup, N.A., and Citigroup Global Markets, Inc.; The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.; HSBC Holdings plc, HSBC Bank plc, HNAH, HBUS, and HSBC Securities; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, and RBS Securities, Inc.; and UBS AG, UBS Group AG, and UBS Securities LLC. The Domestic HSBC Defendants further admit that the Plaintiffs' motion for preliminary approval of the settlement agreements also requested that the Court conditionally certify proposed settlement classes for purposes of the settlement agreements. The Domestic HSBC Defendants deny the remaining allegations in Paragraph 223 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223 to the extent they relate to other parties.

224.    The Domestic HSBC Defendants admit the allegations in Paragraph 224.

225.    The Domestic HSBC Defendants admit the allegations in Paragraph 225.

226.    The Domestic HSBC Defendants admit the allegations in Paragraph 226.

227.    The Domestic HSBC Defendants admit the allegations in Paragraph 227.

## VI.     DEFENDANTS TERMINATED AND SUSPENDED TRADERS, FORCED TRADERS TO RESIGN, AND IMPLEMENTED INTERNAL SAFEGUARDS AFTER THE CLASS PERIOD

228.    The Domestic HSBC Defendants deny the allegations in Paragraph 228 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 228 to the extent they relate to other parties.

229.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 233.

234.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 234.

235.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 235.

236.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 236.

237.    The Domestic HSBC Defendants admit that HSBC Bank plc suspended certain employees with foreign exchange trading responsibilities after the institution of regulatory investigations into foreign exchange trading activity.   The Domestic HSBC Defendants deny the remaining allegations in Paragraph 237.

238.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238.

239.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 239.

240.     The Domestic HSBC Defendants admit that Frank Cahill was formerly employed by HSBC Bank plc.   The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 240.

241.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241.

242.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242.

243.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 243.

244.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 244.

245.     The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 245.

246.     The Domestic HSBC Defendants admit that the Hong Kong Securities and Futures Commission ("SFC") imposed a fine on Credit Suisse related to conduct in the foreign exchange market. The SFC order speaks for itself as to its contents.  The Domestic HSBC Defendants otherwise deny the allegations in Paragraph 246 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 246 to the extent they relate to other parties or non-parties.

## ANTITRUST INJURY TO PLAINTIFFS

247.    The Domestic HSBC Defendants deny the allegations in Paragraph 247 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 247 to the extent they relate to other parties.

248.    The Domestic HSBC Defendants deny the allegations in Paragraph 248 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 to the extent they relate to other parties.

249.    The Domestic HSBC Defendants deny the allegations in Paragraph 249 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 249 to the extent they relate to other parties.

250.    The Domestic HSBC Defendants deny the allegations in Paragraph 250 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250 to the extent they relate to other parties.

251.    The Domestic HSBC Defendants deny the allegations in Paragraph 251.

252.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 252.

253.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253.

## FRAUDULENT CONCEALMENT

254.   The Domestic HSBC Defendants deny the allegations in Paragraph 254 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 to the extent they relate to other parties.

255.   The Domestic HSBC Defendants deny the allegations in Paragraph 255 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 255 to the extent they relate to other parties.

256.   The Domestic HSBC Defendants admit that on or about June 11, 2013, Bloomberg Business published an article entitled "Traders Said to Rig Currency Rates to Profit Off Clients."  The Domestic HSBC Defendants respectfully direct the Court to the article, which is available at https://www.bloomberg.com/news/articles/2013-06-11/traders-said-to-rig-currency-rates-to-profit-off-clients, for a full recitation of its contents.  The Domestic HSBC Defendants deny the remaining allegations in Paragraph 256 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 to the extent they relate to other parties.

257.   The Domestic HSBC Defendants deny the allegations in Paragraph 257.

258.   The Domestic HSBC Defendants deny the allegations in Paragraph 258 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 258 to the extent they relate to other parties.

