**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

JAMES CONTANT, et al.,

                        Plaintiffs,      :

                                  :

     v.                               :

BANK OF AMERICA CORPORATION, et al.,

                        Defendants.    :

Case No.  1:17-cv-03139 (LGS)
ECF CASE

----------------------------------------------------------------x

**DEFENDANTS THE GOLDMAN SACHS GROUP, INC.'s AND GOLDMAN SACHS &
CO. LLC'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION
COMPLAINT**

Defendants The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC[1] (together,

"Goldman Sachs"), by their undersigned counsel, respond as follows to the allegations in the

Consolidated Amended Class Action Complaint (the "Complaint"), filed on November 28, 2018,

insofar as they are made against Goldman Sachs.

Initially, the Goldman Sachs Group, Inc. was improperly named as a defendant in this

action.  The Goldman Sachs Group, Inc. is the publicly-held parent company of the Goldman

Sachs organization; it does not act as a dealer bank in any transactions involving foreign

exchange, nor did it do so at any point referenced in the Complaint.  This Answer is provided

without prejudice to the right of The Goldman Sachs Group, Inc. to obtain dismissal of all claims

asserted against it and to quash all discovery demands directed to it on the ground that The

Goldman Sachs Group, Inc. is not a proper party.  *See, e.g.*, *United States v. Bestfoods*, 524 U.S.

---

[1] The Complaint incorrectly names as a defendant Goldman, Sachs & Co., which is not an existing entity.  Goldman, Sachs & Co. converted to Goldman Sachs & Co. LLC effective April 28, 2017.  Accordingly, for purposes of this answer, all allegations that purport to be against Goldman, Sachs & Co. are assumed to be against Goldman Sachs & Co. LLC and all answers to such allegations and all affirmative defenses are accordingly made on behalf of Goldman Sachs & Co. LLC.

51, 61 (1998); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996); *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219 (S.D.N.Y. 2015); *In re Dig. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417-19 (S.D.N.Y. 2011).

Goldman Sachs incorporates into each such response a denial of all allegations in the Complaint (including those outside of the knowledge and information of Goldman Sachs), except with respect to those specific allegations expressly admitted herein, and denies any averments in the Table of Contents, headings and subheadings of the Complaint.  Unless otherwise noted, footnotes containing citations to sources of information do not purport to state factual allegations, and no response is required.  To the extent a response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnote or subpart, if any, accompanying or comprising such paragraph of the Complaint, unless expressly stated otherwise.  Goldman Sachs also specifically incorporates into each response a denial of all allegations concerning its purported participation in the alleged conspiracy described in the Complaint and denies any responsibility for any wrongdoing ascribed to other defendants, and avers that no negative inference can properly be drawn against Goldman Sachs based on the alleged conduct of other defendants.

Goldman Sachs therefore intends to respond only to allegations directed at Goldman Sachs individually, and where Goldman Sachs responds to allegations that concern "Defendants" and not Goldman Sachs individually, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants unless Goldman Sachs expressly states otherwise.  Goldman Sachs expressly denies that Plaintiffs have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

For the sake of clarity, and unless otherwise expressly stated, Goldman Sachs herein uses the defined terms and phrases set forth in the Complaint.  In so doing, however, Goldman Sachs does not concede that any such definitions are proper.

Goldman Sachs further responds to the specific allegations in the Complaint as follows:

## ANSWER

1.      To the extent that the allegations of paragraph 1 consist of legal conclusions, no response is required. To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 1.

2.      Goldman Sachs denies the allegations of paragraph 2, except that as to the last sentence, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      Goldman Sachs denies the allegations of paragraph 3.

4.      Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, except (a) denies the allegations as to Goldman Sachs, and (b) admits that certain U.S. and European law enforcement and regulatory authorities have investigated certain FX activities and imposed fines and entered into settlements.

5.      Goldman Sachs denies the allegations of paragraph 5, except (a) admits that Goldman Sachs entered into an agreement in connection with *FOREX* that did not admit any violation of any statute or law or any liability or wrongdoing by Goldman Sachs or the truth of any of the claims or allegations in *FOREX*, and (b) respectfully refers the Court to the public filings on the docket in *FOREX* for a complete and accurate statement of their contents.

6.      Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      To the extent that the allegations of paragraph 7 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 7.

8.      To the extent that the allegations of paragraph 8 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 8, except admits that the Court has personal jurisdiction over Goldman Sachs.

9.      To the extent that the allegations of paragraph 9 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 9, except admits and avers that (a) Plaintiffs purport to base venue in this action on the statutes cited therein, and (b) Goldman Sachs has its principal place of business in New York, New York.

