## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

JAMES CONTANT, MARTIN-HAN TRAN, CARLOS GONZALEZ, UGNIUS MATKUS, JERRY JACOBSON, and PAUL VERMILLION, on behalf of themselves and all others similarly situated,   :

                     Plaintiffs,

v.

BANK OF AMERICA CORPORATION, et al.,

                     Defendants.

No. 1:17-cv-03139-LGS

ECF Case

------------------------------------------------------ x

## ANSWER AND DEFENSES OF DEFENDANT RBS SECURITIES INC. TO THE SECOND CONSOLIDATED CLASS ACTION COMPLAINT

Defendant RBS Securities Inc., now known as NatWest Markets Securities Inc. ("RBSSI"), by its attorneys at Davis Polk & Wardwell LLP, for its Answer and Defenses to the Second Consolidated Class Action Complaint, states as follows:

### GENERAL DENIAL

RBSSI denies each and every allegation contained in the Second Consolidated Class Action Complaint, including, without limitation, the footnotes, headings, and subheadings contained therein, except as to those allegations that RBSSI expressly admits or those as to which RBSSI lacks knowledge or information sufficient to form a belief as to their truth. Further, RBSSI intends to respond only to the allegations directed at RBSSI; RBSSI should not be deemed to be responding to allegations that are directed at defendants other than RBSSI,

including The Royal Bank of Scotland plc ("RBS plc").  RBSSI is a U.S.-based broker-dealer

and does not engage in FX trading except as agent for RBS plc in the United States.  In May

2015, RBS plc entered into a plea agreement with the United States Department of Justice

resolving the Department's investigation into foreign exchange ("FX").  *U.S. v. The Royal Bank*

*of Scotland plc*, 3:15-cr-80 (D. Conn. May 20, 2015) (ECF 9) (the "RBS plc Plea Agreement").

RBS plc has moved to dismiss for lack of personal jurisdiction.  *See* ECF 198, *Contant et al. v.*

*Bank of America Corporation et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y. Dec. 20, 2018).  RBSSI

expressly reserves the right to amend and/or supplement this Answer.

<u>SPECIFIC RESPONSES</u>

1.      The allegations contained in Paragraph 1 state conclusions of law for which no

response is required.  To the extent that a response is required, RBSSI denies the allegations

contained in Paragraph 1.

2.      RBSSI denies the allegations in Paragraph 2, except lacks knowledge or

information sufficient to form a belief as to the truth of a Barclays trader's statement.

3.      The allegations contained in Paragraph 3 state conclusions of law for which no

response is required.  To the extent that a response is required, RBSSI denies the allegations

contained in Paragraph 3.

4.      RBSSI lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 4, except admits that certain authorities have engaged

in FX-related investigations.

5.      RBSSI denies the allegations in Paragraph 5, except admits that it is a Settling

Defendant in the *FOREX* litigation.  Insofar as the allegations purport to describe specific

*FOREX* filings or opinions, RBSSI refers to those filings and opinions for their content.

6.      The allegations contained in Paragraph 6 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading by Plaintiffs, members of the proposed class, or the unnamed retail foreign exchange dealers ("RFEDs").

7.      The allegations contained in Paragraph 7 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations, except admits that Plaintiffs purport to base this Court's jurisdiction over the claims on 28 U.S.C. § 1332(d).

8.      The allegations contained in Paragraph 8 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations set forth in Paragraph 9, except admits that Plaintiffs purport to base venue in this District on 28 U.S.C. § 1391(b) and 15 U.S.C. § 22.

10.      The allegations contained in Paragraph 10 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 10, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of James Contant or the unnamed RFED.

11.      The allegations contained in Paragraph 11 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations

contained in Paragraph 11, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Sandra Lavender or the unnamed RFED.

12.     The allegations contained in Paragraph 12 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 12, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Victor Hernandez or the unnamed RFED.

13.     The allegations contained in Paragraph 13 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 13, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Martin-Han Tran or the unnamed RFED.

14.     The allegations contained in Paragraph 14 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 14, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of FX Primus Ltd. or the unnamed RFED.

15.     The allegations contained in Paragraph 15 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 15, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Carlos Gonzalez or the unnamed RFED.

16.     The allegations contained in Paragraph 16 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 16, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Ugnius Matkus or the unnamed RFED.

17.     The allegations contained in Paragraph 17 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 17, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Charles G. Hitchcock III or the unnamed RFED.

18.     The allegations contained in Paragraph 18 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 18, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Jerry Jacobson or the unnamed RFED.

19.     The allegations contained in Paragraph 19 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 19, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations describing the purported trading of Tina Porter or the unnamed RFED.

20.     The allegations contained in Paragraph 20 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 20, except lacks knowledge or information sufficient to form a belief as

to the truth of the allegations describing the purported trading of Paul Vermillion or the unnamed RFED.

21.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

23.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     RBSSI denies the allegations contained in Paragraph 33, except admits that RBS plc is a United Kingdom public limited company headquartered in Edinburgh, Scotland, a wholly owned subsidiary of The Royal Bank of Scotland Group PLC, and that RBS Securities Inc. is a Delaware corporation headquartered at 600 Washington Blvd., Stamford, Conn., with a sales office in San Francisco, California.

34.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

35.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

36.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     The allegations contained in Paragraph 37 state definitional language for which no response is required.

38.     The allegations contained in Paragraph 38 state definitional language for which no response is required.

39.     The allegations contained in Paragraph 39 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 39.

40.     The allegations contained in Paragraph 40 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 40, except admits that Plaintiffs purport to bring a class action on behalf of the New York Class described.

41.     The allegations contained in Paragraph 41 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 41, except admits that Plaintiffs purport to bring a class action on behalf of the Arizona Class described.

42.     The allegations contained in Paragraph 42 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 42, except admits that Plaintiffs purport to bring a class action on behalf of the California Class described.

