## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, MARTIN-HAN TRAN, CARLOS GONZALEZ, UGNIUS MATKUS, JERRY JACOBSON, and PAUL VERMILLION, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., *et al.*,<br><br>              Defendants. | Case No. 17-cv-03139-LGS |

## ANSWER OF CREDIT SUISSE AG AND CREDIT SUISSE SECURITIES (USA) LLC TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Credit Suisse AG and Credit Suisse Securities (USA) LLC (together, "Credit Suisse"), by their attorneys Cahill Gordon & Reindel LLP, hereby answers plaintiffs' Second Consolidated Class Action Complaint dated November 28, 2018 (the "Complaint").

## INTRODUCTORY STATEMENT

Credit Suisse respectfully submits that it is required to respond only to those allegations made specifically against it. Unless otherwise noted, Credit Suisse denies knowledge or information sufficient to form a belief as to the accuracy of any allegation relating to any other person or any other entity. All allegations not expressly admitted are denied.

Credit Suisse further respectfully submits that the Complaint contains numerous purported allegations that constitute legal conclusions. Credit Suisse is not required to respond to legal conclusions in its answer and therefore neither admits nor denies those purported

allegations.  To the extent a response is required, Credit Suisse denies such allegations, unless otherwise stated.

Credit Suisse further respectfully submits that the headings, sub-headings, graphs, and unnumbered paragraphs used in the Complaint do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Credit Suisse, such allegations are denied.

The Complaint is replete with references to purported descriptions and/or summaries of, and purported quotations from, various documents, press releases and transcripts of recorded testimony.  Credit Suisse respectfully refers to the relevant documents for a complete and accurate statement of their contents without admitting the truth thereof or the admissibility of any such documents.  To the extent such purported descriptions, summaries and quotations are taken from sources not specifically identified in the Complaint or not in Credit Suisse's possession, or are otherwise unclear, Credit Suisse denies knowledge or information sufficient to form a belief as to the truth of the relevant allegations and, in the case of quotations, as to the accuracy of such quotations.

On November 16, 2018, the Court entered the Civil Case Management Plan and Scheduling Order, which ordered all Defendants seeking to move to dismiss pursuant to Fed. R. Civ. P. 12 to file joint motion(s) on December 20, 2018, and all other Defendants to file individual answers on or before January 11, 2019.  Dkt. No. 176.  In accordance with the Civil Case Management Plan and Scheduling Order, Credit Suisse Group AG and certain other Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12 on December 20, 2018.  Dkt. Nos. 197-199.  As a result, Credit Suisse Group AG avers that it is not required to answer the Complaint at this time.

## SPECIFIC RESPONSES

Credit Suisse admits that Plaintiffs purport to bring this action and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations asserted in this unnumbered paragraph.

1.      The allegations contained in Paragraph 1 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to bring this action, admits that Plaintiffs purport to define "FX Instrument" in Footnote 2 but denies that the purported definition is complete, fair, and accurate, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 1, and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint purport to state  legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 2, and otherwise denies the allegations contained in Paragraph 2 and Footnote 3 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 3, and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4.      Credit Suisse admits that certain law enforcement and regulatory authorities have investigated conduct in the FX market and have made public certain fines and other sanctions,

and denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 4, and otherwise denies the allegations contained in Paragraph 4 of the Complaint.

5.      Credit Suisse admits that it was named in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-07789-LGS (S.D.N.Y.) ("*FOREX*") and that the action is ongoing, refers to the cited materials for their complete content and context, and otherwise denies that the allegations in Paragraph 5 of the Complaint present a complete, fair, and accurate description of the matters described therein.

6.      The allegations contained in Paragraph 6 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      The allegations contained in Paragraph 7 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that certain Credit Suisse entities have their principal place of business in New York, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 8, and otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that Paragraph 9 contains any factual

allegations that relate to Credit Suisse, Credit Suisse admits that certain Credit Suisse entities transact business within the Southern District of New York, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 9, and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 10, and otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 11, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 12, and otherwise denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or

falsity of allegations contained in Paragraph 13, and otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14.      The allegations contained in Paragraph 14 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 14, and otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15.      The allegations contained in Paragraph 15 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 15, and otherwise denies the allegations contained in Paragraph 15 of the Complaint.

16.      The allegations contained in Paragraph 16 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 16, and otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.      The allegations contained in Paragraph 17 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 17, and otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 18, and otherwise denies the allegations contained in Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 19, and otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 20, and otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 21 of the Complaint.

22.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 22 of the Complaint, and refers to the cited material for its complete content and context.

23.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 23 of the Complaint.

24.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 24 of the Complaint.

25.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 25 of the Complaint.

