# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, SANDRA LAVENDER, VICTOR HERNANDEZ, MARTIN-HAN TRAN, FX PRIMUS LTD., CARLOS GONZALEZ, UGNIUS MATKUS, CHARLES G. HITCHCOCK III, JERRY JACOBSON, TINA PORTER, AND PAUL VERMILLION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-03139-LGS<br><br>[rel. 13-cv-7789-LGS]<br><br>ECF CASE |

## ANSWER AND DEFENSES OF DEFENDANTS JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A. TO THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"), by and through their undersigned counsel, hereby answer the allegations of the Second Amended Class Action Complaint, *Contant, et al. v. Bank of America Corporation, et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y. filed Nov. 28, 2018), ECF No. 183 (the "Complaint").

To the extent that the first unnumbered paragraph of the Complaint requires a response, JPMorgan denies the allegations contained therein.

With respect to the numbered paragraphs of the Complaint, JPMorgan answers as follows:

## NATURE OF THE ACTION[1]

1.     JPMorgan denies the allegations in Paragraph 1, except admits those facts that were admitted in the plea agreement that JPMorgan Chase & Co. has entered into with the Department of Justice ("DOJ").  *See* Plea Agreement, *United States v. JPMorgan Chase & Co.*, No. 3:15-cr-79-SRU (D. Conn. filed May 20, 2015), ECF No. 13 ("JPMC Plea Agreement").

---

[1]     The headings appear in the Complaint and are only included in the Answer for organizational purposes to aid the Court.

JPMorgan respectfully refers the Court to the JPMC Plea Agreement for the full and complete contents thereof.

2.        JPMorgan denies the allegations in Paragraph 2, except admits those facts that were admitted in the JPMC Plea Agreement.

3.        JPMorgan denies the allegations in Paragraph 3.

4.        JPMorgan denies the allegations in Paragraph 4, except admits that the U.S. Department of Justice, U.S. Commodity Futures Trading Commission and certain other regulators commenced investigations into FX trading, and denies having information or knowledge sufficient to form a belief as to the truth of the allegations concerning persons or entities other than JPMorgan contained in Paragraph 4.

5.        JPMorgan admits the allegations in Paragraph 5.

6.        JPMorgan denies the allegations in Paragraph 6, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 concerning the FX Instrument purchases of Plaintiffs and the members of the proposed Classes.

## JURISDICTION, VENUE, AND INTERSTATE COMMERCE

7.        JPMorgan states that the allegations in Paragraph 7 purport to state a legal conclusion to which no response is required.

8.        JPMorgan denies the allegations in Paragraph 8, except admits that JPMorgan maintains its headquarters' offices in New York.

9.        JPMorgan denies the allegations in Paragraph 9, except admits that JPMorgan has an agent, maintains an office and does business in this District.

## PARTIES

**I.        Plaintiffs**

10.        JPMorgan denies the allegations in Paragraph 10, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to James Contant and his alleged purchases of FX Instruments.

11.        JPMorgan denies the allegations in Paragraph 11, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Sandra Lavender and her alleged purchases of FX Instruments.

12.        JPMorgan denies the allegations in Paragraph 12, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Victor Hernandez and his alleged purchases of FX Instruments.

13.     JPMorgan denies the allegations in Paragraph 13, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Martin-Han Tran and his alleged purchases of FX Instruments.

14.     JPMorgan denies the allegations in Paragraph 14, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to FX Primus and its alleged purchases of FX Instruments.

15.     JPMorgan denies the allegations in Paragraph 15, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Carlos Gonzalez and his alleged purchases of FX Instruments.

16.     JPMorgan denies the allegations in Paragraph 16, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Ugnius Matkus and his alleged purchases of FX Instruments.

17.     JPMorgan denies the allegations in Paragraph 17, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Charles G. Hitchcock III and his alleged purchases of FX Instruments.

18.     JPMorgan denies the allegations in Paragraph 18, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Jerry Jacobson and his alleged purchases of FX Instruments.

19.     JPMorgan denies the allegations in Paragraph 19, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Tina Porter and her alleged purchases of FX Instruments.

20.     JPMorgan denies the allegations in Paragraph 20, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Paul Vermillion and his alleged purchases of FX Instruments.

