UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------ x

UNITED STATES OF AMERICA              :

    - v. -                              :        Crim. No.

UBS AG,                               :        VIOLATIONS:
                                               18 U.S.C. §§ 1343 & 2
    Defendant.                          :

------------------------------------ x

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section (the "Fraud Section") of the Criminal Division of the United States Department of Justice (the "Criminal Division"), and UBS AG ("defendant" or "UBS"), by and through its undersigned attorneys, and through its authorized representative, pursuant to authority granted by UBS's Board of Directors, hereby submit and enter into this plea agreement (the "Agreement"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this Agreement are as follows:

### The Defendant's Agreement

1.     UBS agrees to knowingly waive indictment and plead guilty to a one-count criminal Information charging that, on or about June 29, 2009, in furtherance of a scheme to defraud counterparties to interest rate derivatives transactions by secretly manipulating benchmark interest rates to which the profitability of those transactions was tied, UBS transmitted or caused the transmission of electronic communications in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1343 and 2. UBS is subject to prosecution for this conduct based on the Criminal Division's determination that UBS breached

1

the Non-Prosecution Agreement ("NPA") entered into between UBS and the Fraud Section on December 18, 2012, relating to UBS's submissions of benchmark interest rates, including the London InterBank Offered Rate ("LIBOR"), the Euro Interbank Offered Rate ("EURIBOR"), and the Tokyo InterBank Offered Rate ("TIBOR") (collectively, the "IBOR conduct"). The factual basis for the breach of the NPA is set forth in Exhibit 1 attached hereto. UBS further agrees to persist in that plea through sentencing and, as set forth below, to adhere to all provisions of this Agreement.

2. This Agreement is binding on the Criminal Division and UBS but specifically does not bind any other component of the Department of Justice (the "Department"), other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities, although the Criminal Division will bring the cooperation of UBS, its affiliates and subsidiaries, and its compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by UBS.

3. UBS agrees that this Agreement will be executed by an authorized corporate representative. UBS represents that a resolution duly adopted by UBS's Board of Directors is attached to this Agreement as Exhibit 2 and represents that the signatures on this Agreement by UBS and its counsel are authorized by UBS's Board of Directors, on behalf of UBS.

4. UBS agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

5. UBS agrees to abide by all terms and obligations of this Agreement as described herein, including, but not limited to, the following:

    a. To plead guilty as set forth in this Agreement.

    b.  To abide by all sentencing stipulations contained in this Agreement.

    c.  To appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter.

    d.  To commit no further federal crimes.

    e.  To be truthful at all times with the Court.

    f.  To pay the applicable fine and special assessment.

  6.  UBS agrees that in the event UBS sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, UBS shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the obligations described in this Agreement.

  7.  UBS shall continue to cooperate fully with the Criminal Division and other law enforcement and regulatory authorities and agencies, subject to applicable law and regulations, in any investigation of UBS, its affiliates or subsidiaries, or any of its present or former officers, directors, employees, agents, and consultants, or any other party, in any and all matters relating to: (a) the manipulation of any benchmark interest rates; (b) manipulation of, or fraud in, the foreign exchange spot and precious metals markets, or in connection with UBS's V10 Currency Indices; and (c) violations of United States laws concerning fraud or governing securities or commodities markets, about which UBS has any knowledge and about which the Criminal Division shall inquire.  The obligations under this Paragraph shall continue until the end of the term of any probation imposed by the Court.  In the event any matter as described above in this Paragraph commences during the period of any probation, UBS's cooperation

obligation with respect to that matter will continue for its duration. UBS agrees that its cooperation pursuant to this Paragraph shall include, but not be limited to, the following, all subject to applicable law and regulations:

    a. UBS shall truthfully disclose all factual information not protected by a valid claim of privilege or regulatory protection, including the attorney-client privilege and work product doctrine with respect to its activities, those of its affiliates and subsidiaries, and those of its present and former directors, officers, employees, agents, and consultants, including any evidence or allegations and internal or external investigations, about which UBS has any knowledge and about which the Criminal Division may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of UBS to provide to the Criminal Division, upon request, any document, record or other tangible evidence about which the Criminal Division may inquire of UBS.

