UNITED STATES OF AMERICA
BEFORE
THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.

|  |  |  |
|---|---|---|
| In the Matter of | ) | Docket No. 17-019-E-I |
|  | ) |  |
| MICHAEL WESTON | ) | Order of Prohibition Issued Upon |
|  | ) | Consent Pursuant to Section 8(e) |
| A former institution-affiliated party of | ) | of the Federal Deposit Insurance Act, |
| BARCLAYS BANK PLC, | ) | as Amended |
| NEW YORK BRANCH, | ) |  |
| New York, New York | ) |  |
|  | ) |  |

WHEREAS, pursuant to sections 8(e) and (i)(3) of the Federal Deposit Insurance Act, as amended (the "FDI Act"), 12 U.S.C. § 1818(e) and (i)(3), the Board of Governors of the Federal Reserve System (the "Board of Governors") issues this Order of Prohibition (the "Order") upon the consent of Michael Weston ("Weston"), a former employee and institution-affiliated party, pursuant to sections 3(u) and 8(b)(3) of the FDI Act, 12 U.S.C. §§ 1813(u) and 1818(b)(3), of the New York branch (the "Branch") of Barclays Bank, PLC ("Barclays"), a foreign bank as defined in section 1(b)(7) of the International Banking Act (12 U.S.C. § 3101(7)), that conducts operations in the United States through various branches, offices and subsidiaries, including through the Branch;

WHEREAS, while employed by the Branch from January 2011 to October 2012 (the "Relevant Period"), Weston routinely communicated with foreign exchange ("FX") traders at other financial institutions through chatrooms on electronic messaging platforms;

WHEREAS, during the Relevant Period, Weston routinely engaged in unsafe and unsound conduct, including in communications by traders in multibank electronic chatrooms, consisting, among other things, of:

a) disclosures to traders of other institutions of confidential information of Barclays and its customers; and

b) possible coordination of the trading of certain currency pairs in connection with FX currency benchmarks or "fixes" set by World Markets/Reuters and the European Central Bank with traders of other institutions.

WHEREAS, on May 20, 2015, Barclays entered into a consent cease and desist order with the Board of Governors and paid a civil money penalty of $342 million related to unsafe and unsound practices by its FX traders;

WHEREAS, by affixing his signature hereunder, Weston has consented to the issuance of this Order by the Board of Governors and has agreed to comply with each and every provision of this Order, and has waived any and all rights he might have pursuant to 12 U.S.C. § 1818, 12 CFR Part 263, or otherwise: (a) to the issuance of a notice of intent to prohibit on any matter implied or set forth in this Order; (b) to a hearing for the purpose of taking evidence with respect to any matter implied or set forth in this Order; (c) to obtain judicial review of this Order or any provision hereof; and (d) to challenge or contest in any manner the issuance, terms, validity, effectiveness, or enforceability of this Order or any provision hereof.

NOW THEREFORE, prior to the taking of any testimony or adjudication of or finding on any issue of fact or law implied or set forth herein, and solely for the purpose of settlement of this proceeding without protracted or extended hearings or testimony:

IT IS HEREBY ORDERED, pursuant to sections 8(e) of the FDI Act, 12 U.S.C. §§ 1818(e), that:

1. Weston, without the prior written approval of the Board of Governors and, where necessary pursuant to section 8(e)(7)(B) of the FDI Act, 12 U.S.C. § 1818(e)(7)(B), another Federal financial institutions regulatory agency, is hereby and henceforth prohibited from:

   (a) participating in any manner in the conduct of the affairs of any institution or agency specified in section 8(e)(7)(A) of the FDI Act, 12 U.S.C. § 1818(e)(7)(A), including, but not limited to, any insured depository institution or any holding company of an insured depository institution, or any subsidiary of such holding company, or any foreign bank or company to which subsection (a) of 12 U.S.C. § 3106 applies and any subsidiary of such foreign bank or company;

   (b) soliciting, procuring, transferring, attempting to transfer, voting or attempting to vote any proxy, consent, or authorization with respect to any voting rights in any institution described in section 8(e)(7)(A) of the FDI Act, 12 U.S.C. § 1818(e)(7)(A);

   (c) violating any voting agreement previously approved by any Federal banking agency; or

   (d) voting for a director, or serving or acting as an institution-affiliated party, as defined in section 3(u) of the FDI Act, 12 U.S.C. § 1813(u), such as an officer, director or employee, in any institution described in section 8(e)(7)(A) of the FDI Act, 12 U.S.C. § 1818(e)(7)(A).

2. Pursuant to section 8(b) of the FDI Act, 12 U.S.C. § 1818(b), Weston shall fully cooperate with and provide substantial assistance to the Board of Governors, including but not limited to the provision of information, testimony, documents, records, and other tangible

evidence, in connection with the investigations of whether enforcement action should be taken against other individuals who are or were institution-affiliated parties of Barclays or otherwise.

    3.    All communications regarding this Order shall be addressed to:

        (a)    Richard M. Ashton, Esq.
                Deputy General Counsel
                Patrick M. Bryan
                Assistant General Counsel
                Board of Governors of
                   the Federal Reserve System
                20th & C Sts. N.W.
                Washington, DC  20551

        (b)    Michael Weston

With a copy to:

        Daniel M. Gitner, Esq.
        Lankler Siffert Wohl LLP
        500 Fifth Avenue
        New York, NY 10110

    4.    Any violation of this Order shall separately subject Weston to appropriate civil or criminal penalties, or both, under sections 8(i) and (j) of the FDI Act, 12 U.S.C §§ 1818(i) and (j).

    5.    The provisions of this Order shall not bar, estop, or otherwise prevent the Board of Governors, or any other Federal or state agency or department, from taking any other action affecting Weston; provided, however, that the Board of Governors shall not take any further action against Weston relating to the matters addressed by this Order based upon facts presently known by the Board of Governors.  This release and discharge shall not preclude or otherwise affect (i) any right of the Board of Governors to determine and ensure compliance with this Order, or (ii) any proceedings brought by the Board of Governors to enforce the terms of this Order.

6.    Each provision of this Order shall remain fully effective and enforceable until expressly stayed, modified, terminated, or suspended in writing by the Board of Governors.

By order of the Board of Governors of the Federal Reserve System, effective this ___ day of July, 2017.

                                                BOARD OF GOVERNORS OF THE
                                                 FEDERAL RESERVE SYSTEM

/s/ Michael Weston                                 /s/ Ann E. Misback
_____   By: _____
  Michael Weston                                      Ann E. Misback
                                                   Secretary of the Board