## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 13 Civ. 07789 (LGS) |
| JAMES CONTANT, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORP., *et al.*,<br><br>    Defendants. | No. 17 Civ. 03139 (LGS) |
| ALLIANZ GLOBAL INVESTORS GMBH, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORP., *et al.*,<br><br>    Defendants. | No. 18 Civ. 10364 (LGS) |

## STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITION PROTOCOL

Pursuant to this Court's Order of December 20, 2018, Plaintiffs and Defendants (collectively, the "Parties") in the three above-captioned actions pending before the Court—(1) *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 ("*FOREX*"); (2) *Contant v. Bank of America Corp., et al.*, No. 17-cv-3139 ("*Contant*"); and (3) *Allianz v. Bank of America Corp., et al.*, No. 18-cv-10364 ("*Allianz*") (collectively, the "Actions")—hereby submit this stipulation regarding the coordination of and procedures for depositions in the Actions.

IT IS HEREBY ORDERED as follows:

This Deposition Protocol Order shall govern, except as otherwise provided herein, all oral fact depositions in the Actions now or in the future.[1]  Any matter not expressly addressed in this Order shall be governed by the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Rules and Procedures for Civil Cases.

This Deposition Protocol Order may be modified at any time by (1) order of the Court or (2) agreement of the Parties, subject to Court approval.  All Parties reserve all rights to seek relief from the Court from any provision for good cause.  This Deposition Protocol Order does not alter any rights or obligations arising from any settlements approved by the Court.

## 1.      Coordinating Depositions

The Court expects depositions to proceed in an efficient manner.  The Parties shall cooperate so that, where practicable, fact depositions will be coordinated across all Actions. Although the Plaintiffs in the *Contant* and *Allianz* actions have only recently received productions of Defendants' documents, that one or more parties in the Actions may not be ready to proceed with a deposition shall not prevent any other parties in the Actions from noticing and taking a deposition and that deposition testimony may be used for litigation purposes in the Actions, including as permitted under Rule 32 of the Federal Rules of Civil Procedure.  The Parties shall work together to minimize the likelihood that any individual (other than experts) and Rule 30(b)(6) designees will be deposed multiple times.

## 2.      Noticing Depositions

### (a)      Current and Former Employees of a Party

In lieu of providing a formal notice of deposition, a party who seeks to depose a witness

---

[1]      The depositions of expert witnesses are not governed by this Order.

who is associated with a party shall serve a written notice on all counsel in the Actions of a request to depose that witness with a proposed date, time, and location.  A witness associated with a party means (i) any current employee of a party or (ii) any former employee who was employed by a party during the relevant period in any Action.  Within 14 days of receiving such notification, counsel for any party for which the witness is associated must: (1) confirm whether counsel will represent that witness; (2) confirm whether counsel is authorized to accept or waive service of a subpoena; (3) for a witness that counsel represents, confirm the proposed date, time, and location for the deposition of the witness or offer an alternative date, time, and location that may not be more than 30 days from the date originally noticed absent good cause.  If the noticing party receives any alternative proposed date, time, and location for the deposition, that party will have 7 days to confirm the alternative(s) or request to meet and confer.  The meet and confer, which may be done telephonically, shall occur within 7 days of the request.  If, following a meet and confer a dispute remains, then either party may seek relief from the Court in accordance with the Court's procedures for discovery disputes.  If counsel for the party or parties with whom the witness is associated does not represent the witness, counsel shall, unless prohibited from doing so under applicable law, provide the date of departure and last known address of the former employee, or the name of the attorney who represents such former employee, if known.

**(b)      Rule 30(b)(6) Depositions**

For Rule 30(b)(6) depositions, the parties shall serve written notice on all counsel in the Actions with a list of deposition topics.  Within 21 days of receiving such notice, counsel for the corporate representative must (i) identify any objections to the proposed topics and (ii) confirm the proposed date, time, and location for the deposition or offer an alternative date, time, and location that may not be more than 30 days from the date originally noticed.  Within 7 days of

receipt of any objections or alternatives requests, the Parties shall meet and confer regarding any objections to the scope, timing or location of the deposition.  If any disputes remain, either party may seek relief from the Court in accordance with the Court's procedures for discovery disputes.

