# ALIOTO LAW FIRM

ONE SANSOME STREET
35TH FLOOR
SAN FRANCISCO, CALIFORNIA  94104

TELEPHONE (415) 434-8900
FACSIMILE (415) 434-9200

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2019

March 29, 2019

*Via ECF*

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *John Nypl, et al. v. JP Morgan Chase & Co et al.,* No. 15-cv-9300 (LGS)

Dear Judge Schofield:

By leave of this Court, this letter is in opposition to the letter by the Department of Justice ("DOJ") dated March 25, 2019, seeking to prohibit the *Nypl* Plaintiffs from taking the depositions of the signatories of the guilty Plea Agreements and Non-Prosecution Agreements, entered on May 20, 2015(*USA v.  Barclays Plc; Citicorp; JP Morgan Chase & Co.; Royal Bank Of Scotland Plc*, Case No. 15-0078, ECF No. 12 and *USA v. UBS AG*, Case No. 15-0076, ECF No. 17), before the Honorable Stefan R. Underhill and the Honorable Robert N. Chatigny, United States District Court Judges of the District of Connecticut, almost four years ago.

The requested stay by the DOJ should be denied, at least as it applies to the *Nypl* Plaintiffs' efforts to finally take the above stated depositions for the following reasons, inter alia:

1. Circumstances have changed. Since the last DOJ stay Order on December 20, 2019 (ECF No. 394), Plaintiffs and Defendants have entered into a Stipulation and Order Concerning Deposition Coordination, (ECF No. 425), entered by this Court on March 18, 2019, which in ¶(2) at p.3 , inter alia, deals with Plaintiffs' taking the depositions of the signatories of Defendants' Plea Agreements and Deferred Prosecution Agreement (Exhibits A-1 to A-6 to the Third Amended Complaint (ECF No.190)).

2. This is the 7th stay sought by the DOJ, a piecemeal lingchi resulting in the substantial and unnecessary prejudice to the *Nypl* Plaintiffs;

3. The requested stay, devoid of any claim of any supposed or asserted interference whatsoever that could be caused by the depositions, does not comport with either the spirit or the letter of Rule 1 of the Federal Rules of Civil Procedure;

ALIOTO LAW FIRM
Page 2

4.  The reasons given for the stay – that there is a pending appeal and a trial in other cases – does not even attempt to tell this Court, secretly or otherwise, how the DOJ would be, or could be, prejudiced in any way by allowing the *Nypl* Plaintiffs to take the depositions;

5.  The Plea Agreements and Deferred Prosecution Agreement specifically state Restitution would be by the private civil suits, making the *Nypl* case compatible to, not antagonistic toward, the DOJ's interests;

6.  The DOJ never intervened or sought to intervene in this case, and has no legal right to stall, delay, and hinder these plaintiffs from the prosecution of their case;

7.  The DOJ, in its criminal trial, did not use the Plea Agreements or Deferred Prosecution Agreement, did not intend to use the Plea Agreements or Deferred Prosecution Agreement, and indeed agreed not to use the Plea agreements or Deferred Prosecution Agreement, unless to rebut the defendants' use of them, demonstrating that the depositions could not have in anyway interfered with the DOJ's case, but could have only helped it;

8.  The prejudice to the Plaintiffs – that the four-year delay in their case risks losing witnesses is real – is not in any way countered by any perceived prejudice to the DOJ; and

9.  The *Nypl* Plaintiffs must not be treated like second class citizens, subject to the unsubstantiated *ipse dixit* of the DOJ, which can no longer claim any potential interference with any grand jury or other potential interference, including an already briefed appeal.

Whatever may have been the basis of past requests for a stay by the DOJ, including a sealed affidavit, no longer exists. The depositions proposed by the Plaintiffs could have been and should have been easily concluded more than two years ago. Indeed, as suggested in the Case Management Statement over two years ago, there is every probability the case could have been and would have been tried by now.  Another stay is not reasonable or fair to these Plaintiffs. Nor is the DOJ prejudiced in the slightest by a denial of the stay.

The *Nypl* Plaintiffs respectfully submit that the requested stay should be denied, and the *Nypl* Plaintiffs allowed to proceed with the delayed prosecution of their case.

For substantially the reasons stated in the Department's letter (No. 13 Civ. 7789, Dkt. No. 1252), the Department's application is GRANTED. The testamentary discovery stay is extended to July 1, 2019.  The Department may apply for an extension at that time if the stay continues to be necessary.  The Clerk of Court is respectfully directed to docket this Order in Case Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364.

Dated: April 1, 2019
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE