**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES CONTANT, et al.,<br><br>                                        Plaintiffs,<br><br>        vs.<br><br><br>BANK OR AMERICA CORPORATION, et al.,<br><br>                                        Defendants. | Case No. 17-CV-3139(LGS) |

### THIRD-PARTY FXDIRECT DEALER, LLC'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

Stefan Savic
Brian Grossman
**SHIPKEVICH PLLC**
65 Broadway, STE 750
New York, New York 10006
Telephone:      (212) 252-3003
Facsimile:      (888) 568-5815
ssavic@shipkevich.com
bgrossman@shipkevich.com
*Attorneys for Third-Party FXDirectDealer, LLC*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..........................................................................................................iii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT .............................................................................................................................. 2

    I.    PLAINTIFF'S SUBPOENA IS IN VIOLATION OF RULE 45 BY REQUESTING THE PRODUCTION OF DOCUMENTS MORE THAN 100 MILES FROM WHERE FXDIRECT REGULARLY TRANSACTS BUSINESS AND SHOULD THUS BE QUASHED.................................................................. 3

    II.   PLAINTIFF'S SUBPOENA IS FURTHER IN VIOLATION OF RULE 45 AS THE SUBPOENA REQUESTS THE PRODUCTION OF TRADE SECRET AND CONFIDENTIAL INFORMATION ........................................................... 4

    III.  THE SUBPOENA IS UNDULY BURDENSOME ON THIRD-PARTY FXDD SUCH THAT IT SHOULD BE QUASHED........................................................ 5

CONCLUSION............................................................................................................................ 7

## TABLE OF AUTHORITIES

### Cases

*Bogosian v. Woloohojian Realty Corp.*,
 323 F.3d 55 (1st Cir. 2003) ........................................................................... 3

*Bridgeport Music Inc. v. UMG Recordings, Inc.*,
 05 Civ. 6430(VM)(JCF), 2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007)................................. 6

*Cohen v. City of New York*,
 255 F.R.D. 110 (S.D.N.Y. 2008)........................................................................ 5

*Fears v. Wilhelmina Model Agency, Inc.*,
 No. 02 CIV. 4911(HB)(HBP), 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004)............................... 4

*Fitch, Inc. v. UBS Painewebber, Inc.*,
 330 F.3d 104 (2d Cir.2003) ........................................................................... 6

*In re 650 Fifth Ave. & Related Properties*,
 No. 08 CIV. 10934 (KBF),2013 WL 12335763 (S.D.N.Y. Aug. 29, 2013) .............................. 6

*In re Edelman*,
 295 F.3d 171 (2d Cir. 2002) ........................................................................ 2, 3

*Nova Biomedical Corp. v. i-STAT Corp.*,
 182 F.R.D. 419 (S.D.N.Y. 1998)........................................................................ 5

*Price Waterhouse LLP v. First American Corp.*,
 182 F.R.D. 56 (S.D.N.Y. 1998)......................................................................... 2

*Raza v. City of New York*,
 998 F. Supp. 2d 70 (E.D.N.Y. 2013).................................................................... 4

*State Farm Mut. Auto. Ins. Co. v. Fayda*,
 No. 14CIV9792WHPJCF, 2015 WL 7871037, (S.D.N.Y. Dec. 3, 2015)................................... 6

*Travelers Indem. Co. v. Metro. Life Ins. Co.*,
 228 F.R.D. 111 (D. Conn. 2005) ....................................................................... 6

*Tucker v. Am. Int'l Grp., Inc.*,
 281 F.R.D. 85 (D. Conn. 2012) ........................................................................ 6

*United States v. Sanders*,
 211 F.3d 711 (2d Cir.2000) ........................................................................... 6

iii

**Rules**

Fed. R. Civ. P. 45 .................................................................................................. 2, 3, 4, 5

Fed. R. Civ. P. 26 ......................................................................................................... 4

FXDD moves the Court to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2019 ("Subpoena") served by James Contant because it violates the Federal Rules of Civil Procedure (each individually a "Rule") as it requests the production of documents more than 100-miles from FXDD's principal place of business, it requests trade secret and confidential information, it requests information in the possession of the parties, and because responding to the requests would be overly burdensome.

## PRELIMINARY STATEMENT

Plaintiff served a third-party subpoena demanding production of large volume of documents on FXDD, a New Jersey Foreign Limited Liability Corporation that is not a party to this case, with a principal place of business in Jersey City, New Jersey, for production in San Francisco, California. There is approximately 2,500 miles between the two cities. Such request for production is in violation of Rule 45's 100-mile limitation and requires this Court to quash the subpoena.

