USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2019

May 1, 2019

**VIA ECF**
Honorable Lorna G. Schofield
U.S. District Court Southern District of New York
40 Foley Square
New York, NY 10007

　　　　　**RE: *Contant, et al. v. Bank of America Corp., et al.*, No. 17-cv-3139**

Dear Judge Schofield:

　　　　The parties respectfully submit this joint letter pursuant to Rule I.B.2 of the Court's Individual Rules and Procedures requesting an extension of the fact discovery and pre-motion letter deadline of May 2, 2019. ECF No. 176. The parties agree that the discovery deadline should be extended, but disagree as to the appropriate nature of the extension. Plaintiffs request a twelve-month extension, resulting in a new fact discovery deadline and deadline for filing their motion for class certification of May 2, 2020. Defendants do not believe that an extension of more than six months is warranted at this time. But in an effort to accommodate Plaintiffs' desire for a lengthier extension, Defendants consent to a twelve-month extension of fact discovery, provided that Plaintiffs agree to a schedule for filing their class certification motion no later than November 2, 2019 (six months from the currently operative deadline for the close of fact discovery). This is the first request for an extension of the deadline. The parties' respective positions are summarized below. If an extension is granted, the May 16, 2019 conference may be unnecessary, as the conference was designed to follow the May 2, 2019 deadlines.

　　　　**I.　　Plaintiffs' Statement**

　　　　Discovery commenced on January 11, 2019 as to the Non-Foreign Defendants. ECF No. 176, ¶ 8. Discovery is stayed as to the Foreign Defendants. *Id.* Defendants' proposed six-month extension would not enable Plaintiffs and their experts to complete the substantial party and non-party discovery required to prepare the expert analyses necessary to support their motion for class certification or to prosecute their claims.

　　　　Plaintiffs request an extension until May 2, 2020 to complete discovery and to move for class certification. Defendants insist upon an artificial and unrealistic six-month deadline for Plaintiffs to move for class certification. Plaintiffs do not require the full completion of fact discovery to move for class certification. However, Plaintiffs and their class experts must analyze terabytes of transactional sales data from retail foreign exchange dealers ("RFEDS") *and all* Defendants and then link those data sets. Plaintiffs and their experts must then construct complex econometric models to estimate classwide impact and damages. Thus far, Plaintiffs have received terabytes of data in January 2019 from Non-Foreign Defendants and *none* from the Foreign Defendants. Plaintiffs are in the process of obtaining many more terabytes of unique transactional sales data and other information from 60 RFEDs through Rule 45 subpoenas. Defendants have also served numerous RFED subpoenas seeking similar information. In denying one RFED's motion to quash Plaintiffs' subpoena, the Court recognized the crucial nature of the requested data and other information related to class certification. *See* ECF No. 254. Plaintiffs'

negotiations with RFEDs over search terms and the formats for data production are at an early stage, and some RFEDs have not yet responded to Plaintiffs' subpoenas; thus, vast amounts of third party data will not be produced for months (at best), absent additional motion practice.

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met."[1] Plaintiffs and their experts cannot reasonably gather the voluminous data and do the work necessary to move for class certification in six months, particularly absent the Foreign Defendants' data. In *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 ("*FOREX*"), the plaintiffs had *more than two years* after the commencement of discovery to file their class motion and did not require third party data, unlike here. *See FOREX* ECF Nos. 274, 1197.[2] Plaintiffs would be severely prejudiced if they were forced to file their class motion without sufficient time to obtain and analyze the data necessary to meet their burden. Thus, Defendants' proposed six-month class deadline is unfeasible and fails to comport with Rule 23's requirement that class certification be scheduled "at an early *practicable* time." Fed. R. Civ. P. 23(c)(1)(A).

Additionally, no discovery deadline has been set in *FOREX* or *Allianz v. Bank of America Corp., et al.*, No. 18-cv-10364 ("*Allianz*"). The Deposition Protocol Order (entered on March 22, 2019) provides that Plaintiffs in the three actions (collectively) and Defendants (collectively) may each take up to 130 depositions of party and non-party witnesses. ECF No. 186, ¶ 8. Two hundred sixty depositions cannot be completed between now and November 2, 2019.[3] Thus, Defendants' proposed six-month discovery deadline would prevent Plaintiffs from participating in all coordinated depositions or force the other actions to vastly accelerate their timelines.

Finally, discovery is stayed as to the Foreign Defendants and witnesses covered by the testamentary discovery stay ordered by the Court at the DOJ's request. For Foreign Defendants, discovery cannot even begin until the resolution of their Rule 12(b)(2) motions. *See* ECF No. 176, ¶ 8(b). Discovery is also stayed as to certain individuals involved in the related DOJ criminal actions until at least July 1, 2019. *See* ECF No. 242. Trial in the *United States v. Aiyer*, No. 18-cr-333, is scheduled to begin on October 21, 2019, *see FOREX* ECF No. 1252, and the stay may be further extended until the completion of that trial. Defendants' proposed deadline would prevent Plaintiffs from completing necessary fact discovery of the persons and entities that are currently subject to discovery stays.

Defendants' insistence on an artificially short and unrealistic class certification deadline—where the burden is Plaintiffs—should not be countenanced. Defendants are willing to consent to a twelve month extension of discovery; therefore, twelve months to complete the tremendous amount of work necessary to properly address class certification—much of which is dependent upon third party data productions, and some of which depends upon Foreign

---

[1] *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010); *see also Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) ("Failure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation either in its memoranda of law or at the hearing on the motion if one is so held.").

