**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————————— X

|  |  |
|---|---|
| JAMES CONTANT, SANDRA LAVENDER, VICTOR HERNANDEZ, MARTIN-HAN TRAN, FX PRIMUS LTD., CARLOS GONZALEZ, UGNIUS MATKUS, CHARLES G. HITCHCOCK III, JERRY JACOBSON, TINA PORTER, AND PAUL VERMILLION, on behalf of themselves and all others similarly situated, | : : : : : No. 1:17-cv-03139-LGS : : |
| Plaintiffs, | : **JURY TRIAL DEMANDED** : |
| v. | : : |
| BANK OF AMERICA CORPORATION, *et al.*, | : : |
| Defendants. | : : : |

···································································· X

## DEFENDANT STANDARD CHARTERED BANK'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Standard Chartered Bank ("SCB"), by and through its undersigned counsel, hereby answers the allegations in the Second Consolidated Class Action Complaint (the "Complaint"), insofar as they are made against SCB, as follows:

To the extent that the first unnumbered paragraph of the Complaint requires a response, SCB denies the allegations contained therein.

1.      SCB denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring this action as a class action.  SCB states that Paragraph 1 purports to define "FX Instrument" and "FX Exchange-Traded Instrument," to which no response is required.

2.      SCB denies the allegations in Paragraph 2 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 2 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3.      SCB denies the allegations in Paragraph 3 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 3 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

4.      SCB denies the allegations in Paragraph 4 to the extent that they relate to SCB, except admits that SCB received inquiries from certain regulatory authorities regarding the FX market and that SCB entered into a Consent Order with the New York State Department of Financial Services on January 29, 2019 regarding the FX market.  To the extent that the allegations set forth in Paragraph 4 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

5.      SCB denies the allegations in Paragraph 5 to the extent they relate to SCB as containing an incomplete description of the matters described, except admits that on August 6, 2018, the Court granted final approval of a settlement of claims against SCB and other defendants in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-07789-LGS (S.D.N.Y.) ("*FOREX*").  To the extent that the allegations set forth in Paragraph 5 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  SCB states that Paragraph 5 purports to define "Direct Purchaser Class Plaintiffs," "Direct Settlement Class," "Exchange-Only Settlement Class," "Settling Defendants," and "Non-Settling Defendants," to which no response is required.

6.      Paragraph 6 consists of legal assertions to which no response is required.  To the extent that Paragraph 6 contains factual allegations, SCB denies them.

7.      Paragraph 7 consists of legal assertions to which no response is required.  To the extent that Paragraph 7 contains any factual allegations, SCB denies them.

8.      Paragraph 8 consists of legal assertions to which no response is required.  To the extent that Paragraph 8 contains any factual allegations, SCB denies them, except admits that SCB maintains an office in New York, New York.

9.      Paragraph 9 consists of legal assertions to which no response is required.  To the extent that Paragraph 9 contains any factual allegations, SCB denies them, except admits that SCB maintains an office in New York, New York.

10.     SCB denies the allegations in Paragraph 10 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 10 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

11.     SCB denies the allegations in Paragraph 11 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 11 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

12.     SCB denies the allegations in Paragraph 12 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 12 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

13.     SCB denies the allegations in Paragraph 13 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 13 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

14.     SCB denies the allegations in Paragraph 14 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 14 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

15.     SCB denies the allegations in Paragraph 15 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 15 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

16.     SCB denies the allegations in Paragraph 16 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 16 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

17.     SCB denies the allegations in Paragraph 17 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 17 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18.     SCB denies the allegations in Paragraph 18 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 18 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

19.     SCB denies the allegations in Paragraph 19 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 19 do not relate to SCB, SCB denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

20.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the same.

21.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the same.

22.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies the same.

23.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies the same.

24.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies the same.

25.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the same.

29.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the same.

30.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the same.

31.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the same.

32.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the same.

33.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the same.

35.     SCB denies the allegations in Paragraph 35 as containing an incomplete and misleading description of the matters described, except admits that SCB is incorporated under the laws of England and Wales with headquarters in London, that SCB's New York branch is licensed by the New York State Department of Financial Services with a registered address at 1095 Avenue of the Americas, New York, New York 10036, and that SCB has a branch in San Francisco, California.  To the extent that Paragraph 35 purports to quote from or summarize the contents of the *FOREX* order granting Standard Chartered plc's motion to dismiss for lack of personal jurisdiction (2016 WL 1268267 (S.D.N.Y. Mar. 31, 2016)) or other unidentified sources, SCB respectfully refers the Court to such documents for their full and accurate contents.

36.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the same.

37.     SCB states that Paragraph 37 purports to define "Defendant" and "Defendants" to which no response is required.  To the extent that Paragraph 37 contains any factual allegations, SCB denies them.

38.     SCB states that Paragraph 38 purports to define references to any act of any corporation to which no response is required.  To the extent that Paragraph 38 contains any factual allegations, SCB denies them.

39.     Paragraph 39 consists of legal assertions to which no response is required.  In addition, Paragraph 39 purports to define "Co-conspirators" to which no response is required. To the extent that Paragraph 39 contains any factual allegations, SCB denies them.

40.     Paragraph 40 consists of legal assertions to which no response is required.  To the extent that Paragraph 40 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 40.

