**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES CONTANT, et al. , | Civil Action No. 17-cv-3139-LGS |
| Plaintiffs, | |
| v. | |
| BANK OF AMERICA CORPORATION, et al., | |
| Defendants. | |

**HSBC BANK PLC'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant HSBC Bank plc ("HBEU") answers Plaintiffs' Second Consolidated Class

Action Complaint (ECF 183, the "SCCAC") as follows:

**NATURE OF THE ACTION[1]**

1.      HBEU denies the allegations in Paragraph 1 to the extent they relate to HBEU

and lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 1 to the extent they relate to other parties.

2.      HBEU denies the allegations in Paragraph 2 to the extent they relate to HBEU

and lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 2 to the extent they relate to other parties.

3.      HBEU denies the allegations in Paragraph 3 to the extent they relate to HBEU

and lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 3 to the extent they relate to other parties.

4.      HBEU admits that certain government agencies have conducted investigations

into, and imposed fines on, "one or more Defendants" in this action.  HBEU denies the

---

[1] HBEU includes Plaintiffs' headings from the SCCAC for ease of reference only and without admitting
any factual assertion or allegation contained therein.  HBEU denies any factual assertion or allegation not
expressly admitted.

remaining allegations in Paragraph 4 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 to the extent they relate to other parties.

5.      HBEU denies the existence of the conspiracy alleged in Paragraph 5, but admits it and other Defendants in this action (a) were named defendants in the class action styled *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-07789-LGS (S.D.N.Y.) ("FX Litigation"), and (b) were among certain Defendants that entered into settlements that resolved the claims asserted against them in the FX Litigation.   HBEU denies the remaining allegations in Paragraph 5 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 to the extent they relate to other parties.

6.      HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 6.   The remainder of Paragraph 6 states legal conclusions to which no response is required.   To the extent a response is required, the remaining allegations in Paragraph 6 are denied.

## JURISDICTION, VENUE, AND INTERSTATE COMMERCE

7.      Paragraph 7 states legal conclusions to which a response is not required.   To the extent a response is required, HBEU denies the allegations in Paragraph 7 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 to the extent they relate to other parties.

8.      Paragraph 8 states legal conclusions to which a response is not required.   To the extent a response is required, HBEU denies the allegations in Paragraph 8 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 to the extent they relate to other parties.

9.     Paragraph 9 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 9 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 to the extent they relate to other parties.

## PARTIES

**Plaintiffs**

10.     HBEU denies the allegations in Paragraph 10 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 to the extent they relate to other parties.

11.     HBEU denies the allegations in Paragraph 11 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 to the extent they relate to other parties.

12.     HBEU denies the allegations in Paragraph 12 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 to the extent they relate to other parties.

13.     HBEU denies the allegations in Paragraph 13 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 to the extent they relate to other parties.

14.     HBEU denies the allegations in Paragraph 14 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 to the extent they relate to other parties.

15.     HBEU denies the allegations in Paragraph 15 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 to the extent they relate to other parties.

16.     HBEU denies the allegations in Paragraph 16 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 to the extent they relate to other parties.

17.     HBEU denies the allegations in Paragraph 17 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 to the extent they relate to other parties.

18.     HBEU denies the allegations in Paragraph 18 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 to the extent they relate to other parties.

19.     HBEU denies the allegations in Paragraph 19 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 to the extent they relate to other parties.

20.     HBEU denies the allegations in Paragraph 20 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 to the extent they relate to other parties.

**Defendants**

21.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. HBEU admits it is a wholly-owned subsidiary of HSBC Holdings plc and is a public limited company organized under the laws of England and Wales, with its principal place of business in London, England. HBEU further admits that HSBC North America Holdings, Inc. ("HNAH") is an intermediate holding company and indirect subsidiary of HSBC Holdings plc, that it is incorporated in Delaware, and that it has offices at 452 5th Ave. New York, New York.  HBEU denies that HNAH is the holding company for HBEU operations in the United States. HBEU admits that HSBC Bank USA, N.A. ("HBUS") is a national banking association and an indirect subsidiary of HNAH, and that it has offices in New York, New York. HBEU admits that HSBC Securities (USA) Inc. is an indirect subsidiary of HNAH, that it is incorporated in Delaware, and that it has offices in New York, New York.  HBEU admits that HBUS has branches in California and Florida.  HBEU denies the remaining allegations in Paragraph 29.

30.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.      Paragraph 37 does not contain any factual allegations to which a response is required.  To the extent a response is required, the HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 38 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 to the extent they relate to other parties.

