```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JAMES CONTANT, et al.,                                       :
                                    Plaintiffs,              :
                                                             :           17 Civ. 3139 (LGS)
                  -against-                                  :
                                                             :                **ORDER**
BANK OF AMERICA CORPORATION, et al.,                         :
                                    Defendants.              :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2019
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs move for reconsideration of the Court's May 17, 2019, Opinion and Order, *Contant v. Bank of Am. Corp.*, No. 17 Civ. 3139, 2019 WL 2174233 (S.D.N.Y. May 17, 2019), insofar as it dismisses Defendants The Royal Bank of Scotland plc ("RBS") and Société Générale ("SocGen") for lack of personal jurisdiction;

WHEREAS, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*,

584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.  Plaintiffs have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth*, 729 F.3d at 104.  First, Plaintiffs contend that because the Court held that it had personal jurisdiction over RBS and SocGen in *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789, 2016 WL 1268267 (S.D.N.Y. Mar. 31, 2016) ("*FOREX*"), and *Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2018 WL 1472506 (S.D.N.Y. Mar. 22, 2018), the Court necessarily has personal jurisdiction over RBS and SocGen in this action.  This argument is unavailing.  Because *FOREX* and *Nypl* concerned *federal* antitrust claims, the Court assessed the defendants' aggregate contacts "with the United States *as a whole*."  *Nypl*, 2018 WL 1472506, at *3 n.4 (emphasis added); *see FOREX*, 2016 WL 1268267, at *6; *Nypl*, 2018 WL 1472506, at *6.  The Court did not consider, as it must in this case, the nature and extent of SocGen and RBS's contacts with New York.  Because Plaintiffs have failed to set forth any non-conclusory allegation linking SocGen or RBS's conspiracy-related conduct to New York, they have not met their burden to show that SocGen and RBS "should reasonably anticipate being haled into court" here.  *See Contant*, 2019 WL 2174233, at *6 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Second, Plaintiffs contend that the Court erred in applying the test for conspiracy jurisdiction set forth in *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68 (2d Cir. 2018).  To allege conspiracy jurisdiction, "the plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of

the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Schwab*, 883 F.3d at 87.  But *Schwab* did not abrogate the long-standing principle that, under any theory of jurisdiction, due process requires that a "defendant's conduct and connection with the forum is 'such that [the defendant] should reasonably anticipate being haled into court there.'"  *Contant*, 2019 WL 2174233, at *3 (quoting *World-Wide Volkswagen*, 444 U.S. at 297).  Given the absence of any non-conclusory allegation connecting SocGen or RBS's conspiracy-related conduct to New York, the Court did not err in holding that Plaintiffs failed to establish specific jurisdiction.

        The Clerk of Court is respectfully directed to close the motion at Docket No. 276.


Dated: July 8, 2019
       New York, New York

                                      LORNA G. SCHOFIELD
                                   UNITED STATES DISTRICT JUDGE