July 25, 2019

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *Contant, et al. v. Bank of Am. Corp., et al.*, No. 17-cv-3139-LGS (S.D.N.Y.)

Dear Judge Schofield:

  Pursuant to Rule III.A.1., of Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiffs in the above-referenced matter respectfully request a pre-motion conference regarding Plaintiffs' anticipated motion for leave to file a Third Consolidated Class Action Complaint ("TCCAC"). The proposed TCCAC, to be submitted with Plaintiffs' formal motion for leave to amend, will include new jurisdictional allegations as to RBS that cure the narrow pleading deficiency that the Court identified in the Order Granting in Part Foreign Defendants'[1] Motion to Dismiss, ECF No. 263 (the "12(b)(2) Order"), with respect to RBS, namely allegations regarding RBS's alleged conspiracy related conduct aimed at or taking place in New York and RBS's awareness of such conduct by its co-conspirators. Based on multibank chat room transcripts produced by the Non-Settling Defendants, the TCCAC adds detailed allegations directly linking RBS's conspiracy-related conduct to New York, including discussions of FX price manipulation, by providing that RBS traders directly participated in the alleged conspiracy through chat groups with other Defendants' traders, including RBS traders based in New York *and* RBS traders based outside of New York who directly participated in the alleged conspiracy through chat groups with other Defendants' traders who were based in New York.

  As this Court previously recognized in granting Plaintiffs leave to file the Second Consolidated Class Action Complaint ("SCCAC"), "[l]eave to amend should be 'freely give[n] when justice so requires,'" *Contant v. Bank of Am. Corp.*, No. 17-cv-3139-LGS, 2018 WL 5292126, at \*2 (S.D.N.Y. Oct. 25, 2018) (quoting Fed. R. Civ. P. 15(a)(2)). Denial of leave to amend requires "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This motion is not futile, as it directly addresses and resolves the current gap in jurisdictional allegations. No bad faith or undue delay exists, as Plaintiffs have promptly addressed the deficiency identified in the 12(b)(2) Order, and the chat transcripts that form the basis for Plaintiffs' motion for leave to amend were not produced to Plaintiffs until after the SCCAC was filed. Finally, RBS cannot show undue prejudice because RBS is a defendant in *FOREX* and *Nypl*, Rule 12(b) motions are pending as to RBS in *Allianz*, the litigation is still in its early stages, and discovery was stayed as to RBS pending the Court's Rule

---

[1] Defendants Barclays Bank PLC, BNP Paribas Group, HSBC Bank plc, MUFG Bank, Ltd. ("MUFG"), The Royal Bank of Scotland plc ("RBS"), Société Générale ("SocGen"), Standard Chartered Bank, UBS AG, and UBS Group AG are collectively the "Foreign Defendants."

12(b)(2) Order. To wit, the discovery stay in this case was only lifted on May 17, 2019, as to Foreign Defendants Barclays Bank PLC, BNP Paribas Group, HSBC Bank plc, Standard Chartered Bank, and UBS AG when the Court denied their respective Rule 12(b)(2) motions. *See* 12(b)(2) Order.

Plaintiffs filed the SCCAC on November 28, 2018. The Foreign Defendants moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). On May 17, 2019, the Court granted the motion as to MUFG, RBS, SocGen, and UBS Group AG, but denied it to the remaining Foreign Defendants. ECF No. 263. The Court found that Plaintiffs had adequately pleaded the three elements of conspiracy jurisdiction as to all Foreign Defendants except UBS Group AG. *Id.* at 6-10. The Court also found that exercising personal jurisdiction over the Foreign Defendants would be reasonable. *Id.* at 13. However, as to MUFG, RBS, and SocGen, the Court found Plaintiffs had not made "a prima facie showing that [these defendants] could reasonably foresee being haled into court in New York for their conspiracy-related conduct" because the SCCAC "does not specifically allege that MUFG, RBS or SocGen engaged in suit-related conduct aimed at or taking place in New York." *Id.* at 12. The Court further noted, "[n]or does the Complaint connect these defendants' participation in the conspiracy to New York in some other way—for example, by alleging facts to show that they were aware of their co-conspirators' in-forum overt acts." *Id.*

