UNITED STATES DISTRICT COURT, , , COUNTY

| | |
|---|---|
| **Plaintiff / Petitioner:**<br>JAMES CONTANT, et. al.<br>**Defendant / Respondent:**<br>BANK OF AMERICA CORPORATION, et. al. | **AFFIDAVIT OF SERVICE**<br>Index No:<br>17CV3139 (LGS) |

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and located at 590 Madison Ave 21st floor, New York, NY 10022 . That on Fri, Mar 22 2019 AT 03:03 PM AT 55 WATER STREET 50TH FLOOR, NEW YORK, NY 10004 deponent served the within NOTICE TO PARTIES BEING SUBPOENAED, SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, Federal Rule of Civil Procedure 45 (c), (d), (e), and (g), EXHIBIT A, APPENDIX A, STIPULATION AND ORDER, APPENDIX B on FOREX CAPITAL MARKETS, LLC.

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** FOREX CAPITAL MARKETS, LLC. a defendant, therein named, by delivering a true copy of each to ANTHONY "DOE" ( refused last name) personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be person authorized to accept thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known address, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Non-Service:**

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of NY, in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I have that the defendant is not in the military service of NY, or of the United States as that term is defined in either the State or in the Federal statutes.

**Additional Comments:**
1) Successful Attempt: Mar 22, 2019, 3:03 pm EDT at Company: 55 WATER STREET 50TH FLOOR, NEW YORK, NY 10004 received by ANTHONY "DOE" (refused last name) stated he is authorized to accept.   Witness fee of $15.00 tendered at time of service.
Served upon party authorized to accept.

**Description:**
| Age: 30 | Ethnicity: Caucasian | Gender: Male | Weight: 170 |
|---|---|---|---|
| Height: 5'10" | Hair: Brown | Eyes: | Relationship: |
| Other | | | |

_____ MAR 26 2019
Michael Gorman
1381333

Sworn to before me MAR 26 2019


Notary Public

BRIAN B RICKS
NOTARY PUBLIC STATE OF NEW YORK
No. 01RI6383781
Qualified in New York County
My Commission Expires
November 26, 2022

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORI

| | |
|---|---|
| JAMES CONTANT, et al. ) <br> *Plaintiff* ) <br> v. ) <br> BANK OF AMERICA CORPORATION, et al. ) <br> ) <br> *Defendant* ) | Civil Action No. 17 CIV. 3139 (LGS) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: FOREX CAPITAL MARKETS LLC c/o CT Corporation System (C0168406), 55 Water Street, 50th Fl, New York, NY 10041

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See Attachment A

| Place: Peiffer Wolf Carr & Kane <br> 4 Embarcadero Center, Suite 1400 <br> San Francisco, CA 94111 | Date and Time: <br> 9:00 am on April 15, 2019 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 7, 2019

          *CLERK OF COURT*
                                           OR
                                                            s/ Tracey Cowan
_____                        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17 CIV. 3139 (LGS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A – TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO
FOREX CAPITAL MARKETS LLC

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein, and are deemed incorporated in each request:

1. "You," "Your," or "Your Company" means <u>FOREX CAPITAL MARKETS LLC</u>, and any officers, directors, employees, agents or other representatives.

2. "FX" means foreign exchange or foreign currency exchange.

3. "FX transaction" or "FX transactions" means any spot FX transaction, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related in any way to FX rates.

4. "Defendants" means Bank of America Corporation; Bank of America, N.A.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; The Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank PLC; Barclays Capital Inc.; BNP Paribas Group; BNP Paribas North America, Inc.; BNP Paribas Securities Corp.; BNP Paribas Prime Brokerage, Inc.; Citigroup Inc.; Citibank, N.A.; Citicorp; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank AG; Deutsche Bank Securities Inc.; The Goldman Sachs Group, Inc.; Goldman, Sachs & Co.; HSBC Bank PLC; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; HSBC Securities (USA) Inc.; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Morgan Stanley; Morgan Stanley & Co., LLC; Morgan Stanley & Co. International PLC; RBC Capital Markets LLC; The Royal Bank of Scotland PLC; RBS Securities Inc.; Societe Generale S.A.; Standard Chartered Bank; UBS AG; UBS Group AG; and UBS Securities LLC.

