November 15, 2019

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE: *Contant, et al. v. Bank of America Corp., et al.*, **No. 17-cv-3139**

Dear Judge Schofield:

Plaintiffs respectfully submit this letter motion to request that the Court stay the settlement schedule deadlines for the Citigroup and MUFG Bank Ltd. ("MUFG") Settlements as set forth in the Court's July 29, 2019, Order granting preliminary approval of those Settlements. ECF No. 297 (the "Preliminary Approval Order"). Counsel for Citigroup and MUFG do not oppose this application.

Specifically, the settlement schedule proposed in Plaintiffs' motion for preliminary approval of the Citigroup and MUFG Settlements (the "Citigroup/MUFG Preliminary Approval Motion"), and the Preliminary Approval Order granting that Motion, provide that: (1) Plaintiffs' Motion for Approval of Notice and Plan of Allocation for the Citigroup and MUFG Settlements is due 120 days after the date of Preliminary Approval Order (November 26, 2019), and (2) the dissemination of notice to the Settlement Classes is scheduled to commence 60 days after the Court's order approving Plaintiffs' proposed notice plan and plan of allocation. ECF No. 297 ¶¶ 20-21.

At the July 25, 2019, preliminary approval hearing, the Court noted with respect to the settlement schedule proposed in the Citigroup/MUFG Preliminary Approval Motion:

> I presume you don't want to go through the notice process twice . . . I also presume that if a modest extension would result in more efficiency, you would ask for such an extension, and you shouldn't think that I am precluding that in any way. I am actually inviting it.

*See* Transcript of July 25, 2019, Hearing, ECF No. 205, at 17:10-11, 18:24-19:3. Plaintiffs respectfully accept that invitation.

In the months since the preliminary approval hearing, Plaintiffs reached two additional settlements. Plaintiffs anticipate that they will move for preliminary approval of the two

1

additional settlements by Friday, November 22, 2019.[1] *See* ECF No. 324 ("Page Extension Letter Motion"). It will be more efficient and less costly to disseminate a single notice for all four settlements reached to date, and will avoid confusion of the Settlement Classes resulting from distinct but nearly identical and successive settlement notices.

Furthermore, despite Plaintiffs' diligent pursuit of customer contact information and transactional data from the various retail foreign exchange dealers ("RFEDs") that operated in the U.S. during the Class Period, much of that information has yet to be produced. RFED customer information is essential to Plaintiffs' notice plan because this information will help identify proposed class members. Obtaining this information will allow for direct mail notice to the Settlement Class Members identified in the RFED data, and will assist with the formulation of Plaintiffs' plan of allocation, which will allocate settlement funds *pro rata* based in part on the transactional records that Plaintiffs will obtain from the RFEDs, to the extent available. To date, Plaintiffs have obtained customer contact and account information sufficient to identify and disseminate notice to the customers of certain RFEDs, including FXDirectDealer, LLC ("FXDD") and Peregrine Financial Group ("PFG"). Further, after months of negotiations, Plaintiffs reached agreements with additional RFEDs—including two of the largest RFEDs that operated during the Class Period, Forex Capital Markets ("FXCM") and GAIN Capital ("GAIN")—regarding the scope of materials that they will produce responsive to Plaintiffs' subpoenas, including customer contact information and transactional data. However, several factors beyond Plaintiffs' control have delayed those productions beyond what Plaintiffs initially anticipated, and the timeline of the productions is nevertheless largely dictated by the third parties. Issues relating to production timing are described below.

Plaintiffs and FXCM reached an agreement regarding the documents and data that FXCM will produce. However, FXCM's agreement is conditioned upon its insistence that Plaintiffs reimburse FXCM for the full amount of FXCM's anticipated costs of production, as well as a majority of FXCM's attorneys' fees incurred in negotiating the scope of the subpoena. Plaintiffs filed a motion to compel on November 12, 2019, to request that the Court resolve this dispute regarding fee and cost shifting. ECF No. 325. The briefing schedule for Plaintiffs' motion is scheduled to conclude on December 6, 2019. ECF No. 332.

Plaintiffs have similarly reached an agreement with GAIN regarding the scope of its production. However, counsel for GAIN raised several technical issues regarding GAIN's transactional data that have delayed the GAIN production. Specifically, GAIN's documents and data reside on several different servers, some of which contain data that GAIN's personnel lack the technical expertise to extract in a usable format for Plaintiffs. Plaintiffs have proposed third-party vendors that can perform those functions, and those vendors are preparing estimates of the time and costs required to extract the relevant GAIN data. GAIN has also indicated that it may seek from Plaintiffs reimbursement of at least some portion of its costs of production; therefore, the issue of cost sharing may need to be litigated with respect to the GAIN subpoena.

---

[1] Plaintiffs notified the Court of the Settlements by letters to chambers on August 13, 2019, and October 7, 2019, and requested that the letters not be filed on the public docket because the Settlements were not yet public. Counsel for Plaintiffs have agreed not to make public the identities of the two additional settling Defendants in advance of Plaintiffs' motion for preliminary approval of the two additional Settlements.

Plaintiffs will submit a revised settlement schedule timeline with the forthcoming preliminary approval motion. Plaintiffs anticipate that this revised timeline will provide sufficient time for Plaintiffs to resolve any outstanding issues with the major RFEDs that have yet to produce customer identifying information. Plaintiffs anticipate that those documents and data will not be produced by the current November 26, 2019, deadline for Plaintiffs' Motion for Approval of Notice and Plan of Allocation for the Citigroup and MUFG Settlements. Regardless, extending the pending Notice deadline to allow Plaintiffs to disseminate a single uniform notice for each of the four settlements will create efficiencies, reduce the overall cost of disseminating notice and the related administration, and reduce the likelihood of confusion arising from multiple successive settlement notices.

Accordingly, Plaintiffs respectfully request that the current settlement schedule for the Citigroup and MUFG Settlements be stayed so that notice, allocation, and distribution of settlement funds can be consolidated to account for the two additional settlements. Plaintiffs will propose a new settlement schedule for all four settlements in the proposed order submitted with the forthcoming preliminary approval motion.

Respectfully submitted,

/s/ Michael Dell'Angelo
Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net