

111 South Wacker Drive
Suite 4100
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Julia C. Webb
Direct Telephone: 312-443-0404
Direct Fax: 312-896-6404
jwebb@lockelord.com

November 19, 2019

VIA ECF

| | |
|---|---|
| The Honorable Lorna G. Schofield | The Honorable Stewart D. Aaron |
| United States District Judge | United States Magistrate Judge |
| Thurgood Marshall U.S. Courthouse | Daniel Patrick Moynihan U.S. Courthouse |
| 40 Foley Square | 500 Pearl Street |
| New York, New York 10007 | New York, New York 10007 |

Re:   *Contant, et al. v. Bank of Am. Corp., et al.*, 1:17-cv-03139

Dear Judge Schofield and Magistrate Judge Aaron:

Defendant HSBC North America Holdings, Inc. ("HSBC") respectfully submits this pre-motion letter to compel production of documents from non-party Forex Capital Markets, LLC ("FXCM"), pursuant to Federal Rule of Civil Procedure 45(d) and Rules II.B, III.A.1, and III.C.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases.

**Documents From FXCM Have Great Relevance To This Case.**  Plaintiffs claim to be "indirect purchasers of spot FX Instruments from Defendants and/or Defendants' co-conspirators." Second Consolidated Class Action Complaint, ECF 183, and Third Consolidated Class Action Complaint, ECF 304, at ¶ 1.  In other words, their claims are based on transactions that Plaintiffs entered into *not with Defendants* but with unrelated third parties Plaintiffs refer to as retail foreign exchange dealers ("RFEDs").  *Id*. ¶ 3.  Plaintiffs' claims require evidence about the manner in which the RFEDs conducted their upstream and downstream FX transactions in order to establish the necessary link between Plaintiffs' transactions with the RFEDs and the RFEDs' transactions with Defendants.  *Eg. Id*. ¶¶ 3, 10-20.  In late 2018, at Defendants' insistence, Plaintiffs identified more than 60 entities as purported RFEDs relevant to this action.  FXCM was on that list.  According to plaintiffs' interrogatory responses, three of the named Plaintiffs—James Contant, Martin-Han Tran, and Carlos Gonzalez—base their claims *entirely* on transactions with FXCM, and three more named Plaintiffs base at least some of their claims on transactions with FXCM.  HSBC served a subpoena for production of documents on FXCM on April 6, 2019.  *See* Exhibit 1 hereto.

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

**HSBC Diligently Attempted To Secure Compliance With The Subpoena.** HSBC and FXCM held their first meet and confer regarding HSBC's requests for production on May 23, 2019. FXCM informed HSBC that it was preparing a draft declaration in lieu of producing documents responsive to several requests for production in Plaintiffs' separate subpoena. FXCM proposed that it share the draft declaration with HSBC when available, to see whether it might also be sufficient to address some portion of HSBC's requests for production. In order to reduce the burden and expense on FXCM, HSBC agreed to first wait for this draft declaration, instead of pushing for immediate production.

Despite repeated requests, FXCM did not actually share a draft declaration with HSBC until August 26, 2019. HSBC reviewed the draft and sought to schedule a meet and confer to address questions related to the description of FXCM's business practices in the declaration in early September 2019. FXCM was unavailable to conduct the meet and confer until October 3, 2019. On that call, counsel for FXCM invited HSBC to email follow-up questions raised by the draft declaration because counsel for FXCM was not in a position to answer them on the call. HSBC sent the follow-up questions on October 7, 2019. Instead of answering the questions for purposes of finalizing the declaration as HSBC understood to be the plan, FXCM called HSBC's follow-up questions improper interrogatories and requested that HSBC pay FXCM for its attorneys' fees. HSBC declined FXCM's invitation to pay for its fees and advised FXCM that, if it no longer wished to prepare a declaration to address the necessary issues in lieu of producing documents as previously discussed, HSBC stood ready to receive FXCM's production of documents responsive to HSBC's requests and/or to conduct any further meet and confer discussions that FXCM might feel were necessary. FXCM did not respond.

