UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, *et al.*,<br><br>            Plaintiffs,<br>v.<br><br>BANK OF AMERICA CORPORATION, *et al*.,<br><br>            Defendants. | Case No. 17-cv-3139-LGS<br><br>(related to No. 13-cv-7789-LGS)<br><br>ECF CASE |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND CERTIFYING THE PROPOSED SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] and Standard Chartered Bank ("SC") have entered into and executed a Stipulation and Agreement of Settlement (the "SC Settlement") that has been attached as Exhibit A to the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval of Settlements ("Dell'Angelo Decl."), and Plaintiffs and Société Générale ("SG")[3] have entered into and executed a Stipulation and Agreement of Settlement (the "SG Settlement") attached as Exhibit B to the Dell'Angelo Decl., which, if finally approved by the Court, will result in the settlement of all claims against SC and SG;[4]

WHEREAS, in full and final settlement of the claims asserted against them in this Action, SC has agreed to pay an amount of $1,720,000 (the "SC Settlement Amount"), and to provide reasonable cooperation in the continued prosecution of the Action as set forth in the SC Settlement (the "Cooperation Provisions");

WHEREAS, in full and final settlement of the claims asserted against them in this Action, SG has agreed to pay an amount of $975,000 (the "SG Settlement Amount"), and to provide reasonable cooperation in the continued prosecution of the Action as set forth in the SG Settlement;

WHEREAS, Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements, which sets forth the terms and conditions of the settlement of the Action against SC and SG and for dismissal of

---

[1] As defined in the Settlements, the "Action" means *Contant, et al. v. Bank of America Corp., et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y.) and all actions consolidated thereunder or that may be consolidated thereunder in the future. SC Settlement ¶ II(a); SC Settlement ¶ II(a).

[2] As defined in the SC and SG Settlements, "Plaintiffs" are James Contant (the "New York Plaintiff"), Sandra Lavender (the "Arizona Plaintiff"), Victor Hernandez and Martin-Han Tran (together, the "California Plaintiffs"), FX Primus Ltd. and Carlos Gonzalez (together, the "Florida Plaintiffs"), Ugnius Matkus (the "Illinois Plaintiff"), Charles G. Hitchcock III (the "Massachusetts Plaintiff"), Jerry Jacobson (the "Minnesota Plaintiff"), and Tina Porter and Paul Vermillion (together, the "North Carolina Plaintiffs"). SC Settlement § II; SG Settlement § II.

[3] SC and SG are defined collectively herein as the "Settling Defendants." Plaintiffs, SC, and SG are defined collectively herein as the "Settling Parties."

[4] The SC Settlement and SG Settlement are defined collectively as the "Settlements."

2

the Action against each Settling Defendant with prejudice upon the terms and conditions set forth in the Settlements;

WHEREAS, Class Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Classes (as defined below) solely for settlement purposes;

WHEREAS, solely for settlement purposes, the Settlement Classes meet the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b) of the Federal Rules of Civil Procedure, and therefore, solely for settlement purposes, the Settlement Classes should be certified;

WHEREAS, Class Counsel have requested that they be appointed as settlement class counsel for the Settlement Classes pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Classes;

WHEREAS, the Settling Parties have agreed to the entry of this Preliminary Approval Order (the "Order" or "Preliminary Approval Order");

WHEREAS, the Court has considered the Settlements and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Settlements, for Certifications of the Proposed Settlement Classes for Settlement Purposes, for Appointment of Settlement Class Representatives, and for Appointment of Settlement Class Counsel ("Plaintiffs' Motion");

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF THE SETTLEMENTS

2. Upon review of the record, the Court finds that the Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

3. Plaintiffs' negotiations for the Settlements were lengthy, hard-fought, and informed by extensive analyses conducted by Class Counsel and their experts. The reasonableness of the Settlements is supported by: the July 29, 2019, Order granting preliminary approval of the Citigroup and MUFG Settlements, ECF No. 297 ("Citigroup/MUFG Preliminary Approval Order"); Plaintiffs' experts' analyses with respect to the volume of retail FX trading relative to the overall direct purchaser FX Instrument market at issue in *FOREX*; the SC and SG settlements which this Court approved in *FOREX*; Plaintiffs' analyses regarding potential actual damages in this Action; and the SC and SG settlements approved by the courts in the related Canadian actions.

