**If you purchased from or sold to a retail foreign exchange dealer or "RFED" (also known as "Forex Brokers") a foreign currency instrument, a $13.63 million class action settlement may affect you.**

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

A total of $13,630,000 in cash settlements have been reached with Settling Defendants Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. (collectively, "Citigroup"), MUFG Bank, Ltd. (formerly known as The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG Bank"), Standard Chartered Bank ("SC"), and Société Générale ("SG") in the lawsuit *Contant, et al. v. Bank of America Corp., et al.*, No. 17-cv-3139-LGS (S.D.N.Y). The lawsuit is ongoing with respect to Non-Settling Defendants Bank of America Corporation; Bank of America, N.A.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Barclays Bank PLC; Barclays Capital Inc.; BNP Paribas Group; BNP Paribas North America, Inc.; BNP Paribas Securities Corp.; BNP Paribas Prime Brokerage, Inc.; Credit Suisse AG; Credit Suisse Securities (USA) LLC; Deutsche Bank AG; Deutsche Bank Securities Inc.; The Goldman Sachs Group, Inc.; Goldman, Sachs & Co.; HSBC Bank PLC; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; HSBC Securities (USA) Inc.; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Morgan Stanley; Morgan Stanley & Co., LLC; Morgan Stanley & Co. International PLC; RBC Capital Markets LLC; RBS Securities Inc.; UBS AG; and UBS Securities LLC. The Settling Defendants and Non-Settling Defendants are collectively referred to as the Defendants. The lawsuit alleges that Defendants conspired to fix the prices of foreign currency ("FX") instruments causing class members to be overcharged when purchasing from or selling to an RFED an FX Instrument and that RFED transacted in an FX Instrument directly with a Defendant. The Settling Defendants believe that Class Plaintiffs' claims lack merit, and that those claims would have been rejected prior to trial, at trial, or on appeal. Nothing in the Settlements constitutes an admission as to the merits of the allegations made in the lawsuit against the Settling Defendants or the validity of any defenses that could be asserted by the Settling Defendants. The settlements are not evidence of any liability or wrongdoing by the Settling Defendants. The Court has not decided who is right. However, on May 20, 2019 the Court granted a motion to dismiss MUFG Bank and SG for lack of personal jurisdiction and dismissed MUFG Bank from the Lawsuit.

**Who's Included?** For those who purchased from or sold to an RFED an FX Instrument and that RFED transacted in a FX Instrument with a Defendant during the period December 1, 2007 through [DATE OF PRELIMINARY APPROVAL ORDER], the Settlements create separate State Settlement Classes for persons or entities that transacted in FX Instruments, as applicable, in or while residing in each of the following states: New York, Arizona, California, Florida, Illinois, Massachusetts, Minnesota or North Carolina. If you fall into one of the State Settlement Classes, you are a Settlement Class Member.

**What do the Settlements provide?** Citigroup will pay $9,950,000, MUFG Bank will pay $985,000, SC will pay $1,720,000, and SG will pay $975,000, for a total of $13,630,000, into a "Settlement Fund." The settlement proceeds, net of all court-approved fees and costs, will

be allocated *pro rata*, based on the transaction volume of FX Instrument purchases and sales by Settlement Class members who make valid claims and weightings applied by currency pair, with a discount applied for FX Instruments purchased or sold after December 31, 2013. For more information on payouts, please consult the Plan of Allocation on the settlement website, [WEBSITENAME.COM]. Class Counsel will ask the Court to approve an award of attorneys' fees of up to $2,860,750, plus the reimbursement of costs and expenses. The Fee Application will be available on the settlement website when filed. Settling Defendants have also agreed to provide reasonable cooperation for the benefit of members of the Settlement Classes, including attorney proffers, production of documents and data, authentication of documents, and providing witnesses to testify at trial. Class Counsel believe this cooperation will aid in the continued litigation against the Non-Settling Defendants.

**How can I get payment?** If the Settlements are approved, you will receive a claim form in the mail or by email explaining how Settlement awards will be calculated for eligible claimants. Claim forms will also be available on the settlement website. You can also submit documents showing your FX Instrument purchases from or sales to RFEDs to the Settlement Administrator, Heffler Claims Group, to substantiate your claim. You must file a claim by [120 DAYS AFTER FAIRNESS HEARING DATE] in order to receive a payment.

**How can I exclude myself or object?** If you want to sue the Settling Defendants yourself, you must exclude yourself from the Settlements by [60 DAYS AFTER NOTICE DATE] but you will not receive a payment from these Settlements. If you do not exclude yourself, you may file an objection to the Settlement or any aspect of it by [60 DAYS AFTER NOTICE DATE]. If you do not exclude yourself, you will remain a member of the settlement class and your legal claims will be released as provided in Settlement Agreements even if you do not submit a claim for payment.

**More complete information, including the Settlement Agreements and release of claims, instructions on filing a claim (when the claim form is available), and details about how to exclude yourself from or object to the Settlements, is available on the settlement website, [WEBSITENAME.COM] or you may call toll free [1-xxx-xxx-xxxx].**

**When will the Court decide?** A Fairness Hearing will be held on [MONTH, DAY, YEAR (on a date to be set by the Court)] and time at the Thurgood Marshall US Courthouse, 40 Foley Square, NY, NY 10007, in Courtroom 1106 to consider whether to approve the Settlement and Fee Application. You may, at your own expense, appear at the hearing, but you do not have to unless you wish to be heard.