259.    The Domestic HSBC Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259.

260.    The Domestic HSBC Defendants deny the allegations in Paragraph 260.

261.    Paragraph 261 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 261 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 to the extent they relate to other parties.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violations of the Donnelly Act,**
**New York General Business Laws § 340, et seq.**
**(On Behalf of the New York Plaintiff against All Defendants)**

262.    To the extent a response is required to the allegations in Paragraph 262, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

263.    Paragraph 263 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 263 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 to the extent they relate to other parties.

### SECOND CLAIM FOR RELIEF
**Violations of Arizona's Uniform State Antitrust Act,**
**Arizona Revised Statutes, §§ 44-1401, *et seq.***
**(On Behalf of the Arizona Plaintiff against All Defendants)**

264.    To the extent a response is required to the allegations in Paragraph 264, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

265.    Paragraph 265 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 265 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265 to the extent they relate to other parties.

266.    Paragraph 266 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 266 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 to the extent they relate to other parties.

### THIRD CLAIM FOR RELIEF
**Violations of the Cartwright Act,**
**California Business and Professions Code § 16720, *et seq.***
**(On Behalf of the California Plaintiffs against All Defendants)**

267.    To the extent a response is required to the allegations in Paragraph 267, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

268.    Paragraph 268 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 268 to the extent they relate to the Domestic HSBC Defendants and lack

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 268 to the extent they relate to other parties.

**FOURTH CLAIM FOR RELIEF**
**Violations of California's Unfair Competition Law,**
**California Business and Professions Code § 17200, *et seq*.**
**(On Behalf of the California Plaintiffs against All Defendants)**

269.    To the extent a response is required to the allegations in Paragraph 269, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

270.    Paragraph 270 states legal conclusions to which a response is not required. To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 270 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 270 to the extent they relate to other parties.

**FIFTH CLAIM FOR RELIEF**
**Violations of the Florida Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. § 501.201, *et seq*.**
**(On Behalf of the Florida Plaintiffs against All Defendants Other Than Bank of**
**America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)**

271.    To the extent a response is required to the allegations in Paragraph 271, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

272.    Paragraph 272 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 272 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 272 to the extent they relate to other parties.

**SIXTH CLAIM FOR RELIEF**
**Violations of the Illinois Antitrust Act,**
**740 Ill. Comp. Stat. 10/1, *et seq*.**
**(On Behalf of the Illinois Plaintiff against All Defendants Other Than Bank of**
**America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)**

273.    To the extent a response is required to the allegations in Paragraph 273, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

274.    Paragraph 274 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 274 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 274 to the extent they relate to other parties.

**SEVENTH CLAIM FOR RELIEF**
**Violations of the Massachusetts Consumer Protection Act**
**Mass. Gen. Laws ch. 93A, §1 *et seq*.**
**(On Behalf of the Massachusetts Plaintiff against All Defendants)**

275.    To the extent a response is required to the allegations in Paragraph 275, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

276.    Paragraph 276 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 276 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 276 to the extent they relate to other parties.

### EIGHTH CLAIM FOR RELIEF
### Violations of the Minnesota Antitrust Law of 1971,
### Minn. Stat. §§ 325D.49 to 325D.66
### (On Behalf of the Minnesota Plaintiff against All Defendants)

277.    To the extent a response is required to the allegations in Paragraph 277, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

278.    Paragraph 278 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 278 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 to the extent they relate to other parties.

### NINTH CLAIM FOR RELIEF
### Violations of the North Carolina Unfair Trade Practice Act
### N.C. Gen. Stat. § 75-1, *et seq.*
### (On Behalf of the North Carolina Plaintiffs against All Defendants)

279.    To the extent a response is required to the allegations in Paragraph 279, the Domestic HSBC Defendants incorporate and repeat their answers to each respective preceding Paragraph as though set forth fully here.

280.    Paragraph 280 states legal conclusions to which no response is required.  To the extent a response is required, the Domestic HSBC Defendants deny the allegations in Paragraph 280 to the extent they relate to the Domestic HSBC Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 to the extent they relate to other parties.