10.      Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 concerning the trading activities of Plaintiff James Contant and otherwise denies the allegations of paragraph 10.  Goldman Sachs avers that James Contant does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

11.      Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 concerning the trading activities of Plaintiff Sandra Lavender and otherwise denies the allegations of paragraph 11.  Goldman Sachs avers that Sandra Lavender does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

12.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 concerning the trading activities of Plaintiff Victor Hernandez and otherwise denies the allegations of paragraph 12.  Goldman Sachs avers that Victor Hernandez does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

13.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 concerning the trading activities of Plaintiff Martin-Han Tran and otherwise denies the allegations of paragraph 13.  Goldman Sachs avers that Martin-Han Tran does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

14.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 concerning the trading activities of Plaintiff FX Primus and otherwise denies the allegations of paragraph 14.  Goldman Sachs avers that FX Primus does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

15.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 concerning the trading activities of Plaintiff Carlos Gonzalez and otherwise denies the allegations of paragraph 15.  Goldman Sachs avers that Carlos Gonzalez does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

16.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 concerning the trading activities of Plaintiff Ugnius Matkus and otherwise denies the allegations of paragraph 16.  Goldman Sachs avers that Ugnius

Matkus does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

17.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 concerning the trading activities of Plaintiff Charles G. Hitchcock III and otherwise denies the allegations of paragraph 17.  Goldman Sachs avers that Charles G. Hitchcock III does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

18.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 concerning the trading activities of Plaintiff Jerry Jacobson and otherwise denies the allegations of paragraph 18.  Goldman Sachs avers that Jerry Jacobson does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

19.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 concerning the trading activities of Plaintiff Tina Porter and otherwise denies the allegations of paragraph 19.  Goldman Sachs avers that Tina Porter does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

20.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 concerning the trading activities of Plaintiff Paul Vermillion and otherwise denies the allegations of paragraph 20.  Goldman Sachs avers that Paul Vermillion does not have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims.

21.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except respectfully refers the Court to Bank of America's public filings for a description of its business.

22.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except respectfully refers the Court to BTMU's public filings for a description of its business.

23.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except respectfully refers the Court to Barclays' public filings for a description of its business.

24.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except respectfully refers the Court to BNP Paribas' public filings for a description of its business.

25.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, except respectfully refers the Court to Citigroup's public filings for a description of its business.

26.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, except respectfully refers the Court to Credit Suisse's public filings for a description of its business.

27.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, except respectfully refers the Court to Deutsche Bank's public filings for a description of its business.

28.     Goldman Sachs denies the allegations of paragraph 28, except admits and avers that (a) The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC have their principal

places of business in New York, New York, (b) The Goldman Sachs Group, Inc. (i) is incorporated under the laws of the State of Delaware and (ii) is a bank holding company and a financial holding company, (c) Goldman Sachs & Co. LLC is a wholly owned subsidiary of The Goldman Sachs Group, Inc. except for de minimis non-voting, non-participating interests held by unaffiliated broker-dealers, and (d) Goldman Sachs & Co. LLC has employees in offices in Los Angeles and San Francisco, California; Miami and West Palm Beach, Florida; Chicago, Illinois; and Boston, Massachusetts.

29.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, except respectfully refers the Court to HSBC's public filings for a description of its business.

30.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, except respectfully refers the Court to JPMorgan's public filings for a description of its business.

31.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, except respectfully refers the Court to Morgan Stanley's public filings for a description of its business.

32.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, except respectfully refers the Court to RBC's public filings for a description of its business.

33.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, except respectfully refers the Court to RBS's public filings for a description of its business.

34.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, except respectfully refers the Court to SocGen's public filings for a description of its business.

35.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, except respectfully refers the Court to Standard Chartered's public filings for a description of its business.

36.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, except respectfully refers the Court to UBS's public filings for a description of its business.

37.     Because paragraph 37 does not purport to state any factual allegations, no response is required.  To the extent that paragraph 37 asserts any factual allegations, Goldman Sachs denies those allegations.  Goldman Sachs objects to the Complaint's definition of "Defendant" and "Defendants" to the extent it purports to include any entity other than the named parties to this action, Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. Goldman Sachs also objects to the purported inclusion of The Goldman Sachs Group, Inc. as a defendant in this action.  The Goldman Sachs Group, Inc. does not act as a dealer bank in any transactions involving foreign exchange, nor did it do so at any point referenced in the Complaint.  Goldman Sachs reserves all rights to object to the Complaint's purported definition of "Defendant" and "Defendants" for purposes of discovery or any other aspect of this consolidated action.

38.     Because paragraph 38 does not purport to state any factual allegations, no response is required.  To the extent that paragraph 38 asserts any factual allegations, Goldman Sachs denies those allegations.

39.     To the extent that the allegations of paragraph 39 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 39.

40.     To the extent that the allegations of paragraph 40 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 40, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the New York Plaintiff purports to represent.

41.     To the extent that the allegations of paragraph 41 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 41, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the Arizona Plaintiff purports to represent.

42.     To the extent that the allegations of paragraph 42 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 42, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the California Plaintiffs purport to represent.

43.     To the extent that the allegations of paragraph 43 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 43, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the Florida Plaintiffs purport to represent.

44.     To the extent that the allegations of paragraph 44 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 44, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the Illinois Plaintiff purports to represent.

45.     To the extent that the allegations of paragraph 45 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 45, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the Massachusetts Plaintiff purports to represent.

46.     To the extent that the allegations of paragraph 46 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 46, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the Minnesota Plaintiff purports to represent.

47.     To the extent that the allegations of paragraph 47 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and otherwise denies the allegations of paragraph 47, except admits and avers that Plaintiffs purport to describe the nature of this action and the putative class that the North Carolina Plaintiffs purport to represent.