43.     The allegations contained in Paragraph 43 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 43, except admits that Plaintiffs purport to bring a class action on behalf of the Florida Class described.

44.     The allegations contained in Paragraph 44 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 44, except admits that Plaintiffs purport to bring a class action on behalf of the Illinois Class described.

45.      The allegations contained in Paragraph 45 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 45, except admits that Plaintiffs purport to bring a class action on behalf of the Massachusetts Class described.

46.      The allegations contained in Paragraph 46 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 46, except admits that Plaintiffs purport to bring a class action on behalf of the Minnesota Class described.

47.      The allegations contained in Paragraph 47 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 47, except admits that Plaintiffs purport to bring a class action on behalf of the North Carolina Class described.

48.      The allegations contained in Paragraph 48 state definitional language for which no response is required.

49.      The allegations contained in Paragraph 49 state definitional language for which no response is required.

50.      The allegations contained in Paragraph 50 state definitional language for which no response is required.

51.      The allegations contained in Paragraph 51 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 51.

52.     The allegations contained in Paragraph 52 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 54.

55.     The allegations contained in Paragraph 55 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 55.

56.     The allegations contained in Paragraph 56 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 57.

58.     The allegations contained in Paragraph 58 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 58.

59.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, except states that they contain an incomplete and

generalized description of the FX market, and admits that the FX market is a global financial market in which currencies are traded.  Insofar as the allegations purport to describe or summarize a report by the Bank for International Settlements (BIS), RBSSI refers to that report for its content.

60.     RBSSI denies the allegations contained in Paragraph 60 as an incomplete and generalized description of the FX market, except admits that currencies are identified by three-letter currency codes and that the referenced currencies are among those traded.

61.     RBSSI denies the allegations contained in Paragraph 61 as an incomplete and generalized description of the FX market.

62.     RBSSI denies the allegations contained in Paragraph 62, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to a Citigroup trader's statement.

63.     RBSSI denies the allegations contained in Paragraph 63 as an incomplete and generalized description of the FX market, except admits that FX trades may be conducted OTC or over an exchange, and lacks knowledge or information sufficient to form a belief as to the truth of the referenced statistics.

64.     RBSSI denies the allegations contained in Paragraph 64 as an incomplete and generalized description of the FX market, except admits that FX is traded globally.

65.     RBSSI denies the allegations contained in Paragraph 65 as an incomplete and generalized description of the FX market, except admits that FX can be traded at various times.

66.     RBSSI denies the allegations contained in Paragraph 66 as an incomplete and generalized description of the FX market, except admits that FX can be traded on financial exchanges, including CME and ICE.

67.     RBSSI denies the allegations contained in Paragraph 67 as an incomplete and generalized description of the FX market, except admits that currencies are bought or sold in pairs and the price to buy and sell a currency pair is reflected by its exchange rate, and lacks knowledge or information sufficient to form a belief as to the truth of the referenced statistics.

68.     RBSSI denies the allegations contained in Paragraph 68.

69.     RBSSI denies the allegations contained in Paragraph 69 as an incomplete and generalized description of the FX market, except admits there are several types of FX transactions, including those referenced in Paragraph 69.

70.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     RBSSI denies the allegations contained in Paragraph 71 as an incomplete and generalized description of the FX market, except admits that spot FX can be traded OTC by dealer banks acting as market makers.

72.     RBSSI denies the allegations contained in Paragraph 72 as an incomplete and generalized description of the FX market, except admits that the "bid" is the price at which the dealer is willing to buy a given quantity of currency, and the "ask" is the price at which the dealer is willing to sell the same quantity of currency.

73.     RBSSI denies the allegations contained in Paragraph 73 as an incomplete and generalized description of the FX market, except admits that dealers may provide quotes to four decimal points, with the final digit known as a "percentage in point" or "pip."

74.     RBSSI denies the allegations contained in Paragraph 74 as an incomplete and generalized description of the FX market, except admits that the "bid-ask spread" is the difference between the bid and the ask.

75.     RBSSI denies the allegations contained in Paragraph 75 as an incomplete and generalized description of the FX market, except admits that FX spot transactions can be executed in a variety of ways, including those described in Paragraph 75.

76.     RBSSI denies the allegations contained in Paragraph 76 as an incomplete and generalized description of the FX market.

77.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     RBSSI denies the allegations contained in Paragraph 78 as an incomplete and generalized description of the FX market, except admits that an FX spot rate can be a component of other FX instruments.

79.     RBSSI denies the allegations contained in Paragraph 79.

80.     RBSSI denies the allegations contained in Paragraph 80 as an incomplete and generalized description of the FX market, except admits that there are various FX benchmark rates, also referred to as fixes.

81.     RBSSI denies the allegations contained in Paragraph 81, except lacks knowledge or information sufficient to form a belief as to how "many businesses" purport to determine FX rates.

82.     RBSSI denies the allegations contained in Paragraph 82 as an incomplete and generalized description of the FX market, except admits that fix orders are placed in advance of the fixing rate being published.

83.     RBSSI denies the allegations contained in Paragraph 83 as an incomplete and generalized description of the FX market.

84.     RBSSI denies the allegations contained in Paragraph 84 as an incomplete and generalized description of the FX market.

85.     RBSSI denies the allegations contained in Paragraph 85 as an incomplete and generalized description of the FX market, except admits that the W/M Reuters Closing Spot Rates is a fix and refers to the "WM/Reuters Spot and Forward Rates Methodology Guide" for its content.

86.     RBSSI denies the allegations contained in Paragraph 86 as an incomplete and generalized description of the FX market, except admits that the W/M Reuters Closing Spot Rates is a fix and refers to the "WM/Reuters Spot and Forward Rates Methodology Guide" for its content.