26.     Credit Suisse admits that Credit Suisse Group AG is a Swiss holding company headquartered in Zurich, Switzerland; that Credit Suisse AG is a wholly-owned subsidiary of Credit Suisse Group AG and is a bank organized under the laws of Switzerland with principal place of business in Zurich, Switzerland; that Credit Suisse AG is licensed by the NYDFS and operates a foreign branch with a registered address at 11 Madison Avenue, New York, NY 10010-3698; that Credit Suisse Securities (USA) LLC is a Delaware limited liability company headquartered in New York and is an indirect wholly-owned subsidiary of Credit Suisse Group AG; admits that Credit Suisse Securities (USA) LLC maintains offices in Los Angeles and San Francisco, California and an office in Chicago, Illinois; and otherwise denies the allegations as contained in Paragraph 26 of the Complaint.  Credit Suisse admits that Plaintiffs purport to define "Credit Suisse" in the last sentence of Paragraph 26.

27.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 27 of the Complaint.

28.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 28 of the Complaint.

29.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 29 of the Complaint.

30.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 30 of the Complaint.

31.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 31 of the Complaint.

32.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 32 of the Complaint.

33.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 33 of the Complaint.

34.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 34 of the Complaint, and refers to the cited material for its complete content and context.

35.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 35 of the Complaint, and refers to the cited material for its complete content and context.

36.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 36 of the Complaint.

37.     Credit Suisse admits that Plaintiffs purport to define "Defendant" or "Defendants" in Paragraph 37 to which no response is required.  To the extent that Paragraph 37 of the Complaint contains any factual allegations, Credit Suisse denies them.

38.     Credit Suisse admits that Plaintiffs purport to define references to any act of any corporation to which no response is required.  To the extent Paragraph 38 of the Complaint contains any factual allegations, Credit Suisse denies them.

39.     The allegations contained in Paragraph 39 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations

concerning any person or entity other than Credit Suisse contained in Paragraph 39, and otherwise denies the allegations contained in Paragraph 39 of the Complaint.

40.     The allegations contained in Paragraph 40 of the Complaint and the corresponding footnotes purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 40, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 41, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 42, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring

claims on behalf of the putative class described in Paragraph 43, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 44, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45.     The allegations contained in Paragraph 45 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 45, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     The allegations contained in Paragraph 46 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 46, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47.     The allegations contained in Paragraph 47 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit

Suisse admits that Plaintiffs purport to describe the nature of this action and purport to bring claims on behalf of the putative class described in Paragraph 47, denies that this action may be sustained as a class action, and otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48.     Credit Suisse admits that Plaintiffs purport to define "State Classes" to which no response is required.  To the extent Paragraph 48 contains any factual allegations, Credit Suisse denies them.

49.     Credit Suisse admits that Plaintiffs purport to define the putative classes that Plaintiffs purport to represent in Paragraph 49 to which no response is required.  To the extent that Paragraph 49 contains any factual allegations, Credit Suisse denies them.

50.     Credit Suisse admits that Plaintiffs purport to define the putative classes that Plaintiffs purport to represent in Paragraph 50 to which no response is required.  To the extent Paragraph 50 contains any factual allegations, Credit Suisse denies them.

51.     The allegations contained in Paragraph 51 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint, and otherwise denies the allegations contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 58 of the Complaint.

59.     Credit Suisse admits that currencies are traded on the FX market, denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 59 of the Complaint, and refers to the referenced material for its complete content and context.

60.     Credit Suisse admits that Plaintiffs purport to define "Group of 10" and "G10" in Paragraph 60 but denies that the purported definitions are complete, fair, and accurate, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint.

61.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint.

62.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62, and otherwise denies the allegations contained in Paragraph 62 of the Complaint.

63.     Credit Suisse admits that FX trades may be conducted either OTC or on a centralized exchange, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint.

64.     Credit Suisse admits that trading in various currency pairs occurs worldwide and that Plaintiffs purport to describe the times at which such trading occurs, denies that the allegations contained in Paragraph 64 present a complete, fair, and accurate description of the matters described therein, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 64 of the Complaint.

65.     Credit Suisse admits that Plaintiffs purport to describe the times at which FX trading occurs, denies that the allegations contained in Paragraph 65 present a complete, fair, and accurate description of the matters described therein, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 65 of the Complaint.

66.     Credit Suisse admits that CME and ICE are centralized exchanges, admits that Plaintiffs purport to describe the times at which FX trading on exchanges occurs, denies that the allegations contained in Paragraph 66 present a complete, fair, and accurate description of the matters described therein, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 66 of the Complaint.

67.     Credit Suisse admits that currencies may be bought or sold in currency pairs, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 67 of the Complaint.

68.     Credit Suisse denies that the allegations contained in the first four sentences of Paragraph 68 present a complete, fair, and accurate description of the matters described therein, denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 68, and otherwise denies the allegations contained in Paragraph 68 of the Complaint.

69.     Credit Suisse admits that Plaintiffs purport to define "Spot transaction," "Forward outright transaction," "Forward swap," and "Currency option" in Paragraph 69 but denies that the purported definitions are complete, fair, and accurate, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 69 of the Complaint.

70.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 70 of the Complaint.