## II.     <u>Defendants</u>

21.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     JPMorgan denies the allegations in Paragraph 30, except admits that JPMorgan Chase & Co. is a Delaware corporation with headquarters in New York; that JPMorgan Chase Bank, N.A. is a federally-chartered national banking association headquartered in New York; that JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of Defendant JPMorgan Chase & Co.; that JPMorgan Chase & Co. has corporate offices in Phoenix, Los Angeles, Tampa and Chicago; and that JPMorgan Chase Bank, N.A. has branch offices in Arizona, California, Florida, Illinois, and Massachusetts.

31.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     JPMorgan admits that Paragraph 37 purports to define the terms "Defendant" or "Defendants" to include all Defendants and their predecessors, direct or indirect parents, subsidiaries, or divisions, including entities that merged with or were acquired by the named Defendants that played a material role in the unlawful acts alleged in this Complaint, but denies that such a definition comports with proper pleading under Rule 8 of the Federal Rules of Civil Procedure.

38.     JPMorgan states that the allegations of Paragraph 38 purport to state a legal conclusion to which no response is necessary.

39.     JPMorgan denies the allegations in Paragraph 39, except states that the second and third sentences of Paragraph 39 purport to state legal conclusions to which no response is necessary.

## CLASS ACTION ALLEGATIONS

40.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 40 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 41 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 42 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 43 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 44 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 45 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 46 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 47 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     JPMorgan admits that Plaintiffs refer to the proposed New York, Arizona, California, Florida, Illinois, Massachusetts, Minnesota, and North Carolina Classes as the "State Classes."

49.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to exclude from their alleged classes the persons and entities listed in Paragraph 49.

50.     JPMorgan denies that Plaintiffs' claims are appropriate for class treatment. JPMorgan admits that Plaintiffs purport to exclude from their alleged classes the persons and entities listed in Paragraph 50.

51.     JPMorgan denies the allegations in Paragraph 51, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 concerning the number of members of the purported Classes.

52.     JPMorgan denies the allegations contained in Paragraph 52.

53.     JPMorgan denies the allegations in Paragraph 53, except admits those facts that were admitted in the JPMC Plea Agreement.

54.     JPMorgan denies the allegations in Paragraph 54.

55.     JPMorgan denies the allegations in Paragraph 55.

56.     JPMorgan denies the allegations in Paragraph 56.

57.     JPMorgan denies the allegations in Paragraph 57.

58.     JPMorgan denies the allegations in Paragraph 58.

## FACTUAL ALLEGATIONS

## I.     OVERVIEW OF THE FX MARKET

### A.     Background

59.     JPMorgan admits that currencies are traded globally, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59.

60.     JPMorgan admits that there are more than 200 currencies used around the world, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60.

61.     JPMorgan denies the allegations in Paragraph 61, except admits that market participants include Defendants, smaller dealer banks, central banks, smaller commercial banks,

credit card companies and their customers, non-financial corporations, insurance companies, investment funds, and individual investors.

62.     JPMorgan denies the allegations in Paragraph 62, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 concerning persons other than JPMorgan.

63.     JPMorgan admits that FX trades may be conducted over-the-counter ("OTC") directly with another party or on a centralized exchange, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.     JPMorgan admits the allegations in Paragraph 64, but denies that the allegations in Paragraph 64 present a complete, fair and accurate description of the matters described therein.

65.     JPMorgan admits the allegations in Paragraph 65, but denies that the allegations in Paragraph 65 present a complete, fair and accurate description of the matters described therein.

66.     JPMorgan admits the allegations in Paragraph 66, but denies that the allegations in Paragraph 66 present a complete, fair and accurate description of the matters described therein.

67.     JPMorgan admits that currencies are bought or sold in currency pairs and that the price to buy or sell a given currency pair is reflected by its exchange rate, but denies that the allegations in Paragraph 67 present a complete, fair and accurate description of the matters described therein, and denies having knowledge or information sufficient to form a belief as to the truth of allegations in the final two sentences of Paragraph 67.