    b. Upon request of the Criminal Division, UBS shall designate knowledgeable employees, agents or attorneys to provide to the Criminal Division the information and materials described in Paragraph 7(a) above on behalf of UBS. It is further understood that UBS must at all times provide complete, truthful, and accurate information.

    c. UBS shall use its best efforts to make available for interviews or testimony, as requested by the Criminal Division, present or former officers, directors, employees, agents and consultants of UBS. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with other law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of UBS, may have material information regarding the matters under investigation.

4

      d.      With respect to any information, testimony, documents, records or other tangible evidence provided to the Criminal Division pursuant to this Agreement, UBS consents to any and all disclosures, subject to applicable law and regulations, to other governmental authorities of such materials as the Criminal Division, in its sole discretion, shall deem appropriate.

      8.      In addition to the obligations in Paragraph 7, during any term of probation imposed by the Court, should UBS learn of credible information regarding a violation of U.S. federal criminal law (a) concerning fraud or (b) governing the securities or commodities markets, UBS shall, subject to applicable law and regulations, promptly report such credible information to the Criminal Division.

      9.      UBS agrees that any fine or restitution imposed by the Court will be due and payable within ten (10) business days of sentencing, and UBS will not attempt to avoid or delay payments. UBS further agrees to pay the Clerk of the Court for the United States District Court for the District of Connecticut the mandatory special assessment of $400 within ten (10) business days from the date of sentencing.

### Public Statements by UBS

      10.      UBS acknowledges that certain of its employees committed criminal conduct that violated the NPA.

      11.      UBS expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for UBS make any public statement, including in litigation, contradicting its acceptance of responsibility for the conduct set forth in Exhibit 3, or contradicting the facts set forth in Exhibit 1. Any such contradictory statement shall, subject to cure rights of UBS described below, constitute a breach

of this Agreement. The decision as to whether any contradictory public statement by any person will be imputed to UBS for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Criminal Division. If the Criminal Division determines that a public statement by any such person contradicts in whole or in part the conduct contained in Exhibit 3 or the facts set forth in Exhibit 1, the Criminal Division shall so notify UBS, and UBS may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. UBS shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in Exhibit 1 or Exhibit 3 provided that such defenses and claims do not contradict, in whole or in part, its acceptance of responsibility for the conduct set forth in Exhibit 3 or contradicting the facts set forth in Exhibit 1. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of UBS in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of UBS.

12. UBS agrees that if it or any of its affiliates or subsidiaries issues a press release or holds a press conference in connection with this Agreement, UBS shall first consult with the Criminal Division to determine: (a) whether the text of the release or proposed statements at any press conference are true and accurate with respect to matters between the Criminal Division and UBS; and (b) whether the Criminal Division has any objection to the release.

## The Criminal Division's Agreement

13. In exchange for UBS's guilty plea and UBS's complete fulfillment of all of its obligations under this Agreement, the Criminal Division agrees that it will not file additional criminal charges against UBS or any of its affiliates or subsidiaries, relating to: (a) any

6

of the conduct described in Exhibit 3 (previously marked as Appendix A to the NPA); (b) UBS's submissions for the additional benchmark rates listed in Appendix C to the NPA; (c) information disclosed by UBS to the Criminal Division prior to the date of this Agreement relating to foreign exchange spot trading markets; (d) information disclosed by UBS to the Criminal Division prior to the date of this Agreement relating to precious metals trading markets; and (e) information disclosed by UBS to the Criminal Division prior to the date of this Agreement relating to UBS's V10 Currency Indices. This Paragraph does not provide any protection against prosecution of UBS for any conduct that occurs after execution by the parties of this Agreement. This Paragraph does not provide any protection against prosecution of UBS for any other product, activity, service or market, and does not apply to: (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, et seq.), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; or (c) any violation of the federal tax laws or conspiracy to commit such offenses. This Agreement does not close or preclude the investigation or prosecution of any natural persons, including any officers, directors, employees, agents, or consultants of UBS.