(c)     **Other Third Party Depositions**

A party may serve a deposition subpoena pursuant to Rule 45 on a third party without consulting any other party in the Actions, unless the third party is a former employee of a party, in which case the deposition shall first be requested pursuant to the procedures set forth above. If another party informs the noticing party within 7 days that it intends to cross-notice the third party's deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition.  For subpoenas, each party must provide all other Parties with: (1) notice pursuant to Rule 45; (2) a written record of any oral or written modification to the subpoenas; (3) notice that the party has received any documents or data from the non-party in response to the subpoena; and (4) a copy of such documents or data, no later than three calendar days after receiving such documents or data.

Parties from non-noticing actions shall be afforded reasonable scheduling accommodations, where practicable, though the primary deference shall be made to the noticing parties and the witnesses.

(d)     **Objections to Any Depositions**

If any party objects to the taking of any deposition, it shall provide to all parties its objections in writing within 14 days of the noticing of the deposition.  All objections must state with specificity the grounds for objecting to the deposition.  Within 7 days of receiving written objections, the noticing party and the objecting party shall meet and confer.   If following the meet and confer the dispute remains, either party may seek relief from the Court in accordance

with the Court's procedures for discovery disputes.  The objection by any party to a deposition shall not relieve any other party of their obligations to scheduling dates for the deposition.

### (e)     Master Deposition Calendar

Plaintiffs (collectively) and Defendants (collectively) will work together to create, manage and regularly distribute to all Parties a Master Deposition Calendar reflecting the names and affiliations of the witnesses, the dates of the depositions, the locations and telephone numbers of the deposition sites, the anticipated length (in number of hours) of the depositions, the procedure by which the deposition will be recorded, including videotaping, and the time allocation for each side.  In the event of a change to any deposition, the designated counsel for the side responsible for the change shall be responsible for ensuring that the Master Deposition Calendar is promptly modified to incorporate the change and shall separately serve counsel for all Parties with notice of the change.

Once a deposition has been scheduled on the Master Deposition Calendar, it shall not be taken off the calendar, postponed, or rescheduled, except by agreement of the noticing counsel responsible for scheduling the deposition or by order of the Court for good cause shown.

### 3.     Duration of Depositions

All depositions will presumptively be limited to seven hours of direct examination, unless the Parties otherwise agree or the Court issues an order based on a showing of good cause.  In the event a party cross-notices a deposition of any witness associated with a party that was first noticed by an opposing party, the presumption shall be that the deposition shall be scheduled for an additional consecutive day with three and a half (3.5) hours allocated to the cross-noticing

side.[2]   The Parties may agree to a different arrangement in advance of the deposition or as ordered by the Court for good cause.  The opposing side may examine the witness for up to an additional hour at the conclusion of direct examination, and may cede any portion of such hour to allow questioning by counsel for any other party on the same side, even if such party did not serve a notice or cross-notice for the deposition, and that shall not count against the hours of examination. If counsel for any party on the same side conducts re-cross examination, then the counsel who conducted the direct examination shall be entitled to rebuttal examination of the witness for up to the same amount of time as the re-cross examination.

To the extent a witness requests a translator, and the translator is used for all or nearly all of the deposition, then the time limit for the deposition shall be doubled, to 14 hours, preferably consisting of two consecutive seven-hour days.  In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for use of the translator, guided by the principle that deposition time during which a translator is used should be counted at 50% or one half of the actual time.  Any witness intending to use an interpreter shall give notice that an interpreter will be required within 30 days of receiving notice of the deposition.  The party requesting an interpreter shall bear the expense of providing an interpreter, unless the witness is a third party, in which case the party noticing the deposition shall bear the expense of providing an interpreter.

### 4.    Attendance

Counsel for any Party subject to this Order may attend any deposition noticed in any action, including depositions of any settling Defendant or any current or former employee of a

---

[2]    For purposes of this Order, all plaintiffs are considered opposed to all defendants, and vice versa, regardless of whether there is a finally approved settlement between them.

settling Defendant.  Counsel for the Parties must provide reasonable notice of the number and identity of attendees prior to each scheduled deposition.

To minimize travel and related costs, counsel for any party may participate in any deposition by telephone.  Counsel intending to do so must notify counsel for the party that noticed the deposition and counsel for the witness at least 5 days before the date of the deposition.  Counsel attending the deposition shall be the principal examiner of any witness.  To the extent they are permitted to ask questions, counsel attending by telephone shall not be entitled to question a witness for more than 30 minutes.  Counsel seeking to attend the deposition telephonically shall make arrangements for a conference call line.