Even if the 100-mile limitation does not warrant quashing the subpoena—which it does— Plaintiff's Subpoena requests the production of trade secrets, privileged, and confidential information, such that the Subpoena also needs to be quashed or modified on its substance. Plaintiff requests information such as quotes given to retail customers, transactions with retail customers, contact information for all such customers, contracts between FXDD and customers, methodology of how FXDD set prices, "algorithms, models, information systems, or other process" used to analyze and forecast transactions, all software used for transactions with customers, exposure for all transactions, and neutralizing and hedging methods and processes. All of this information is either a trade secret, proprietary, or confidential. Plaintiff does not need this information in

pursuing its case, nor—even if Plaintiff did need this information—does the probative value of the information outweigh the prejudice to FXDD.

## STATEMENT OF FACTS

FXDD is a New Jersey foreign limited liability company. FXDD's principal place of business is 525 Washington Blvd, Fl 14th, Jersey City, NJ 07310-1606. (Subpoena, 2.) Plaintiff sought production of documents at 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111. (Subpoena, 2.) It is more than 2,500 from Jersey City, NJ to San Francisco, CA. (*See* Distance Between 525 Washington Blvd Jersey City, NJ 07310-1606 and 4 Embarcadero Center, San Francisco, CA 94111.[1])

## ARGUMENT

Fed. R. Civ. P. 45 supports the central goal "to prevent non-party witnesses from being subjected to excessive discovery burdens." *Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 63 (S.D.N.Y. 1998); *In re Edelman*, 295 F.3d 171, 178 (2nd Cir. 2002) ("The purpose of the 100 mile exception is to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest."). The court may consider: (i) whether subpoena was issued primarily for purposes of harassment, (ii) whether there are other viable means to obtain same evidence (iii) extent to which information sought is relevant, nonprivileged, and crucial to moving party's case. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66-67 (1st Cir. 2003). A subpoena for documents may not command production at a place more than 100 miles from where the subpoena recipient lives, works, or regularly transacts business in person

---

[1]    FreeMapTools    https://www.freemaptools.com/how-far-is-it-between-525-washington-blvd-jersey-city_-nj-07310-1606--and-4-embarcadero-center_-san-francisco_-ca-94111.htm    (last accessed on Apr. 4, 2019)

Fed. R. Civ. P. 45 (c)(2)(A). A subpoena that commands production beyond this limit must be quashed Fed. R. Civ. P. 45 (d)(3)(A)(ii).

## I.   PLAINTIFF'S SUBPOENA IS IN VIOLATION OF RULE 45 BY REQUESTING THE PRODUCTION OF DOCUMENTS MORE THAN 100 MILES FROM WHERE FXDIRECT REGULARLY TRANSACTS BUSINESS AND SHOULD THUS BE QUASHED.

Plaintiff's subpoena is in violation of Rule 45 by requesting the production of documents more than 100 miles from FXDD regularly transacts business and therefore must be quashed. Under Rule 45 a "subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(1). A court "*must* quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *see also, e.g., In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002) (stating that the purpose of this rule is "to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest"). Plaintiff served FXDD care of Annemarie Caiati at 525 Washington Blvd, Fl 14th, Jersey City, NJ 07310-1606. (Subpoena, 2.) Plaintiff demanded production of the documents at Peiffer Wolf Carr & Kane, 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111. (Subpoena, 2.) FXDD's principal place of business is over 2,500 miles from the place of production. (*See* Distance Between 525 Washington Blvd Jersey City, NJ 07310-1606 and 4 Embarcadero Center, San Francisco, CA 94111.) Plaintiff's subpoena should be quashed as it violates Fed. R. Civ. P. 45.

3

## II.   PLAINTIFF'S SUBPOENA IS FURTHER IN VIOLATION OF RULE 45 AS THE SUBPOENA REQUESTS THE PRODUCTION OF TRADE SECRET AND CONFIDENTIAL INFORMATION

Plaintiff's subpoena is in violation of Rule 45 as it requests the production of trade secret and confidential information that is not relevant to any parties' claims. Under Rule 26 of the Federal Rules of Civil Procedure, discovery is permissible only with respect to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 45 provides that a subpoena must be quashed if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Furthermore, Rule 45 requires that a subpoena be quashed where it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). A court may quash or modify a subpoena that requests the disclosure of "a trade secret or other confidential research, development, or commercial information." FRCP 45(d)(3)(B)(i). A court will deny disclosure when the probative value of proposed discovery is outweighed by the burden of production. *See Raza v. City of New York*, 998 F. Supp. 2d 70, 86 (E.D.N.Y. 2013). In evaluating probative value against burden, special weight is given to the concerns of non-parties. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 CIV. 4911(HB)(HBP), 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).