[2] None of the cases cited by Defendants support their suggestion that the Court should require Plaintiffs to move for class certification without having adequate time to obtain and analyze necessary discovery. In *FOREX* and *Rivera v. Harvest Bakery Inc.*, 312 F.R.D. 254, 263 (E.D.N.Y. 2016), cited by Defendants below, the plaintiffs *volunteered* to move for class certification prior to the completion of fact discovery. *Id.* The *Rivera* court cautioned that "a movant who moves [for class certification] early in discovery may risk the denial of his or her motion for failure to produce enough evidence to warrant certification." *Id.* The same is true here.

[3] *See FOREX* ECF No. 1014 (Second Amended Civil Case Management Plan and Scheduling Order), at ¶ II.F; *Allianz* ECF No. 144 (Civil Case Management Plan and Scheduling Order).

Defendants who have refused to participate in discovery—is reasonable and will not result in delay or prejudice.

## II.   Defendants' Statement[4]

Defendants do not believe that an extension greater than six months is warranted at this time. Every reason invoked by Plaintiffs as a reason for a twelve-month extension—the discovery stay pending the Foreign Defendants' motion to dismiss, the DOJ stay, third party discovery, and the absence of a fact discovery deadline in *FOREX*—was known to the parties and the Court or easily foreseeable at the November 2018 initial status conference, when the Court set the May 2, 2019 deadline for all fact discovery and any pre-motion letters for dispositive or class certification motions. (*See* ECF No. 176, ¶ 8(a) & 13(c).) Nonetheless, the Court gave the parties approximately six months for discovery and ordered the parties to keep the Court apprised of developments in status letters every forty-five days to show that "everyone is moving as expeditiously as possible" and to create a "record in case [the parties] need to ask for more time." *See* ECF No. 181, at 29, Transcript of Nov. 15, 2018 conference; *see also* ECF No. 176, ¶ 13, Scheduling Order (ordering the parties to submit a joint status letter every forty-five days).

Although Defendants agree that an extension of fact discovery and pre-motion letters for dispositive and class certification motions is warranted, Defendants do not believe it would be consistent with the Court's prior guidance to request an extension of greater than six months at this time and on the present record. Of course, if circumstances six months from now provide good cause for a further extension, Defendants will meet and confer with Plaintiffs in good faith and make joint or separate proposals to the Court about a further extension.

In an effort to facilitate compromise but ensure continuing progress of this litigation, Defendants offered to consent to Plaintiffs' request for a twelve-month extension of fact discovery and pre-motion letters, provided that Plaintiffs agree to file their motion for class certification by November 2, 2019. This schedule will allow the Court to address at an efficient and practical juncture any deficiencies in Plaintiffs' class allegations, preserving judicial and party resources.

As the Court is aware, the plaintiffs in *FOREX* have already moved to certify a class, without waiting for the completion of discovery and on a documentary record that was in large part made available to *Contant* Plaintiffs in January 2019. In commencing *FOREX* class certification proceedings before the completion of fact discovery and expiration of the DOJ stay, this Court conformed to the direction of the Federal Rules of Civil Procedure that class certification be decided "at an early practicable time" after the commencement of a suit. Fed. R. Civ. P. 23(c)(1)(A); *see also Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 207, 215 (2d Cir. 2004) (emphasizing the "utility of early decision of a motion for class certification," holding that the "early practicable time" requirement of Rule 23 required a decision on class certification before the court could assess whether to exercise or decline supplemental jurisdiction over the counterclaims); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455-56 (7th Cir. 2007) (holding that the district court erred in failing to rule on class certification early in litigation with reasonable promptness, criticizing the court for having instead bypassed class certification and ruling on the merits of the case almost two years after the suit had been filed); *Rivera v. Harvest*

---

[4] In the context of this letter, "Defendants" excludes settling defendants Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc.

*Bakery Inc.*, 312 F.R.D. 254, 263 (E.D.N.Y. 2016) (rejecting contention that a movant can only make a motion for class certification under Rule 23 after discovery has been completed). Indeed, a prompt certification decision is necessary for fundamental fairness, which "requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." *Siskind v. Sperry Retirement Program, Unisys*, 47 F.3d 498, 503 (2d Cir. 1995). That objective is particularly acute in this case, where Defendants are confronted with multiple putative classes with claims under the laws of different states, some or all of which may not be certified.

Plaintiffs contend that their class certification motion will hinge in significant part on facts concerning the operations of retail foreign exchange dealers ("RFEDs"). But discovery concerning these facts can proceed (and has proceeded) concurrently with discovery in *FOREX* because they are unique to this case and do not involve any witnesses associated with the DOJ stay.

Balancing these considerations, Defendants proposed a deadline for filing the motion six months from now. Plaintiffs have rejected that proposal, and until today, have not proposed an alternative class certification deadline or otherwise engaged with Defendants on establishing that deadline. This evening, for the first time, Plaintiffs proposed to file for class certification in May 2020—a full year after a pre-motion letter deadline that the Court set when the parties last appeared before Your Honor in November 2018. But Plaintiffs have not made the case that circumstances have changed so dramatically in such a short time that a year-long extension is warranted. Accordingly, Defendants respectfully request that, if the Court were to extend fact discovery for greater than six months, it consider setting a class certification motion deadline for November 2, 2019.

It is ORDERED that the fact discovery deadline is extended to February 3, 2020.  It is further ORDERED that the case management conference scheduled for May 16, 2019, is adjourned to January 9, 2020, at 10:40 a.m.  An amended Case Management Plan and Scheduling Order will issue in a separate order.

Dated: May 2, 2019
          New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**