41.     Paragraph 41 consists of legal assertions to which no response is required.  To the extent that Paragraph 41 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 41.

42.     Paragraph 42 consists of legal assertions to which no response is required.  To the extent that Paragraph 42 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 42.

43.     Paragraph 43 consists of legal assertions to which no response is required.  To the extent that Paragraph 43 contains factual allegations, SCB denies them, except admits that

Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 43.

44.    Paragraph 44 consists of legal assertions to which no response is required.  To the extent that Paragraph 44 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 44.

45.    Paragraph 45 consists of legal assertions to which no response is required.  To the extent that Paragraph 45 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 45.

46.    Paragraph 46 consists of legal assertions to which no response is required.  To the extent that Paragraph 46 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 46.

47.    Paragraph 47 consists of legal assertions to which no response is required.  To the extent that Paragraph 47 contains factual allegations, SCB denies them, except admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the putative class described in Paragraph 47.

48.    SCB states that Paragraph 48 purports to define "State Classes" to which no response is required.  To the extent that Paragraph 48 contains any factual allegations, SCB denies them.

49.     Paragraph 49 consists of legal assertions to which no response is required.  In addition, Paragraph 49 provides definitional language for which no response is required.  To the extent that Paragraph 49 contains any factual allegations, SCB denies them.

50.     Paragraph 50 consists of legal assertions to which no response is required.  In addition, Paragraph 50 provides definitional language for which no response is required.  To the extent that Paragraph 50 contains any factual allegations, SCB denies them.

51.     Paragraph 51 consists of legal assertions to which no response is required.  To the extent that Paragraph 51 contains any factual allegations, SCB denies them.

52.     Paragraph 52 consists of legal assertions to which no response is required.  To the extent that Paragraph 52 contains any factual allegations, SCB denies them.

53.     Paragraph 53 consists of legal assertions to which no response is required.  To the extent that Paragraph 53 contains any factual allegations, SCB denies them.

54.     Paragraph 54 consists of legal assertions to which no response is required.  To the extent that Paragraph 54 contains any factual allegations, SCB denies them.

55.     Paragraph 55 consists of legal assertions to which no response is required.  To the extent that Paragraph 55 contains any factual allegations, SCB denies them.

56.     Paragraph 56 consists of legal assertions to which no response is required.  To the extent that Paragraph 56 contains any factual allegations, SCB denies them.

57.     Paragraph 57 consists of legal assertions to which no response is required.  To the extent that Paragraph 57 contains any factual allegations, SCB denies them.

58.     Paragraph 58 consists of legal assertions to which no response is required.  To the extent that Paragraph 58 contains any factual allegations, SCB denies them.

59.    SCB denies the allegations in Paragraph 59 as containing an incomplete description of the matters described.  To the extent that Paragraph 59 purports to quote from or summarize the contents of a report by the Bank for International Settlements, SCB respectfully refers the Court to that document for its full and accurate contents.

60.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies the same, except admits that currencies can sometimes be identified by a three-letter code and that Paragraph 60 lists the "G10" currencies.

61.    SCB denies the allegations in Paragraph 61 as containing an incomplete description of the matters described.

62.    SCB denies the allegations in Paragraph 62 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 62 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

63.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies the same, except admits that FX trades may be conducted over-the-counter or on an exchange.

64.    SCB denies the allegations in Paragraph 64 as containing an incomplete description of the matters described, except admits that FX is traded globally.

65.    SCB denies the allegations in Paragraph 65 as containing an incomplete description of the matters described, except admits that Plaintiffs purport to describe the times at which FX trading occurs.

66.     SCB denies the allegations in Paragraph 66 as containing an incomplete description of the matters described, except admits that Plaintiffs purport to describe the times at which FX trading occurs.

67.     SCB denies the allegations in Paragraph 67 as containing an incomplete description of the matters described, except admits that currencies are bought and sold in pairs.

68.     SCB denies the allegations in Paragraph 68 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 68 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

69.     SCB denies the allegations in Paragraph 69 as containing an incomplete description of the matters described.  To the extent that Paragraph 69 purports to quote from or summarize the contents of a report by the Bank for International Settlements, SCB respectfully refers the Court to that document for its full and accurate contents.

70.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies the same.

71.     SCB denies the allegations in Paragraph 71 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 71 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

72.     SCB denies the allegations in Paragraph 72 as containing an incomplete description of the matters described.

73.     SCB denies the allegations in Paragraph 73 as containing an incomplete description of the matters described.

74.     SCB denies the allegations in Paragraph 74 as containing an incomplete description of the matters described.

75.     SCB denies the allegations in Paragraph 75 as containing an incomplete description of the matters described.

76.     SCB denies the allegations in Paragraph 76 as containing an incomplete description of the matters described.

77.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies the same.