39.     Paragraph 39 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the existence of the conspiracy alleged in Paragraph 39 and otherwise denies any and all allegations in Paragraph 39 to the extent they

relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 to the extent they relate to other parties.

## CLASS ACTION ALLEGATIONS

40.    Paragraph 40 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 40.

41.    Paragraph 41 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 41.

42.    Paragraph 42 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 42.

43.    Paragraph 43 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 44.

45.     Paragraph 45 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 45.

46.     Paragraph 46 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 46.

47.     Paragraph 47 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 does not contain any factual allegations to which a response is required.  To the extent Paragraph 48 requires a response, HBEU denies that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the

Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 48.

49.     Paragraph 49 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 49.

50.     Paragraph 50 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies that the proposed putative classes, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  HBEU denies the remaining allegations in Paragraph 50.

51.     Paragraph 51 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 51 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 to the extent they relate to other parties.

52.     Paragraph 52 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 52.

53.     Paragraph 53 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 53.

54.     Paragraph 54 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 54.

55.     Paragraph 55 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 56.

57.     Paragraph 57 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 57.

58.     Paragraph 58 states legal conclusions to which a response is not required.  To the extent a response is required, HBEU denies the allegations in Paragraph 58.

## FACTUAL ALLEGATIONS

## I.     OVERVIEW OF THE FX MARKET

### Background

59.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     HBEU admits that currencies can sometimes be identified by a three-letter code and that the currencies identified in Paragraph 60 are sometimes referred to as "G10" currencies.  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.     HBEU admits that transactions in foreign currencies may occur over-the-counter or on a centralized exchange.  HBEU otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63.

64.     HBEU admits that foreign exchange trading is generally available twenty four hours a day during business days.  HBEU lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 64.

65.     HBEU admits that foreign exchange trading is generally available twenty four hours a day during business days.  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66.     HBEU admits that foreign exchange trading is generally available twenty four hours a day during business days. HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66.

67.     HBEU admits that currencies are traded in pairs, that the price of a currency pair refers to the rate at which the currency is exchanged, and that "EUR/USD" refers to the purchase or sale of euros in exchange for U.S. dollars.  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67.

68.     HBEU denies the existence of the conspiracy alleged in the last sentence of Paragraph 68 and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.     HBEU admits that some banks that buy and sell foreign currency are sometimes referred to as "market makers" or "liquidity providers,"  but denies the

remaining allegations in Paragraph 71 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 to the extent they relate to other parties.

72.     HBEU admits that the difference between the price at which a dealer is willing to buy currency, or "bid," and the price at which a dealer is will to sell currency, or "ask," is sometimes referred to as a "bid-ask spread."   HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72.

73.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     HBEU admits that the difference between the price at which a dealer is willing to buy currency, or "bid," and the price at which a dealer is will to sell currency, or "ask," is sometimes referred to as a "bid-ask spread."   HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74.

75.     HBEU admits that traders can sometimes execute a foreign exchange spot transaction via telephone or electronically.   HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75.

76.     HBEU admits that foreign exchange dealers commonly employ salespeople to interact with customers and traders to enter into foreign exchange transactions.   HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76.

77.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     HBEU denies the allegations in Paragraph 79.

**Benchmark Rates**

80.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

1.     **WM/Reuters**

85.     HBEU admits that W/M Reuters publishes benchmark spot exchange rates at or near 4:00 p.m. GMT and that these rates are sometimes referred to as the "W/M Reuters Fix" or the "4:00 p.m. fix."  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85.

86.     HBEU denies that the allegations in Paragraph 86 present a complete and accurate description of the calculation of W/M Reuters Closing Spot Rates.  HBEU lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86.

87.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.    HBEU admits that WM/Reuters publishes benchmark forward exchange rates, but denies the remaining allegations in Paragraph 88 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88 to the extent they relate to other parties and non-parties.

### The ECB Rates

89.    HBEU admits that the European Central Bank ("ECB") publishes euro foreign exchange reference rates at approximately 14:00 CET based on a point-in-time snapshot at or near 14:15 CET, and that prior to December 2015, the ECB published euro foreign exchange reference rates at approximately 14:30 CET based on a point-in-time snapshot at or near 13:15 CET, which was sometimes referred to as the "1:15 p.m. fix."  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89.

90.    HBEU admits that the euro foreign exchange reference rates published by the ECB are reference exchange rates for euros against various currency pairs, and are currently based on a point-in-time snapshot of the market at approximately 14:15 CET, but previously were based on a point-in-time snapshot at approximately 13:15 CET.  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90.