Plaintiffs moved for reconsideration of the 12(b)(2) Order on May 31, 2019 as to RBS and SocGen.[2] ECF No. 277. Plaintiffs argued that the *FOREX* and *Nypl* Rule 12(b)(2) decisions should dictate the result here because the Court exercised personal jurisdiction over RBS based on the same FX conspiracy and substantially similar allegations. *See Nypl v. JPMorgan Chase & Co.*, No. 15-cv-9300-LGS, 2018 WL 1472506, at *1 (S.D.N.Y. Mar. 22, 2018) (rejecting 12(b)(2) motion filed by RBS). On July 7, 2019, the Court denied Plaintiffs' Motion for Reconsideration, stating that "[b]ecause Plaintiffs have failed to set forth any non-conclusory allegation linking . . . RBS's conspiracy-related conduct to New York, they have not met their burden to show that . . . RBS 'should reasonably anticipate being haled into court' here." ECF No. 288, at 2 (citation omitted). Plaintiffs stated in their reconsideration motion that "[i]n the event the Court denies this Motion for Reconsideration, Plaintiffs intend to file a Motion for Leave to Amend the SCCAC to add new jurisdictional allegations against Foreign Defendants, including new evidence gleaned from discovery." *Id*. at n.2.[3]

The Court has made clear that allegations connecting RBS's conspiracy-related conduct to New York are the lone deficiency in the SCCAC for purposes of establishing personal jurisdiction over RBS. ECF No. 263, at 12 (12(b)(2) Order) noting that SCCAC "does not specifically allege that . . . RBS . . . engaged in suit-related conduct aimed at or taking place in New York" and also

---

[2] Plaintiffs did not move for reconsideration as to MUFG because the parties had entered into a Settlement Agreement during the pendency of the Foreign Defendants' 12(b)(2) motion. *See* ECF No. 277, at n.1. Plaintiffs did not move for reconsideration as to UBS Group AG because Plaintiffs had agreed to voluntarily dismiss it shortly before the 12(b)(2) Order was entered.

[3] It is well-established that "a motion for reconsideration is not the appropriate forum to raise new facts." *Semple v. Eyeblaster, Inc.*, No. 08-cv-9004-HB, 2009 WL 1748062, at *2 (S.D.N.Y. June 19, 2009); *see also Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a 'motion for reconsideration may not be used to advance new facts . . . not previously presented to the Court . . .'" (citation omitted)).

does not "connect [RBS'] participation in the conspiracy to New York in some other way—for example, by alleging facts to show that they were aware of their co-conspirators' in-forum overt acts."); ECF No. 288, at 2 (Order Denying Motion for Reconsideration noting absence of any allegation "linking . . . RBS's conspiracy-related conduct to New York"). Plaintiffs' proposed TCCAC supplies this missing link and adds specific, detailed jurisdictional allegations that show suit-related conduct by RBS aimed at and taking place in New York and that show RBS was aware of its co-conspirators' in-forum overt acts. These allegations are more than sufficient to establish personal jurisdiction over RBS in New York. Specifically, the TCCAC will include allegations detailing RBS's New York-related conduct in furtherance of the alleged conspiracy, including that:



None of the factors constituting "good reason" to deny leave to amend exists here. The proposed amendments are not futile, as they directly address the only deficiency the Court identified: a connection to New York. Plaintiffs brought this letter motion promptly after the Court issued its Order on Plaintiffs' Motion for Reconsideration; no undue delay exists. Nor can RBS plausibly assert bad faith. These new jurisdictional allegations were gleaned from discovery produced during the pendency of Foreign Defendants' Rule 12(b)(2) motion and *after* Plaintiffs filed the SCCAC. Plaintiffs have not failed to cure a deficiency despite multiple chances to do so. Finally, RBS cannot show prejudice, much less undue prejudice. Fact discovery extends until February 3, 2020 (ECF No. 258), the discovery stay was only lifted on May 7, 2019 as to Barclays Bank PLC, BNP Paribas Group, HSBC Bank plc, and Standard Chartered Bank, and UBS AG with the denial of their Rule 12(b)(2) motion, and RBS was subject to personal jurisdiction in this Court in *FOREX* and is currently so in *Nypl*, based on the same FX conspiracy and substantially similar allegations to those here.

Given the permissive standard for amending pleadings and the proposed new jurisdictional allegations that cure the jurisdictional deficiency, Plaintiffs respectfully request that the Court grant their motion for leave to file the TCCAC. Counsel for Plaintiffs are available for a pre-motion conference at the Court's convenience.

Dated: July 25, 2019                               Respectfully submitted,

/s/ Michael Dell'Angelo
Michael Dell'Angelo
Michael J. Kane
Joshua T. Ripley
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net
mkane@bm.net
jripley@bm.net

Garrett W. Wotkyns
**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Tel: (480) 428-0142
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com

Joseph C. Peiffer
**PEIFFER WOLF CARR & KANE, APLC**
201 St. Charles Ave. Suite 4610
New Orleans, LA 70170
Tel: (504) 523-2434
Fax: (504) 523-2464
jpeiffer@pwcklegal.com

R. Bryant McCulley
Stuart McCluer
**MCCULLEY MCCLUER PLLC**
1022 Carolina Boulevard, Suite 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

*Counsel for Plaintiffs and the Proposed Classes*