## INSTRUCTIONS

1. Unless otherwise noted, the relevant time period of these document requests is December 1, 2007 through December 31, 2015 (the "Relevant Time Period").

2. In producing documents, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents are possessed directly by you or your employees, agents, parent companies, subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

3. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (*i.e.*, the document custodian) and the business address of each document custodian.

4. Electronically stored information and data should be produced in compliance with the formats, procedures, and protocols set forth in the Stipulation and Order Establishing the

Protocol for the Production of Documents and Electronically Stored Information ("ESI"), which is attached as Appendix A.

## REQUESTS FOR PRODUCTION

1. Documents or data sufficient to identify the manner by which Defendants offer FX bid-ask quotes to You, including all algorithms or computer models used by You to collect and aggregate Defendants' bid-ask quotes, prices, spreads, markups and/or margins.

2. Documents or data sufficient to identify FX bid-ask quotes for all currency pairs listed in Appendix B offered by You to Your retail customers in as small a time interval as available (*e.g.* microseconds).

3. Your transaction data identifying all FX transactions for all currency pairs listed in Appendix B between You and any Defendant, including:

   a. the Defendant,
   b. Your corresponding retail customer,
   c. FX product type,
   d. currency pair,
   e. the unit price,
   f. units,
   g. total amount,
   h. currency in which price and amount are specified,
   i. date and time of the transaction, and
   j. date and time of the transaction fulfillment.

4. Your transaction data identifying all FX transactions for all currency pairs listed in Appendix B between You and Your retail customers who, during the Relevant Time Period, identified their state of residence to You as Arizona, California, Florida, Illinois, Massachusetts, Minnesota, New York, North Carolina, including:

   a. the customer,
   b. the corresponding Defendant,
   c. FX product type,
   d. currency pair,
   e. the unit price,
   f. units,

2

      g. total amount,

      h. currency in which price and amount are specified,

      i. date and time of the transaction, and

      j. date and time of the transaction fulfillment.

5. For each of Your retail customers identified in response to Request No. 4 above, documents or data sufficient to identify the customer contact information, including but not limited to the customer name, mailing address, phone number, and email address during the period from 2007 to the present.

6. All contracts or agreements in writing between You and any Defendant regarding FX trading or FX transactions.

7. Documents sufficient to identify the form of all agreements or contracts between You and any retail customer identified in response to Request No. 4 regarding FX trading for FX transactions.

8. Documents or data sufficient to identify and describe the manner in which you set your FX transaction prices offered to Your retail customers identified in response to Request No. 4, including all algorithms or computer models used to set bid-ask quotes, prices, spreads, markups and/or margins for such FX transactions.

9. Documents or data sufficient to identify and describe all algorithms, models, information systems, or other processes used by You to monitor, analyze, and/or forecast FX transaction prices.

10. Documents or data sufficient to identify and describe all of Your forecasts for FX transaction prices.

11. Documents sufficient to identify the percentage of Your retail customers (measured by FX transaction dollar volume) from each State in the United States for each year from 2007-2015.

12. Documents sufficient to identify Your application program interfaces ("API") used to connect to and transfer data with each Defendant.

13. Documents sufficient to identify your application program interfaces ("API") used to connect to and transfer data with Your retail customers.

14. Documents sufficient to identify all trading, execution, and clearing software and/or other similar information systems You used to conduct FX transactions with Defendants.

15. Documents sufficient to identify all trading, execution, and clearing software and/or other similar information systems You used to conduct FX transactions with your retail customers.

3

16.     Documents sufficient to identify Your aggregate or net FX position exposure for FX transactions by unique currency pair with Defendants.

17.     Documents sufficient to identify Your aggregate or net FX position exposure for FX transactions by unique currency pair with your retail customers identified in response to Request No. 4.

18.     Documents sufficient to identify and describe Your methods or processes for neutralizing or hedging Your net FX position exposure between both the Defendants and Your retail customers identified in response to Request No. 4.

19.     Documents sufficient to identify and describe all conditions or factors that caused or may have caused Your methods or processes for neutralizing or hedging Your net FX position exposure in to vary and how the methods or processes differed for each such condition or factor between both the Defendants and with your retail customers identified in response to Request No. 4.