FXCM also informed HSBC in early June 2019 that it intended to produce unspecified documents to Plaintiffs in response to some of Plaintiffs' requests for production. Again, to minimize the burden and expense on FXCM, HSBC agreed to review a list of what types or categories of documents FXCM was producing to Plaintiffs before insisting on immediate production of all documents responsive to HSBC's subpoena in order to (a) avoid overlapping or duplicative production and (b) determine whether documents FXCM planned to produce to Plaintiffs were sufficient to satisfy HSBC's need for documents from FXCM. HSBC has regularly and repeatedly requested this list of documents (or categories or types of documents) that FXCM plans to produce to Plaintiffs for more than four months now to no avail. In fact, Plaintiffs' own motion to compel is silent as to the precise documents or categories of documents they want produced.

**FXCM Must Produce Documents Responsive To HSBC's Subpoena.** FXCM did not serve written objections or responses to HSBC's subpoena, and has not asserted any objections other than generalized references to burden and expense during meet and confer discussions. HSBC attempted, for many months, to minimize the burden and expense by agreeing to potentially address some of its requests via a declaration and to determine whether additional documents were needed after FXCM shared a list or description of documents to be produced to Plaintiffs.

As explained above, FXCM no longer appears willing to address HSBC's questions via a declaration and has repeatedly failed to share a list of the "agreed" production FXCM plans to make to Plaintiffs. Accordingly, the plan initially suggested by FXCM is no longer feasible and FXCM should be required to begin producing documents responsive to HSBC's subpoena expeditiously.

**FXCM's Requests For Cost-Sharing and Attorneys' Fees Should Be Rejected.** In mid-October, both Plaintiffs and FXCM began asking HSBC to pay for half of FXCM's alleged costs to comply with *Plaintiffs'*—not HSBC's—subpoena. HSBC told the other parties that it could not even begin to consider this request until Plaintiffs and/or FXCM provided HSBC with a list of the categories or types of documents, including the scope of any transaction data, to be included in FXCM's document production. Despite repeated requests to both parties, HSBC still does not know what documents FXCM has agreed to produce to Plaintiffs. HSBC also specifically asked FXCM whether the production would contain any documents responsive to HSBC's unique requests, or if all of the documents in the production were responsive to Plaintiffs' subpoena. FXCM did not respond. Moreover, when HSBC asked FXCM to identify the legal basis for its request that HSBC pay for FXCM's costs to comply with Plaintiffs' subpoena and/or its attorneys' fees, FXCM failed to respond. FXCM has not identified any legal authority supporting its requests for HSBC to pay 50% of the costs and some unspecified portion of undocumented attorneys' fees necessary to comply with either Plaintiffs' subpoena or HSBC's own, separate subpoena. Accordingly, there is no basis for the Court to shift such costs to HSBC.

For these reasons, HSBC respectfully requests that the Court enter an order requiring FXCM to produce documents responsive to the requests for production in HSBC's subpoena.

        Respectfully submitted,

        LOCKE LORD LLP

        By: /s/ Julia C. Webb
        Gregory T. Casamento
        3 World Financial Center
        New York, New York 10281
        Telephone: (212) 812-8325
        gcasamento@lockelord.com

        Roger B. Cowie
        2200 Ross Avenue, Suite 2800
        Dallas, TX 75201
        Telephone: (214) 740-8000
        rcowie@lockelord.com

        J. Matthew Goodin
        Julia C. Webb

                111 South Wacker Drive
                Chicago, IL 60606
                Telephone: (312) 443-0700
                jmgoodin@lockelord.com
                jwebb@lockelord.com

                *Attorneys for Defendant*
                *HSBC North America Holdings, Inc.*

CC:  Counsel for all parties via ECF
     Counsel for FXCM via email