4. The combined Settlement Fund represents a significant portion of Plaintiffs' preliminary estimates of the Settling Defendants' *pro rata* shares (based on Settling Defendants' market shares relative to the remaining Defendants) of the actual damages that would be awarded if Plaintiffs prevailed at trial. *See* Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlements and Certifications of the Proposed Settlement Classes for Settlement Purposes § IV.B.7.

5. The litigation risks faced by Plaintiffs when the Settlements were reached—and the risks that Plaintiffs continue to face—are substantial. Plaintiffs will need to overcome numerous hurdles before the Action proceeds to trial, including obtaining class certification and defeating Defendants' *Daubert* and summary judgment motions. Even if Plaintiffs succeed in establishing liability and damages at trial, a jury verdict in favor of Plaintiffs would likely be followed by

appeals. The certainty of the recoveries achieved by the Settlements therefore supports approval of the Settlements when weighed against the risks of establishing liability and damages against the Settling Defendants.

6. The Cooperation Provisions in the Settlements offer valuable relief to the Classes in their continued litigation with respect to the remaining Defendants.

7. Therefore, the Settlements are hereby preliminarily approved, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the Settlements raise no obvious reasons to doubt their fairness and finds a reasonable basis for determining that the Settlements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlements should be given as provided in this Order.

8. In the event that the Court does not grant final approval, or one or more of the Settlements is terminated, vacated, or the Effective Date fails to occur for any reason, then solely with respect to any Party to such Settlement, such Settlement (including any amendments thereto) and this Order shall be null and void with respect to such Settlement, of no further force or effect with respect to such Settlement, and without prejudice to such Settling Defendant's rights, claims, or defenses, and may not be introduced as evidence or referred to in any actions or proceedings with respect to such Settling Defendant, and each such Party shall be deemed to have reverted to their respective status in the Action as it existed prior to the execution of the respective Settlements, except as otherwise expressly provided herein. In the event that the Court does not grant final approval, the Settlement Amounts, plus any accrued interest, shall be returned to Settling Defendants, less the amounts for notice and the administration of the Settlements, as specified, *infra*, in Paragraph 31 of this Order

9. Neither Settling Defendants, nor any of their counsel, nor any of the Released Parties (as defined in each of the Settlements) shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, allocation, or distribution of any Settlement Fund or Net Settlement Fund; the proposed Plan of Allocation; the determination, administration, calculation or payment of any claims asserted against any Settlement Fund or the Net Settlement Fund; any funds held by the Escrow Agent; the payment or withholding of taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Plaintiffs or counsel for Plaintiffs; or any allocation of the fee and expense award by Class Counsel.

10. Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlements, nor any of their respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlements shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Settling Defendants.

## II. <u>CERTIFICATION OF THE SETTLEMENT CLASSES</u>

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlements, the following "Settlement Classes"[5]:

> **New York Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in New York and/or while domiciled in New York, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the New York Class are all

---

[5] The Settlement Classes defined in the SC and SG Settlements are identical. SC Settlement § III; SG Settlement § III.

indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Arizona Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**California Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in California by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Florida Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of

the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Illinois Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Massachusetts Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Minnesota Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser

were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**North Carolina Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

12. As defined in the Settlements, the term "Class Period" for all Settlement Classes is the period of December 1, 2007 through the date the Court preliminarily approves the Settlements. SC Settlement § II, ¶ (k); SG Settlement § II, ¶ (k).