## GENERAL DENIAL AND PRAYER FOR RELIEF

The Domestic HSBC Defendants deny each and every allegation, statement, and matter not expressly admitted.  The Domestic HSBC Defendants further deny that Plaintiffs are entitled to the relief requested at the conclusion of Plaintiffs' SCCAC, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that they would not otherwise bear, the Domestic HSBC Defendants assert the following affirmative and other defenses to Plaintiffs' SCCAC.  These defenses are pleaded in the alternative, and do not constitute an admission that the Domestic HSBC Defendants are in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  For purposes of the defenses below, the term "Plaintiffs" includes any putative members of the alleged class.  As a defense to the SCCAC and each and every allegation contained therein, the Domestic HSBC Defendants assert as follows:

1.      Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim against the Domestic HSBC Defendants upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

4.      To the extent Plaintiffs' claims, including their allegations of fraudulent concealment, sound in fraud or misrepresentation, Plaintiffs have not alleged fraud or misrepresentation with the requisite particularity.

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and laches, and by their failure to exercise reasonable care and diligence to mitigate their alleged damages.

6.     The damages alleged by Plaintiffs and the members of the proposed putative classes, if any, are too remote, speculative, and uncertain to be recoverable.

7.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in contravention of the statutes under which Plaintiffs seek relief, including, but not limited to, Minn. Stat. § 325D.57 and in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

8.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have received any payments in settlement of the claims, and/or to the extent they have otherwise released their claims.

9.     If and to any extent Plaintiffs and the members of the proposed putative classes have been damaged (which the Domestic HSBC Defendants deny), Plaintiffs and the members of the proposed putative class are barred from recovery, in whole or in part, to the extent they also benefitted from the conduct alleged in the SCCAC.  Alternatively, any damages sustained by Plaintiffs and the members of the proposed putative class (which the Domestic HSBC Defendants deny), must be reduced by the amount that Plaintiffs and the members of the proposed putative class benefitted from the alleged conduct.

10.     If and to the extent that Plaintiffs have suffered damages recoverable from the Domestic HSBC Defendants (which the Domestic HSBC Defendants deny), those damages may

be set-off with respect to any amounts that Plaintiffs may owe on debts or other liabilities to the Domestic HSBC Defendants.

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injury, if any, was indirect and not actually or proximately caused by the Domestic HSBC Defendants.

12.     Plaintiffs' claims are barred, in whole or in part, because none of Plaintiffs' claimed injuries were caused by an act or omission of the Domestic HSBC Defendants.

13.     Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent they exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Domestic HSBC Defendants.

14.     Plaintiffs' claims are barred, in whole or in part, because the Domestic HSBC Defendants did not participate in, and had no knowledge of, any alleged agreement, contract, combination, or conspiracy.

15.     Plaintiffs' claims are barred, in whole or in part, because the Domestic HSBC Defendants' alleged conduct has not unreasonably restrained trade and was based on independent and legitimate business conduct.

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered a cognizable antitrust injury flowing from any allegedly anti-competitive conduct by the Domestic HSBC Defendants.

17.     Plaintiffs' claims are barred, in whole or in part, because none of the Domestic HSBC Defendants' alleged actions or omissions substantially lessened competition within any properly defined market.

18.     Plaintiffs' claims are barred, in whole or in part, because the Domestic HSBC Defendants are not liable for any alleged violative acts or omissions, if any, of any parties other than the Domestic HSBC Defendants.

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of some or all of the facts alleged in the SCCAC upon which the Domestic HSBC Defendants' liability is asserted.  Furthermore, each Plaintiff knew or should have known the risk associated with foreign currency transactions, and each Plaintiff assumed the risk that it might be damaged by entering into a foreign currency transaction.

20.     Plaintiffs' claims are barred, in whole or in part, by their lack of diligence or by their own negligence.

21.     Plaintiffs' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich Plaintiffs.

22.     Plaintiffs are not entitled to interest, costs, disbursements, or attorneys' fees in connection with this action.