48.     Because paragraph 48 does not purport to state any factual allegations, no response is required.  To the extent that paragraph 48 asserts any factual allegations, Goldman Sachs denies those allegations.

49.     To the extent that the allegations of paragraph 49 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 49.

50.     To the extent that the allegations of paragraph 50 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment.

51.     To the extent that the allegations of paragraph 51 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 51.

52.     To the extent that the allegations of paragraph 52 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 52.

53.     To the extent that the allegations of paragraph 53 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 53.

54.     To the extent that the allegations of paragraph 54 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 54.

55.     To the extent that the allegations of paragraph 55 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 55.

56.     To the extent that the allegations of paragraph 56 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 56.

57.     To the extent that the allegations of paragraph 57 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 57.

58.     To the extent that the allegations of paragraph 58 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies that this case is appropriate for class action treatment and denies all other allegations of paragraph 58.

59.     Goldman Sachs denies the allegations of paragraph 59, except (a) denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 59 and (b) respectfully refers the Court to the report referenced therein for its complete and accurate contents.

60.     Goldman Sachs denies that the allegations of paragraph 60 present a fair and complete description of the matters described therein.

61.     Goldman Sachs denies the allegations of paragraph 61, except admits that the market participants listed sometimes participate in FX trades.

62.     Goldman Sachs denies the allegations of paragraph 62, except denies knowledge or information sufficient to form a belief as to the allegations in the final sentence.

63.     Goldman Sachs denies that the allegations of the first sentence of paragraph 63 present a fair and complete description of the matters described therein and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 63.

64.     Goldman Sachs denies that the allegations of paragraph 64 present a fair and complete description of the matters described therein, except admits that (a) the OTC FX market is open 24 hours a day during the week, (b) interdealer FX trading opens each week at 7:00 am local time in New Zealand, and (c) trading opens in New York and London at 8:00 am local time.

65.     Goldman Sachs denies that the allegations of paragraph 65 present a fair and complete description of the matters described therein, except admits that (a) interdealer FX trading closes each week at 5:00 pm local time in New York, and (b) it is possible to trade even when the interdealer FX trading market has closed.

66.     Goldman Sachs denies that the allegations of the first sentence of paragraph 66 present a fair and complete description of the matters described therein, except (a) admits that trading on certain centralized U.S. financial exchanges is available 24 hours a day and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 66.

67.     Goldman Sachs denies that the allegations of the first, second, and third sentences of paragraph 67 present a fair and complete description of the matters described therein, except admits that currencies can be bought or sold in currency pairs of two different currencies and that EUR/USD is sometimes used to refer to the exchange rate for the purchase or sale or euros in exchange for U.S. dollars.  Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 67.

68.     Goldman Sachs denies the allegations of paragraph 68, including that the allegations of first, second, third, and fourth sentences of paragraph 68 present a fair and complete description of the matters described therein.

69.     Goldman Sachs denies that the allegations of paragraph 69 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the commonality of transactions of specific types of FX instruments.

70.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Goldman Sachs denies the allegations of paragraph 71, including that the second and third sentences present a fair and complete description of the matters described therein.

72.     Goldman Sachs denies the allegations of paragraph 72, except admits that generally (a) a "bid" is the rate at which a dealer would be willing to buy a particular currency, and (b) an "ask" is the rate at which a dealer would be willing to sell a particular currency.

73.     Goldman Sachs denies that the allegations of paragraph 73 present a fair and complete description of the matters described therein, except admits that a "percentage in point" or "pip" is generally the final digit in a currency quote.

74.     Goldman Sachs denies the allegations of paragraph 74, except admits that the "bid-ask spread" is generally the difference between the bid and the ask.

75.     Goldman Sachs denies that the allegations of paragraph 75 present a fair and complete description of the matters described therein, except admits that generally certain FX counterparties can execute FX trades with dealers by a telephone call, an electronic request, or through an electronic platform, including Reuters, Bloomberg, EBS, Hotspot, and Currenex.

76.     Goldman Sachs denies the allegations of paragraph 76, including that the allegations in the first four sentences present a fair and complete description of the matters described therein.

77.     Goldman Sachs denies the allegations of paragraph 77, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence therein.

78.     Goldman Sachs denies that the allegations of paragraph 78 present a fair and complete description of the matters described therein.

79.     Goldman Sachs denies the allegations of paragraph 79.

80.     Goldman Sachs denies that the allegations of paragraph 80 present a fair and complete description of the matters described therein.

81.     Goldman Sachs denies the allegations of paragraph 81, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence therein.

82.     Goldman Sachs denies that the allegations of paragraph 82 present a fair and complete description of the matters described therein.

83.     Goldman Sachs denies the allegations of paragraph 83, except admits that a dealer will generally profit if it can sell a currency at a price better than its costs of acquiring that currency.

84.     Goldman Sachs denies that the allegations of paragraph 84 present a fair and complete description of the matters described therein.