87.     RBSSI denies the allegations contained in Paragraph 87 as an incomplete and generalized description of the FX market, except admits that the W/M Reuters Closing Spot Rates is a fix and refers to the "WM/Reuters Spot and Forward Rates Methodology Guide" for its content.

88.     RBSSI denies the allegations contained in Paragraph 88 as an incomplete and generalized description of the FX market, except admits that the W/M Reuters Closing Spot Rates is a fix and refers to the "WM/Reuters Spot and Forward Rates Methodology Guide" for its content.

89.     RBSSI denies the allegations contained in Paragraph 89 as an incomplete and generalized description of the FX market, except admits that the ECB Fix is a fix.

90.     RBSSI denies the allegations contained in Paragraph 90 as an incomplete and generalized description of the FX market, except admits that the ECB Fix is a fix.

91.     RBSSI denies the allegations contained in Paragraph 91 as an incomplete and generalized description of the FX market.

92.     RBSSI denies the allegations contained in Paragraph 92, except lacks knowledge or information sufficient to form a belief as to the truth of the referenced statistics.  Insofar as the allegations purport to describe or summarize the 2012 and 2013 FX Surveys by industry publication EUROMONEY, RBSSI refers to those surveys for their content.

93.     RBSSI denies the allegations contained in Paragraph 93, except lacks knowledge or information sufficient to form a belief as to the truth of the referenced statistics.  Insofar as the allegations purport to describe or summarize an April 2012 survey by the Foreign Exchange Committee or an April 2013 report by the Federal Reserve Bank of New York, RBSSI refers to that survey and report for their content.

94.     RBSSI denies the allegations contained in Paragraph 94.

95.     RBSSI denies the allegations contained in Paragraph 95 as an incomplete and generalized description of the FX market.

96.     RBSSI denies the allegations contained in Paragraph 96.

97.     RBSSI denies the allegations contained in Paragraph 97.

98.     RBSSI denies the allegations contained in Paragraph 98.

99.     RBSSI denies the allegations contained in Paragraph 99.

100.    The allegations contained in Paragraph 100 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 100.  Insofar as the allegations purport to describe or summarize the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities," RBSSI refers to those Guidelines for its content.

101.    RBSSI denies the allegations contained in Paragraph 101.

102.    RBSSI denies the allegations contained in Paragraph 102.

103.    RBSSI denies the allegations contained in Paragraph 103, except lacks knowledge or information sufficient to form a belief as to the truth of a Citigroup trader's statement.

104.    RBSSI denies the allegations contained in Paragraph 104.

105.    RBSSI denies the allegations contained in Paragraph 105.

106.    RBSSI denies the allegations contained in Paragraph 106.

107.    The allegations contained in Paragraph 107 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 107.

108.    RBSSI denies the allegations contained in Paragraph 108, except admits that certain RBSSI FX traders sometimes communicated with other FX traders via chat rooms.

109.    RBSSI denies the allegations contained in Paragraph 109, except admits that certain RBSSI FX traders sometimes communicated with other FX traders via chat rooms.

110.    RBSSI denies the allegations contained in Paragraph 110, except admits that the example contained in Paragraph 110 substantially mirrors language from the Order in *In the Matter of: The Royal Bank of Scotland plc* (CFTC Dkt. No. 15-05) (Nov. 11, 2014) (the "RBS plc CFTC Order").  Insofar as the allegations purport to describe or summarize the RBS plc CFTC Order, RBSSI refers to that Order for its content.

111.    RBSSI denies the allegations contained in Paragraph 111, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to other Defendants.  Insofar as the allegations in Paragraph 111 purport to describe or summarize CFTC resolution documents with other Defendants, RBSSI refers to those documents for their content.

112.    RBSSI denies the allegations contained in Paragraph 112.

113.    RBSSI denies the allegations contained in Paragraph 113.  Insofar as the allegations in Paragraph 113 purport to describe or summarize CFTC resolution documents with other Defendants, RBSSI refers to those documents for their content.

114.    RBSSI denies the allegations contained in Paragraph 114.  Insofar as the allegations in Paragraph 114 purport to describe or summarize regulatory resolution documents with other Defendants, RBSSI refers to those documents for their content.

115.    RBSSI denies the allegations contained in Paragraph 115, except admits that certain RBSSI traders sometimes communicated with other FX traders via chatrooms.

116.    RBSSI denies the allegations contained in Paragraph 116 as an incomplete and generalized description of the FX market, except admits that FX traders sometimes quoted bid-ask spreads to counterparts.

117.    RBSSI denies the allegations contained in Paragraph 117.  Insofar as the allegations in Paragraph 117 purport to describe or summarize regulatory resolution documents with other Defendants, RBSSI refers to those documents for their content.

118.    RBSSI denies the allegations contained in Paragraph 118.

119.    RBSSI denies the allegations contained in Paragraph 119.

120.    RBSSI denies the allegations contained in Paragraph 120, except admits that certain RBSSI traders sometimes communicated with other FX traders via chat rooms.

121.    The allegations contained in Paragraph 121 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 121.

122.    RBSSI denies the allegations contained in Paragraph 122.

123.    RBSSI denies the allegations contained in Paragraph 123.

124.    The allegations contained in Paragraph 124 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 124.  Insofar as the allegations quote the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities," RBSSI refers to those guidelines for their content.

125.    RBSSI denies the allegations contained in Paragraph 125.

126.    RBSSI denies the allegations contained in Paragraph 126.

127.    RBSSI denies the allegations contained in Paragraph 127.

128.    The allegations contained in Paragraph 128 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 128.

129.    RBSSI denies the allegations contained in Paragraph 129..

130.    RBSSI denies the allegations contained in Paragraph 130.

131.    RBSSI denies the allegations contained in Paragraph 131.

132.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.  Insofar as the allegations in Paragraph 132 purport to describe or summarize FCA resolution documents with other Defendants, RBSSI refers to those documents for their content.