71.     Credit Suisse admits that spot transactions occur OTC and that dealers are sometimes referred to as "market makers" or "liquidity providers," admits that Plaintiffs' purport to describe an example of how FX spot transaction may occur but denies that the purported

example is complete, fair, and accurate, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 71 of the Complaint.

72.     Credit Suisse admits that the "bid" is the rate at which a dealer is willing to buy a particular currency and the "ask" is the rate at which a dealer is willing to sell a particular currency, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 72 of the Complaint.

73.     Credit Suisse admits that Plaintiffs purport to define "percentage in point" and "pip" in Paragraph 73 but denies that the purported definitions are complete, fair, and accurate, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 73 of the Complaint.

74.     Credit Suisse admits that the "bid-ask spread" is generally the difference between the "bid" and the "ask," and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 74 of the Complaint.

75.     Credit Suisse admits that Plaintiffs purport to define "electronic trading systems" and purport to describe how traders can execute FX transactions in Paragraph 75 but denies that the purported definition and description are complete, fair, and accurate, avers that Reuters, Bloomberg, EBS, Hotspot and Currenex are electronic trading systems, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 75 of the Complaint.

76.     Credit Suisse denies that the allegations contained in Paragraph 76 present a complete, fair, and accurate description of the matters described therein, and otherwise denies

having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 76 of the Complaint.

77.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 77 of the Complaint.

78.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 78 of the Complaint.

79.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 79, and otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.     Credit Suisse denies that the allegations contained in Paragraph 80 present a complete, fair, and accurate description of the matters described therein, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 80 of the Complaint.

81.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 81.

82.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 82 of the Complaint.

83.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 83 of the Complaint.

84.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 84 of the Complaint.

85.     Credit Suisse admits that WM/Reuters provides one of the various FX fixing rates, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 85 of the Complaint.

86.     Credit Suisse admits that Plaintiffs purport to define "the fix period" and describe how WM/Reuters calculates fixing rates in Paragraph 86 but denies that the purported definition and description are complete, fair, and accurate, denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 86, and otherwise denies the allegations contained in Paragraph 86 of the Complaint.

87.     Credit Suisse denies that the allegations contained in Paragraph 87 present a complete, fair, and accurate description of the matters described therein, denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 87, and otherwise denies the allegations contained in Paragraph 87 of the Complaint.

88.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 88, and otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     Credit Suisse admits that ECB provides one of the various FX fixing rates, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 89 of the Complaint.

90.     Credit Suisse admits that Plaintiffs purport to describe how ECB calculates fixing rates but denies that the purported description is complete, fair, and accurate, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 90 of the Complaint.

91.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 91 of the Complaint.

92.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 92, refers to the referenced material for its complete content and context, and otherwise denies the allegations contained in Paragraph 92 of the Complaint.

93.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 93 of the Complaint, and refers to the referenced material for its complete content and context.

94.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 94, and otherwise denies the allegations contained in Paragraph 94 of the Complaint.

95.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 95 of the Complaint.

96.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 96, and otherwise denies the allegations contained in Paragraph 96 of the Complaint.

97.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 97, and otherwise denies the allegations contained in Paragraph 97 of the Complaint.

98.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 98, and otherwise denies the allegations contained in Paragraph 98 of the Complaint.

99.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 99, and otherwise denies the allegations contained in Paragraph 99 of the Complaint.

100.    The allegations contained in Paragraph 100 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 100, and otherwise denies the allegations contained in Paragraph 100 of the Complaint.

101.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 101, and otherwise denies the allegations contained in Paragraph 101 of the Complaint.

102.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 102 of the Complaint.

103.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 103, and otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 104, and otherwise denies the allegations contained in Paragraph 104 of the Complaint.

105.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 105, and otherwise denies the allegations contained in Paragraph 105 of the Complaint.

106.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 106, and otherwise denies the allegations contained in Paragraph 106 of the Complaint.

107.     The allegations contained in Paragraph 107 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 107, and otherwise denies the allegations contained in Paragraph 107 of the Complaint.

108.     Credit Suisse admits that, from time to time, it participated in chat rooms relating to FX issues as to various currencies, with various participants, and on various dates, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 108, and otherwise denies the allegations contained in Paragraph 108 of the Complaint.

109.     Credit Suisse admits that, from time to time, it participated in chat rooms relating to FX issues as to various currencies, with various participants, and on various dates, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 109, and otherwise denies the allegations contained in Paragraph 109 of the Complaint.

110.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 110, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 110 of the Complaint.

111.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 111, refers to the quoted materials for their complete content and context, and otherwise denies the allegations contained in Paragraph 111 of the Complaint.

112.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 112, and otherwise denies the allegations contained in Paragraph 112 of the Complaint.

113.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 113, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 113 of the Complaint.

114.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 114, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 114 of the Complaint.

115.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in

Paragraph 115, and otherwise denies the allegations contained in Paragraph 115 of the Complaint.