68.     JPMorgan admits the allegations in the first four sentences of Paragraph 68, but denies that the allegations in Paragraph 68 present a complete, fair and accurate description of the matters described therein.  JPMorgan denies the allegations in the final sentence of Paragraph 68.

69.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 69.

70.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 70.

71.     JPMorgan admits that spot transactions occur OTC and that dealers are sometimes referred to as "market makers" or "liquidity providers," and denies the remaining allegations in Paragraph 71.

72.     JPMorgan admits that Plaintiffs purport to define "bid-ask," "bid," and "ask" in Paragraph 72 but denies that the purported definitions are complete, fair and accurate, denies

having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and otherwise denies the allegations contained in Paragraph 72.

73.     JPMorgan admits the allegations in Paragraph 73.

74.     JPMorgan admits the allegations in Paragraph 74.

75.     JPMorgan admits that the allegations in the first three sentences of Paragraph 75, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75.

76.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     JPMorgan denies the allegations in Paragraph 78.

79.     JPMorgan denies the allegations in Paragraph 79.

**B.     Benchmark Rates**

80.     JPMorgan admits the allegations in the second and third sentence of Paragraph 80, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

81.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     JPMorgan denies the allegations in Paragraph 84.

**1.     WM/Reuters**

85.     JPMorgan admits that WM/Reuters calculates fixing rates for major currencies every half hour from 6:00 a.m. in Hong Kong/Singapore to 10:00 p.m. in the U.K., and that it publishes fixing rates for spot and forward transactions, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85.

86.     JPMorgan admits that WM/Reuters calculates the 4:00 p.m. Fix based on actual bids and offers placed on certain electronic trading systems during the one-minute window ("the

fix period") that begins thirty seconds before 4:00 p.m. London time and ends thirty seconds after 4:00 p.m. London time, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

### 2.     The ECB Rates

89.     JPMorgan admits the allegations in the first sentence of Paragraph 89, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89.

90.     JPMorgan admits the allegations in Paragraph 90.

### C.     The FX Market Is Concentrated and Dominated by Defendants

91.     JPMorgan denies the allegations in Paragraph 91.

92.     JPMorgan denies the allegations in Paragraph 92, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning entities other than JPMorgan.

93.     JPMorgan denies the allegations in the first sentence of Paragraph 93, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     JPMorgan denies the allegations in Paragraph 94, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 concerning persons other than JPMorgan.

### D.     The FX Market Is Susceptible to Collusion

95.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     JPMorgan denies the allegations in Paragraph 96, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 concerning persons or entities other than JPMorgan.

97.     JPMorgan denies the allegations in Paragraph 97, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 concerning persons or entities other than JPMorgan.

98.     JPMorgan denies the allegations in Paragraph 98, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning persons or entities other than JPMorgan.

99.     JPMorgan denies the allegations in Paragraph 99, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 concerning persons or entities other than JPMorgan.

100.     The allegations in the first sentence of Paragraph 100 purport to state a legal conclusion to which no response is required.  JPMorgan denies the remaining allegations in Paragraph 100.

101.     JPMorgan denies the allegations in Paragraph 101.

102.     JPMorgan denies the allegations in Paragraph 102, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 concerning persons or entities other than JPMorgan.

103.     JPMorgan denies the allegations in Paragraph 103.

## II.     DEFENDANTS CONSPIRED TO FIX FX PRICES

104.     JPMorgan denies the allegations in Paragraph 104, except admits those facts that were admitted in the JPMC Plea Agreement.

105.     JPMorgan denies the allegations in Paragraph 105, except admits those facts that were admitted in the JPMC Plea Agreement.

106.     JPMorgan denies the allegations in Paragraph 106, except admits those facts that were admitted in the JPMC Plea Agreement.

107.     JPMorgan denies the allegations in Paragraph 107.

### A.     Defendants Conspired to Fix Prices and Carried Out the Conspiracy through Electronic Communications

108.     JPMorgan denies the allegations in Paragraph 108, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 concerning persons or entities other than JPMorgan.

109.     JPMorgan denies the allegations in Paragraph 109, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 concerning persons or entities other than JPMorgan.

110.     JPMorgan denies the allegations in Paragraph 110, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 110 concerning persons or entities other than JPMorgan.