### Factual Basis

14. UBS is pleading guilty because it is guilty of the charge contained in the Information. UBS admits, agrees, and stipulates that the factual allegations set forth in the Information are true and correct, that it is responsible for the acts of its present and former officers and employees described in Exhibit 3, and that Exhibit 3 accurately reflects UBS's IBOR conduct.

### UBS's Waiver of Rights, Including the Right to Appeal

15. Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. UBS expressly warrants that it has discussed these rules with its counsel and understands them. Solely to the extent set forth below, UBS voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Specifically, UBS understands and agrees that any statements that it makes in the course of its guilty plea or in connection with the Agreement are admissible against it for any purpose in any U.S. federal criminal proceeding if, even though the Criminal Division has fulfilled all of its obligations under this Agreement and the Court has imposed the agreed-upon sentence, UBS nevertheless attempts to withdraw its guilty plea.

16. UBS knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. UBS similarly knowingly, intelligently, and voluntarily waives the right to appeal the sentence imposed by the Court in accordance with Federal Rule of Criminal Procedure 11(c). In addition, UBS knowingly, intelligently, and voluntarily waives the right to bring any collateral challenge, including challenges pursuant to Title 28, United States Code, Section 2255, challenging either the conviction, or the sentence imposed in this case. Nothing in this Paragraph, however, will act as a bar to UBS perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. UBS waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this Agreement is signed in the event that: (a) the conviction is later vacated for any reason; (b) UBS violates this

Agreement; or (c) UBS's guilty plea is later withdrawn, provided such prosecution is brought within one year of any such vacation of conviction, violation of agreement, or withdrawal of plea plus the remaining time period of the statute of limitations as of the date that this Agreement is signed. The Criminal Division is free to take any position on appeal or any other post-judgment matter. UBS also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

17. UBS has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. UBS has thoroughly reviewed this Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences. UBS understands that by entering into this Agreement, UBS surrenders certain rights as provided in this Agreement. UBS understands that the rights of criminal defendants include the following:

   a. The right to indictment by a grand jury.

   b. The right to plead not guilty and to persist in that plea.

   c. The right to a jury trial.

   d. The right to be represented by counsel.

   e. The right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

## Penalty

18. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, if the violation affects a financial institution, is a fine of $1 million, see 18 U.S.C. § 3571(c)(1), or twice the gross pecuniary gain or gross pecuniary loss resulting from the offense, whichever is greatest, see 18 U.S.C. § 3571(d); not less than one nor more than five years of probation, see 18 U.S.C. § 3561(c)(1); and a mandatory special assessment of $400, see 18 U.S.C. § 3013(a)(2)(B).

## Sentencing Recommendation

19. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Criminal Division and UBS agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose: (a) a sentence requiring UBS to pay to the United States a criminal fine in the amount of $203 million, pursuant to 18 U.S.C. § 3571(d), payable to the Clerk of Court, United States District Court for the District of Connecticut, within ten (10) business days after the date of judgment; (b) no order of restitution, pursuant to 18 U.S.C. § 3663A(c)(3), as the number of identifiable victims is so large as to make restitution impracticable and determining complex issues of fact related to the cause or amount of victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process; and (c) a term of probation of 3 years (collectively, the "Recommended Sentence"). The Recommended Sentence, and the discretionary decision by the Criminal Division not to impose a monitor on UBS, is based, in part, on the following:

    a. UBS's cooperation in the Department's investigation of criminal conduct in connection with the foreign exchange market, which included, but was not limited to, commencing an internal investigation, reporting the conduct to the Department, assisting and