### 5.    Location of Depositions

Unless otherwise agreed, or ordered by the Court, the Parties will depose the deponents where they reside.

### 6.    Minimizing Multiple Depositions

The Parties shall work together to minimize the likelihood that any individual (other than experts) and Rule 30(b)(6) designees will be deposed multiple times.  The exceptions to this principle are where: (i) a witness properly revokes an earlier assertion of the Fifth Amendment (*see* Section 13 below); (ii) the Parties otherwise agree; (iii) the witness is designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) and also deposed in his or her individual capacity under Fed. R. Civ. P. 30(a); or (iv) upon order of the Court.

If a party seeks to depose a witness that had been previously deposed in another action subject to this Order, the party seeking the deposition shall provide to counsel for the witness (copying all parties to the Actions) written notice identifying witness-specific reasons why the additional deposition is, in fairness, needed.  Within 14 days of receiving written notice, counsel

for the party seeking the additional deposition and counsel for the witness and any party associated with the witness shall be required in good faith to confer on the need for the additional deposition, including where appropriate in directing the noticing party to where the needed topics were previously covered.

If the parties cannot reach an agreement, the party seeking the additional depositions bears the burden of demonstrating good cause by letter to the Court not to exceed 3 pages. Counsel for the witness and the party associated with the witness shall have 7 days to file a response letter not to exceed three pages. A reply of up to one and a half pages may be filed within three days of the response. What constitutes "good cause" is in the discretion of the Court based on the particular facts and circumstances.

For Rule 30(b)(6) depositions, the parties shall follow a similar process of conferring regarding the stated need for additional testimony.

In light of the timing of their receipt of discovery in their action, the *Allianz* plaintiffs do not bear the burden of demonstrating good cause with respect to any deposition taken in another Action prior to December 31, 2019. For such depositions, the burden shall instead be on the party opposing the deposition to demonstrate that the deposition would be unreasonably cumulative or duplicative under the standards of the Federal Rules of Civil Procedure.

### 7.    Rule 30(b)(6) Depositions

14 days prior to any Rule 30(b)(6) deposition, the party presenting the Rule 30(b)(6) corporate representative(s) shall provide the name(s) and title(s) of the witness(es) who will be providing testimony, along with the specific topics to which the witness or witnesses will be testifying.

### 8.       Number of Fact Depositions

Pursuant to Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure, leave is granted for each side to take in excess of 10 fact depositions.  Plaintiffs in the *FOREX*, *Allianz*, and *Contant* actions (collectively) and Defendants (collectively) may each take up to 130 depositions.  No more than nine depositions may be taken of witnesses associated with any Defendant and no more than three depositions may be taken of witnesses associated with any Plaintiff, except Defendants and *Allianz* Plaintiffs shall meet and confer prior to May 1, 2019, regarding the total number of depositions of witnesses associated with *Allianz* Plaintiffs.  For purposes of calculating the number of depositions per party, any witness who was employed by multiple parties during the relevant period shall be counted against each party's total allotment in proportion to the number of parties by which he or she was employed (*e.g.*, where a witness was employed by two Parties during the Class Period, his or her deposition will be counted as ½ a deposition from each such party's allotment.  For Rule 30(b)(6) depositions directed to an organization, each seven-hour period of deposition (whether a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party fact depositions provided in this Section. Depositions at which a witness exercises his or her Fifth Amendment right to refuse to answer all or nearly all of the substantive questions shall not be counted toward the limits set forth in this Section.  The Parties will in good faith attempt to resolve any disputes with respect to the calculation or allotment of depositions prior to raising any such disputes with the Court.  Any Party may seek to take additional depositions in excess of the amounts discussed above by showing good cause why the additional depositions are needed.  Depositions taken by either side in any of the Actions prior to entry of this Order shall count toward the total limits set forth in

this Section.

**9.     Settlement Agreements**

For the avoidance of doubt, any rights to conduct depositions pursuant to a settlement agreement shall not count against the deposition limits set forth above.

**10.     Withdrawal of Deposition Notices**

Upon reasonable notice, a party (including Plaintiffs collectively or Defendants collectively) may withdraw a deposition notice, and that deposition will not count against the party for purposes of the number of depositions allotted herein.