Plaintiff is seeking information from FXDD regarding trade secrets in demands 1, 8, 9, 10, 18, and 19 in contravention to Rule 45(d)(3)(B)(i). For example, Plaintiff seeks FXDD's algorithms or computer models," (Subpoena, demand 1); "the manner in which [FXDD] set[s] [its] FX transaction prices," (Subpoena, demand 8); "Documents or data sufficient to identify and describe all algorithms, models, information systems, or other processes used by [FXDD] to monitor, analyze, and/or forecast FX transaction prices," (Subpoena, demand 9); all of FXDD's

4

forecasts, (Subpoena, demand 10); methods to neutralize and hedge investments, (Subpoena, demand 18); and differences in hedging between customers and Defendants, (Subpoena, demand 19). All of these demands seek trade secrets and therefore the Court should quash demands 1, 8, 9, 10, 18, and 19.

Plaintiff is also seeking confidential or privileged information in demands 2, 4, 5, 7, 11, 13, 15, and 17 in violation of Rule 45(d)(3)(A)(iii). Plaintiff seeks information regarding all of FXDD's customers, including but not limited to locations of customers, quotes given to customers, specific contracts with customers, how much certain groups of customers trade, programs used, and FXDD's exposure in certain trades. (Subpoena, demands 2, 4, 5, 7, 9, 11, 13, 15, and 17.) All of this information is confidential or privileged and the Court should quash demands 2, 4, 5, 7, 11, 13, 15, and 17.

## III.   THE SUBPOENA IS UNDULY BURDENSOME ON THIRD-PARTY FXDD SUCH THAT IT SHOULD BE QUASHED

Fed. Rule of Civil Proc. 45(c)(a)(iv) requires a Court to quash or modify a subpoena when the subpoena "subjects a person to undue burden." In New York (S.D.N.Y.), Courts have evaluated whether a subpoena imposes an 'undue burden' based on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered, the particularity with which the documents are described and the burden imposed." *Cohen v. City of New York*, 255 F.R.D. 110, at 117-18 (S.D.N.Y. 2008) (emphasis added); *see also, Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419 (S.D.N.Y. 1998). These factors are typically weighed against the necessity of the party seeking discovery and ultimately, "motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting, *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). "The burden of demonstrating relevance remains on

the party seeking discovery." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14CIV9792WHPJCF, 2015 WL 7871037, at \*2 (S.D.N.Y. Dec. 3, 2015), *aff'd*, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016). "Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Bridgeport Music Inc. v. UMG Recordings, Inc.*, 05 Civ. 6430(VM)(JCF), 2007 WL 4410405 at \*2 (S.D.N.Y. Dec. 17, 2007) (quoting *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). Finally, "[w]hile discovery requested of nonparties is analyzed under the same Rule 26 framework as that between parties, '[w]ithin this Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome.'" *In re 650 Fifth Ave. & Related Properties*, No. 08 CIV. 10934 (KBF), 2013 WL 12335763, at \*2 (S.D.N.Y. Aug. 29, 2013) (quoting *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 92 (D. Conn. 2012)).

There is no relevance in any of FXDD's documents and the production of such documents would constitute an undue burden on non-party FXDD. Plaintiff's subpoena is seeking over eight years' worth of data and documents dating back to 2007. (Subpoena, Instruction 1.) Such data and documents will likely consist of thousands—if not tens or hundreds of thousands—of pages of code, algorithms, processes, trades, internal notes and memorandum, and more that cannot be compiled in an efficient manner. (Subpoena, demands 1–19.) Moreover, such codes, algorithms, and processes have been modified over the years, resulting in vastly duplicative discovery of thousands of pages with only minor changes in each version. Finally, as Plaintiff requests documents from over a decade ago, FXDD would need to compile documents in old file formats, some of which may no longer even be used and therefore require additional expense, in order to

6

comply with the subpoena. Plaintiff can point to no reasonable circumstances that these documents are more relevant than burdensome for non-party FXDD to produce.

## **CONCLUSION**

Plaintiff's subpoena to FXDD must be quashed in its entirety as it demands the production of documents outside of 100 miles from FXDD's principal place of business. Furthermore, even if the Court does not quash Plaintiff's subpoena in its entirety, the Court should quash demands 1, 8, 9, 10, 18, and 19 for seeking trade secrets and demands 2, 4, 5, 7, 11, 13, 15, and 17 for seeking confidential and privileged information.

Dated:  April 11, 2019
     New York, New York

Respectfully submitted,

Stefan Savic
Brian Grossman
**SHIPKEVICH PLLC**
65 Broadway, STE 750
New York, New York 10006
Telephone:     (212) 252-3003
Facsimile:     (888) 568-5815
ssavic@shipkevich.com

*Attorneys for Third-Party FXDirectDealer, LLC*

7