78.     SCB denies the allegations in Paragraph 78 as containing an incomplete description of the matters described.

79.     SCB denies the allegations in Paragraph 79 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 79 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

80.     SCB denies the allegations in Paragraph 80 as containing an incomplete description of the matters described.

81.     SCB denies the allegations in Paragraph 81 as containing an incomplete description of the matters described.

82.     SCB denies the allegations in Paragraph 82 as containing an incomplete description of the matters described.

83.     SCB denies the allegations in Paragraph 83 as containing an incomplete description of the matters described.

84.     SCB denies the allegations in Paragraph 84 as containing an incomplete description of the matters described.

85.     SCB denies the allegations in Paragraph 85 as containing an incomplete description of the matters described.

86.     SCB denies the allegations in Paragraph 86 as containing an incomplete description of the matters described.

87.     SCB denies the allegations in Paragraph 87 as containing an incomplete description of the matters described.

88.     SCB denies the allegations in Paragraph 88 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 88 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

89.     SCB denies the allegations in Paragraph 89 as containing an incomplete description of the matters described.

90.     SCB denies the allegations in Paragraph 90 as containing an incomplete description of the matters described.

91.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies the same.

92.     SCB denies the allegations in Paragraph 92 to the extent that they relate to SCB, except admits that Euromoney reported that SCB's market share in foreign exchange trading was less than one percent in 2012 and 2013.  To the extent that the allegations set forth in Paragraph 92 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 92

13

purports to quote from or summarize the contents of surveys by Euromoney, SCB respectfully refers the Court to those documents for their full and accurate contents.

93.     SCB denies the allegations in Paragraph 93 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 93 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 93 purports to quote from or summarize the contents of a Federal Reserve Bank document or a Foreign Exchange Committee survey, SCB respectfully refers the Court to these documents for their full and accurate contents.

94.     SCB denies the allegations in Paragraph 94 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 94 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

95.     SCB denies the allegations in Paragraph 95 as containing an incomplete description of the matters described.

96.     SCB denies the allegations in Paragraph 96 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 96 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

97.     SCB denies the allegations in Paragraph 97 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 97 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

14

98.     SCB denies the allegations in Paragraph 98 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 98 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

99.     SCB denies the allegations in Paragraph 99 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 99 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

100.     Paragraph 100 consists of legal assertions to which no response is required.  To the extent that Paragraph 100 contains any factual allegations, SCB denies them to the extent that they relate to SCB.  To the extent that the allegations set forth in Paragraph 100 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

101.     SCB denies the allegations in Paragraph 101 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 101 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

102.     SCB denies the allegations in Paragraph 102 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 102 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

103.     SCB denies the allegations in Paragraph 103 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 103 do not relate to SCB, SCB denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

104.     SCB denies the allegations in Paragraph 104 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 104 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

105.     SCB denies the allegations in Paragraph 105 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 105 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

106.     SCB denies the allegations in Paragraph 106 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 106 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

107.     SCB denies the allegations in Paragraph 107 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 107 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

108.     SCB denies the allegations in Paragraph 108 to the extent that they relate to SCB, except admits that SCB employees have communicated electronically regarding certain currencies.  To the extent that the allegations set forth in Paragraph 108 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

109.     SCB denies the allegations in Paragraph 109 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 109 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

110.     SCB denies the allegations in Paragraph 110 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 110 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 110 purports to quote from or summarize the contents of a Commodity Futures Trading Commission order, SCB respectfully refers the Court to that document for its full and accurate contents.

111.     SCB denies the allegations in Paragraph 111 to the extent that they relate to SCB.  To the extent that the allegations set forth in Paragraph 111 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 111 purports to quote from or summarize the contents of a Commodity Futures Trading Commission order, SCB respectfully refers the Court to that document for its full and accurate contents.

112.     SCB denies the allegations in Paragraph 112 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 112 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

113.     SCB denies the allegations in Paragraph 113 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 113 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and,

therefore, denies the same.  To the extent that Paragraph 113 purports to quote from or summarize the contents of a Commodity Futures Trading Commission order, SCB respectfully refers the Court to that document for its full and accurate contents.

114.    SCB denies the allegations in Paragraph 114 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 114 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

115.    SCB denies the allegations in Paragraph 115 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 115 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

116.    SCB denies the allegations in Paragraph 116 as containing an incomplete description of the matters described.

117.     SCB denies the allegations in Paragraph 117 to the extent that they relate to SCB, except admits that an SCB employee communicated in the single chat session excerpted in Paragraph 117.  To the extent that the allegations set forth in Paragraph 117 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 117 purports to quote from or summarize the contents of a transcript of an electronic communication, SCB respectfully refers the Court to that document for its full and accurate contents.

118.    SCB denies the allegations in Paragraph 118 as containing an incomplete description of the matters described.

119.     SCB denies the allegations in Paragraph 119 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 119 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

120.     SCB denies the allegations in Paragraph 120 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 120 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

121.     SCB denies the allegations in Paragraph 121 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 121 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

122.     SCB denies the allegations in Paragraph 122 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 122 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

123.     SCB denies the allegations in Paragraph 123 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 123 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

124.     Paragraph 124 consists of legal assertions to which no response is required.  To the extent that Paragraph 124 contains any factual allegations, SCB denies them to the extent that they relate to SCB.  To the extent that the allegations set forth in Paragraph 124 do not relate to

SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent that Paragraph 124 purports to quote from or summarize the Federal Reserve Bank of New York's guidelines, SCB respectfully refers the Court to such guidelines for their full and accurate contents.