### The FX Market Is Concentrated and Dominated by Defendants

91.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.     HBEU denies the allegations in Paragraph 94 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 to the extent they relate to other parties.

**The FX Market Is Susceptible to Collusion**

95.     HBEU admits that some foreign exchange trading occurs over the counter. HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95.

96.     HBEU denies the allegations in Paragraph 96 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96.

97.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98.     HBEU denies the allegations in Paragraph 98 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 to the extent they relate to other parties.

99.     HBEU admits that individual HSBC traders had internal accounts, sometimes referred to as "P-books," that were used to trade currency for HBEU's benefit.  HBEU denies the remaining allegations in Paragraph 99 to the extent they relate to HBEU and

lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 to the extent they relate to other parties.

100.    Paragraph 100 states legal conclusions to which a response is not required. To the extent a response is required, HBEU denies the allegations in Paragraph 100 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 to the extent they relate to other parties.

101.    HBEU denies the allegations in Paragraph 101 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 to the extent they relate to other parties.

102.    HBEU denies the allegations in Paragraph 102 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 to the extent they relate to other parties.

103.    HBEU denies the allegations in Paragraph 103 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 to the extent they relate to other parties.

**DEFENDANTS CONSPIRED TO FIX FX PRICES**

104.    HBEU denies the allegations in Paragraph 104 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 to the extent they relate to other parties.

105.    HBEU denies the allegations in Paragraph 105 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 to the extent they relate to other parties.

106.     HBEU denies the allegations in Paragraph 106 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 to the extent they relate to other parties.

107.     HBEU denies the allegations in Paragraph 107 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 to the extent they relate to other parties.

A.     **Defendants Conspired to Fix Prices and Carried Out the Conspiracy through Electronic Communications**

108.     HBEU denies the allegations in Paragraph 108 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 to the extent they relate to other parties.

109.     HBEU denies the allegations in Paragraph 109 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 to the extent they relate to other parties.

110.     HBEU denies the allegations in Paragraph 110 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 to the extent they relate to other parties.

111.     HBEU denies the allegations in Paragraph 111 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 to the extent they relate to other parties.

112.     HBEU denies the allegations in Paragraph 112 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 to the extent they relate to other parties.

113.    HBEU denies the allegations in Paragraph 113 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 to the extent they relate to other parties.

114.    HBEU denies the allegations in Paragraph 114 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 to the extent they relate to other parties.

**Defendants Conspired to Fix Bid-Ask Spreads**

115.    HBEU denies the allegations in Paragraph 115 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 to the extent they relate to other parties.

116.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.    HBEU denies the allegations in Paragraph 117 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 to the extent they relate to other parties.

118.    HBEU denies the allegations in Paragraph 118 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 to the extent they relate to other parties.

**Defendants' Conspiracy to Fix the Benchmark Rates**

119.    HBEU denies the allegations in Paragraph 119 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 to the extent they relate to other parties.

120.    HBEU denies the allegations in Paragraph 120 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 to the extent they relate to other parties.

121.    HBEU denies the allegations in Paragraph 121 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 to the extent they relate to other parties.

### 1.    Defendants Shared Proprietary Trade Data In Order To Manipulate FX Benchmark Rates

122.    HBEU denies the allegations in Paragraph 122 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 to the extent they relate to other parties.

123.    HBEU denies the allegations in Paragraph 123 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 to the extent they relate to other parties.

124.    HBEU admits that the Federal Reserve Bank of New York's "Guidelines for Foreign Exchange Trading Activities" is accurately quoted in Paragraph 124, but denies any and all remaining allegations in Paragraph 124.

125.    HBEU denies the allegations in Paragraph 125 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 to the extent they relate to other parties.

### Methods of Manipulating Benchmark Rates

126.    HBEU denies the allegations in Paragraph 126 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 to the extent they relate to other parties.

127.   HBEU denies the allegations in Paragraph 127 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127 to the extent they relate to other parties.

128.   HBEU denies the allegations in Paragraph 128 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 to the extent they relate to other parties.

129.   HBEU denies the allegations in Paragraph 129 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 to the extent they relate to other parties.

130.   HBEU denies the allegations in Paragraph 130 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 to the extent they relate to other parties.

131.   HBEU denies the allegations in Paragraph 131 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 to the extent they relate to other parties.

132.   HBEU denies the allegations in Paragraph 132 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 to the extent they relate to other parties.

133.   HBEU denies the allegations in Paragraph 133 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 to the extent they relate to other parties.