# APPENDIX A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/17/17____
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 13-cv-7789-LGS | New York, New York January 17, 2017 |
| This document relates to: All Actions | | |

SO ORDERED

*/s/ Lorna G. Schofield*
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**STIPULATION AND [PROPOSED] ORDER ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")**

Pursuant to the agreement reached between Plaintiffs and Defendants herein, this Court adopts and orders the following Protocol relating to the Production of Documents and Electronically Stored Information in these Proceedings, which binds all parties and their counsel of record in this Action, whether they currently are involved or become so in the future (collectively, the "Parties"). The failure of this Protocol to address any particular issue is without prejudice to any position that a Party may take on that issue.

**I.      DEFINITIONS**

a.      "Action" means the above-captioned matter, and any and all cases consolidated or coordinated with it.

b.      "Document" and "Electronically Stored Information" ("ESI") shall have the same meaning as the usage of these terms in Civil Rule 26.3(c)(2) of the Local District Rules and Federal Rule of Civil Procedure 34(a)(l)(A).

# APPENDIX B

| CURRENCY PAIR (SYMBOLS) | CURRENCY PAIR |
|---|---|
| AUD/CAD | Australia Dollar/Canada Dollar |
| AUD/JPY | Australia Dollar/Japan Yen |
| AUD/NZD | Australia Dollar/New Zealand Dollar |
| AUD/USD | Australia Dollar/United States Dollar |
| CAD/CHF | Canada Dollar/Switzerland Franc |
| CAD/JPY | Canada Dollar/Japan Yen |
| CHF/JPY | Switzerland Franc/Japan Yen |
| EUR/AUD | Euro/Australia Dollar |
| EUR/CAD | Euro/Canada Dollar |
| EUR/CHF | Euro/Switzerland Franc |
| EUR/CZK | Euro/Czech Republic Koruna |
| EUR/DKK | Euro/Denmark Krone |
| EUR/GBP | Euro/Great Britain Pound |
| EUR/HUF | Euro/Hungary Forint |
| EUR/ILS | Euro/Israel Shekel |
| EUR/JPY | Euro/Japan Yen |
| EURJNOK | Euro/ Norway Kroner |
| EURJNZD | Euro/New Zealand Dollar |
| EUR/PLN | Euro/Poland Zloty |
| EUR/RON | Euro/Romania Leu |
| EUR/RUB | Euro/Russia Ruble |
| EU R/SEK | Euro/ Sweden Krona |
| EUR/TRY | Euro/Turkey Lira |
| EUR/USD | Euro/United States Dollar |
| EUR/ZAR | Euro/South Africa Rand |
| GBP/AUD | Great Britain Pound/Australia Dollar |
| GBP/CAD | Great Britain Pound/Canada Dollar |
| GBP/CHF | Great Britain Pound/Switzerland Franc |
| GBP/JPY | Great Britain Pound/Japan Yen |
| GBP/NZD | Great Britain Pound/New Zealand Dollar |
| GBP/USD | Great Britain Pound/United States Dollar |
| NZD/JPY | New Zealand Dollar/Japan Yen |
| NZD/USD | New Zealand Dollar/United States Dollar |
| USD/CAD | United States Dollar/Canada Dollar |
| USD/CHF | United States Dollar/Switzerland Franc |
| USD/CNH | United States Dollar/China Yuan |
| USD/CZK | United States Dollar/Czech Republic Koruna |
| USD/DKK | United States Dollar/ Denmark Krone |
| USD/HKD | United States Dollar/Hong Kong Dollar |

| CURRENCY PAIR (SYMBOLS) | CURRENCY PAIR |
|---|---|
| USD/HUF | United States Dollar/Hungary Forint |
| USD/ILS | United States Dollar/Israel Shekel |
| USD/INR | United States Dollar/India Rupee |
| USD/JPY | United States Dollar/Japan Yen |
| USD/MXN | United States Dollar/Mexico Peso |
| USD/NOK | United States Dollar/ Norway Kroner |
| USD/PLN | United States Dollar/Poland Zloty |
| USD/RON | United States Dollar/Romania Leu |
| USD/RUB | United States Dollar/Russia Ruble |
| USD/SEK | United States Dollar/Sweden Kroner |
| USD/SGD | United States Dollar/Singapore Dollar |
| USD/TRY | United States Dollar/Turkey Lira |
| USD/ZAR | United States Dollar/South Africa Rand |