13. As defined in the Settlements, the term "FX Instrument" for all Settlement Classes is any FX spot, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related in any way to FX rates. SC Settlement § II, ¶ (x); SG Settlement § II, ¶ (x).

14. As defined in the Settlements, the term "Direct Settlement Class" for all Settlement Classes refers to the class of direct purchasers who purchased an FX Instrument directly from one or more Defendants or co-conspirators, which was certified for settlement purposes in *FOREX*, ECF No. 536. SC Settlement § II, ¶ (o); SG Settlement § II, ¶ (o). The order granting preliminary class certification, *id.*, defines the Direct Settlement Class as (capitalized terms below have the meanings specified in SC's *FOREX* settlement, *FOREX* ECF No. 481-3):

All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of

9

> a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

SC Settlement § II, ¶ (o); SG Settlement § II, ¶ (o).

15. Solely for purposes of the Settlements, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Classes are so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of their respective Settlement Classes; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

16. The Court's preliminary certification of the Settlement Classes as provided herein is without prejudice to or waiver of the rights of any defendant other than Settling Defendants to

contest certification of any other class proposed in this Action. Except in the context of a proposed settlement pursuant to the Federal Rule of Civil Procedure 23(e), the Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, and no party may cite or refer to the Settlements or the Court's preliminary approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

17. The Court finds that Berger Montague PC ("Class Counsel") has fairly and adequately represented the proposed Settlement Classes in accordance with Fed. R. Civ. P. 23(g) and is qualified and experienced to continue to represent the Settlement Classes. Accordingly, Berger Montague PC will continue to serve as Settlement Class Counsel for the Settlement Classes.

18. The Court finds that Settlement Class Representatives James Contant, Sandra Lavender, Victor Hernandez, Martin-Han Tran, FX Primus Ltd., Carlos Gonzalez, Ugnius Matkus, Charles G. Hitchcock III, Jerry Jacobson, Tina Porter, and Paul Vermillion have adequately represented the interests of the absent members of their respective Settlement Classes, and that no apparent conflict exists between the proposed Settlement Class Representatives and the members of the Settlement Classes. Accordingly, Plaintiffs will continue to serve as class representatives on behalf of their respective Settlement Classes.

### IV. CLASS NOTICE AND PLAN OF ALLOCATION

19. The Court determines that notice shall be disseminated to the members of the Settlement Classes no later than 60 days after entry of the Court's Order approving Plaintiffs' Motion for Approval of Notice and Plan of Allocation, pursuant to the Settlement Schedule below.

20. Plaintiffs shall submit for the Court's approval a proposed Notice Plan and a proposed Plan of Allocation, together with a formal Motion for Approval of Notice and Plan of

Allocation, no later than 150 days from the entry of the Court's Order granting preliminary approval of the Settlements, pursuant to the Settlement Schedule set forth below.

21. The Court previously appointed Heffler Claims Group as the Settlement Administrator to assist Class Counsel in effectuating and administering the Notice Plan and the exclusion process for Settlement Class members that wish to be excluded from the Settlement Classes, and in effectuating and administering the Plan of Allocation.

22. Plaintiffs' proposed Notice Plan and Plan of Allocation shall encompass proposals for notifying the Settlement Class members and allocating settlement funds with respect to all settlements in this Action that have been granted preliminary approval by the Court as of the date of Plaintiffs' Motion for Approval of Notice Plan and Plan of Allocation, including the Citigroup, MUFG, SC, and SG Settlements. If additional settlements are granted preliminary approval after the date of this Order but prior to the dissemination of Notice pursuant to the Settlement Schedule below, Plaintiffs shall file a motion to revise the proposed Notice Plan to include those additional settlements.