23.     Plaintiffs' claims are barred, in whole or in part, because certain Defendants are statutorily exempt from liability under the state statutes that Plaintiffs' claims are based on.

24.     Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act.  15 U.S.C. § 6a and the Federal Trade Commission Act.  15 U.S.C. § 45.

25.     Plaintiffs' claims are barred, in whole or in part, because the Domestic HSBC Defendants, as federally-regulated banks, are exempt from liability pursuant to Florida Statute § 501.212(4)(c).

26.    Plaintiffs' claims are barred, in whole or in part, pursuant to Florida Statute § 607.1502(a), to the extent any Florida Plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

27.    Plaintiffs' claims are barred, in whole or in part, because the Domestic HSBC Defendants, as federally-regulated banks, are exempt from liability pursuant to Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/5.

28.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not permitted by the Illinois Antitrust Act to bring or maintain a class action on behalf of indirect purchasers.

29.    Plaintiffs' claims are barred, in whole or in part, pursuant to the regulatory scheme exception to the North Carolina Unfair and Deceptive Trade Practices Act, which bars claims when application of the statute would create unnecessary and overlapping supervision, enforcement and liability in the face of existing state or federal laws and regulatory schemes, and the overlapping regulatory regime provides plaintiffs an adequate remedy.

30.    Plaintiffs' claims under Massachusetts General Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient written demand for relief to Defendants at least 30 days prior to filing the Complaint.

31.    Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any specific intrastate misconduct or injuries within the relevant states that would be sufficient to invoke the relevant state statutes.

32.    Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any unfair or deceptive actions that primarily and substantially occur with the relevant states.

33.     Plaintiffs' consumer protection claims are barred, in whole or in part, because plaintiffs are not consumers under the relevant state statutes and they did not engage in consumer transactions.

34.     Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

35.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs are part of the Direct or Exchange-Only Settlement Classes in the consolidated FX Litigation and their claims were released by the Direct or Exchange-Only Settlements.

36.     Plaintiffs' claims are barred, in whole or in part, because the state laws alleged by Plaintiffs are not applicable under governing choice of law principles.

37.     The Domestic HSBC Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (i) amend or supplement their answer, defenses, affirmative defenses, and all other pleadings, and (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate.  For example, among other things, the Domestic HSBC Defendants are not able to review contracts governing relevant transactions with RFEDs because Plaintiffs have refused to identify the RFEDs with whom they transacted and other critical details of the transactions that would allow the Domestic HSBC Defendants to attempt to connect Plaintiffs' transactions with any particular RFEDs with any transactions the Domestic HSBC Defendants may have had with the RFEDs.

38.     The Domestic HSBC Defendants incorporate by reference and adopt any affirmative defense raised by other defendants to this action that is not already asserted above.

Dated: January 11, 2019                     LOCKE LORD LLP

                                            By: *Gregory T. Casamento*_____ _____
                                            Gregory T. Casamento
                                            3 World Financial Center
                                            New York, New York 10281
                                            Telephone: (212) 812-8325
                                            gcasamento@lockelord.com

                                            Roger B. Cowie
                                            2200 Ross Avenue, Suite 2800
                                            Dallas, Texas 75201-6776
                                            Telephone: (214) 740-8000
                                            rcowie@lockelord.com

                                            J. Matthew Goodin
                                            Julia C. Webb
                                            111 South Wacker Drive
                                            Chicago, Illinois 60606
                                            Telephone: (312) 443-0472
                                            jmgoodin@lockelord.com
                                            jwebb@lockelord.com

                                            *Attorneys for Defendants HSBC Bank USA,*
                                            *N.A. HSBC North America Holdings, Inc.,*
                                            *and HSBC Securities (USA) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2019, a copy of the foregoing was served electronically on counsel of record for all parties through the Court's CM/ECF system.

*/s/ Gregory T. Casamento*