85.     Goldman Sachs denies that the allegations of paragraph 85 present a fair and complete description of the matters described therein, except admits that (a) the WM/Reuters Closing Spot Rates are calculated around 4:00 p.m. London time (11:00 a.m. New York time), (b) WM/Reuters calculates fixing rates for major currencies every half hour from 6:00 a.m. in Hong Kong/Singapore to 10:00 p.m. in the U.K., and (c) they publish fixing rates for spot and

forward transactions. Goldman Sachs denies knowledge or information sufficient to form a belief as to whether WM/Reuters is a joint venture between the WM Company and Thomson Reuters Corporation.

86.     Goldman Sachs denies the allegations of paragraph 86, except admits that WM/Reuters claims that it calculates the 4:00 p.m. Fix based on actual bids and offers placed on certain electronic trading systems.

87.     Goldman Sachs denies the allegations of paragraph 87, including that the allegations in the first sentence present a fair and complete description of the matters described therein.

88.     Goldman Sachs denies the allegations of paragraph 88, except admits that WM/Reuters also provides fix rates for certain FX forwards.

89.     Goldman Sachs denies that the allegations in the first sentence of paragraph 89 present a fair and complete description of the matters described therein, except (a) admits that the ECB reference rate provides FX spot rate Fixes for currency pairs that are traded against the euro and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 89.

90.     Goldman Sachs denies that the allegations of paragraph 90 present a fair and complete description of the matters described therein, except admits that (a) the ECB publishes one rate for the 1:15 p.m. Fix, and (b) that the ECB Fixes are published on the ECB's website.

91.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     Goldman Sachs denies the allegations of paragraph 92, except respectfully refers the Court to the 2012 and 2013 FX Surveys by EUROMONEY referenced therein for a complete and accurate statement of their contents.

93.     Goldman Sachs denies the allegations of paragraph 93, except (a) denies knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 93 and (b) respectfully refers the Court to the Foreign Exchange Committee's April 2012 survey of the North American FX market referenced therein for a complete and accurate statement of its contents.

94.     Goldman Sachs denies the allegations of paragraph 94.

95.     Goldman Sachs denies the allegations of paragraph 95, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 95.

96.     Goldman Sachs denies the allegations of paragraph 96, including that the allegations in the first two sentences present a fair and complete description of the matters described therein.

97.     Goldman Sachs denies the allegations of paragraph 97.

98.     Goldman Sachs denies the allegations of paragraph 98.

99.     Goldman Sachs denies the allegations of paragraph 99.

100.    Goldman Sachs denies the allegations of paragraph 100, except respectfully refers the Court to the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities" referenced therein for a complete and accurate statement of its contents.

101.     Goldman Sachs denies the allegations of paragraph 101, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 101 relating to HSBC, Barclays, BNP Paribas, Citigroup, and JPMorgan.

102.     Goldman Sachs denies the allegations of paragraph 102.

103.     Goldman Sachs denies the allegations of paragraph 103, except denies knowledge or information sufficient to form a belief as to the accuracy of the alleged quote from a former Citigroup trader.

104.     Goldman Sachs denies the allegations of paragraph 104.

105.     Goldman Sachs denies the allegations of paragraph 105.

106.     Goldman Sachs denies the allegations of paragraph 106.

107.     Goldman Sachs denies the allegations of paragraph 107.

108.     Goldman Sachs denies the allegations of paragraph 108, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Bank of America, Barclays, BNP Paribas, BTMU, Citigroup, Deutsche Bank, HSBC, JPMorgan, Credit Suisse, Morgan Stanley, RBC, RBS, SocGen, Standard Chartered, and UBS.

109.     Goldman Sachs denies the allegations of paragraph 109, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and last sentences of paragraph 109.

110.     Goldman Sachs denies the allegations of paragraph 110, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

111.    Goldman Sachs denies the allegations of paragraph 111, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

112.    Goldman Sachs denies the allegations of paragraph 112.

113.    Goldman Sachs denies the allegations of paragraph 113, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

114.    Goldman Sachs denies the allegations of paragraph 114, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

115.    Goldman Sachs denies the allegations of paragraph 115.

116.    Goldman Sachs denies that the allegations of paragraph 116 present a fair and complete description of the matters described therein.

117.    Goldman Sachs denies the allegations of paragraph 117, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

118.    Goldman Sachs denies the allegations of paragraph 118.

119.    Goldman Sachs denies the allegations of paragraph 119.

120.    Goldman Sachs denies the allegations of paragraph 120.

121.    Goldman Sachs denies the allegations of paragraph 121.

122.    Goldman Sachs denies the allegations of paragraph 122.

123.    Goldman Sachs denies the allegations of paragraph 123.

124.   Goldman Sachs denies the allegations of paragraph 124, except respectfully refers the Court to the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities," Foreign Exchange Committee quoted therein for a complete and accurate statement of its contents.

125.   Goldman Sachs denies the allegations of paragraph 125.

126.   Goldman Sachs denies the allegations of paragraph 126.

127.   Goldman Sachs denies the allegations of paragraph 127.

128.   Goldman Sachs denies the allegations of paragraph 128.

129.   Goldman Sachs denies the allegations of paragraph 129.

130.   Goldman Sachs denies the allegations of paragraph 130.

131.   Goldman Sachs denies the allegations of paragraph 131.

132.   Goldman Sachs denies the allegations of paragraph 132, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

133.   Goldman Sachs denies the allegations of paragraph 133, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

134.   Goldman Sachs denies the allegations of paragraph 134, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

135.   Goldman Sachs denies the allegations of paragraph 135.

136.   Goldman Sachs denies the allegations of paragraph 136.

137.   Goldman Sachs denies the allegations of paragraph 137.

138.     Goldman Sachs denies the allegations of paragraph 138, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

139.     Goldman Sachs denies the allegations of paragraph 139.

140.     Goldman Sachs denies the allegations of paragraph 140, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

141.     Goldman Sachs denies the allegations of paragraph 141, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to traders at entities other than Goldman Sachs.