133.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.  Insofar as the allegations in Paragraph 133 purport to describe or summarize CFTC resolution documents with other Defendants, RBSSI refers to those documents for their content.

134.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.  Insofar as the allegations in Paragraph 134 purport to describe or summarize CFTC resolution documents with other Defendants, RBSSI refers to those documents for their content.

135.    RBSSI denies the allegations contained in Paragraph 135.

136.    RBSSI denies the allegations contained in Paragraph 136.

137.    RBSSI denies the allegations contained in Paragraph 137.

138.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.  Insofar as the allegations in Paragraph 138 purport to describe or summarize FCA resolution documents with other banks, RBSSI refers to those documents for their content.

139.    RBSSI denies the allegations contained in Paragraph 139.

140.    RBSSI denies the allegations contained in Paragraph 140, except admits that the example contained in Paragraph 140 substantially mirrors language in the RBS plc FCA Final Notice, Resolution Number: 121882 (November 11, 2014) (the "RBS plc FCA Notice").  Insofar as the allegations purport to describe or summarize the RBS plc FCA Notice, RBSSI refers to that Notice for its content.

141.    RBSSI denies the allegations contained in Paragraph 141, except admits that the example contained in Paragraph 141 substantially mirrors language in the RBS plc CFTC Order. Insofar as the allegations purport to describe or summarize the RBS plc CFTC Order, RBSSI refers to that Order for its content.

142.    RBSSI denies the allegations contained in Paragraph 142.

143.    RBSSI denies the allegations contained in Paragraph 143.

144.    RBSSI denies the allegations contained in Paragraph 144 as an incomplete and generalized description of the FX market, except admits that a stop-loss order is an order placed with instructions to buy or sell FX once the currency reaches a certain price.

145.    RBSSI denies the allegations contained in Paragraph 145 as an incomplete and generalized description of the FX market.

146.    RBSSI denies the allegations contained in Paragraph 146.

147.    RBSSI denies the allegations contained in Paragraph 147.

148.    The allegations contained in Paragraph 148 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 148, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs.

149.    RBSSI denies the allegations contained in Paragraph 149, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs.

150.    RBSSI denies the allegations contained in Paragraph 150, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs.

151.    RBSSI denies the allegations contained in Paragraph 151, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs.

152.    RBSSI denies the allegations contained in Paragraph 152, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs.

153.    RBSSI denies the allegations contained in Paragraph 153, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by Plaintiffs, putative class members, or unnamed RFEDs, and admits that the referenced website in footnote 8 lists RBS plc.

154.    RBSSI denies the allegations contained in Paragraph 154.

155.    RBSSI denies the allegations contained in Paragraph 155, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

156.    RBSSI denies the allegations contained in Paragraph 156, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

157.    The allegations contained in Paragraph 157 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 157, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiffs, putative class members, or RFEDs.

158.    RBSSI denies the allegations contained in Paragraph 158, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

159.    RBSSI denies the allegations contained in Paragraph 159, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

160.    RBSSI denies the allegations contained in Paragraph 160, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

161.    RBSSI denies the allegations contained in Paragraph 161, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

162.    RBSSI denies the allegations contained in Paragraph 162, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or unnamed RFEDs.

163.    RBSSI denies the allegations contained in Paragraph 163, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiffs, putative class members, or unnamed RFEDs.

164.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164. Insofar as the allegations purport to describe or summarize information from FOREX.com, RBSSI refers to that website for its content.

165.    RBSSI denies the allegations contained in Paragraph 165, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, class members, named and unnamed RFEDs.  Insofar as the allegations purport to describe or summarize information from FOREX.com, RBSSI refers to that website for its content.

166.    RBSSI denies the allegations contained in Paragraph 166, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by the unnamed RFEDs.

167.    RBSSI denies the allegations contained in Paragraph 167, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by the unnamed RFEDs.

168.    RBSSI denies the allegations contained in Paragraph 168, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by the unnamed RFEDs.

169.    RBSSI denies the allegations contained in Paragraph 169, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by the unnamed RFEDs.

170.    RBSSI denies the allegations contained in Paragraph 170, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions by the unnamed RFEDs.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

171.    RBSSI denies the allegations contained in Paragraph 171, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the actions of the RFED.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

172.    RBSSI denies the allegations contained in Paragraph 172, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of Plaintiffs, putative class members, or named and unnamed RFEDs.  Insofar as the allegations

purport to describe or summarize information from FOREX.com, RBSSI refers to that website for its content.

173.     RBSSI denies the allegations contained in Paragraph 173, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the actions of the RFEDs.  Insofar as the allegations purport to describe or summarize information from FOREX.com or Reuters, RBSSI refers to those websites for their content.

174.     RBSSI denies the allegations contained in Paragraph 174, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the actions of the RFED.  Insofar as the allegations purport to describe or summarize information from FOREX.com or Reuters, RBSSI refers to those websites for their content.

175.     RBSSI denies the allegations contained in Paragraph 175, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the actions of the RFED.  Insofar as the allegations purport to describe or summarize information from FOREX.com or Reuters, RBSSI refers to those websites for their content.

176.     RBSSI denies the allegations contained in Paragraph 176, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the actions of the RFED.  Insofar as the allegations purport to describe or summarize information from FOREX.com or Reuters, RBSSI refers to those websites for their content.

177.     RBSSI denies the allegations contained in Paragraph 177.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

178.    RBSSI denies the allegations contained in Paragraph 178.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

179.    RBSSI denies the allegations contained in Paragraph 179, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to actions of the unnamed RFEDs.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.  The allegations contained in the last sentence of Paragraph 179 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies those allegations.

180.    RBSSI denies the allegations contained in Paragraph 180.

181.    RBSSI denies the allegations contained in Paragraph 181, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the RFEDs.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

182.    RBSSI denies the allegations contained in Paragraph 182, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to FOREX.com.  Insofar as the allegations purport to describe or summarize information from FOREX.com, RBSSI refers to that website for its content.