116.     Credit Suisse admits that it quoted bid-ask spreads to customers as requested, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 116, and otherwise denies the allegations contained in Paragraph 116 of the Complaint.

117.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 117, refers to the quoted materials for their complete content and context, and otherwise denies the allegations contained in Paragraph 117 of the Complaint.

118.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 118.

119.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 119, and otherwise denies the allegations contained in Paragraph 119 of the Complaint.

120.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 120, and otherwise denies the allegations contained in Paragraph 120 of the Complaint.

121.     The allegations contained in Paragraph 121 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations

concerning any person or entity other than Credit Suisse contained in Paragraph 121, and otherwise denies the allegations contained in Paragraph 121 of the Complaint.

122.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 122, and otherwise denies the allegations contained in Paragraph 122 of the Complaint.

123.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 123, and otherwise denies the allegations contained in Paragraph 123 of the Complaint.

124.     The allegations contained in Paragraph 124 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 124, refers to the referenced quoted for its complete content and context, and otherwise denies the allegations contained in Paragraph 124 of the Complaint.

125.     The allegations contained in Paragraph 125 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 125, and otherwise denies the allegations contained in Paragraph 125 of the Complaint.

126.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in

Paragraph 126, and otherwise denies the allegations contained in Paragraph 126 of the Complaint.

127.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 127, and otherwise denies the allegations contained in Paragraph 127 of the Complaint.

128.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 128, and otherwise denies the allegations contained in Paragraph 128 of the Complaint.

129.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 129, and otherwise denies the allegations contained in Paragraph 129 of the Complaint.

130.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 130 of the Complaint, and otherwise denies the allegations contained in Paragraph 130 of the Complaint.

131.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 131, and otherwise denies the allegations contained in Paragraph 131 of the Complaint.

132.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in

Paragraph 132, refers to the referenced material for its complete content and context, and otherwise denies the allegations contained in Paragraph 132 of the Complaint.

133.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 133, and refers to the quoted material for its complete content and context.

134.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 134, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 134 of the Complaint.

135.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 135, and otherwise denies the allegations contained in Paragraph 135 of the Complaint.

136.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 136, and otherwise denies the allegations contained in Paragraph 136 of the Complaint.

137.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 137, and otherwise denies the allegations contained in Paragraph 137 of the Complaint.

138.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in

Paragraph 138, and otherwise denies the allegations contained in Paragraph 138 of the Complaint.

139.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 139, and otherwise denies the allegations contained in Paragraph 139 of the Complaint.

140.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 140, refers to the referenced material for its complete content and context, and otherwise denies the allegations contained in Paragraph 140 of the Complaint.

141.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 141, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 141 of the Complaint.

142.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 142, and otherwise denies the allegations contained in Paragraph 142 of the Complaint.

143.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 143, and otherwise denies the allegations contained in Paragraph 143 of the Complaint

144.     Credit Suisse admits that Plaintiffs purport to define the "stop-loss order" in Paragraph 144 but denies that the purported definition is complete, fair, and accurate, and

otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 144 of the Complaint.

145.    Credit Suisse denies that the allegations contained in Paragraph 145 present a complete, fair, and accurate description of the matters described therein, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 145 of the Complaint.

146.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 146, and otherwise denies the allegations contained in Paragraph 146 of the Complaint.

147.    Credit Suisse denies the allegations contained in Paragraph 147 of the Complaint.

148.    The allegations contained in Paragraph 148 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 148, and otherwise denies the allegations contained in Paragraph 148 of the Complaint.

149.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 149 of the Complaint.

150.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 150 of the Complaint, and otherwise denies the allegations contained in Paragraph 150 of the Complaint.

151.    The allegations contained in Paragraph 151 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit

Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 151 of the Complaint.

152.    Credit Suisse admits that Plaintiffs purport to define the "liquidity providers" in Paragraph 152 but denies that the purported definition is complete, fair, and accurate, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 152, and otherwise denies the allegations contained in Paragraph 152 of the Complaint.

153.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 153 of the Complaint and the corresponding footnotes, and refers to the cited materials for their complete content and context.

154.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 154, and otherwise denies the allegations contained in Paragraph 154 of the Complaint.

155.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 155 of the Complaint.

156.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 156 of the Complaint.

157.    The allegations contained in Paragraph 157 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 157, and otherwise denies the allegations contained in Paragraph 157 of the Complaint.

158.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 158 of the Complaint.

159.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 159, and otherwise denies the allegations contained in Paragraph 159 of the Complaint.

160.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 160, and otherwise denies the allegations contained in Paragraph 160 of the Complaint.

161.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 161 of the Complaint.

162.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 162 of the Complaint, and otherwise denies the allegations contained in Paragraph 162 of the Complaint.

163.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 163 of the Complaint.

164.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 164 and Figure 1 of the Complaint.

165.     The allegations contained in Paragraph 165 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 165, and otherwise denies the allegations contained in Paragraph 165 of the Complaint.