111.    JPMorgan denies the allegations in Paragraph 111, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 concerning persons or entities other than JPMorgan.

112.    JPMorgan denies the allegations in Paragraph 112, except admits those facts that were admitted in the JPMC Plea Agreement.

113.    JPMorgan denies the allegations in Paragraph 113, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 concerning persons or entities other than JPMorgan.

114.    JPMorgan denies the allegations in Paragraph 114, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 concerning persons or entities other than JPMorgan.

### B.    Defendants Conspired to Fix Bid-Ask Spreads

115.    JPMorgan denies the allegations in Paragraph 115.

116.    JPMorgan denies the allegations in Paragraph 116, except admits those facts that were admitted in the JPMC Plea Agreement.

117.    JPMorgan denies the allegations in Paragraph 117, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 concerning persons or entities other than JPMorgan.

118.    JPMorgan denies the allegations in Paragraph 118, except admits those facts that were admitted in the JPMC Plea Agreement.

### C.    Defendants' Conspiracy to Fix the Benchmark Rates

119.    JPMorgan denies the allegations in Paragraph 119, except admits those facts that were admitted in the JPMC Plea Agreement.

120.    JPMorgan denies the allegations in Paragraph 120, except admits those facts that were admitted in the JPMC Plea Agreement.

121.    JPMorgan denies the allegations in Paragraph 121.

1.      **Defendants Shared Proprietary Trade Data In Order To Manipulate FX Benchmark Rates**

122.    JPMorgan denies the allegations in Paragraph 122, except admits those facts that were admitted in the JPMC Plea Agreement.

123.    JPMorgan denies the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 purport to state a legal conclusion to which no response is required.

125.    JPMorgan denies the allegations in Paragraph 125, except admits those facts that were admitted in the JPMC Plea Agreement.

2.      **Methods of Manipulating Benchmark Rates**

126.    JPMorgan denies the allegations in Paragraph 126.

127.    JPMorgan denies the allegations in Paragraph 127, except admits those facts that were admitted in the JPMC Plea Agreement.

128.    JPMorgan denies the allegations in Paragraph 128.

129.    JPMorgan denies the allegations contained in Paragraph 129, except admits those facts that were admitted in the JPMC Plea Agreement, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning persons or entities other than JPMorgan.

130.    JPMorgan denies the allegations in Paragraph 130.

131.    JPMorgan denies the allegations in Paragraph 131.

132.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134.    JPMorgan denies the allegations in Paragraph 134.

135.    JPMorgan denies the allegations in Paragraph 135.

136.    JPMorgan denies the allegations in Paragraph 136.

137.    JPMorgan denies the allegations in Paragraph 137.

138.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.    JPMorgan denies the allegations in Paragraph 139.

140.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    JPMorgan denies the allegations in Paragraph 142.

**D.      Other Conduct in Furtherance of the Conspiracy**

143.    JPMorgan denies the allegations in Paragraph 143.

144.    JPMorgan admits that a stop-loss order is an order placed with instructions to buy or sell FX once the currency reaches a certain price, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144.

145.    JPMorgan denies having knowledge or information sufficient to form a belief as to truth of the truth of the allegations in Paragraph 145.

146.    JPMorgan denies the allegations in Paragraph 146.

**III.    DEFENDANTS' CONSPIRACY IMPACTED INDIRECT PURCHASES OF FX INSTRUMENTS**

147.    JPMorgan denies the allegations in Paragraph 147.

148.    JPMorgan states that Paragraph 148 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.    JPMorgan admits that direct purchasers of FX Instruments from Defendants are members of the Direct Settlement Class, and denies the remaining allegations in Paragraph 151.

152.    JPMorgan denies the allegations in Paragraph 152.

153.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and otherwise denies the allegations of paragraph 153, except admits that the referenced website in footnotes 6 and 8 list JPMorgan and that JPMorgan serves as a liquidity provider for FOREX.com and OANDA.

154.    JPMorgan denies the allegations in Paragraph 154.

155.    JPMorgan denies the allegations in Paragraph 155.

156.    JPMorgan denies the allegations in Paragraph 156.

157.    JPMorgan denies the allegations in Paragraph 157.

158.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.    JPMorgan denies the allegations in Paragraph 159.