**11.     Allocation of Deposition Time Among Counsel**

As to all depositions noticed or cross-noticed by Plaintiffs, Plaintiffs' counsel in all Actions shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition.  Given the procedural posture of the *FOREX* action, if the deposition is noticed by *FOREX* Plaintiffs, there is a presumption that Plaintiffs' counsel in *FOREX* will begin the deposition and be entitled to at least half the deposition time.

As to all depositions noticed or cross-noticed by Defendants, Defendants' counsel in all Actions shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition.

To the extent Plaintiffs and Defendants cross-notice a third party who is not associated with any party, *i.e.*, who is not a former employee of any party, for a deposition, the time to conduct any examination under such cross-noticed deposition shall be limited to seven (7) hours divided equally between the two sides to prevent undue burden, unless the Parties and witness otherwise agree or the Court otherwise orders.

The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

Absent agreement by the Parties or as ordered by the Court, any deponent may be examined only by a party who has served a valid deposition notice, subpoena, letters rogatory, or Hague request.  Under no circumstances shall multiple attorneys question a witness concurrently, *i.e.*, examinations or cross-examinations shall be conducted as at trial.

### 12.    Conduct of Depositions

All objections shall be stated concisely in a non-argumentative and non-suggestive manner pursuant to Fed. R. Civ. P. 30(c)(2).  Any objection to a question shall be deemed to have been made on behalf of all other Parties and need not be repeated by other counsel to preserve that objection on behalf of other parties.  Counsel shall avoid making speaking objections or repeating objections already preserved.

### 13.    Fifth Amendment Depositions

Counsel for any witness who intends to assert his or her right to refuse to answer any questions under the Fifth Amendment of the United States Constitution (or similar provision of law) shall endeavor to provide notice of that intent no later than 10 days before the scheduled deposition.  Any person who at a deposition asserts his or her right not to testify under the Fifth Amendment of the United States Constitution (or similar provision of law) will be bound by that assertion of the privilege and shall not be permitted to revoke such privilege or right without making himself or herself available for an additional deposition.

**14.     Foreign Depositions**

Any party that moves for or objects to a Letter of Request or Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or Letters Rogatory to non-Hague signatories will serve that motion or objection in all Actions.  To the extent not inconsistent with applicable foreign law, this Order applies to any foreign depositions for which (i) the Court issues a Letter of Request or Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or as a Letters Rogatory to non-Hague signatories and (ii) a foreign court permits the deposition to occur.  If a foreign Court order is required to secure a foreign witness' attendance, absent an order by the foreign Court, any foreign witness may be examined only by (1) a party who has obtained valid letters rogatory or a valid Hague request; (2) the witness's counsel; and (3) counsel for a party associated with the witness, who may cede up to one hour of their examination time to allow questioning by counsel for any other party on the same side.  Other parameters of any such foreign depositions, including date, time, location, ground rules, etc., shall otherwise be set by the foreign Court with jurisdiction over the witness.

**15.     Deposition Logistics and Costs**

The first party to notice the deposition will be responsible for arranging the deposition space, court reporter, and (if sought) videographer.  Each party is responsible for ordering and paying for its own copies of the transcripts or video from the court reporter or videographer, unless the Parties agree to share these costs.

16.     **Additional Depositions**

Any witness appearing on a party's final trial witness list in any of the Actions who has not previously been deposed in the Actions may be deposed within the two months prior to the trial date (or, if the relevant Parties agree, during trial).

17.     **Pre-Designation of Exhibits**

Not later than 3 business days before a deposition, all Parties intending to examine a deponent may serve via electronic mail on all Parties a non-binding list of documents (by Bates number) that counsel anticipates using or referring to during the deposition.  Examining counsel is not responsible for bringing copies of pre-designated anticipated exhibits for other counsel. Any counsel who does not pre-designate documents shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition.  Counsel are not obligated to pre-designate exhibits.  "Sufficient copies" shall mean at least 5 hard copies plus one USB drive, FTP credentials or other storage device containing electronic copies from which all other counsel may copy the documents to their computers.