125.     Paragraph 125 consists of legal assertions to which no response is required.  To the extent that Paragraph 125 contains any factual allegations, SCB denies them to the extent that they relate to SCB.  To the extent that the allegations set forth in Paragraph 125 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

126.     SCB denies the allegations in Paragraph 126 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 126 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

127.     SCB denies the allegations in Paragraph 127 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 127 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

128.     SCB denies the allegations in Paragraph 128 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 128 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

129.     SCB denies the allegations in Paragraph 129 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 129 do not relate to SCB, SCB denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

130.     SCB denies the allegations in Paragraph 130 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 130 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

131.     SCB denies the allegations in Paragraph 131 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 131 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

132.     SCB denies the allegations in Paragraph 132 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 132 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 132 purports to quote from or summarize the contents of a transcript of a UK Financial Conduct Authority report, SCB respectfully refers the Court to that document for its full and accurate contents.

133.     SCB denies the allegations in Paragraph 133 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 133 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 133 purports to quote from a transcript or summarize the contents of a Commodity Futures Trading Commission order, SCB respectfully refers the Court to that document for its full and accurate contents.

134.    SCB denies the allegations in Paragraph 134 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 134 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 134 purports to quote from or summarize the contents of a transcript, SCB respectfully refers the Court to that document for its full and accurate contents.

135.    SCB denies the allegations in Paragraph 135 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 135 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

136.    SCB denies the allegations in Paragraph 136 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 136 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

137.    SCB denies the allegations in Paragraph 137 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 137 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

138.    SCB denies the allegations in Paragraph 138 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 138 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 138 purports to quote from a transcript

or summarize the contents of a UK Financial Conduct Authority report, SCB respectfully refers the Court to that document for its full and accurate contents.

139.    SCB denies the allegations in Paragraph 139 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 139 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

140.    SCB denies the allegations in Paragraph 140 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 140 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 140 purports to quote from a transcript or summarize the contents of a UK Financial Conduct Authority report, SCB respectfully refers the Court to that document for its full and accurate contents.

141.    SCB denies the allegations in Paragraph 141 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 141 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 141 purports to quote from or summarize the contents of a transcript, SCB respectfully refers the Court to that document for its full and accurate contents.

142.    SCB denies the allegations in Paragraph 142 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 142 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

143.     SCB denies the allegations in Paragraph 143 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 143 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

144.     SCB denies the allegations in Paragraph 144 as containing an incomplete description of the matters described.

145.     SCB denies the allegations in Paragraph 145 as containing an incomplete description of the matters described.

146.     SCB denies the allegations in Paragraph 146 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 146 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

147.     SCB denies the allegations in Paragraph 147 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 147 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

148.     Paragraph 148 consists of legal assertions to which no response is required.  To the extent that Paragraph 148 contains any factual allegations, SCB denies them.

149.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies the same.

150.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, therefore, denies the same.

151.     Paragraph 151 consists of legal assertions to which no response is required.  To the extent that Paragraph 151 contains any factual allegations, SCB denies them to the extent they relate to SCB. To the extent that the allegations set forth in Paragraph 151 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

152.     SCB denies the allegations in Paragraph 152 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 152 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

153.     SCB denies the allegations in Paragraph 153 to the extent that they relate to SCB, except admits that SCB is listed as a liquidity provider on OANDA's website.  To the extent that the allegations set forth in Paragraph 153 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 153 purports to quote from or summarize the contents of OANDA's website, SCB respectfully refers the Court to that website for its full and accurate contents.

154.     SCB denies the allegations in Paragraph 154 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 154 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

155.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies the same.

156.     SCB denies the allegations in Paragraph 156 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 156 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

157.     SCB denies the allegations in Paragraph 157 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 157 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

158.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies the same.

159.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, therefore, denies the same.

160.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, therefore, denies the same.

161.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, therefore, denies the same.

162.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, therefore, denies the same.

163.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies the same.

164.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, therefore, denies the same.  To the extent that Paragraph

164 purports to quote from or summarize the contents of the Forex.com website, SCB respectfully refers the Court to that website for its full and accurate contents.

165.     Paragraph 165 consists of legal assertions to which no response is required.  To the extent that Paragraph 165 contains any factual allegations, SCB denies them to the extent that they relate to SCB.  To the extent that the allegations set forth in Paragraph 165 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 165 purports to quote from or summarize the contents of the Forex.com website, SCB respectfully refers the Court to that website for its full and accurate contents.

166.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies the same.  To the extent that Paragraph 166 purports to quote from or summarize the contents of the Forex.com website, SCB respectfully refers the Court to that website for its full and accurate contents.

167.     SCB denies the allegations in Paragraph 167 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 167 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

168.     SCB denies the allegations in Paragraph 168 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 168 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

169.     SCB denies the allegations in Paragraph 169 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 169 do not relate to SCB, SCB denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

170.    SCB denies the allegations in Paragraph 170 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 170 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

171.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, therefore, denies the same.

172.    SCB denies the allegations in Paragraph 172 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 172 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

173.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, denies the same.

174.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, denies the same.

175.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, denies the same.

176.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, therefore, denies the same.

177.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, therefore, denies the same.

178.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, therefore, denies the same.

179.     SCB denies the allegations in Paragraph 179 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 179 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

180.     SCB denies the allegations in Paragraph 180 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 180 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

181.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, therefore, denies the same.

182.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, therefore, denies the same.

183.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, therefore, denies the same.