134.   HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135.    HBEU denies the allegations in Paragraph 135 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 to the extent they relate to other parties.

136.    HBEU denies the allegations in Paragraph 136 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 to the extent they relate to other parties.

137.    HBEU denies the allegations in Paragraph 137 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 to the extent they relate to other parties.

138.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139.    HBEU denies the allegations in Paragraph 139 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 to the extent they relate to other parties.

140.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140.

141.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

142.    HBEU denies the allegations in Paragraph 142 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142 to the extent they relate to other parties.

**Other Conduct in Furtherance of the Conspiracy**

143.    HBEU denies the allegations in Paragraph 143 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 to the extent they relate to other parties.

144.    HBEU admits that the first sentence of Paragraph 144 describes a type of stop-loss order, but denies the remaining allegations in Paragraph 144.

145.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

146.    HBEU denies the allegations in Paragraph 146 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 to the extent they relate to other parties.

## DEFENDANTS' CONSPIRACY IMPACTED INDIRECT PURCHASES OF FX INSTRUMENTS

147.    HBEU denies the allegations in Paragraph 147 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 to the extent they relate to other parties.

148.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 148.  The remainder of Paragraph 148 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the remaining allegations in Paragraph 148.

149.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149.

150.    HBEU denies the allegations in Paragraph 150 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 to the extent they relate to other parties.

151.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151.

152.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152.

153.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153.

154.     HBEU denies the allegations in Paragraph 154 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154 to the extent they relate to other parties.

155.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155.

156.     HBEU denies the allegations in Paragraph 156 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 to the extent they relate to other parties.

157.     HBEU denies the allegations in the first and last sentences of Paragraph 157. HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 157.

158.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158.

159.     HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159.

160.    HBEU denies the allegations of price manipulation in Paragraph 160, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 160.

161.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161.

162.    HBEU denies the allegation of any "anticompetitive overcharge" to the extent that allegation relates to HBEU, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 162.

163.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163.

164.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165.

166.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166.

167.    HBEU denies the allegations in Paragraph 167 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 to the extent they relate to other parties.

168.    HBEU denies the allegations in Paragraph 168 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 to the extent they relate to other parties.

169.    HBEU denies the allegations in Paragraph 169 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169 to the extent they relate to other parties.

170.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.    HBEU denies the allegations in Paragraph 171 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 to the extent they relate to other parties or non-parties (including Plaintiffs' expert).

172.    HBEU denies the allegations in Paragraph 172.

173.    HBEU lacks knowledge or information sufficient to form a belief about the data in Figure 2, but otherwise denies the remaining allegations in Paragraph 173 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 173 to the extent they relate to other parties or non-parties (including Plaintiffs' expert).

174.    HBEU denies the allegations in Paragraph 174.

175.    HBEU denies the allegations in Paragraph 175.

176.    HBEU denies the allegations in Paragraph 176.

177.    HBEU denies the allegations in Paragraph 177.

178.    HBEU denies the allegations in Paragraph 178.

179.    HBEU denies the allegations in Paragraph 179.

180.    HBEU denies the allegations in Paragraph 180.

181.    HBEU denies the allegations in Paragraph 181.

182.   HBEU denies the allegations in Paragraph 182.

183.   HBEU denies the allegations in Paragraph 183.

184.   HBEU denies the allegations in Paragraph 184 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184 to the extent they relate to other parties.

## GOVERNMENT INVESTIGATIONS OF DEFENDANTS FOR ILLEGAL CONDUCT IN FX TRADING

185.   HBEU admits that certain Defendants in this action have been previously, or are currently being, investigated by governmental regulatory authorities related to conduct in the foreign exchange market.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 185.

186.   HBEU admits that the CFTC issued Orders Imposing Remedial Sanctions against certain Defendants in this action involving conduct in the foreign exchange spot market.  The CFTC orders speak for themselves as to their contents and do not require a response.  HBEU otherwise denies the remaining allegations in Paragraph 186 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 186 to the extent they relate to other parties.

187.   HBEU admits that the U.S. Office of the Comptroller of the Currency ("OCC") imposed fines on certain Defendants in this action involving conduct in the foreign exchange spot market.  The OCC orders speak for themselves as to their contents and do not require a response.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 187.

188.     HBEU admits that the DOJ and certain Defendants in this action have entered into Plea Agreements involving conduct in the foreign exchange market.   The Plea Agreements speak for themselves as to their contents and do not require a response.   HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 188.