23. The proposed Short-Form Notice and Long-Form Notice submitted with Plaintiffs' Motion satisfy each of the Rule 23(c)(2)(B) requirements and adequately notify Settlement Class members of the proposed Settlements. Accordingly, Plaintiffs' Notice Plan for the Citigroup, MUFG, SC, and SG Settlements shall provide for direct notice via postcard or electronic mail in substantially the same form as the proposed Short-Form Notice submitted with Plaintiffs' Motion. The proposed Long-Form Notice submitted with Plaintiffs' Motion shall be posted to the settlement website and emailed or mailed to members of the Settlement Classes upon request. A plan of publication notice will be submitted for approval with Plaintiffs' Motion for Approval of

Notice. Plaintiffs' Notice Plan shall also provide that a settlement website will be established that includes additional information and documents regarding the Settlements.

24. Plaintiffs' Plan of Allocation shall provide that the Net Settlement Funds will be allocated to eligible claimants using a similar allocation methodology as the allocation plan proposed in the Citigroup/MUFG Preliminary Approval Motion and the Declaration of Dr. Janet S. Netz submitted with the Citigroup/MUFG Preliminary Approval Motion. *See* ECF No. 274-3 (Declaration of Janet S. Netz).

## V. FEES, COSTS, EXPENSES, SERVICE AWARDS, AND CLAIMS ADMINISTRATION COSTS

25. As provided in the Settlement Schedule below, Plaintiffs may file a motion for attorneys' fees, costs, expenses, service awards within 30 days of the dissemination of Notice.

26. Heffler Claims Group shall continue to serve as the Claims Administrator to assist Class Counsel in effectuating and administering the Notice Plan to be submitted to the Court for approval and the exclusion process for Opt-Outs.

27. All costs and expenses incurred in connection with providing Class Notice and the administration of the Settlements in excess of $400,000 shall be paid from the Settlement Fund upon the application of Plaintiffs in their Motion for Approval of Notice and Plan of Allocation and approval from the Court.

## VI. ESCROW AGENT

28. Huntington National Bank shall continue to serve as the Escrow Agent for the Settlements. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities as are set forth in the Citigroup, MUFG, SC, and SG Settlements.

29. The Court approves the establishment of escrow accounts under the Settlements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury

Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

30. The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlements and/or further order(s) of the Court.

31. All reasonable expenses incurred up to $400,000 in identifying and notifying potential Settlement Class members as well as administering the Settlement Fund shall be paid as set forth in the Settlements. SC Settlement § X, ¶ (b) (providing that up to $100,000 may be expended from the SC Settlement Fund in connection with notice and the administration of the Settlement); SG Settlement § X, ¶ (b) (including the same provision with respect to the SG Settlement Fund); Citigroup Settlement (ECF No. 274-1) § X, ¶ (b) (including the same provision with respect to the Citigroup Settlement Fund); MUFG Settlement (ECF No. 274-2), § X, ¶ (b) (including the same provision with respect to the MUFG Settlement Fund).

## VII. SETTLEMENT SCHEDULE

32. The Court hereby orders the schedule below for: (a) dissemination of notice; (b) Plaintiffs' motions for attorneys' fees, costs, expenses, and service awards for the Settlement Class representatives; (c) the deadlines for Settlement Class members to object to the Settlements or request exclusion from the Settlement Classes; (d) Plaintiffs' notice to the Court identifying persons requesting exclusion from the Class; (e) Plaintiffs' notice to the Court confirming completion of the Notice program; (f) Plaintiffs' submission of a motion and memorandum in support of final approval of the Settlements; (g) any responses by the parties to any objections; (h) a Fairness Hearing; and (i) submissions of claims by Settlement Class members (the "Settlement