142.     Goldman Sachs denies the allegations of paragraph 142.

143.     Goldman Sachs denies the allegations of paragraph 143.

144.     Goldman Sachs denies that the allegations of paragraph 144 present a fair and complete description of the matters described therein.

145.     Goldman Sachs denies the allegations of paragraph 145.

146.     Goldman Sachs denies the allegations of paragraph 146.

147.     Goldman Sachs denies the allegations of paragraph 147.

148.     Goldman Sachs denies the allegations of paragraph 148.

149.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149.

150.     Goldman Sachs denies the allegations of paragraph 150.

151.     To the extent that the allegations of paragraph 151 consist of legal conclusions, no response is required.  To the extent that a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151.

152.     Goldman Sachs denies the allegations of paragraph 152.

153.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153.

154.     Goldman Sachs denies the allegations of paragraph 154.

155.     Goldman Sachs denies the allegations of paragraph 155.

156.     Goldman Sachs denies the allegations of paragraph 156.

157.     Goldman Sachs denies the allegations of paragraph 157.

158.     Goldman Sachs denies the allegations of paragraph 158.

159.     Goldman Sachs denies the allegations of paragraph 159.

160.     Goldman Sachs denies the allegations of paragraph 160.

161.     Goldman Sachs denies the allegations of paragraph 161.

162.     Goldman Sachs denies the allegations of paragraph 162.

163.     Goldman Sachs denies the allegations of paragraph 163.

164.     Because paragraph 164 does not purport to state any factual allegations, no response is required.  To the extent that paragraph 164 asserts any factual allegations, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 and Figure 1.

165.     Because the last two sentences of paragraph 165 do not purport to state any factual allegations, no response is required.  To the extent a response is required and with respect

to the remaining allegations of paragraph 165, Goldman Sachs denies the allegations of paragraph 165.

166.     Because the last sentence of paragraph 166 does not purport to state any factual allegations, no response is required.  To the extent a response is required and with respect to the remaining allegations of paragraph 166, Goldman Sachs denies the allegations of paragraph 166.

167.     Goldman Sachs denies the allegations of paragraph 167.

168.     Because paragraph 168 does not purport to state any factual allegations, no response is required.  To the extent that paragraph 168 asserts any factual allegations, Goldman Sachs denies the allegations of paragraph 168.

169.     Goldman Sachs denies the allegations of paragraph 169.

170.     Goldman Sachs denies the allegations of paragraph 170.

171.     Goldman Sachs denies the allegations of paragraph 171.

172.     Goldman Sachs denies the allegations of paragraph 172.

173.     Goldman Sachs denies the allegations of paragraph 173, including that Figure 2 presents a fair and complete depiction of the matters described therein.

174.     Goldman Sachs denies the allegations of paragraph 174.

175.     Goldman Sachs denies the allegations of paragraph 175.

176.     Goldman Sachs denies the allegations of paragraph 176.

177.     Goldman Sachs denies the allegations of paragraph 177.

178.     Goldman Sachs denies the allegations of paragraph 178.

179.     Goldman Sachs denies the allegations of paragraph 179.

180.     Goldman Sachs denies the allegations of paragraph 180.

181.     Goldman Sachs denies the allegations of paragraph 181.

182.    Goldman Sachs denies the allegations of paragraph 182, including that Figure 4 presents a fair and complete depiction of the matters described therein.

183.    Goldman Sachs denies the allegations of paragraph 183.

184.    Goldman Sachs denies the allegations of paragraph 184.

185.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185, except admits that certain U.S. and European law enforcement and regulatory authorities have investigated certain FX activities.

186.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186, except respectfully refers the Court to the CFTC's November 11, 2014 settlements with Citigroup, HSBC, JPMorgan, RBS, and UBS and May 20, 2015 settlement with Barclays referenced therein for a complete and accurate statement of their contents.

187.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187, except respectfully refers the Court to the OCC's November 12, 2014 settlements with Bank of America, Citigroup, and JPMorgan quoted therein for a complete and accurate statement of their contents.

188.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188, except respectfully refers the Court to the DOJ's May 20, 2015 announcements regarding Citigroup, JPMorgan, Barclays, and RBS referenced therein for a complete and accurate statement of their contents.

189.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189, except respectfully refers the Court to the DOJ's

May 20, 2015 announcement regarding UBS referenced therein for a complete and accurate statement of their contents.

190.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190.

191.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191, except respectfully refers the Court to the NYDFS's May 20, 2015 announcement referenced therein for a complete and accurate statement of its contents.

192.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192, except respectfully refers the Court to the DOJ's statements and criminal complaints referenced therein for a complete and accurate statement of their contents.