183.    RBSSI denies the allegations contained in Paragraph 183.  Insofar as the allegations purport to describe or summarize analysis by the Plaintiffs' expert, RBSSI refers to that analysis for its content.

184.     RBSSI denies the allegations contained in Paragraph 184, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the unnamed RFEDs.

185.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, except admits that certain authorities have engaged in FX-related investigations.

186.     RBSSI denies the allegations in Paragraph 186, except admits that on November 11, 2014, RBS plc resolved an investigation by the CFTC into FX, pursuant to which it agreed to pay $290 million.  Insofar as the allegations in Paragraph 186 purport to describe or summarize the CFTC resolutions discussed in Paragraph 186, RBSSI refers to the resolution documents for their content.

187.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe U.S. Comptroller of the Currency resolution documents with respect to other Defendants, RBSSI refers to those documents for their content.

188.     RBSSI denies the allegations in Paragraph 188, except admits that RBS plc entered into a plea agreement with the DOJ on May 20, 2015, which included a three-year term of probation and included language substantially similar to the quoted language in Paragraph 188. Insofar as the allegations purport to describe or summarize the DOJ resolution documents referenced in Paragraph 188, RBSSI refers to those documents for their content.

189.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, except admits that certain authorities have

engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize UBS's Non-Prosecution Agreement, RBSSI refers to that agreement for its content.

190.     RBSSI denies the allegations contained in Paragraph 190, except admits that RBS plc entered into an Order issued by the Board of Governors of the Federal Reserve System ("Federal Reserve") in *In the Matter of The Royal Bank of Scotland plc and RBS Securities Inc.* (Dkt No. 15-007-B-FB) (May 20, 2015) (the "RBS plc Fed Order").  Insofar as the allegations purport to describe or summarize the Federal Reserve resolution documents, RBSSI refers to those documents for their content.

191.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize the Barclays consent order with the NYDFS, RBSSI refers to that order for its content.

192.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize the DOJ's complaint filed against Mark Johnson and Stuart Scott, RBSSI refers to that complaint for its content.

193.     RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize sentencing memoranda with respect to other Defendants, RBSSI refers to those memoranda for their content.

194.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, except admits that on January 10, 2017, the United States District Court for the District of Connecticut entered a judgment against RBS plc pursuant to the terms of the RBS plc Plea Agreement.  Insofar as the allegations purport to describe or summarize judgments entered against RBS plc and other Defendants, RBSSI refers to those judgments for their content.

195.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize Jason Katz's plea, RBSSI refers to that plea for its content.

196.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize Federal Reserve announcements, RBSSI refers to those announcements for their content.

197.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, except admits that certain authorities have engaged in FX-related investigations and that Richard Usher previously worked, for a time, at RBS plc.  Insofar as the allegations purport to describe or summarize public court filings, RBSSI refers to those filings for their content.

198.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize Christopher Cummins's plea, RBSSI refers to that plea for its content.

199.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Federal Reserve Order for Deutsche Bank, RBSSI refers to that order for its content.

200.    RBSSI denies the allegations in Paragraph 200, except admits that RBS plc entered into a resolution with the FCA on November 11, 2014, which included language substantially similar to the quoted language in Paragraph 200. Insofar as the allegations purport to describe or summarize the FCA resolutions referenced in Paragraph 200, RBSSI refers to those documents for their content.

201.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, except admits that Paul Nash and Richard Usher were employed, for a time, at RBS plc and that certain authorities have engaged in FX-related investigations.

202.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, except admits that certain authorities have engaged in FX-related investigations.

203.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, except admits that certain authorities have engaged in FX-related investigations.

204.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize

a Competition Commission of South Africa complaint with respect to other Defendants, RBSSI refers to that complaint for its content.

205.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Competition Commission of South Africa settlement with respect to Citibank N.A., RBSSI refers to that settlement for its content.

206.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206, except admits that certain authorities have engaged in FX-related investigations and that Richard Usher, Paul Nash, and Michael Weston were employed, for a time, by RBS plc.  Insofar as the allegations in Paragraph 206 purport to describe or summarize CADE settlements with respect to other Defendants, RBSSI refers to those settlements for their content.

207.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a South Korean Fair Trade Commission announcement with respect to other Defendants, RBSSI refers to that announcement for its content.

208.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a NYDFS settlement with respect to BNP Paribas, RBSSI refers to that settlement for its content.

209.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Federal Reserve Board order with respect to BNP Paribas, RBSSI refers to that order for its content.

210.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Federal Reserve Board announcement with respect to Michael Weston, RBSSI refers to that announcement for its content.

211.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Federal Reserve Board order with respect to HSBC, RBSSI refers to that order for its content.

212.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a NYDFS settlement with respect to Credit Suisse, RBSSI refers to that settlement for its content.

213.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a DOJ settlement with respect to HSBC, RBSSI refers to that settlement for its content.

214.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a DOJ settlement with respect to BNP Paribas and a Federal Reserve announcement with respect to Peter Little, RBSSI refers to that settlement and announcement for their content.

215.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215, except admits that certain authorities have engaged in FX-related investigations.

216.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216.  Insofar as the allegations purport to describe or summarize a Financial Stability Board report, RBSSI refers to that report for its content.

217.    RBSSI denies the allegations contained in Paragraph 217, except admits that certain authorities have engaged in FX-related investigations.

218.    RBSSI denies the allegations contained in Paragraph 218, except admits that certain authorities have engaged in FX-related investigations.

219.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219, except admits that certain authorities have engaged in FX-related investigations.

220.    RBSSI denies the allegations in Paragraph 220, except admits Haverhill Retirement Systems filed a class action complaint on November 1, 2013.  Insofar as the allegations purport to describe or summarize a specific *FOREX* filing, RBSSI refers to the filing for its content.