166.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 166 of the Complaint.

167.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 167, and otherwise denies the allegations contained in Paragraph 167 of the Complaint.

168.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 168, and otherwise denies the allegations contained in Paragraph 168 of the Complaint.

169.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 169, and otherwise denies the allegations contained in Paragraph 169 of the Complaint.

170.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 170, and otherwise denies the allegations contained in Paragraph 170 of the Complaint.

171.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 171, and otherwise denies the allegations contained in Paragraph 171 of the Complaint.

172.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 172, refers to the referenced material for its complete content and context, and otherwise denies the allegations contained in Paragraph 172 of the Complaint.

173.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 173 and Figure 2, and otherwise denies the allegations contained in Paragraph 173 and Figure 2 of the Complaint.

174.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 174 and Figure 2, and otherwise denies the allegations contained in Paragraph 174 and Figure 2 of the Complaint.

175.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 175 and Figure 3 of the Complaint.

176.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 176 and Figure 3 of the Complaint.

177.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 177 and Footnote 10 of the Complaint.

178.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 178 of the Complaint.

179.    The allegations contained in Paragraph 179 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 179, and otherwise denies the allegations contained in Paragraph 179 of the Complaint.

180.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 180, and otherwise denies the allegations contained in Paragraph 180 of the Complaint.

181.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 181, and otherwise denies the allegations contained in Paragraph 181 of the Complaint.

182.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 182 and Figure 4 of the Complaint.

183.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 183 of the Complaint.

184.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 184, and otherwise denies the allegations contained in Paragraph 184 of the Complaint.

185.   Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 185 of the Complaint.

186.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 186, and refers to the referenced materials for their complete content and context.

187.   Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 187, and refers to the quoted material for its complete content and context.

188.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 188 of the Complaint, and refers to the quoted material for its complete content and context.

189.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 189 of the Complaint, and refers to the quoted material for its complete content and context.

190.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 190 of the Complaint, and refers to the referenced materials for their complete content and context.

191.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 191 of the Complaint, and refers to the quoted material for its complete content and context.

192.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 192 of the Complaint, and refers to the referenced materials for their complete content and context.

193.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 193, and refers to the referenced materials for their complete content and context.

194.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 194, and refers to the referenced materials for their completed content and context.

195.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 195, and refers to the referenced materials for their complete content and context.

196.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 196, and refers to the referenced materials for their complete content and context.

197.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 197 of the Complaint, and refers to the referenced and quoted materials for their complete content and context.

198.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 198 of the Complaint, and refers to the referenced and quoted materials for their complete content and context.

199.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 199, and refers to the referenced document for its complete content and context.

200.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 200 of the Complaint, and refers to the referenced and quoted materials for their complete content and context.

201.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 201.

202.     Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in

Paragraph 202, refers to the quoted and referenced materials for their complete content and context, and otherwise denies that the allegations contained in Paragraph 202 of the Complaint present a complete, fair, and accurate description of the matters alleged therein.

203.    Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 203 of the Complaint.

204.    Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 204, refers to the referenced document for its complete content and context, and otherwise denies that the allegations contained in Paragraph 204 of the Complaint present a complete, fair, and accurate description of the matters alleged therein.

205.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 205 of the Complaint, and refers to the referenced document for its complete content and context.

206.    Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 206, refers to the referenced document for its complete content and context, and otherwise denies that the allegations contained in Paragraph 206 of the Complaint present a complete, fair, and accurate description of the matters alleged therein.

207.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 207, and refers to the referenced document for its complete content and context.

208.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 208, and refers to the referenced document for its complete content and context.

209.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 209, and refers to the referenced document for its complete content and context.

210.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 210, and refers to the referenced document for its complete content and context.

211.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 211, and refers to the referenced document for its complete content and context.

212.    Credit Suisse admits that on November 13, 2017 certain Credit Suisse entities executed a consent order with the New York Department of Financial Services, refers to the consent order for its complete content and context, denies that any characterization is an accurate reflection of the consent order, and otherwise denies the allegations contained in Paragraph 212 of the Complaint.

213.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 213, and refers to the referenced document for its complete content and context.

214.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 214, and refers to the referenced materials for their complete content and context.

215.     Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, and otherwise denies having knowledge or information to form a belief as to the truth or falsity of allegations contained in Paragraph 215 of the Complaint.

216.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 216, and refers to the referenced material for its complete content and context.

217.     Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 217, and otherwise denies the allegations contained in Paragraph 217 of the Complaint.

218.     Credit Suisse admits that there is publicly available information regarding inquiries into FX-related conduct, and otherwise denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 218 of the Complaint.

219.     Credit Suisse admits that it has made certain disclosures relating to FX, refers to the disclosures for their complete content and context, denies that any characterization is an accurate reflection of the disclosure, denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 219, and otherwise denies the allegations contained in Paragraph 219 of the Complaint.