160.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161.    JPMorgan denies the allegations in Paragraph 161.

162.    JPMorgan denies the allegations in Paragraph 162.

163.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.    JPMorgan admits that Plaintiffs purport to limit membership in their purported Classes to those persons and entities described in Paragraph 165, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166.    JPMorgan denies the allegations in Paragraph 166.

167.    JPMorgan denies the allegations in Paragraph 167.

168.    JPMorgan denies the allegations in Paragraph 168.

169.    JPMorgan denies the allegations in Paragraph 169.

170.    JPMorgan denies the allegations in Paragraph 170.

171.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172.    JPMorgan denies the allegations in Paragraph 172.

173.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

175.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176.

177.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177.

178.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178.

179.    JPMorgan denies the allegations in the final sentence of Paragraph 179, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179.

180.    JPMorgan denies the allegations in Paragraph 180.

181.    JPMorgan denies the allegations in the first sentence of Paragraph 181, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181.

182.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.

184.    JPMorgan denies the allegations in Paragraph 184.

## IV.    GOVERNMENT INVESTIGATIONS OF DEFENDANTS FOR ILLEGAL CONDUCT IN FX TRADING

185.    JPMorgan denies the allegations in Paragraph 185, except admits that agencies of the governments of the United States, United Kingdom, European Union, Brazil, Switzerland, South Africa, and several other countries have conducted investigations of Defendants' FX trading.

186.    JPMorgan admits that the Commodity Trading Futures Commission ("CFTC") entered a Consent Order in *In the Matter of: JPMorgan Chase Bank, N.A.* (CFTC Dkt No. 15-04) ("CFTC Consent Order"), and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 concerning persons or entities other than Chase.   JPMorgan respectfully refers the Court to the CFTC Consent Order for the full and complete contents thereof.

187.     JPMorgan admits that the U.S. Comptroller of the Currency ("OCC") entered a consent order in *In the Matter of JPMorgan Chase Bank, N.A.*, Docket No. AA-EC-14-100 (Nov. 11, 2014) ("OCC Consent Order"), and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 concerning persons or entities other than Chase.  JPMorgan respectfully refers the Court to the OCC Consent Order for the full and complete contents thereof.

188.     JPMorgan admits that JPMorgan Chase & Co. has entered into a plea agreement with the Department of Justice ("DOJ"), and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 concerning persons or entities other than Chase.  JPMorgan respectfully refers the Court to the JPMC Plea Agreement for the full and complete contents thereof.

189.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 concerning entities other than JPMorgan, and respectfully refers the Court to the Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended entered by the Board of Governors of the Federal Reserve System (the "Federal Reserve") in *In the Matter of JPMorgan Chase & Co.* (Dkt No. 15-009-B-HC) (May 20, 2015) (the "Federal Reserve Order").

191.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.

192.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.

193.     JPMorgan denies the allegations in Paragraph 193, and refers to the cited material for its complete content and context.

194.     JPMorgan admits that the judgment against it imposed a fine of $550 million and that it was sentenced to probation for three years, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 concerning entities other than JPMorgan.

195.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195.

196.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196.

197.     JPMorgan admits that, on January 10, 2017, a federal grand jury returned indictments for criminal conspiracy against Richard Usher and two other traders, and avers that, on October 26, 2018, Mr. Usher and the other two traders were acquitted of the charges in the indictment.  JPMorgan denies having knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 197 concerning persons or entities other than JPMorgan.

198.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198.

199.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199.

200.    JPMorgan admits that the United Kingdom Financial Conduct Authority imposed a fine on JPMorgan in the amount of approximately $352 million, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 concerning any entity other than JPMorgan.  JPMorgan refers the Court to the findings of the FCA for their complete content and context.

201.    JPMorgan admits that that SFO sought an interview with Richard Usher and that it closed its investigation without charges in March 2016.  JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 concerning persons or entities other than JPMorgan.

202.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202.

203.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203.

204.    JPMorgan admits that the Competition Commission of South Africa filed a complaint against JPMorgan and others, and refers the Court to that complaint for its complete content and context.

205.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205.