18.     **Numbering of Deposition Exhibits**

Each document marked for identification at the depositions shall be numbered with a new exhibit number unless it has been previously marked, in which case the examining counsel will endeavor to use the previous exhibit number and refer to the document by that number.  When an exhibit is introduced at a deposition, counsel shall identify the exhibit by Bates number in advance of questioning for clarity of the record and to facilitate participation by teleconference. To the extent that more than one deposition occurs on any given day, the Parties shall designate a range of exhibit numbers to be used for each deposition occurring on that day so as to avoid any overlap of exhibit numbers.

19.     **Designation and Use of Deposition Transcripts**

Upon the conclusion of any deposition, counsel for all Parties shall have 30 days from the date a final transcript is delivered to review and designate any portion of such transcript as "Confidential" or "Highly Confidential," during which time all Parties shall treat the deposition as "Highly Confidential."  The transcripts and related exhibits for depositions taken by any party in any of the Actions or in *Nypl, et al., v. JPMorgan Chase & Co., et al.*, No. 1:15-cv-09300-LGS (S.D.N.Y.) ("*Nypl*"), including depositions taken prior to the entry of this Order, shall be made available for purchase by counsel for any party in the related Actions  (*i.e.*, any of the three above-captioned actions), notwithstanding any provision limiting the use of such transcripts or exhibits in any protective order entered in any of the individual Actions or in *Nypl*.  For purposes of receipt or use of documents or testimony designated as "Confidential" or "Highly Confidential", counsel for any party in the related Actions is permitted the level of access permitted in the specific Action or in *Nypl*.

Other than counsel in the Actions, however, access to passages designated as "Confidential" or "Highly Confidential" shall be limited to those persons authorized under the protective orders entered in the Actions; no party shall unreasonably withhold authorization to additional relevant persons in the related Actions (*e.g.*, experts).  Nothing in this Section prevents a party from objecting to the use of, or moving to exclude use of, a deposition, including from another related matter, in that party's case, except that a party may not object to the use of a deposition covered by this order on the ground that the party did not attend the deposition and/or was unable to question the witness and/or that the deposition was not noticed in that particular Action.

Upon the conclusion of any deposition of a witness associated with a party or parties, counsel for that party or parties shall have 30 days from the date a final transcript is delivered to review and submit an errata sheet with corrections to the transcript.

DATED:  March 21, 2019

SO ORDERED.

Dated: New York, New York

_____, 2019

_____
HON. LORNA G. SCHOFIELD
United States District Judge

**SO STIPULATED AND AGREED:**

SCOTT+SCOTT ATTORNEYS AT LAW
LLP

By:

Christopher M. Burke
Walter W. Noss
Kristen M. Anderson
Stephanie A. Hackett
Kate LV
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
shackett@scott-scott.com
klv@scott-scott.com


HAUSFELD LLP
Michael D. Hausfeld
Reena Armillay Gambhir
Timothy Kearns
Nathaniel C. Giddings
Sarah Lafreniere
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
mhausfeld@hausfeld.com
rgambhir@hausfeld.com
tkearns@hausfeld.com
ngiddings@hausfeld.com
slafreniere@hausfeld.com

*Counsel for In re Foreign Exchange Benchmark
Rates Antitrust Litigation Plaintiffs*

16

BERGER MONTAGUE PC

By: _____

Michael Dell'Angelo
Merrill G. Davidoff
Michael J. Kane
Joshua T. Ripley
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net
mdavidoff@bm.net
mkane@bm.net
jripley@bm.net

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL KONECKY
WOTKYNS LLP
8501 North Scottsdale Rd., Ste. 270
Scottsdale, AZ 85253
Tel: (480) 428-0142
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com

Joseph C. Peiffer
PEIFFER WOLF CARR & KANE, APLC
201 St. Charles Ave., Ste. 4610
New Orleans, LA 70170
Tel: (504) 523-2434
Fax: (504)523-2464
jpeiffer@pwcklegal.com

R. Bryant McCulley
Stuart H. McCluer
Frank B. Ulmer
MCCULLEY MCCLUER PLLC
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com
fulmer@mcculleymccluer.com

*Counsel for Contant Plaintiffs*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _Dan Brockett_

Daniel L. Brockett
Chad Johnson
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com
chadjohnson@quinnemanuel.com

Jeremy D. Andersen
Chris R. Barker
Matt Hosen
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com
chrisbarker@quinnemanuel.com
matthosen@quinnemanuel.com