184.     SCB denies the allegations in Paragraph 184 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 184 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

185.     SCB denies the allegations in Paragraph 185 to the extent that they relate to SCB, except admits that SCB received inquiries from certain regulatory authorities regarding the FX market.  To the extent that the allegations set forth in Paragraph 185 do not relate to SCB, SCB

denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

186.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, denies the same.  To the extent that Paragraph 186 purports to quote from or summarize the contents of a Commodity Futures Trading Commission order or press release, SCB respectfully refers the Court to those documents for their full and accurate contents.

187.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, therefore, denies the same.  To the extent that Paragraph 187 purports to quote from or summarize the contents of an Office of the Comptroller of the Currency order or press release, SCB respectfully refers the Court to those documents for their full and accurate contents.

188.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, therefore, denies the same.  To the extent that Paragraph 188 purports to quote from or summarize the contents of a Department of Justice plea agreement or press release, SCB respectfully refers the Court to those documents for their full and accurate contents.

189.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, therefore, denies the same.  To the extent that Paragraph 189 purports to quote from or summarize the contents of a Department of Justice press release, plea agreement or non-prosecution agreement, SCB respectfully refers the Court to those documents for their full and accurate contents.

190.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, therefore, denies the same.

191.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, therefore, denies the same.  To the extent that Paragraph 191 purports to quote from or summarize the contents of a New York State Department of Financial Services consent order, SCB respectfully refers the Court to that document for its full and accurate contents.

192.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, therefore, denies the same.  To the extent that Paragraph 192 purports to quote from or summarize the contents of a Department of Justice complaint, SCB respectfully refers the Court to that document for its full and accurate contents.

193.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, therefore, denies the same.  To the extent that Paragraph 193 purports to quote from or summarize the contents of a Department of Justice sentencing memoranda, SCB respectfully refers the Court to that document for its full and accurate contents.

194.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, therefore, denies the same.  To the extent that Paragraph 194 purports to quote from or summarize the contents of judgments of the U.S. District Court for the District of Connecticut, SCB respectfully refers the Court to those documents for their full and accurate contents.

195.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, therefore, denies the same.

196.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, therefore, denies the same.  To the extent that Paragraph 196 purports to quote from or summarize the contents of a Federal Reserve Board report, SCB respectfully refers the Court to that document for its full and accurate contents.

197.     SCB denies the allegations in Paragraph 197 to the extent that they relate to SCB, except admits that Matthew Gardiner was previously employed by SCB.  To the extent that the allegations set forth in Paragraph 197 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

198.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, therefore, denies the same.  To the extent that Paragraph 198 purports to quote from or summarize the contents of a Department of Justice press release, SCB respectfully refers the Court to that document for its full and accurate contents.

199.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, therefore, denies the same.

200.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, therefore, denies the same.  To the extent that Paragraph 200 purports to quote from or summarize the contents of a UK Financial Conduct Authority order or press release, SCB respectfully refers the Court to those documents for their full and accurate contents.

201.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, therefore, denies the same.

202.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, therefore, denies the same.  To the extent that Paragraph 202 purports to quote from or summarize the contents of a Swiss Financial Markets Supervisory Authority order or press release, SCB respectfully refers the Court to those documents for their full and accurate contents.

203.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, therefore, denies the same.

204.     SCB denies the allegations in Paragraph 204 to the extent that they relate to SCB, except admits that the Competition Commission of South Africa referred a complaint against it and others.  To the extent that the allegations set forth in Paragraph 204 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 204 purports to summarize the contents of the Competition Commission of South Africa's referral, SCB respectfully refers the Court to that document for its full and accurate contents.

205.     SCB denies the allegations in Paragraph 205 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 205 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 205 purports to quote from or summarize the contents of a Competition Commission of South Africa order or press release, SCB respectfully refers the Court to these documents for their full and accurate contents.

206.     SCB denies the allegations in Paragraph 206 to the extent that they relate to SCB, except admits that SCB received inquiries from certain regulatory authorities regarding the FX market and that Matthew Gardiner and Eduardo Hargreaves were previously employed by SCB.

To the extent that the allegations set forth in Paragraph 206 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

207.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, therefore, denies the same.  To the extent that Paragraph 207 purports to quote from or summarize the contents of a South Korean Fair Trade Commission press release, SCB respectfully refers the Court to that document for its full and accurate contents.

208.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, therefore, denies the same.  To the extent that Paragraph 208 purports to quote from or summarize the contents of a New York State Department of Financial Services press release, SCB respectfully refers the Court to that document for its full and accurate contents.

209.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, therefore, denies the same.  To the extent that Paragraph 209 purports to quote from or summarize the contents of a Federal Reserve Board press release, SCB respectfully refers the Court to that document for its full and accurate contents.

210.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, therefore, denies the same.  To the extent that Paragraph 210 purports to quote from or summarize the contents of a Federal Reserve Board press release, SCB respectfully refers the Court to that document for its full and accurate contents.

211.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, therefore, denies the same.  To the extent that Paragraph

34

211 purports to quote from or summarize the contents of a Federal Reserve Board press release, SCB respectfully refers the Court to that document for its full and accurate contents.

212.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, therefore, denies the same.  To the extent that Paragraph 212 purports to quote from or summarize the contents of a New York State Department of Financial Services press release, SCB respectfully refers the Court to that document for its full and accurate contents.