189.     HBEU admits that the DOJ and certain Defendants in this action have entered into Plea Agreements involving conduct in the foreign exchange market.   The Plea Agreements speak for themselves as to their contents.   HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 189.

190.     HBEU admits that the Federal Reserve imposed fines on certain Defendants in this action.   The Federal Reserve orders speak for themselves as to their contents.   HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 190.

191.     HBEU admits that the NYDFS imposed fines on certain Defendants in this action involving conduct in the foreign exchange market.   The NYDFS orders speak for themselves as to their contents.   HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 191.

192.     HBEU admits that the DOJ filed a complaint against Mark Johnson and Stuart Scott and that Mr. Johnson was arrested in July 2016.   The DOJ complaint against Mr. Johnson and Mr. Scott speaks for itself as to its contents and does not require a response. HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192.

193.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193.

194.    HBEU admits that the United States District Court for the District of Connecticut entered judgments against certain Defendants in this action.  The judgments speak for themselves as to their contents and do not require a response.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 194.

195.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195.

196.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196.

197.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197.

198.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198.

199.    HBEU admits that the Federal Reserve imposed a fine on Deutsche Bank involving conduct in the foreign exchange market.  The Federal Reserve order speaks for itself as to its contents and does not require a response.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199.

200.    HBEU admits that the FCA imposed a fine on it.  The FCA order speaks for itself as to its contents and does not require a response.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 200.

201.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201.

202.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202.

203.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 203.

204.    HBEU admits that the Competition Commission of South Africa (the "Commission") referred certain Defendants in this action and others for prosecution for certain alleged conduct in the foreign exchange market.  The Commission's complaint speaks for itself as to its contents and does not require a response.  HBEU denies the remaining allegations in Paragraph 204.

205.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205.

206.    HBEU admits that certain Defendants in this action entered into Cease and Desist Agreements with the Tribunal of the Administrative Council for Economic Defense. The Cease and Desist Agreements speak for themselves as to their contents.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206.

207.    HBEU admits that the South Korean Fair Trade Commission imposed fines on certain Defendants in this action, including HBEU.  The South Korean Fair Trade Commission orders speak for themselves as to their contents.  HBEU otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 207.

208.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208.

209.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209.

210.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210.

211.    HBEU admits that, on September 29, 2017, the Federal Reserve Board imposed a fine of $175 million on certain HSBC entities, including HBEU.   HBEU denies the remaining allegations in Paragraph 211.

212.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 212.

213.    HBEU admits that the DOJ made an announcement regarding HSBC's agreement to pay certain fines.  The announcement speaks for itself as to its contents and does not require a response.  HBEU denies the remaining allegations in Paragraph 213.

214.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 214.

215.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215.

216.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216.

217.    HBEU admits that certain government agencies have investigated, and may still be investigating, certain Defendants in this action, and that certain government agencies have filed criminal and/or administrative actions against certain Defendants in this action or

former employees of Defendants.  HBEU denies the remaining allegations in Paragraph 217 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217 to the extent they relate to other parties.

218.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218.

219.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 219.

**DIRECT PURCHASER LITIGATION AND SETTLEMENTS**

220.    HBEU admits that Haverhill Retirement System filed a class action complaint in this District.  HBEU denies the remaining allegations in Paragraph 220.

221.    HBEU admits that on January 28, 2015 the Court entered an Opinion and Order which speaks for itself as to its contents and does not require a response.  HBEU denies the remaining allegations in Paragraph 221.

222.    HBEU denies that the allegations in Paragraph 222 present a complete and accurate description of the subsequent actions related to the FX Litigation, but admits that the Court ordered consolidation of various related cases on February 13, 2014 (FX Litigation ECF No. 96).  HBEU denies the remaining allegations in Paragraph 222.

223.    HBEU admits that on October 22, 2015, the Plaintiffs in the FX Litigation filed a motion for preliminary approval of settlement agreements entered into with Bank of American Corp., Bank of America, N.A., Merrill Lynch, Pierce, Fennery & Smith, Inc.; Barclays Bank PLC, and Barclays Capital Inc.; BNP Paribs Group, BNP Paribas North America, Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc.; Citigroup, Inc., Citigroup, N.A., and Citigroup Global Markets, Inc.; The Goldman Sachs Group, Inc.

and Goldman, Sachs & Co.; HSBC Holdings plc, HBEU, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC (Securities) Inc.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, and RBS Securities, Inc.; and UBS AG, UBS Group AG, and UBS Securities LLC.  HBEU further admits that the Plaintiffs' motion for preliminary approval of the settlement agreements also requested that the Court conditionally certify proposed settlement classes for purposes of the settlement agreements.  HBEU denies the remaining allegations in Paragraph 223 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223 to the extent they relate to other parties.