14

Schedule"). The Settlement Schedule shall commence with the filing of Plaintiffs' Motion for Approval of Notice and Plan of Allocation within 150 days of this Order:

| Event | Timeline |
|---|---|
| Plaintiffs' Motion for Approval of Notice and Plan of Allocation | Not later than 150 days after entry of the Court's Order granting Preliminary Approval |
| Completion of Direct Notice to the Class ("Direct Notice Date") | Within 60 days from the entry of the Court's Order directing Direct Notice and approving Plaintiffs' Plan of Allocation |
| Completion of Publication Notice to the Class ("Publication Notice Date")[6] | Within 60 days from the entry of the Court's Order directing Publication Notice and approving Plaintiffs' Plan of Allocation |
| Submission of motion for attorneys' fees, expenses, and service awards for the class representatives. | 30 days after the Notice Date |
| Deadline for Class Members to Opt Out of the Class or Object to the Settlements | 60 days after the Notice Date |
| Plaintiffs' Notice to Court Identifying Persons or Entities Requesting Exclusion from the Class and Completion of the Notice Program | Within 15 days after the deadline to opt-out of the Settlements |
| Submission of motion and memorandum in support of final approval of the Settlements and any responses by the parties to any objections filed by and Class Members. | 90 days after the Notice Date |
| Fairness Hearing | On a date to be determined by the Court |
| Claims Deadline | Within 120 days of the Fairness Hearing |

33. The Court finds and concludes that the Settlement Schedule set forth above is fair to the members of the Settlement Classes, and will provide ample time for the Settlement Classes to review the preliminary approval papers and Settlements, and to consider the attorneys' application for fees, costs, expenses, and service awards before deciding whether to object or opt out. Additionally, by deferring Plaintiffs' Motion for Approval of Notice and Plan of Allocation for 150 days from the date of this Order, the proposed schedule provides additional time for

---

[6] Collectively, the Direct Notice Date and Publication Notice Date are referred to herein as the Notice Date.

15

Plaintiffs to obtain Settlement Class member identifying information and transactional data from third parties necessary to finalize their Notice Plan and Plan of Allocation.

34. Any member of the Settlement Classes that does not submit a request for exclusion may submit a written objection to the Settlements, any requests for attorneys' fee awards, any request for expense awards, any request for class representatives' service awards, and/or the Plan of Allocation by first-class mail and postmarked within the period for objecting. The written objection must provide the following information: (1) identify the name of the case (*Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS); (2) the objector's name and address and if represented by counsel, the name, address, and telephone number of the objector's counsel; (3) proof that the objector is a member of one of the Settlement Classes; (4) a statement detailing all objections to the Citibank Settlement and/or the SG Settlement with specificity and including the legal and factual bases for each objection; and (5) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of the counsel who will attend.

35. Any member of the Settlement Classes that does not wish to participate in these Settlements must submit a written request for exclusion by first-class mail and postmarked within the time period for opting out of the Settlements. The written exclusion request must: (i) be signed by the person holding the claim or an authorized representative; (ii) state the name, address, and phone number of the Person; (iii) include proof of membership in a Settlement Class; and (iv) include a signed statement that "I/we hereby request I/we be excluded from the Settlements in *Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS.

36. At the Fairness Hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness and the adequacy of the Settlements, address any objections to it,

16

and determine whether the Settlements and Plan of Allocation should be finally approved, whether judgment should be entered thereon as to the Settling Defendants, and whether to approve any motions for service awards, and attorneys' fees, costs, and expenses.

37. All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with the terms thereof. Pending final determination of whether the Settlements should be approved, each Plaintiff and each Settlement Class member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties, and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claim.

38. The stay of proceedings in this Action with respect to Settling Defendants entered by this Order shall not in any way stay matters related to discovery of Settling Defendants in this action by the Non-Settling Defendants. The parties' rights with respect to such discovery are otherwise reserved and shall remain subject to the Court's orders on discovery.

39. All Settlement Class members shall be bound by all final determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the Settlement Classes.

40. Any Settlement Class member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class member who does not enter an appearance will be represented by Class Counsel.

SO ORDERED.

DATED: _____, 2019     _____
                                                                                The Honorable Lorna G. Schofield
                                                                                United States District Judge