193.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193, except respectfully refers the Court to the DOJ's December 2016 sentencing memoranda referenced therein for a complete and accurate statement of their contents.

194.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194, except respectfully refers the Court to the U.S. District Court for the District of Connecticut's judgments referenced therein for a complete and accurate statement of their contents.

195.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195, except respectfully refers the Court to the plea referenced therein for a complete and accurate statement of its contents.

196.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196, except respectfully refers the Court to the Federal Reserve Board announcements referenced therein for a complete and accurate statement of their contents.

197.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197, except respectfully refers the Court to the indictments and performance review referenced therein for a complete and accurate statement of their contents, and further avers that Usher, Ramchandani, and Ashton were each acquitted of criminal conspiracy charges on October 26, 2018 after a trial.

198.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198, except respectfully refers the Court to the DOJ press release quoted therein for a complete and accurate statement of its contents.

199.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199, except respectfully refers the Court to the Federal Reserve's April 20, 2017 announcement referenced therein for a complete and accurate statement of its contents.

200.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200, except respectfully refers the Court to the November 12, 2014 FCA announcement and May 20, 2015 FCA press release referenced therein for a complete and accurate statement of their contents.

201.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201.

202.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202, except respectfully refers the Court to the FINMA announcements referenced therein for a complete and accurate statement of its contents.

203.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203.

204.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204, except respectfully refers the Court to the complaint filed by the Competition Commission of South Africa referenced therein for a complete and accurate statement of its contents.

205.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205, except respectfully refers the Court to the Competition Commission's press release referenced therein for a complete and accurate statement of its contents.

206.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206, except respectfully refers the Court to the CADE announcements referenced therein for a complete and accurate statement of their contents.

207.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207, except respectfully refers the Court to the South Korean Fair Trade Commission's announcement referenced therein for a complete and accurate statement of its contents.

208.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208, except respectfully refers the Court to the NYDFS's

May 24, 2017 announcement referenced therein for a complete and accurate statement of its contents.

209.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209, except respectfully refers the Court to the Federal Reserve Board's July 17, 2017 announcement referenced therein for a complete and accurate statement of its contents.

210.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210, except respectfully refers the Court to the Federal Reserve Board's July 24, 2017 announcement referenced therein for a complete and accurate statement of its contents.

211.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211, except respectfully refers the Court to the Federal Reserve Board's September 29, 2017 order referenced therein for a complete and accurate statement of its contents.

212.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212, except respectfully refers the Court to the NYDFS's November 13, 2017 announcement referenced therein for a complete and accurate statement of its contents.

213.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 213, except respectfully refers the Court to the DOJ's January 18, 2018 announcement referenced therein for a complete and accurate statement of its contents.

214.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214, except respectfully refers the Court to the DOJ's and Federal Reserve Board's announcements referenced therein for a complete and accurate statement of their contents.

215.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215.

216.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216, except admits that the Financial Stability Board released a report on FX benchmark rates on September 30, 2014 with recommendations for reform in the FX markets and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

217.    Goldman Sachs denies the allegations of paragraph 217, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 217.

218.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218.

219.    Goldman Sachs denies the allegations of paragraph 219, except respectfully refers the Court to the Defendants' public filings for a complete and accurate statement of their contents.

220.    Goldman Sachs denies the allegations of paragraph 220, except respectfully refers the Court to *FOREX*, ECF No. 1 referenced therein for a complete and accurate statement of its contents.

221.     Goldman Sachs denies that the allegations of paragraph 221 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF No. 242 referenced therein for a complete and accurate statement of its contents.

222.     Goldman Sachs denies that the allegations of paragraph 222 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF No. 96 referenced therein for a complete and accurate statement of its contents.

223.     Goldman Sachs denies that the allegations of paragraph 223 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF Nos. 480-81 referenced therein for a complete and accurate statement of their contents.

224.     Goldman Sachs denies that the allegations of paragraph 224 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF No. 536 referenced therein for a complete and accurate statement of its contents.

225.     Goldman Sachs denies that the allegations of paragraph 225 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF No. 653 referenced therein for a complete and accurate statement of its contents.

226.     Goldman Sachs denies that the allegations of paragraph 226 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF Nos. 820, 875, and 882 referenced therein for a complete and accurate statement of their contents.

227.     Goldman Sachs denies that the allegations of paragraph 227 present a fair and complete description of the matters described therein and respectfully refers the Court to *FOREX*, ECF Nos. 924 and 1110 referenced therein for a complete and accurate statement of

their contents, except admits that the *FOREX* litigation is ongoing against Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC.

228.    Goldman Sachs denies that the first two sentences of paragraph 228 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions taken by other Defendants toward traders and trade supervisors.  Goldman Sachs denies the allegations of the last sentence of paragraph 228.

229.    Goldman Sachs denies the allegations of paragraph 229, except (a) admits and avers that it has amended certain of its policies from time to time since 2014, including to limit participation by traders in multi-bank chat rooms, and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Barclays, Citigroup, Credit Suisse, Deutsche Bank, JPMorgan, Morgan Stanley, RBS, and UBS.

230.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230.

231.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231.

232.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232.

233.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233.

234.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234.