221.    RBSSI denies the allegations in Paragraph 221, except admits that the Court issued an order on January 28, 2015.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

222.    RBSSI denies the allegations in Paragraph 222, except admits that the complaints were consolidated by court order on February 13, 2016.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

223.    RBSSI denies the allegations in Paragraph 223, except admits that the *FOREX* plaintiffs filed a motion for preliminary approval of a settlement with RBSSI and RBS plc, among other defendants, on October 22, 2015.  Insofar as the allegations purport to describe or summarize a specific *FOREX* filing, RBSSI refers to that filing for its content.

224.    RBSSI denies the allegations in Paragraph 224, except admits the Court issued an order preliminarily approving the settlements on December 15, 2015.  Insofar as the allegations purport to describe or summarize a specific *FOREX* opinion, RBSSI refers to that opinion for its content.

225.    RBSSI denies the allegations in Paragraph 225, except admits that the *FOREX* plaintiffs filed a motion on August 31, 2016.  Insofar as the allegations purport to describe or summarize a specific *FOREX* filing, RBSSI refers to that filing for its content.

226.    RBSSI denies the allegations in Paragraph 226, except admits that the *FOREX* plaintiffs filed motions for preliminary approval on July 28, 2017 and September 29, 2017, and that the Court issued orders preliminarily approving the settlements on September 8, 2017 and September 29, 2017, respectively. Insofar as the allegations purport to describe or summarize specific *FOREX* filings or opinions, RBSSI refers to those filings and opinions for their content.

227.    RBSSI denies the allegations in Paragraph 227, except admits the *FOREX* plaintiffs filed a motion for final approval of the settlements on January 12, 2018 and the Court issued an order on this motion on August 6, 2018.  Insofar as the allegations purport to describe or summarize a specific *FOREX* filing or order, RBSSI refers to the filing and order for their content.

228.    RBSSI denies the allegations contained in Paragraph 228, except admits that certain personnel in RBS plc's FX operations have been terminated or resigned.

229.    RBSSI denies the allegations contained in Paragraph 229.

230.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230.

231.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231.

232.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232.  Insofar as the allegations purport to describe or summarize public filings, RBSSI refers to those filings for their content.

233.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233.

234.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234.

235.    RBS denies the allegations in Paragraph 235, except admits that certain personnel in RBS plc's FX operations have been terminated or resigned.

236.    RBSSI denies the allegations contained in Paragraph 236, except admits that Ian Drysdale was, for a time, employed by RBS plc and that he at one time brought an action against

RBS plc.  Insofar as the allegations purport to describe or summarize public filings, RBSSI refers to those filings for their content.

237.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237.

238.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238.

239.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239.

240.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240.

241.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241.

242.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242.

243.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243.

244.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244.

245.    RBSSI denies the allegations contained in Paragraph 245, except admits that it has in place certain policies and procedures consistent with its regulatory obligations.  Insofar as the allegations purport to describe or summarize the PricewaterhouseCoopers 2016 Market Abuse Surveillance Survey, RBSSI refers to that survey for its content.

246.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246, except admits that certain authorities have engaged in FX-related investigations.  Insofar as the allegations purport to describe or summarize a Hong Kong Securities and Futures Commission order with respect to Credit Suisse, RBSSI refers to that order for its content.

247.    The allegations contained in Paragraph 247 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 247.

248.    The allegations contained in Paragraph 248 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 248.

249.    The allegations contained in Paragraph 249 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 249.

250.    The allegations contained in Paragraph 250 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 250.

251.    The allegations contained in Paragraph 251 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 251.

252.    The allegations contained in Paragraph 252 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 252.

253.    The allegations contained in Paragraph 253 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 253.

254.    The allegations contained in Paragraph 254 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 254.

255.    The allegations contained in Paragraph 255 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 255, except admits that certain RBSSI traders sometimes communicated with other FX traders via electronic communications.

256.    RBSSI denies the allegations contained in Paragraph 256, except admits that *Bloomberg Business* published an article about FX on June 11, 2013.  Insofar as the allegations purport to describe or summarize a June 11, 2013 Bloomberg article, RBSSI refers to that article for its content.

257.    The allegations contained in Paragraph 257 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 257.

258.    The allegations contained in Paragraph 258 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 258.

259.    RBSSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259.  Insofar as the allegations purport to describe or

summarize a NYDFS settlement with respect to Barclays, RBSSI refers to that settlement for its content.

260.     The allegations contained in Paragraph 260 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 260.

261.     The allegations contained in Paragraph 261 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 261.

262.     The allegations contained in Paragraph 262 state definitional language for which no response is required.

263.     The allegations contained in Paragraph 263 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 263.

264.     The allegations contained in Paragraph 264 state definitional language for which no response is required.

265.     The allegations contained in Paragraph 265 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 265.

266.     The allegations contained in Paragraph 266 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 266.

267.     The allegations contained in Paragraph 267 state definitional language for which no response is required.

268.    The allegations contained in Paragraph 268 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 268.

269.    The allegations contained in Paragraph 269 state definitional language for which no response is required.

270.    The allegations contained in Paragraph 270 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 270.

271.    The allegations contained in Paragraph 271 state definitional language for which no response is required.

272.    The allegations contained in Paragraph 272 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 272.

273.    The allegations contained in Paragraph 273 state definitional language for which no response is required.

274.    The allegations contained in Paragraph 274 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 274.

275.    The allegations contained in Paragraph 275 state definitional language for which no response is required.

276.    The allegations contained in Paragraph 276 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 276.

277.    The allegations contained in Paragraph 277 state definitional language for which no response is required.

278.    The allegations contained in Paragraph 278 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 278.

279.    The allegations contained in Paragraph 279 state definitional language for which no response is required.

280.    The allegations contained in Paragraph 280 state conclusions of law for which no response is required.  To the extent that a response is required, RBSSI denies the allegations contained in Paragraph 280.