220.    Credit Suisse admits that on November 1, 2013, Haverhill Retirement System filed a class action complaint in the Southern District of New York, denies that any characterization is an accurate reflection of the complaint, refers to the cited material for its complete content and context, and otherwise denies the allegations contained in Paragraph 220 of the Complaint.

221.    Credit Suisse admits that the Court issued an order on January 28, 2015, refers to the Court's order for its complete content and context, denies that any characterization is an accurate reflection of the order, and otherwise denies the allegations contained in Paragraph 221 of the Complaint.

222.    Credit Suisse admits that certain actions regarding FX-related conduct were consolidated by court order, denies that any characterization is an accurate reflection of the complaints, refers to the complaints for their complete content and context, and otherwise denies the allegations contained in Paragraph 222 of the Complaint.

223.    Credit Suisse admits that on October 22, 2015, Class Plaintiffs in *FOREX* filed a Motion for Preliminary Approval of Settlement Agreements with Bank of America, Barclays, BNP Paribas, Citigroup, Goldman Sachs, HSBC, JPMorgan, RBS, and UBS, admits that Credit Suisse was not a party to this motion, refers to the motion for its complete content and context, and denies that any characterization in Paragraph 223 of the Complaint is an accurate reflection of the motion.

224.    Credit Suisse admits that on December 15, 2015, the Court issued an order preliminarily approving the *FOREX* settlements, refers to the Court's order for its complete content and context, and denies that any characterization in Paragraph 224 of the Complaint is an accurate reflection of the Court's order.

225.     Credit Suisse admits that on August 31, 2016, Class Plaintiffs in *FOREX* filed a Motion to Approve Form and Manner of Notice of Settlements and Plan of Distribution with Bank of America, Barclays, BNP Paribas, Citigroup, Goldman Sachs, HSBC, JPMorgan, RBS, and UBS (ECF No. 653), refers to the motion for its complete content and context, and denies that any characterization in Paragraph 225 of the Complaint is an accurate reflection of the motion.

226.     Credit Suisse admits that on July 28, 2017, Class Plaintiffs in *FOREX* filed a Motion to Approve the Form and Manner of Notice of Settlements and Preliminarily Approving the Plan of Distribution with BTMU, Morgan Stanley, RBC, Soc Gen, and Standard Chartered (ECF Nos. 820–23), admits that the Court granted preliminary approval of Motion to Approve the Form and Manner of Notice of Settlements and Preliminarily Approving the Plan of Distribution on September 8, 2017 (ECF No. 864), admits Class Plaintiffs in *FOREX* filed a Motion for Settlement (Preliminary Approval) with Deutsche Bank on September 29, 2017 (ECF Nos. 875–78), admits the Court granted preliminary approval of the Motion for Settlement (Preliminary Approval) on September 29, 2017 (ECF No. 882), refers to the motions and the Court's orders for their complete content and context, and denies that any characterizations in Paragraph 226 of the Complaint are accurate reflections of the motions and orders.

227.     Credit Suisse admits that on January 12, 2018, Class Plaintiffs in *FOREX* filed a Motion to Approve Fifteen Settlement Agreements and Plan of Distribution with Bank of America, BTMU, Barclays, BNP Paribas, Citigroup, Deutsche Bank, Goldman Sachs, HSBC, JPMorgan, Morgan Stanley, RBC, RBS, Soc Gen, Standard Chartered, and UBS (ECF Nos. 924–36), admits that Credit Suisse was not a party to this motion, admits the Court granted final approval of the Motion to Approve Fifteen Settlement Agreements and Plan of Distribution on

August 6, 2018 (ECF No. 1095), refers to the motion and the Court's order for their complete content and context, and denies that any characterizations in Paragraph 227 of the Complaint are accurate reflections of the motion and orders.

228.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 228, and otherwise denies the allegations contained in Paragraph 228 of the Complaint.

229.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 229, and otherwise denies the allegations contained in Paragraph 229 of the Complaint.

230.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 230, and otherwise denies the allegations contained in Paragraph 230 of the Complaint.

231.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 231 of the Complaint.

232.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 232 of the Complaint, and refers to the quoted materials for their complete content and context.

233.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 233 of the Complaint.

234.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 234 of the Complaint.

235.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 235 of the Complaint.

236.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 236 of the Complaint, and refers to the quoted material for its complete content and context.

237.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 237 of the Complaint.

238.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 238 of the Complaint.

239.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 239 of the Complaint.

240.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 240 of the Complaint.

241.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 241 of the Complaint.

242.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 242 of the Complaint.

243.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 243 of the Complaint.

244.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 244 of the Complaint, and refers to the quoted material for its complete content and context.

245.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 245 of the Complaint, and refers to the referenced material for its complete content and context.

246.     Credit Suisse admits that the Hong Kong Securities and Futures Commission ("SFC") reprimanded and fined certain Credit Suisse entities, denies that any characterization is an accurate reflection of the SFC's disciplinary action, and otherwise denies the allegations contained in Paragraph 246 of the Complaint.