206.    JPMorgan admits that it settled allegations brought by Brazil's antitrust agency, the Administrative Council for Economic Defense ("CADE"), and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 concerning persons or entities other than JPMorgan.

207.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207.

208.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208.

209.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209.

210.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210.

211.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

212.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.

213.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213.

214.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214.

215.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215.

216.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216.

217.    JPMorgan denies the allegations in Paragraph 217.

218.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218.

219.    JPMorgan denies the allegations in Paragraph 219, but admits that it made certain disclosures about the existence of investigations related to FX rates, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 concerning persons or entities other than JPMorgan.

## V.    <u>DIRECT PURCHASER LITIGATION AND SETTLEMENTS</u>

220.    JPMorgan admits the allegations in Paragraph 220.

221.    JPMorgan admits the allegations in Paragraph 221.

222.    JPMorgan admits the allegations in Paragraph 222.

223.    JPMorgan admits the allegations in Paragraph 223.

224.    JPMorgan admits the allegations in Paragraph 224.

225.    JPMorgan admits the allegations in Paragraph 225.

226.    JPMorgan admits the allegations in Paragraph 226.

227.    JPMorgan admits the allegations in Paragraph 227.

## VI.     DEFENDANTS TERMINATED AND SUSPENDED TRADERS, FORCED TRADERS TO RESIGN, AND IMPLEMENTED INTERNAL SAFEGUARDS AFTER THE CLASS PERIOD

228.     JPMorgan denies the allegations in Paragraph 228, except admits that certain personnel in JPMorgan's FX operations have been terminated or resigned, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 concerning persons or entities other than JPMorgan.

229.     JPMorgan denies the allegations in Paragraph 229, except admits that it has instituted policies banning its traders from participating in multi-bank chat rooms and has terminated some of the personnel in its FX operations, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 concerning persons or entities other than JPMorgan.

230.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, except admits that it has been the subject of subsequent employment claims following the separation of certain former employees.

231.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.

234.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234.

235.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235.

236.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236.

237.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237.

238.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238.

239.     JPMorgan admits the allegations in Paragraph 239.

240.     JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.

241.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242.

243.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244.    JPMorgan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244.

245.    JPMorgan denies the allegations in Paragraph 245, except admits that it has implemented surveillance systems in an effort to detect possible improper FX trading in the future, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 concerning persons or entities other than JPMorgan.

246.    JPMorgan denies the allegations in the first sentence of Paragraph 246, and denies having knowledge or information sufficient to form a belief as to the truth  of the allegations in Paragraph 246 concerning persons or entities other than JPMorgan.

## ANTITRUST INJURY TO PLAINTIFFS

247.    JPMorgan denies the allegations in Paragraph 247.

248.    JPMorgan denies the allegations in Paragraph 248.

249.    JPMorgan denies the allegations in Paragraph 249.

250.    JPMorgan denies the allegations in Paragraph 250, except admits those facts that were admitted in the JPMC Plea Agreement.

251.    JPMorgan denies the allegations in Paragraph 251.

252.    JPMorgan denies the allegations in Paragraph 252.

253.    JPMorgan denies the allegations in Paragraph 253.

## FRAUDULENT CONCEALMENT

254.    JPMorgan denies the allegations in Paragraph 254.

255.    JPMorgan denies the allegations in Paragraph 255, except admits those facts that were admitted in the JPMC Plea Agreement.

256.    JPMorgan denies the allegations in Paragraph 256, and refers to the cited materials for their complete content and context.

257.    JPMorgan denies the allegations in Paragraph 257.

258.    JPMorgan denies the allegations contained in Paragraph 258, except admits those facts that were admitted in the JPMC Plea Agreement.

259.    JPMorgan denies the allegations in Paragraph 259, and refers the Court to the November 4, 2010 chat transcript for its complete content and context.

260.    JPMorgan denies the allegations in Paragraph 260.

261.    JPMorgan denies the allegations in Paragraph 261.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violations of the Donnelly Act,**
**New York General Business Laws § 340, *et seq.***
**(On Behalf of the New York Plaintiff against All Defendants)**

262.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

263.    JPMorgan denies the allegations in Paragraph 263, except admits those facts that were admitted in the JPMC Plea Agreement.