*Counsel for Allianz Plaintiffs*

SHEARMAN & STERLING LLP

By:_____
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America*
*Corporation, Bank of America, N.A. and Merrill*
*Lynch, Pierce, Fenner & Smith Incorporated*

ALLEN & OVERY LLP

By: _Laura R. Hall_ /RRD

David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

PATTERSON BELKNAP WEBB & TYLER LLP

By:_____
Joshua A. Goldberg
Alejandro H. Cruz
Camille L. Fletcher
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
jgoldberg@pbwt.com
acruz@pbwt.com
cfletcher@pbwt.com

*Attorneys for Defendants BNP Paribas Group, BNP
Paribas USA, Inc., BNP Paribas S.A. and BNP
Paribas Securities Corp.*[3]

---

[3]   Allen & Overy LLP does not represent Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas
S.A. and BNP Paribas Securities Corp. with respect to claims by Claimants affiliated with BlackRock, Inc.

ALLEN & OVERY LLP

By:_____

David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

PATTERSON BELKNAP WEBB & TYLER LLP

By:_____
Joshua A. Goldberg
Alejandro H. Cruz
Camille L. Fletcher
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
jgoldberg@pbwt.com
acruz@pbwt.com
cfletcher@pbwt.com

*Attorneys for Defendants BNP Paribas Group, BNP*
*Paribas USA, Inc., BNP Paribas S.A. and BNP*
*Paribas Securities Corp.*[3]

---

[3]   Allen & Overy LLP does not represent Defendants BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas
S.A. and BNP Paribas Securities Corp. with respect to claims by Claimants affiliated with BlackRock, Inc.

SULLIVAN & CROMWELL LLP

By: _Matthew A. Schwartz/ MT_

Matthew A. Schwartz
Matthew A. Peller
Jacob B. Lieberman
Mavara Agha
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
pellerm@sullcrom.com
liebermanj@sullcrom.com
agham@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC,*
*Barclays PLC and Barclays Capital Inc.*

COVINGTON & BURLING LLP

By: _____

Andrew A. Ruffino
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
aruffino@cov.com

Andrew D. Lazerow
Thomas Isaacson
Jamie Heine
Benjamin L. Cavataro
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
alazerow@cov.com
tisaacson@cov.com
jheine@cov.com
bcavataro@cov.com

*Attorneys for Defendants Citigroup Inc.,*
*Citibank, N.A., and Citigroup Global*
*Markets Inc.*

22

CAHILL GORDON & REINDEL LLP

By: _David Januszewski_ *srw*

David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Sheila C. Ramesh
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com

*Attorneys for Defendants Credit Suisse Group AG,*
*Credit Suisse AG, Credit Suisse International, and*
*Credit Suisse Securities (USA) LLC*

LATHAM & WATKINS LLP

By: _Joe Serino / GPM_

Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
joseph.serino@lw.com
Telephone: (212) 906-1717

KING & SPALDING LLP

By: _____

G. Patrick Montgomery
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

*Attorneys for Defendants Deutsche Bank AG and
Deutsche Bank Securities Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: *Tom Moloney /s/*

Thomas J. Moloney
George S. Cary
Rishi Zutshi
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
rzutshi@cgsh.com

*Attorneys for Defendants The Goldman
Sachs Group, Inc. and Goldman Sachs &
Co. LLC*

25

LOCKE LORD LLP

By: _____
Gregory T. Casamento
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank plc, HSBC
North America Holdings, Inc., HSBC Bank USA,
N.A., and HSBC Securities (USA) Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:

Boris Bershteyn
Peter S. Julian
Tansy Woan
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
peter.julian@skadden.com
tansy.woan@skadden.com

DONTZIN NAGY & FLEISSIG LLP

By:_____

Tibor L. Nagy, Jr.
980 Madison Avenue
New York, NY 10075
212-717-2900
tibor@dnfllp.com

*Attorneys for Defendants JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A. and J.P. Morgan*
*Securities LLC*[4]

---

[4]   Skadden, Arps, Slate, Meagher & Flom LLP does not represent JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC with respect to claims by BlackRock, Inc. or BlackRock-related entities listed in Appendix C of the *Allianz* complaint.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:_____
Boris Bershteyn
Peter S. Julian
Tansy Woan
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
peter.julian@skadden.com
tansy.woan@skadden.com

DONTZIN NAGY & FLEISSIG LLP

By:_____ /AXJ
Tibor L. Nagy, Jr.
980 Madison Avenue
New York, NY 10075
212-717-2900
tibor@dnfllp.com

*Attorneys for Defendants JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A. and J.P. Morgan
Securities LLC*[4]

---

[4]   Skadden, Arps, Slate, Meagher & Flom LLP does not represent JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC with respect to claims by BlackRock, Inc. or BlackRock-related entities listed in Appendix C of the *Allianz* complaint.