213.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, therefore, denies the same.  To the extent that Paragraph 213 purports to quote from or summarize the contents of a Department of Justice press release, SCB respectfully refers the Court to that document for its full and accurate contents.

214.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, therefore, denies the same.  To the extent that Paragraph 214 purports to quote from or summarize the contents of a Department of Justice or Federal Reserve Board press release, SCB respectfully refers the Court to these documents for their full and accurate contents.

215.     SCB denies the allegations in Paragraph 215 to the extent that they relate to SCB, except admits that SCB received inquiries from certain regulatory authorities regarding the FX market.  To the extent that the allegations set forth in Paragraph 215 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

216.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, therefore, denies the same.  To the extent that Paragraph

216 purports to quote from or summarize the contents of a Financial Stability Board report, SCB respectfully refers the Court to that document for its full and accurate contents.

217.    SCB denies the allegations in Paragraph 217 to the extent that they relate to SCB except admits that SCB received inquiries from certain regulatory authorities regarding the FX market.  To the extent that the allegations set forth in Paragraph 217 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

218.    SCB denies the allegations in Paragraph 218 to the extent that they relate to SCB except admits that SCB received inquiries from certain regulatory authorities regarding the FX market.  To the extent that the allegations set forth in Paragraph 218 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

219.    SCB denies the allegations in Paragraph 219 to the extent that they relate to SCB, except admits that SCB received inquiries from certain regulatory authorities regarding the FX market.  To the extent that the allegations set forth in Paragraph 219 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 219 purports to summarize the contents of public filings, SCB respectfully refers the Court to those documents for their full and accurate contents.

220.    SCB denies the allegations in Paragraph 220 as containing an incomplete description of the matters described.

221.    SCB denies the allegations in Paragraph 221 as containing an incomplete description of the matters described.  To the extent that Paragraph 221 purports to summarize the

contents of a *FOREX* opinion, SCB respectfully refers the Court to that opinion for its full and accurate contents.

222.     SCB denies the allegations in Paragraph 222 as containing an incomplete description of the matters described.  To the extent that Paragraph 222 purports to summarize the contents of *FOREX* filings, SCB respectfully refers the Court to those filings for their full and accurate contents.

223.     SCB denies the allegations in Paragraph 223 as containing an incomplete description of the matters described, expect admits that SCB was not a party to the settlement that the Court was requested to approve on October 22, 2015.  To the extent that Paragraph 223 purports to summarize the contents of *FOREX* filings, SCB respectfully refers the Court to those filings for their full and accurate contents.

224.     SCB denies the allegations in Paragraph 224 as containing an incomplete description of the matters described.  To the extent that Paragraph 224 purports to summarize the contents of a *FOREX* order, SCB respectfully refers the Court to that order for its full and accurate contents.

225.     SCB denies the allegations in Paragraph 225 as containing an incomplete description of the matters described.  To the extent that Paragraph 225 purports to summarize the contents of *FOREX* filings, SCB respectfully refers the Court to those filings for their full and accurate contents.

226.     SCB denies the allegations in Paragraph 226 as containing an incomplete description of the matters described, except admits that SCB entered into a settlement agreement in *FOREX*.  To the extent that Paragraph 226 purports to summarize the contents of *FOREX* filings, SCB respectfully refers the Court to those filings for their full and accurate contents.

227.     SCB denies the allegations in Paragraph 227 as containing an incomplete description of the matters described.  To the extent that Paragraph 227 purports to summarize the contents of *FOREX* filings, SCB respectfully refers the Court to those filings for their full and accurate contents.

228.     SCB denies the allegations in Paragraph 228 to the extent that they relate to SCB, except admits that certain personnel in SCB's FX operations were terminated or resigned.  To the extent that the allegations set forth in Paragraph 228 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

229.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and, therefore, denies the same.

230.     SCB denies the allegations in Paragraph 230 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 230 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

231.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and, therefore, denies the same.

232.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and, therefore, denies the same.

233.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and, therefore, denies the same.

234.     SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and, therefore, denies the same.

235.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and, therefore, denies the same.

236.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and, therefore, denies the same.

237.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and, therefore, denies the same.

238.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and, therefore, denies the same.

239.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and, therefore, denies the same.

240.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, therefore, denies the same.

241.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, therefore, denies the same.

242.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and, therefore, denies the same.

243.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and, therefore, denies the same.

244.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and, therefore, denies the same.  To the extent that Paragraph 244 purports to quote from or summarize an advertisement in the German newspapers Frankfurter Allgemeine Zeitung and Sueddeutsche Zeitung, SCB respectfully refers the Court to those documents for their full and accurate contents.