224.    HBEU admits the allegations in Paragraph 224.

225.    HBEU admits the allegations in Paragraph 225.

226.    HBEU admits the allegations in Paragraph 226.

227.    HBEU admits the allegations in Paragraph 227.

**DEFENDANTS TERMINATED AND SUSPENDED TRADERS, FORCED TRADERS TO RESIGN, AND IMPLEMENTED INTERNAL SAFEGUARDS AFTER THE CLASS PERIOD**

228.    HBEU admits that certain employees involved in FX operations have been suspended and/or terminated.  HBEU denies the remaining allegations in Paragraph 228 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 228 to the extent they relate to other parties.

229.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.

234.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234.

235.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235.

236.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236.

237.    HBEU admits that it suspended certain employees after the institution of regulatory investigations into foreign exchange trading activity.  HBEU further admits that one of the suspended traders was Serge Sarramegna.  HBEU denies the remaining allegations in Paragraph 237.

238.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238.

239.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239.

240.    HBEU admits that Frank Cahill was formerly employed by HBEU.  HBEU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 240.

241.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242.

243.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244.

245.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245.

246.    HBEU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246.

## ANTITRUST INJURY TO PLAINTIFFS

247.    HBEU denies the allegations in Paragraph 247 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 247 to the extent they relate to other parties.

248.    HBEU denies the allegations in Paragraph 248 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 to the extent they relate to other parties.

249.    HBEU denies the allegations in Paragraph 249 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 249 to the extent they relate to other parties.

250.    HBEU denies the allegations in Paragraph 250 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250 to the extent they relate to other parties.

251.    HBEU denies the allegations in Paragraph 251.

252.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 252.

253.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253.

## FRAUDULENT CONCEALMENT

254.    HBEU denies the allegations in Paragraph 254 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 to the extent they relate to other parties.

255.    HBEU denies the allegations in Paragraph 255 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 255 to the extent they relate to other parties.

256.    HBEU admits that on or about June 11, 2013, Bloomberg Business published an article entitled "Traders Said to Rig Currency Rates to Profit Off Clients."  HBEU respectfully directs the Court to the article, which is available at https://www.bloomberg.com/news/articles/2013-06-11/traders-said-to-rig-currency-rates-to-profit-off-clients, for a full recitation of its contents (to which no response is required). HBEU denies the remaining allegations in Paragraph 256 to the extent they relate to the

HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 to the extent they relate to other parties.

257.    HBEU denies the allegations in Paragraph 257.

258.    HBEU denies the allegations in Paragraph 258 to the extent they relate to the HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 258 to the extent they relate to other parties.

259.    HBEU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259.

260.    HBEU denies the allegations in Paragraph 260.

261.    Paragraph 261 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 261 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 to the extent they relate to other parties.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violations of the Donnelly Act,**
**New York General Business Laws § 340, et seq.**
**(On Behalf of the New York Plaintiff against All Defendants)**

262.    To the extent a response is required to the allegations in Paragraph 262, the HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

263.    Paragraph 263 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 263 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 to the extent they relate to other parties.

**SECOND CLAIM FOR RELIEF**
**Violations of Arizona's Uniform State Antitrust Act,**
**Arizona Revised Statutes, §§ 44-1401, *et seq.***
**(On Behalf of the Arizona Plaintiff against All Defendants)**

264.   To the extent a response is required to the allegations in Paragraph 264, the HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

265.   Paragraph 265 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 265 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265 to the extent they relate to other parties.

266.   Paragraph 266 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 266 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 to the extent they relate to other parties.

**THIRD CLAIM FOR RELIEF**
**Violations of the Cartwright Act,**
**California Business and Professions Code § 16720, *et seq.***
**(On Behalf of the California Plaintiffs against All Defendants)**

267.   To the extent a response is required to the allegations in Paragraph 267, the HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

268.   Paragraph 268 states legal conclusions to which a response is not required. To the extent a response is required, HBEU denies the allegations in Paragraph 268 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 268 to the extent they relate to other parties.

**FOURTH CLAIM FOR RELIEF**

**Violations of California's Unfair Competition Law,**
**California Business and Professions Code § 17200,** *et seq.*
**(On Behalf of the California Plaintiffs against All Defendants)**

269.    To the extent a response is required to the allegations in Paragraph 269, HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

270.    Paragraph 270 states legal conclusions to which a response is not required. To the extent a response is required, HBEU denies the allegations in Paragraph 270 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 270 to the extent they relate to other parties.