235.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235.

236.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236.

237.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237.

238.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238.

239.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239.

240.     Goldman Sachs denies the allegations of paragraph 240, except admits that at some time prior to his employment at Goldman Sachs, Frank Cahill was employed at HSBC.

241.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241.

242.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242.

243.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243.

244.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244 except respectfully refers the Court to the advertisements in the Frankfurter Allgemeine Zeitung and Sueddeutsche Zeitung newspapers referenced therein for a complete and accurate statement of their contents.

245.     Goldman Sachs denies the allegations in paragraph 245, except respectfully refers to the Court to PricewaterhouseCoopers' 2016 Market Abuse Surveillance Survey referenced therein for a complete and accurate statement of its contents.

246.     Goldman Sachs denies the allegations in the first sentence of paragraph 246, including as to itself, and denies knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 246.

247.     Goldman Sachs denies the allegations of paragraph 247.

248.     Goldman Sachs denies the allegations of paragraph 248.

249.     Goldman Sachs denies the allegations of paragraph 249.

250.     Goldman Sachs denies the allegations of paragraph 250.

251.     Goldman Sachs denies the allegations of paragraph 251.

252.     Goldman Sachs denies the allegations of paragraph 252.

253.     Goldman Sachs denies the allegations of paragraph 253.

254.     Goldman Sachs denies the allegations of paragraph 254.

255.     Goldman Sachs denies the allegations of paragraph 255.

256.     Goldman Sachs denies the allegations of paragraph 256.

257.     Goldman Sachs denies the allegations of paragraph 257.

258.     Goldman Sachs denies the allegations of paragraph 258.

259.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 259.

260.     Goldman Sachs denies the allegations of paragraph 260.

261.     Goldman Sachs denies the allegations of paragraph 261.

262.    Goldman Sachs responds to paragraph 262 by incorporating by reference its responses to paragraphs 1-262.

263.    Goldman Sachs denies the allegations of paragraph 263.

264.    Goldman Sachs responds to paragraph 264 by incorporating by reference its responses to paragraphs 1-264.

265.    Goldman Sachs denies the allegations of paragraph 265.

266.    Goldman Sachs denies the allegations of paragraph 266.

267.    Goldman Sachs responds to paragraph 267 by incorporating by reference its responses to paragraphs 1-267.

268.    Goldman Sachs denies the allegations of paragraph 268.

269.    Goldman Sachs responds to paragraph 269 by incorporating by reference its responses to paragraphs 1-269.

270.    Goldman Sachs denies the allegations of paragraph 270.

271.    Goldman Sachs responds to paragraph 271 by incorporating by reference its responses to paragraphs 1-271.

272.    Goldman Sachs denies the allegations of paragraph 272.

273.    Goldman Sachs responds to paragraph 273 by incorporating by reference its responses to paragraphs 1-273.

274.    Goldman Sachs denies the allegations of paragraph 274.

275.    Goldman Sachs responds to paragraph 275 by incorporating by reference its responses to paragraphs 1-275.

276.    Goldman Sachs denies the allegations of paragraph 276.

277.    Goldman Sachs responds to paragraph 277 by incorporating by reference its responses to paragraphs 1-277.

278.    Goldman Sachs denies the allegations of paragraph 278.

279.    Goldman Sachs responds to paragraph 279 by incorporating by reference its responses to paragraphs 1-279.

280.    Goldman Sachs denies the allegations of paragraph 280.

## DEFENSES

Goldman Sachs states the following defenses, incorporates by reference the affirmative defenses of any other defendant in this case, and reserves its right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Goldman Sachs does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon plaintiffs.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or statutes of repose.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing, including, among others, antitrust standing.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata.

## THIRTEENTH DEFENSE

Plaintiffs are barred, in whole or in part, from recovery of any damages because of and to the extent of their failure to mitigate damages.

## FOURTEENTH DEFENSE

Any injuries or damages Plaintiffs may have suffered were caused solely, materially, and proximately by intervening and/or superseding causes unrelated to the alleged conduct of Goldman Sachs, through forces in the marketplace over which Goldman Sachs has no control, or through the acts or omissions of others.

## FIFTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims are barred because all such conduct would have been committed by individuals acting ultra vires.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a properly defined, legally cognizable and relevant product market and geographic market, and is so vague and ambiguous as to deny Goldman Sachs notice of the markets alleged by Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs have failed to plead that they purchased products in any properly defined market or submarket.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to allege that Goldman Sachs possessed or possesses market power in any properly defined, legally cognizable, and relevant market.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of Goldman Sachs's challenged actions or omissions substantially lessened competition within any properly defined, legally cognizable, and relevant market.

## TWENTIETH DEFENSE

Plaintiffs' claims barred, in whole or in part, because any and all of Goldman Sachs's conduct has been reasonable and based on independent, legitimate business, and economic justifications and was, therefore, lawful.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct, or statements that are competitive activity specifically permitted by law.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Goldman Sachs's challenged conduct was ancillary to pro-competitive conduct.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered injury in fact.

### TWENTY-FOURTH DEFENSE

There is no direct or proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by Defendant.

### TWENTY-FIFTH DEFENSE

Plaintiffs' injury, if any, is limited to the direct net loss caused by defendants conduct over the entire period of their investment.