<u>DEFENSES</u>

RBSSI asserts the following defenses with respect to each of the claims Plaintiffs purport to assert in the Second Consolidated Class Action Complaint and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery or preparation for trial, it becomes appropriate.  By designating these defenses, RBSSI does not intend to suggest that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against RBSSI.

FIRST DEFENSE

1.    The Second Consolidated Class Action Complaint, and each purported cause of action alleged therein, fails to state a plausible claim against RBSSI on which relief can be granted.

SECOND DEFENSE

2.     Plaintiffs' claims are barred, in whole or in part, by any applicable statute of limitations or repose, including, but not limited to, Ariz. Rev. Stat. § 44-1410(b), Cal. Bus. Code § 17208, Cal. Bus. & Prof. Code §16750.1, Fla. Stat. § 501.207(5), 740 Ill. Comp. Stat. 10/7(2), M.G.L.A. 260 § 5A, Minn. Stat. § 325D.64, N.C. Gen. Stat. § 75-16.2, and N.Y. Gen. Bus. Law § 340(5).

THIRD DEFENSE

3.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to raise those claims.

FOURTH DEFENSE

4.     Plaintiffs' claims are barred, in whole or in part, to the extent that RBSSI's conduct was pro-competitive and carried out in furtherance of legitimate business interests.

FIFTH DEFENSE

5.     Plaintiffs' claims are barred, in whole or in part, to the extent that RBSSI's conduct was reasonable, based on independent and legitimate business and economic justifications, without the purpose, intent, or effect of injuring plaintiffs.

SIXTH DEFENSE

6.     Plaintiffs' alleged damages are too remote and speculative to form the basis for relief or to be apportioned, and are not of the nature or to the extent alleged.

SEVENTH DEFENSE

7.     Plaintiffs' alleged damages were not directly or proximately caused, in whole or in part, by RBSSI, and are barred to the extent that the acts or omissions of Plaintiffs or any third party were the cause of those damages.

EIGHTH DEFENSE

8.      Plaintiffs' injuries, if any, were not caused, in whole or in part, by any conduct by Defendants or any alleged conspiracy.

NINTH DEFENSE

9.      Plaintiffs' claims are barred, in whole or in part, to the extent the Second Consolidated Class Action Complaint alleges injuries arising from transactions between RBSSI and a foreign-domiciled RFED, or between RBSSI and a U.S.-domiciled RFED operating abroad, because such transactions are export commerce and barred by the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a, and by the Federal Trade Commission Act, 15 U.S.C. § 45.

TENTH DEFENSE

10.      Plaintiffs' claims are barred, in whole or in part, to the extent they are indirect purchasers and lack standing to sue under state antitrust laws that have not repealed *Illinois Brick Co. v. Illinois,* 434 U.S. 881 (1977).

ELEVENTH DEFENSE

11.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the antitrust and consumer protection laws of any state, including but not limited to that:

        a.  The New York Plaintiff has not sustained an antitrust injury, or any other injury,
            nor has it been injured or damaged as a result or proximate result of any act or
            omission by RBSSI under the Donnelly Act, N.Y. Gen. Bus. Law § 340.

        b.  The Arizona Plaintiff has not sustained an antitrust injury, or any other injury, nor
            has it been injured or damaged as a result or proximate result of any act or

omission by RBSSI under the Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1401, *et seq.*

c.   The California Plaintiffs have not sustained antitrust injury, or any other injury, nor have they been injured or damaged as a result or proximate result of any act or omission by RBSSI under the Cartwright Act, Cal. Bus. & Prof. Code § 16720, *et seq.*

d.   The Florida Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to allege predicate acts necessary to invoke the application of the consumer protection law under Fla. Stat. § 501.201, *et seq.*

e.   The Illinois Plaintiff has not sustained antitrust injury, or any other injury, nor has it been injured or damaged as a result or proximate result of any act or omission by RBSSI under the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.*

f.   The Massachusetts Plaintiff's claims are barred, in whole or in part, to the extent that it has failed to allege predicate acts necessary to invoke the application of the consumer protection law under the Massachusetts Consumer Protection Act, M.G.L.A. 93A § 1, *et seq.*

g.   The Minnesota Plaintiff has not sustained antitrust injury, or any other injury, nor has it been injured or damaged as a result or proximate result of any act or omission by RBSSI under the Minnesota Antitrust Law, Minn. Stat. §§325D.49-325D.66.

h.   The North Carolina Plaintiffs have not sustained antitrust injury, or any other injury, nor have they been injured or damaged as a result of any act or omission

by RBSSI under the North Carolina Unfair Trade Practice Act, N.C. Gen. Stat. § 75-1, *et seq*.

## TWELFTH DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, including that:

a.   The New York Plaintiff's claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

b.   The Arizona Plaintiff's claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

c.   The California Plaintiffs' claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

d.   The Florida Plaintiffs' claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

e.   The Massachusetts Plaintiff's claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

f.  The Minnesota Plaintiff's claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

g.  The North Carolina Plaintiffs' claims are barred, in whole or in part, because this action cannot properly be maintained as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

13.  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## FOURTEENTH DEFENSE

14.  Plaintiffs' injuries, if any, were caused by their own action or inaction, by the conduct of third parties for whom RBSSI was not responsible, or through forces in the marketplace over which RBSSI has no control.  As such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to other individuals or entities.

## FIFTEENTH DEFENSE

15.  Plaintiffs' claims are barred, in whole or in part, because the Second Consolidated Class Action Complaint has insufficiently alleged relevant RFEDs and is so vague and ambiguous as to deny RBSSI notice of the transactions alleged by Plaintiffs.