247.     The allegations contained in Paragraph 247 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 247 of the Complaint.

248.     The allegations contained in Paragraph 248 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 248 of the Complaint.

249.     The allegations contained in Paragraph 249 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 249 of the Complaint.

250.     The allegations contained in Paragraph 250 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 250 of the Complaint.

251.    The allegations contained in Paragraph 251 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 251 of the Complaint.

252.    The allegations contained in Paragraph 252 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 252 of the Complaint.

253.    The allegations contained in Paragraph 253 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 253 of the Complaint.

254.    The allegations contained in Paragraph 254 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 254 of the Complaint.

255.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 255, and otherwise denies the allegations contained in Paragraph 255 of the Complaint.

256.    Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 256, refers to the cited material for its complete content and context, and otherwise denies the allegations contained in Paragraph 256 of the Complaint.

257.    The allegations contained in Paragraph 257 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 257 of the Complaint.

258.     The allegations contained in Paragraph 258 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than Credit Suisse contained in Paragraph 258, and otherwise denies the allegations contained in Paragraph 258 of the Complaint.

259.     Credit Suisse denies having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 259, refers to the quoted material for its complete content and context, and otherwise denies the allegations contained in Paragraph 259 of the Complaint.

260.     The allegations contained in Paragraph 260 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 260 of the Complaint.

261.     The allegations contained in Paragraph 261 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 261 of the Complaint.

262.     Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

263.     The allegations contained in Paragraph 263 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 263 of the Complaint.

264.     Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

265.    The allegations contained in Paragraph 265 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 265 of the Complaint.

266.    The allegations contained in Paragraph 266 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 266 of the Complaint.

267.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

268.    The allegations contained in Paragraph 268 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 268 of the Complaint.

269.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

270.    The allegations contained in Paragraph 270 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 270 of the Complaint.

271.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

272.    The allegations contained in Paragraph 272 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 272 of the Complaint.

273.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

274.    The allegations contained in Paragraph 274 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 274 of the Complaint.

275.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

276.    The allegations contained in Paragraph 276 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 276 of the Complaint.

277.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

278.    The allegations contained in Paragraph 278 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 278 of the Complaint.

279.    Credit Suisse repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as though fully set forth herein.

280.     The allegations contained in Paragraph 280 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Credit Suisse denies the allegations contained in Paragraph 280 of the Complaint.

## RESPONSE TO PLAINTIFFS' REQUESTS FOR RELIEF

Credit Suisse admits that Plaintiffs purport to seek certain relief, as set forth in the Requests for Relief, denies that any relief is available to Plaintiffs, and otherwise denies the allegations contained in the Requests for Relief.

## RESPONSE TO PLAINTIFFS' DEMAND FOR JURY TRIAL

Credit Suisse admits that Plaintiffs purport to seek a jury trial.

## DEFENSES

Without admitting any wrongful conduct on its part and without conceding that it has the burden of proof on any of the following defenses, Credit Suisse alleges the following defenses to the Complaint:

### First Defense

Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a cause of action against Credit Suisse.

### Second Defense

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of limitation and/or repose, and the doctrines of waiver, laches, and estoppel.

### Third Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in this action.

### Fourth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs lack antitrust standing to assert those claims.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because each of the Plaintiffs had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which Credit Suisse's liability is asserted.  Furthermore, each Plaintiff knew or should have known the risks associated with FX transactions, and each Plaintiff assumed the risk that it might be damaged by entering into an FX transaction.

## Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to identify the retail dealers with whom Plaintiffs allegedly transacted and is so vague and ambiguous as to deny Credit Suisse notice of the transactions alleged by Plaintiffs.

## Seventh Defense

Plaintiffs' claims for relief are barred, in whole or in part, because the conduct alleged in the Complaint is expressly or impliedly immune from challenge under the antitrust laws.

## Eighth Defense

This action cannot be maintained as a class action as a matter of law and fact.

## Ninth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot prove injury or antitrust injury, including because Plaintiffs have not suffered an injury-in-fact and Plaintiffs' alleged injuries are too speculative, indirect and remote from the alleged conduct, and cannot be ascertained and apportioned.

## Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injury, if any, was indirect and not actually or proximately caused by any acts or omissions of Credit Suisse.

## Eleventh Defense

Plaintiffs' claims are barred because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Credit Suisse, by the conduct of third parties for whom Credit Suisse was not responsible, through forces in the marketplace over which Credit Suisse has no control, or through acts or omissions by one or more of the Plaintiffs.

## Twelfth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs alleged damages, if any, are speculative and uncertain.

## Thirteenth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Credit Suisse is not liable for the acts of any other defendant.

## Fourteenth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because Credit Suisse's alleged conduct has not unreasonably restrained trade and was based on independent and legitimate business conduct.

## Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Credit Suisse did not participate in, and had no knowledge of, any alleged agreement, contract, combination, or conspiracy relating to FX trading or the setting of FX-related benchmark rates.