### SECOND CLAIM FOR RELIEF
**Violations of Arizona's Uniform State Antitrust Act,**
**Arizona Revised Statutes, §§ 44-1401, *et seq.***
**(On Behalf of the Arizona Plaintiff against All Defendants)**

264.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

265.    JPMorgan denies the allegations in Paragraph 265.

266.    JPMorgan denies the allegations in Paragraph 266, except admits those facts that were admitted in the JPMC Plea Agreement.

### THIRD CLAIM FOR RELIEF
**Violations of the Cartwright Act,**
**California Business and Professions Code § 16720, *et seq.***
**(On Behalf of the California Plaintiffs against All Defendants)**

267.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

268.    JPMorgan denies the allegations in Paragraph 268, except admits those facts that were admitted in the JPMC Plea Agreement.

### FOURTH CLAIM FOR RELIEF
### Violations of California's Unfair Competition Law,
### California Business and Professions Code, § 17200, *et seq.*
### (On Behalf of the California Plaintiffs against All Defendants)

269.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

270.    JPMorgan denies the allegations in Paragraph 270, except admits those facts that were admitted in the JPMC Plea Agreement.

### FIFTH CLAIM FOR RELIEF
### Violations of the Florida Deceptive and Unfair Trade Practices Act,
### Fla. Stat. § 501.201, *et seq.*
### (On Behalf of the Florida Plaintiffs against All Defendants Other Than Bank of America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)

271.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

272.    JPMorgan denies the allegations in Paragraph 272, except admits those facts that were admitted in the JPMC Plea Agreement.

### SIXTH CLAIM FOR RELIEF
### Violations of the Illinois Antitrust Act,
### 740 Ill. Comp. Stat. 10/1, *et seq.*
### (On Behalf of the Illinois Plaintiff against All Defendants Other Than Bank of America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)

273.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

274.    JPMorgan denies the allegations in Paragraph 274, except admits those facts that were admitted in the JPMC Plea Agreement.

### SEVENTH CLAIM FOR RELIEF
### Violations of the Massachusetts Consumer Protection Act,
### Mass. Gen. Laws ch. 93A, §1 *et seq.*
### (On Behalf of the Massachusetts Plaintiffs against All Defendants)

275.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

276.    JPMorgan denies the allegations in Paragraph 276, except admits those facts that were admitted in the JPMC Plea Agreement.

## EIGHTH CLAIM FOR RELIEF
### Violations of the Minnesota Antitrust Law of 1971,
### Minn. Stat., §§ 325D.49 to 325D.66
### (On Behalf of the Minnesota Plaintiff against All Defendants)

277.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

278.    JPMorgan denies the allegations in Paragraph 278, except admits those facts that were admitted in the JPMC Plea Agreement.

## NINTH CLAIM FOR RELIEF
### Violations of the North Carolina Unfair Trade Practice Act,
### N.C. Gen. Stat., § 75-1, *et seq.*
### (On Behalf of the North Carolina Plaintiffs against All Defendants)

279.    JPMorgan repeats and realleges, as though fully set forth herein, each and every response set forth in the preceding paragraphs of this Answer.

280.    JPMorgan denies the allegations in Paragraph 280, except admits those facts that were admitted in the JPMC Plea Agreement.

WHEREFORE, JPMorgan respectfully requests the Court enter judgment as follows:

A.    Dismissing the Complaint in its entirety with prejudice;

B.    Awarding Chase reasonable attorneys' fees and costs incurred in defending this action; and

C.    Awarding such other and further relief as is just and proper.

## GENERAL DENIAL

281.    JPMorgan denies each and every allegation, statement and matter not expressly admitted.

## AFFIRMATIVE DEFENSES

With respect to the claims remaining, and without undertaking any burden of proof not otherwise assigned to them by law, JPMorgan asserts the following affirmative defenses with respect to the causes of action Plaintiffs purport to assert in the Complaint.  For purposes of the defenses below, the term "Plaintiffs" includes any putative member of the alleged classes. JPMorgan reserves the right to assert further defenses as the case proceeds.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert those claims.