27

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: *Kenneth A. Gallo /AM*
Kenneth A. Gallo
Michael E. Gertzman
Maxwell A.H. Kosman
Anand Sithian
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
kgallo@paulweiss.com
mgertzman@paulweiss.com
mkosman@paulweiss.com
asithian@paulweiss.com

*Attorneys for Defendants MUFG Bank, Ltd. and
MUFG Securities Americas Inc.*

WACHTELL, LIPTON, ROSEN & KATZ

By: _Jonathan M. Moses / JLB_

Jonathan M. Moses
Bradley R. Wilson
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley,*
*Morgan Stanley & Co., LLC, and Morgan Stanley*
*& Co. International plc*

MOORE AND VAN ALLEN PLLC

By:_____
James P. McLoughlin, Jr.
Mark A. Nebrig
Joshua D. Lanning
Moore and Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendants The Royal Bank of
Canada and RBC Capital Markets, LLC*

DAVIS POLK & WARDWELL LLP

By: _____

Paul S. Mishkin
Melissa C. King
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
melissa.king@davispolk.com

*Attorneys for Defendants The Royal Bank of*
*Scotland plc and NatWest Markets Securities Inc.*

31

LINKLATERS LLP

By: _____

James R. Warnot, Jr.
Adam S. Lurie
Patrick C. Ashby
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
james.warnot@linklaters.com
adam.lurie@linklaters.com
patrick.ashby@linklaters.com

MAYER BROWN LLP

By: _____

Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone:  212-506-2500
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendants Société Générale and SG
Americas Securities, LLC*[5]

---

[5]    Linklaters LLP does not represent Société Générale or SG Americas Securities, LLC with respect to claims by
BlackRock, Inc. or the BlackRock-related entities listed in Appendix C of the *Allianz* Complaint.

SIDLEY AUSTIN LLP

By:_____
Andrew W. Stern
Nicholas P. Crowell
787 Seventh Avenue
New York, New York 10019
astern@sidley.com
ncrowell@sidley.com
Telephone: (212) 839-5300

EVERSHEDS SUTHERLAND LLP

By:_____
Lewis S. Wiener
Ronald W. Zdrojeski
Meghana D. Shah
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
lewiswiener@eversheds-sutherland.com
ronzdrojeski@eversheds-sutherland.com
meghanashah@eversheds-sutherland.com

*Attorneys for Defendants Standard Chartered Bank
and Standard Chartered Securities (North
America), Inc.*[6]

---

[6]   Eversheds Sutherland (US) LLP only represents Standard Chartered Bank and Standard Chartered Securities (North America), LLC with respect to claims by AllianzGI GmbH, the Allianz Entities, PIMCO, and the PIMCO Funds, all as defined in the *Allianz* Complaint.

SIDLEY AUSTIN LLP

By:_____
Andrew W. Stern
Nicholas P. Crowell
787 Seventh Avenue
New York, New York 10019
astern@sidley.com
ncrowell@sidley.com
Telephone: (212) 839-5300

EVERSHEDS SUTHERLAND LLP

By:_____
Lewis S. Wiener
Ronald W. Zdrojeski
Meghana D. Shah
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
lewiswiener@eversheds-sutherland.com
ronzdrojeski@eversheds-sutherland.com
meghanashah@eversheds-sutherland.com

*Attorneys for Defendant Standard Chartered Bank[6]*

---

[6]   Eversheds Sutherland (US) LLP only represents Standard Chartered Bank with respect to claims by AllianzGI
      GmbH, the Allianz Entities, PIMCO, and the PIMCO Funds, all as defined in the *Allianz* Complaint.

GIBSON, DUNN & CRUTCHER LLP

By: _____

Eric J. Stock
Indraneel Sur
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
isur@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jarp@gibsondunn.com
mkatsur@gibsondunn.com

*Attorneys for Defendants UBS AG, UBS Group AG,
and UBS Securities LLC*

34