245.     SCB denies the allegations in Paragraph 245 to the extent that they relate to SCB, except admits that SCB has compliance surveillance systems.  To the extent that the allegations set forth in Paragraph 245 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

246.     SCB denies the allegations in Paragraph 246 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 246 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

247.     Paragraph 247 consists of legal assertions to which no response is required.  To the extent that Paragraph 247 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 247 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

248.     Paragraph 248 consists of legal assertions to which no response is required.  To the extent that Paragraph 248 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 248 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

249.     Paragraph 249 consists of legal assertions to which no response is required.  To the extent that Paragraph 249 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 249 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

250.     Paragraph 250 consists of legal assertions to which no response is required.  To the extent that Paragraph 250 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 250 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

251.     Paragraph 251 consists of legal assertions to which no response is required.  To the extent that Paragraph 251 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 251 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

252.     Paragraph 252 consists of legal assertions to which no response is required.  To the extent that Paragraph 252 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 252 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

253.     Paragraph 253 consists of legal assertions to which no response is required.  To the extent that Paragraph 253 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 253 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

254.     Paragraph 254 consists of legal assertions to which no response is required.  To the extent that Paragraph 254 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 254 contains any factual allegations that do not relate to

SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

255.    Paragraph 255 consists of legal assertions to which no response is required.  To the extent that Paragraph 255 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 255 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

256.    SCB denies the allegations in Paragraph 256 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 256 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent that Paragraph 256 purports to reference the contents of a Bloomberg Business article, SCB respectfully refers the Court to that article for its full and accurate contents.

257.    Paragraph 257 consists of legal assertions to which no response is required.  To the extent that Paragraph 257 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 257 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

258.    SCB denies the allegations in Paragraph 258 to the extent that they relate to SCB. To the extent that the allegations set forth in Paragraph 258 do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

259.    SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 and, therefore, denies the same.

260.    Paragraph 260 consists of legal assertions to which no response is required.  To the extent that Paragraph 260 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 260 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

261.    Paragraph 261 consists of legal assertions to which no response is required.  To the extent that Paragraph 261 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 261 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

262.    To the extent a response is required to the allegations in Paragraph 262, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

263.    Paragraph 263 consists of legal assertions to which no response is required.  To the extent that Paragraph 263 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 263 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

264.    To the extent a response is required to the allegations in Paragraph 264, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

265.     Paragraph 265 consists of legal assertions to which no response is required.  To the extent that Paragraph 265 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 265 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

266.     Paragraph 266 consists of legal assertions to which no response is required.  To the extent that Paragraph 266 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 266 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

267.     To the extent a response is required to the allegations in Paragraph 267, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

268.     Paragraph 268 consists of legal assertions to which no response is required.  To the extent that Paragraph 268 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 268 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

269.     To the extent a response is required to the allegations in Paragraph 269, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

270.     Paragraph 270 consists of legal assertions to which no response is required.  To the extent that Paragraph 270 contains any factual allegations that relate to SCB, SCB denies

them.  To the extent that Paragraph 270 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

271.    To the extent a response is required to the allegations in Paragraph 271, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

272.    Paragraph 272 consists of legal assertions to which no response is required.  To the extent that Paragraph 272 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 272 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

273.    To the extent a response is required to the allegations in Paragraph 273, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

274.    Paragraph 274 consists of legal assertions to which no response is required.  To the extent that Paragraph 274 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 274 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

275.    To the extent a response is required to the allegations in Paragraph 275, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

276.     Paragraph 276 consists of legal assertions to which no response is required.  To the extent that Paragraph 276 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 276 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

277.     To the extent a response is required to the allegations in Paragraph 277, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

278.     Paragraph 278 consists of legal assertions to which no response is required.  To the extent that Paragraph 278 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 278 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

279.     To the extent a response is required to the allegations in Paragraph 279, SCB incorporates and repeats its answers to each respective preceding paragraph as though set forth fully here.

280.     Paragraph 280 consists of legal assertions to which no response is required.  To the extent that Paragraph 280 contains any factual allegations that relate to SCB, SCB denies them.  To the extent that Paragraph 280 contains any factual allegations that do not relate to SCB, SCB denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

Plaintiffs' requests for relief consist of legal assertions to which no response is required. To the extent that a response is required, SCB denies the allegations in Plaintiffs' requests for relief, including that Plaintiffs are entitled to the relief requested or any relief.

Plaintiffs' demand for jury trial consists of legal assertions to which no response is required. To the extent that a response is required, SCB denies the allegations in Plaintiffs' demand for jury trial.

SCB denies each and every allegation, statement, and matter not expressly admitted.

## AS AND FOR ITS AFFIRMATIVE AND CERTAIN
## OTHER DEFENSES, SCB ALLEGES AS FOLLOWS:

SCB asserts the following defenses and reserves all rights to assert other and additional defenses, cross claims and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, SCB does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places such burden upon Plaintiffs. SCB hereby incorporates by reference any defense asserted or to be asserted by any other defendant not set forth below that is applicable to SCB's defense of the claims in this action.

## FIRST DEFENSE

Plaintiffs' claims are barred because this Court lacks personal jurisdiction over SCB.

## SECOND DEFENSE

Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to bring those claims.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs suffered no injury in fact as a result of acts of, or failures to act by, SCB.

## SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' injury, if any, was not proximately caused by SCB.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, are speculative and uncertain.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate damages, if any.

## NINTH DEFENSE

Plaintiffs' claims are barred because SCB is not liable for the acts of any other defendant.

## TENTH DEFENSE

This action cannot be maintained as a class action as a matter of law or fact.