**FIFTH CLAIM FOR RELIEF**
**Violations of the Florida Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. § 501.201,** *et seq.*
**(On Behalf of the Florida Plaintiffs against All Defendants Other Than Bank of**
**America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)**

271.    To the extent a response is required to the allegations in Paragraph 271, HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

272.    Paragraph 272 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 272 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 272 to the extent they relate to other parties.

**SIXTH CLAIM FOR RELIEF**
**Violations of the Illinois Antitrust Act,**
**740 Ill. Comp. Stat. 10/1,** *et seq.*
**(On Behalf of the Illinois Plaintiff against All Defendants Other Than Bank of**
**America, N.A., HSBC Bank USA, N.A. and JPMorgan Chase Bank, N.A.)**

273.    To the extent a response is required to the allegations in Paragraph 273, HBEU incorporates and repeat its answers to each respective preceding Paragraph as though set forth fully here.

274.    Paragraph 274 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 274 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 274 to the extent they relate to other parties.

## SEVENTH CLAIM FOR RELIEF
### Violations of the Massachusetts Consumer Protection Act
### Mass. Gen. Laws ch. 93A, §1 *et seq.*
### (On Behalf of the Massachusetts Plaintiff against All Defendants)

275.    To the extent a response is required to the allegations in Paragraph 275, HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

276.    Paragraph 276 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 276 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 276 to the extent they relate to other parties.

## EIGHTH CLAIM FOR RELIEF
### Violations of the Minnesota Antitrust Law of 1971,
### Minn. Stat. §§ 325D.49 to 325D.66
### (On Behalf of the Minnesota Plaintiff against All Defendants)

277.    To the extent a response is required to the allegations in Paragraph 277, HBEU incorporates and repeats their answers to each respective preceding Paragraph as though set forth fully here.

278.    Paragraph 278 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 278 to the

extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 to the extent they relate to other parties.

### NINTH CLAIM FOR RELIEF
**Violations of the North Carolina Unfair Trade Practice Act**
**N.C. Gen. Stat. § 75-1, *et seq*.**
**(On Behalf of the North Carolina Plaintiffs against All Defendants)**

279.    To the extent a response is required to the allegations in Paragraph 279, HBEU incorporates and repeats its answers to each respective preceding Paragraph as though set forth fully here.

280.    Paragraph 280 states legal conclusions to which no response is required.  To the extent a response is required, HBEU denies the allegations in Paragraph 280 to the extent they relate to HBEU and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 to the extent they relate to other parties.

### GENERAL DENIAL AND PRAYER FOR RELIEF

HBEU denies each and every allegation, statement, and matter not expressly admitted. HBEU further denies that Plaintiffs are entitled to the relief requested at the conclusion of Plaintiffs' SCCAC, or to any relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that they would not otherwise bear, HBEU asserts the following affirmative and other defenses to Plaintiffs' SCCAC.  These defenses are pleaded in the alternative, and do not constitute an admission that HBEU is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  For purposes of the defenses below, the term "Plaintiffs" includes any putative members of the alleged class.  As a defense to the SCCAC and each and every allegation contained therein, HBEU asserts as follows:

1.     Plaintiffs' claims are barred because the Court lacks personal jurisdiction and/or venue over HBEU.

2.     Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim against HBEU upon which any relief can be granted.

3.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

4.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

5.     To the extent Plaintiffs' claims, including their allegations of fraudulent concealment, sound in fraud or misrepresentation, Plaintiffs have not alleged fraud or misrepresentation with the requisite particularity.

6.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and laches, and by their failure to exercise reasonable care and diligence to mitigate their alleged damages.

7.     The damages alleged by Plaintiffs and the members of the proposed putative classes, if any, are too remote, speculative, and uncertain to be recoverable.

8.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and/or damage awards duplicative of those sought in other actions, in contravention of the statutes under which Plaintiffs seek relief, including, but not limited to, Minn. Stat. § 325D.57 and in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

9.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have received any payments in settlement of the claims, and/or to the extent they have otherwise released their claims.

10.     If and to any extent Plaintiffs and the members of the proposed putative classes have been damaged (which HBEU denies), Plaintiffs and the members of the proposed putative class are barred from recovery, in whole or in part, to the extent they also benefitted from the conduct alleged in the SCCAC.   Alternatively, any damages sustained by Plaintiffs and the members of the proposed putative class (which HBEU denies), must be reduced by the amount that Plaintiffs and the members of the proposed putative class benefitted from the alleged conduct.