### TWENTY-SIXTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Defendants. Furthermore, each Plaintiff knew or should have known the risks associated with FX transactions, and each Plaintiff assumed the risk that it might be damaged by entering into an FX transaction.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, because Plaintiffs have not suffered any damages as a result of matters alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the price at which Plaintiffs transacted for FX Instruments was set by the RFEDs with whom they transacted such FX Instruments, either individually or collectively.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are part of the Direct Settlement Class, and their claims were released by the Direct/Exchange-Only Settlements.

## THIRTIETH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the Complaint.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Defendants paying damages to more than one claimant for the same alleged overcharges.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any price change was absorbed by others and not passed through to Plaintiffs.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because an award of treble damages or punitive or exemplary damages against Defendants based on the alleged conduct would constitute excessive damages.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and their alleged injuries fall outside the zone of interests intended to be protected by the statutes upon which they base their claims.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a ("FTAIA").

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims that relate to transactions involving nonimport activity are barred, in whole or in part, by the FTAIA and the Federal Trade Commission Act, 15 U.S.C. § 45.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' California and Massachusetts consumer protection and North Carolina antitrust claims fail, because Plaintiffs have not sufficiently alleged a substantial effect on intrastate commerce or a relation to the state.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' Florida consumer protection claims fail, because Plaintiffs are not consumers.

### THIRTY-NINTH DEFENSE

Plaintiffs' Florida and Illinois claims fail, because both states' statutes exempt regulated banks.

### FORTIETH DEFENSE

Plaintiffs' Illinois Antitrust Act claims fail, because the act precludes class actions by indirect purchasers.

### FORTY-FIRST DEFENSE

Plaintiffs' Massachusetts consumer protection claims fail, because Plaintiffs failed to plead that they engaged in consumer transactions.

## FORTY-SECOND DEFENSE

Plaintiffs' claims under Massachusetts Gen. Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Defendants at least thirty days prior to filing the Complaint.

## FORTY-THIRD DEFENSE

Plaintiffs' Minnesota antitrust claims fail, because their alleged injuries are too remote or tangential to any harm caused by the alleged violations, and because Plaintiffs failed to adequately plead exclusionary conduct.

## FORTY-FOURTH DEFENSE

Plaintiffs' New York and Arizona antitrust claims fail, because Plaintiffs have not sustained an antitrust injury, or any other injury, nor have they been injured or damaged as a result or proximate result of any act or omission by Goldman Sachs under the Donnelly Act, N.Y. Gen. Bus. Law § 340 and the Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1401, et seq., respectively.

## FORTY-FIFTH DEFENSE

Plaintiffs' North Carolina antitrust claims fail because the alleged misconduct falls within the regulatory scheme exception.

## FORTY-SIXTH DEFENSE

Without admitting that Plaintiffs are entitled to recover damages in this matter, Goldman Sachs is entitled to set off from any recovery Plaintiffs may obtain against Goldman Sachs, any

amount paid to Plaintiffs by any other defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## FORTY-SEVENTH DEFENSE

Plaintiffs' action is not properly maintainable as a class action.

## FORTY-EIGHTH DEFENSE

Plaintiffs may not assert causes of action on behalf of the putative class because their claims are not typical of those of the putative class.  For this reason, among others, Plaintiffs cannot adequately represent the putative class.

## FORTY-NINTH DEFENSE

Plaintiffs have failed to allege fraudulent concealment with particularity.

## FIFTIETH DEFENSE

Plaintiffs have failed to allege conspiracy with sufficient particularity.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Goldman Sachs is not liable for the acts of any other defendant.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred by preemption.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## FIFTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contribution and

indemnity.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and the Consumer Protection Act.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because they are based upon alleged conduct that concluded before, or began after, Plaintiffs' alleged FX purchases.

## FIFTY-EIGHTH DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because the Complaint fails to identify the RFEDs with whom Plaintiffs allegedly transacted with and is so vague and ambiguous as to deny Goldman Sachs notice of the transactions alleged by Plaintiffs.

## FIFTY-NINTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

## SIXTIETH DEFENSE

Goldman Sachs adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other defendant in this action.

## 1.    PRAYER FOR RELIEF

Goldman Sachs therefore prays that the Court (a) dismiss the action with prejudice; (b) enter judgment in favor of Goldman Sachs and against Plaintiff with respect to all causes of action in the Complaint; (c) award Goldman Sachs its attorneys' fees and all other costs reasonably incurred in defense of this action; and (d) award Goldman Sachs any other relief as the Court may deem just and proper.

Dated: January 11, 2019
         New York, New York

                              Respectfully submitted,

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP


                              By: /s/ Rishi N. Zutshi
                              Thomas J. Moloney
                              George S. Cary
                              Rishi N. Zutshi
                              tmoloney@cgsh.com
                              gcary@cgsh.com
                              rzutshi@cgsh.com
                              One Liberty Plaza
                              New York, New York 10006
                              Tel:  (212) 225-2000
                              Fax:  (212) 225-3999

                              *Attorneys for Defendants The Goldman Sachs
                              Group, Inc. and Goldman Sachs & Co. LLC*