## SIXTEENTH DEFENSE

16.  Plaintiffs' claims are barred, in whole or in part, to the extent that RBSSI's alleged acts or omissions did not, or RBSSI is not party to any agreement that did, restrain trade

or substantially lessen competition within any properly defined market, including, but not limited to, under the Donnelly Act, N.Y. Gen. Bus. Law § 340(1).

## SEVENTEENTH DEFENSE

17.     Plaintiffs' claims are barred in whole or in part, because they do not plead claims with the required particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## NINETEENTH DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, estoppel, and/or waiver.

## TWENTIETH DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs are part of the Direct or Exchange-Only Settlement Classes in the consolidated *FOREX* litigation and their claims were released by the Direct or Exchange-Only Settlements.

## TWENTY-FIRST DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, because any price change was absorbed by others (including, without limitation, the RFEDs with which Plaintiffs allegedly transacted) and were not passed through to Plaintiffs, either directly or indirectly.

## TWENTY-SECOND DEFENSE

22.     Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

TWENTY-THIRD DEFENSE

23.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or

constructive knowledge of some or all of the facts alleged in the Second Consolidated Class

Action Complaint upon which RBSSI's liability is asserted.

TWENTY-FOURTH DEFENSE

24.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs also

benefitted from the conduct alleged in the Second Consolidated Class Action Complaint.

Alternatively, any damages sustained by Plaintiffs and the members of the proposed putative

class must be reduced by the amount that Plaintiffs and the members of the proposed putative

class benefitted from the alleged conduct.

TWENTY-FIFTH DEFENSE

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that they seek

improper multiple damage awards and damage awards duplicative of those sought in other

actions, in violation of the Fifth, Eighth and Fourteenth Amendments of the United States

Constitution and the corresponding provisions of each relevant state's constitution.

TWENTY-SIXTH DEFENSE

26.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs agreed to

arbitrate all or part of this dispute with RBSSI.

TWENTY-SEVENTH DEFENSE

27.     Plaintiffs' requests for treble damages are barred, in whole or in part, because

Plaintiffs have failed to state an adequate basis for such an award, including, but not limited to,

because under the Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1401, *et seq.*,

RBSSI's alleged acts or omissions are not flagrant.

## TWENTY-EIGHTH DEFENSE

28.     Plaintiffs' claims are barred, in whole or in part, because the Florida Deceptive and Unfair Trade Practices Act does not apply to banks, credit unions, and savings and loan associations regulated by federal agencies within the meaning of Fla. Stat. § 501.212.

## TWENTY-NINTH DEFENSE

29.     Plaintiffs' claims are barred, in whole or in part, under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 607.1502(a), to the extent any Florida plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

## THIRTIETH DEFENSE

30.     Plaintiffs' claims are barred, in whole or in part, because the Illinois Antitrust Act does not apply to the activities of any state or national bank to the extent that such activities are regulated or supervised by officers of the state or federal government under the banking laws of Illinois or the United States, within the meaning of 740 Ill. Comp. Stat. Ann. 10/5.

## THIRTY-FIRST DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not consumers within the meaning of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq*., or within the meaning of the Massachusetts Consumer Protection Act, M.G.L.A. 93A § 1, *et seq*.

## THIRTY-SECOND DEFENSE

32.     Plaintiffs' request for damages are barred, in whole or in part, because under Minn. Stat. § 325D.57 courts should take efforts to avoid duplicative damages in successive suits.

THIRTY-THIRD DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' antitrust claim alleges injuries that are too remote or tangential to any harm caused by the alleged violations, and because Plaintiffs did not plead adequately exclusionary conduct.

THIRTY-FOURTH DEFENSE

34.     Plaintiffs' claims are barred, in whole or in part, because under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, and the Massachusetts Consumer Protection Act, M.G.L.A. 93A § 1, *et seq*., the challenged conduct did not occur primarily or substantially in the state.

THIRTY-FIFTH DEFENSE

35.     Plaintiffs' claims are barred, in whole or in part, pursuant to the regulatory scheme exception to the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1, *et seq*., which bars claims when application of the statute would create unnecessary and overlapping supervision, enforcement, and liability in the face of existing state or federal laws and regulatory schemes, and the overlapping regulatory regime provides plaintiffs an adequate remedy.

THIRTY-SIXTH DEFENSE

36.     RBSSI denies that Plaintiffs are entitled to attorneys' fees.

THIRTY-SEVENTH DEFENSE

37.     RBSSI is entitled to receive indemnification or contribution from others if it were to incur liability as a result of this action.

## THIRTY-EIGHTH DEFENSE

38.     Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

## THIRTY-NINTH DEFENSE

39.     Plaintiffs' claims under Massachusetts Gen. Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Defendants at least thirty days prior to filing the Complaint.

## ADDITIONAL DEFENSES

RBSSI adopts and incorporates by this reference, as if fully set forth here, any and all other affirmative or additional defenses asserted or to be asserted by any other Defendant to the extent that RBSSI may share such a defense.

## ADDITIONAL DEFENSES RESERVED

RBSSI hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend its Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, RBSSI respectfully requests that the Court (1) dismiss Plaintiffs' claims against it in their entirety and with prejudice, (2) award RBSSI the costs, disbursements, and attorneys' fees incurred by them in defending this action, to the extent authorized by law, and (3) grant such other and further relief as it may deem just and proper.


Dated:   New York, New York
         January 11, 2019

                                        DAVIS POLK & WARDWELL LLP

                                        By:   /s/ Paul S. Mishkin
                                        Paul S. Mishkin
                                        Melissa C. King
                                        Maude Paquin
                                        450 Lexington Avenue
                                        New York, New York  10017
                                        Telephone: (212) 450-4292
                                        Facsimile: (212) 450-5586
                                        paul.mishkin@davispolk.com
                                        melissa.king@davispolk.com
                                        maude.paquin@davispolk.com

                                        *Attorneys for Defendant RBS Securities Inc.*