## Sixteenth Defense

Plaintiffs' claims for relief are barred, in whole or in part, because none of Credit Suisse's challenged actions or omissions substantially lessened competition within any properly defined market.

## Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a relevant product market and geographic market, and is so vague and ambiguous as to deny Credit Suisse notice of the markets alleged by Plaintiffs.

<u>Eighteenth Defense</u>

The Complaint fails to plead fraudulent concealment or misrepresentation with particularity.

<u>Nineteenth Defense</u>

Recovery on Plaintiffs' claims for relief are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages, if any.

<u>Twentieth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

<u>Twenty-First Defense</u>

Plaintiffs' claims based on FX transactions outside the United States are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, and the Federal Trade Commission Act, 15 U.S.C. § 45.

<u>Twenty-Second Defense</u>

Plaintiffs have failed to state an adequate basis for an award of treble damages.

<u>Twenty-Third Defense</u>

Credit Suisse denies that Plaintiffs are entitled to recovery of interest, cost, disbursement, or attorneys' fees in connection with this action.

<u>Twenty-Fourth Defense</u>

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

<u>Twenty-Fifth Defense</u>

The Complaint, the claims asserted therein, and the relief sought therein are barred, in whole or in part, to the extent an agreement exists to arbitrate any claims related to any transactions at issue or chosen a different forum for the resolution of their claims.

<u>Twenty-Sixth Defense</u>

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any specific intrastate misconduct or injuries within the relevant states.

<u>Twenty-Seventh Defense</u>

Plaintiffs' claims are barred, in whole or in part, because the price at which Plaintiffs transacted for FX Instruments was set by the RFEDs with whom they transacted such FX Instruments, either individually or collectively.

<u>Twenty-Eighth Defense</u>

Plaintiffs' claims are limited by operation of law, including, as applicable, any rights of set-off, contribution, and indemnification.

<u>Twenty-Ninth Defense</u>

Plaintiffs' claims are barred, in whole or in part, because any price change was absorbed by others and not passed through to Plaintiffs.

<u>Thirtieth Defense</u>

Plaintiffs' consumer protection claims are barred, in whole or in part, because Plaintiffs are not consumers.

<u>Thirty-First Defense</u>

Plaintiffs' Florida and Illinois claims fail because both states' statutes exempt federally-regulated banks.

<u>Thirty-Second Defense</u>

Plaintiffs' Illinois Antitrust Act claims fail because the Act precludes class actions by indirect purchasers.

<u>Thirty-Third Defense</u>

Plaintiffs' Massachusetts consumer protection claims fail because Plaintiffs failed to plead that they engaged in consumer transactions.

<u>Thirty-Fourth Defense</u>

Plaintiffs' Minnesota antitrust claims fail because their alleged injuries are too remote or tangential to any harm caused by the alleged violations, and because Plaintiffs failed to adequately plead exclusionary conduct.

<u>Thirty-Fifth Defense</u>

Plaintiffs' North Carolina antitrust claims fail because the alleged misconduct falls within the regulatory scheme exception.

<u>Thirty-Sixth Defense</u>

Plaintiffs' claims are barred, in whole or in part, pursuant to Fla. Stat. § 607.1502(a), to the extent any Florida Plaintiffs is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

<u>Thirty-Seventh Defense</u>

Plaintiffs' claims for equitable review are barred, in whole or in part, because Plaintiffs knew of the alleged wrongdoing at the time of their alleged purchases of FX Instruments, by their lack of diligence, by their own negligence, and by the doctrine of unclean hands.

### Thirty-Eighth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage award and damage awards duplicative of those sought in other actions, in contravention of the statues under which Plaintiffs seek relief, including not but limit to, Minn. Stat. § 325D.57, and in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

### Thirty-Ninth Defense

Plaintiffs' claim for restitution is barred, in whole or in part, because Credit Suisse is not in possession of funds in which Plaintiffs have an ownership interest.

### Additional Defenses

Credit Suisse hereby incorporates by reference any defense asserted or to be asserted by any other defendant not set forth above that is applicable to Credit Suisse's defense of the claims in this action.  By designating the aforementioned defenses, Credit Suisse does not in any way waive or limit any defenses, which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Credit Suisse to assert such defenses, and are without prejudice to its ability to raise other and further defenses.  Credit Suisse expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

WHEREFORE, Credit Suisse respectfully seeks judgment as follows:

A.      That Plaintiffs take nothing by virtue of the Complaint;

B.      That Plaintiffs' claims against Credit Suisse are dismissed with prejudice;

C.      That Credit Suisse be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.      For such other and further relief as this Court may deem just and proper.

Dated:  January 11, 2019
       New York, New York

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

By: /s/ David G. Januszewski
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Margaret A. Barone

80 Pine Street
New York, NY 10005
Tel:  (212) 701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
mbarone@cahill.com

*Attorneys for Defendants Credit Suisse AG and
Credit Suisse Securities (USA) LLC*