### FOURTH DEFENSE

Plaintiffs lack antitrust standing to bring some or all of the claims asserted in the Complaint.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and the doctrines of waiver, laches, and estoppel.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because JPMorgan had legitimate business justifications for the conduct at issue, its conduct was lawful or otherwise economically justified under the rule of reason, and its practices were and are reasonably justified.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Stipulation and Agreement of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. issued in the case *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789, entered into in 2015.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off to the extent of any settlement amount received by Plaintiffs from other Defendants.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contribution and indemnity.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged overcharges were passed on to persons or entities other than Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to identify the retail dealers with whom Plaintiffs allegedly transacted with and is so vague and ambiguous as to deny JPMorgan notice of the transactions alleged by Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs knew of the alleged wrongdoing at the time of their alleged purchases of FX instruments, by their lack of diligence, by their own negligence, and by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in contravention of the statutes under which Plaintiffs seek relief, including but not limited to Minn. Stat. § 325D.57, and in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and the Federal Trade Commission Act, 15 U.S.C. § 45.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because JPMorgan Chase & Co., as a federally-regulated bank, is exempt from liability pursuant to Fla. Stat. § 501.212(4)(c).

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because JPMorgan Chase & Co., as a federally-regulated bank, is exempt from liability pursuant to the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1., *et seq.*

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to Fla. Stat. § 607.1502(a), to the extent any Florida Plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

## NINETEENTH DEFENSE

Plaintiffs' claims under Massachusetts Gen. Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Defendants at least thirty days prior to filing the Complaint.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any specific intrastate misconduct or injuries within the relevant states.

## TWENTIETH-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any unfair or deceptive actions that primarily and substantially occur within the relevant states.

## TWENTY-SECOND DEFENSE

Plaintiffs' consumer protection claims are barred, in whole or in part, because Plaintiffs are not consumers under the relevant statutes and they did not engage in consumer transactions.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to the regulatory scheme exception to the North Carolina Unfair and Deceptive Trade Practices Act, which bars claims when application of the statute would create unnecessary and overlapping supervision, enforcement and liability in the face of existing state or federal laws and regulatory schemes, and the overlapping regulatory regime provides Plaintiffs an adequate remedy.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for restitution is barred, in whole or in part, because JPMorgan is not in possession of funds in which Plaintiffs have an ownership interest.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claim for disgorgement is barred, in whole or in part, to the extent such disgorgement is nonrestitutionary.

## TWENTY-SIXTH DEFENSE

To the extent the Plaintiffs' claims, including their allegations of fraudulent concealment, sound in fraud or misrepresentation, Plaintiffs have not alleged fraud or misrepresentation with the requisite particularity.

### TWENTY-SEVENTH DEFENSE

The Second Consolidated Class Action Complaint is barred, in whole or in part, because Plaintiffs are not permitted by the Illinois Antitrust Act to bring or maintain a class action on behalf of indirect purchasers.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act and regulations promulgated under its authority.

### TWENTY-NINTH DEFENSE

JPMorgan expressly reserves the right to (i) amend or supplement its Answer, affirmative defenses, and all other pleadings, and (ii) assert any and all additional affirmative defenses under any applicable federal and state law in the event that discovery indicates such affirmative defenses would be appropriate.

### THIRTIETH DEFENSE

JPMorgan incorporates by reference any affirmative defense raised by other defendants to this action that is not already asserted above.

Dated:    New York, New York    **SKADDEN, ARPS, SLATE, MEAGHER**
            January 11, 2019           **&amp; FLOM LLP**

                      By:    <u>/s/ Boris Bershteyn           </u>
                                  Boris Bershteyn
                                  Gretchen M. Wolf
                                  Peter S. Julian
                                  Tansy Woan
                                  Harry Koulos
                                  Four Times Square
                                  New York, NY 10036
                                  Telephone: (212) 735-3000
                                  Facsimile:  (212) 735-2000
                                  boris.bershteyn@skadden.com
                                  gretchen.wolf@skadden.com
                                  peter.julian@skadden.om
                                  tansy.woan@skadden.com
                                  harry.koulos.skadden.com

                                  *Attorneys for Defendants JPMorgan Chase &amp;*
                                  *Co. and JPMorgan Chase Bank, N.A.*