## ELEVENTH DEFENSE

SCB specifically reserves all separate or affirmative defenses or rights that it may have as against the putative class and its members.  It is not necessary at this time for SCB to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, laches, and waiver.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack antitrust standing to assert those claims.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they are based upon alleged conduct that concluded before, or began after, Plaintiffs' alleged FX purchases.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the conduct alleged in the Complaint is expressly or impliedly immune from challenge under the antitrust laws.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered a cognizable antitrust injury flowing from any allegedly anti-competitive conduct by SCB.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening or superseding causes unrelated to the alleged conduct of SCB, by the conduct of third parties for whom SCB was not responsible, through forces in the marketplace over which SCB has no control, or through acts or omissions by one or more of the Plaintiffs.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because SCB did not participate in, and had no knowledge of, any alleged agreement, contract, combination, or conspiracy relating to FX trading or the setting of FX-related benchmark rates.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred because the Complaint has insufficiently alleged a relevant product market and geographic market, and is so vague and ambiguous as to deny SCB notice of the markets alleged by Plaintiffs.

## TWENTIETH DEFENSE

To the extent the Plaintiffs' claims, including their allegations of fraudulent concealment, sound in fraud or misrepresentation, Plaintiffs have not alleged fraud or misrepresentation with the requisite particularity.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims based on FX transactions outside the United States are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and the Federal Trade Commission Act, 15 U.S.C. § 45.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs were not direct purchasers of FX instruments from SCB.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred because they have failed to plead that they purchased products in any properly defined market or submarket.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred to the extent the alleged conduct was committed by individuals acting *ultra vires*.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands or *in pari delicto*.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have failed to allege that SCB had the requisite knowledge, intent, or scienter.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not suffer damages, or their damages were diminished as a result of profits or offsets from other transactions.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any claimed injury or damage has been offset by benefits or payments Plaintiffs received.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims, and claims of any putative class members, are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

### THIRTIETH DEFENSE

To the extent SCB is held liable for damages to Plaintiffs or the putative class, SCB is entitled to contribution and indemnification from other parties or entities.

### THIRTY-FIRST DEFENSE

Any adverse award on any claim in the Complaint must be reduced by applicable law including, but not limited to the set-off rules involving settling antitrust defendants, the

contribution rules involving settling joint tortfeasors, the rules regarding recovery from collateral sources, and the rules prohibiting double-recovery.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act and regulations promulgated under its authority.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because SCB had legitimate business justifications for the conduct at issue, its conduct was lawful or otherwise economically justified under the rule of reason, and its practices were and are reasonably justified.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the Stipulation and Agreement of Settlement with SCB issued in *FOREX*.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or part, to the extent that any alleged overcharges were passed on to persons or entities other than Plaintiffs.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or part, because any recovery would result in unjust enrichment to Plaintiffs.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to identify the retail dealers with whom Plaintiffs allegedly transacted and is so vague and ambiguous as to deny SCB notice of the transactions alleged by Plaintiffs.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in contravention of the statutes under which Plaintiffs seek relief, including but not limited to Minn. Stat. § 325D.57, and in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because SCB, as a federally-regulated bank, is exempt from liability pursuant to Fla. Stat. § 501.212(4)(c).

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because SCB, as a federally-regulated bank, is exempt from liability pursuant to the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1., *et seq*.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to Fla. Stat. § 607.1502(a), to the extent any Florida Plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

## FORTY-SECOND DEFENSE

Plaintiffs' claims under Massachusetts Gen. Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Defendants at least thirty days prior to filing the Complaint. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any specific intrastate misconduct or injuries within the relevant states.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any unfair or deceptive actions that primarily and substantially occur within the relevant states.

## FORTY-FORTH DEFENSE

Plaintiffs' consumer protection claims are barred, in whole or in part, because Plaintiffs are not consumers under the relevant statutes and they did not engage in consumer transactions.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to the regulatory scheme exception to the North Carolina Unfair and Deceptive Trade Practices Act, which bars claims when application of the statute would create unnecessary and overlapping supervision, enforcement and liability in the face of existing state or federal laws and regulatory schemes, and the overlapping regulatory regime provides Plaintiffs an adequate remedy.

## FORTY-SIXTH DEFENSE

Plaintiffs' claim for restitution is barred, in whole or in part, because SCB is not in possession of funds in which Plaintiffs have an ownership interest.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claim for disgorgement is barred, in whole or in part, to the extent such disgorgement is non-restitutionary.

## FORTY-EIGHTH DEFENSE

The Second Consolidated Class Action Complaint is barred, in whole or in part, because Plaintiffs are not permitted by the Illinois Antitrust Act to bring or maintain a class action on behalf of indirect purchasers.

## JURY DEMAND

SCB demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, SCB respectfully requests that the Court enter judgment in favor of SCB and against Plaintiffs, dismiss all claims in the Complaint with prejudice, award SCB its costs, including attorneys' fees, incurred in defending this action, and grant SCB such other relief as the Court deems just and proper.

Dated: New York, New York
       June 3, 2019

> Respectfully submitted,
>
> /s/ Andrew W. Stern
> Andrew W. Stern
> Nicholas P. Crowell
> SIDLEY AUSTIN LLP
> 787 Seventh Avenue
> New York, New York 10019
> astern@sidley.com
> ncrowell@sidley.com
> Telephone: (212) 839-5300
> Fax: (212) 839-5599
>
> *Attorneys for Defendant Standard Chartered Bank*