11.     If and to the extent that Plaintiffs have suffered damages recoverable from HBEU (which HBEU denies), those damages may be set-off with respect to any amounts that Plaintiffs may owe on debts or other liabilities to HBEU.

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injury, if any, was indirect and not actually or proximately caused by HBEU.

13.     Plaintiffs' claims are barred, in whole or in part, because none of Plaintiffs' claimed injuries were caused by an act or omission of HBEU.

14.     Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent they exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of HBEU.

15.     Plaintiffs' claims are barred, in whole or in part, because HBEU did not participate in, and had no knowledge of, any alleged agreement, contract, combination, or conspiracy.

16.     Plaintiffs' claims are barred, in whole or in part, because HBEU's alleged conduct has not unreasonably restrained trade and was based on independent and legitimate business conduct.

17.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered a cognizable antitrust injury flowing from any allegedly anti-competitive conduct by HBEU.

18.     Plaintiffs' claims are barred, in whole or in part, because none of HBEU's alleged actions or omissions substantially lessened competition within any properly defined market.

19.     Plaintiffs' claims are barred, in whole or in part, because HBEU is not liable for any alleged violative acts or omissions, if any, of any parties other than HBEU.

20.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of some or all of the facts alleged in the SCCAC upon which the HBEU's liability is asserted.  Furthermore, each Plaintiff knew or should have known the risk associated with foreign currency transactions, and each Plaintiff assumed the risk that it might be damaged by entering into a foreign currency transaction.

21.     Plaintiffs' claims are barred, in whole or in part, by their lack of diligence or by their own negligence.

22.     Plaintiffs' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich Plaintiffs.

23.     Plaintiffs are not entitled to interest, costs, disbursements, or attorneys' fees in connection with this action.

24.     Plaintiffs' claims are barred, in whole or in part, because certain Defendants are statutorily exempt from liability under the state statutes that Plaintiffs' claims are based on.

25.     Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act.  15 U.S.C. § 6a.

26.     Plaintiffs' claims are barred, in whole or in part, pursuant to Florida Statute § 607.1502(a), to the extent any Florida Plaintiff is a foreign corporation lacking a certificate of authority to transact business in the State of Florida.

27.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not permitted by the Illinois Antitrust Act to bring or maintain a class action on behalf of indirect purchasers.

28.     Plaintiffs' claims are barred, in whole or in part, pursuant to the regulatory scheme exception to the North Carolina Unfair and Deceptive Trade Practices Act, which bars claims when application of the statute would create unnecessary and overlapping supervision, enforcement and liability in the face of existing state or federal laws and regulatory schemes, and the overlapping regulatory regime provides plaintiffs an adequate remedy.

29.     Plaintiffs' claims under Massachusetts General Laws Chapter 93A are barred, in whole or in part, because Plaintiffs failed to make a sufficient written demand for relief to Defendants at least 30 days prior to filing the Complaint.

30.     Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any specific intrastate misconduct or injuries within the relevant states that would be sufficient to invoke the relevant state statutes.

31.     Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead any unfair or deceptive actions that primarily and substantially occur with the relevant states.

32.     Plaintiffs' consumer protection claims are barred, in whole or in part, because plaintiffs are not consumers under the relevant state statutes and they did not engage in consumer transactions.

33.     Plaintiffs' claims are barred, in whole or in part, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

34.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs are part of the Direct or Exchange-Only Settlement Classes in the consolidated FX Litigation and their claims were released by the Direct or Exchange-Only Settlements.

35.     Plaintiffs' claims are barred, in whole or in part, because the state laws alleged by Plaintiffs are not applicable under governing choice of law principles.

36.     HBEU presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserves the right to (i) amend or supplement its answer, defenses, affirmative defenses, and all other pleadings, and (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate. For example, among other things, HBEU is not able to review contracts governing relevant transactions with RFEDs because Plaintiffs have refused to identify the RFEDs with whom they transacted and other critical details of the transactions that would allow HBEU to attempt to connect Plaintiffs' transactions with any particular RFEDs with any transactions HBEU may have had with the RFEDs.

37.     HBEU incorporates by reference and adopt any affirmative defense raised by other Defendants in this action that is not already asserted above.

Dated: June 3, 2019

LOCKE LORD LLP

By: *Roger B. Cowie*
Gregory T. Casamento
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0472
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendant HSBC Bank plc*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2019, a copy of the foregoing was served electronically on counsel of record for all parties through the Court's CM/ECF system.

*/s/ Roger B. Cowie*