# MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL
HOUSTON, TX

BARRY R TEMKIN
PARTNER
212-804-4221
BTemkin@moundcotton.com

November 27, 2019

**VIA E MAIL**
The Honorable Lorna Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007
Aaron_NYSDChambers@nysd.uscourts.gov

      Re:    James Contant v. Bank of America Corporation
            Civil Action No.: 17 Civ. 3139

Dear Judge Schofield:

     The undersigned is counsel for non-party Forex Capital Markets, LLC ("FXCM"), a retail foreign exchange dealer which has been served with a subpoena from the Plaintiffs..  We submit this pre-motion letter pursuant to local rule 37.2 and Your Honor's chambers rules, in response to Plaintiffs' November 12, 2019 pre-motion letter to compel.

     To begin with, the subpoena issued by the Plaintiffs, which seeks 19 different categories of documents, is overbroad, onerous and burdensome.  Plaintiffs' representations, in their November 12 letter, that all of the document requests in the subpoena "are central to this case and unavailable from any other source other than FXCM" and that the subpoena simply seeks "transaction data and other information related to retail transactions" are inaccurate.  Indeed, only request number 4, which seeks all trades involving plaintiffs/customers and defendants and request number 5, which seeks contact information for plaintiffs/customers are central to whether the defendants committed anti-trust violations.  The remaining seventeen requests seek information about how FXCM internally operates as a business, which is irrelevant to the allegations in the Complaint, or seek documents that can be obtained directly from the defendants themselves, such as request number 6, which seeks contracts between FXCM and the defendants.

     Notwithstanding the irrelevant nature of the majority of the subpoena requests when viewed in light of the allegations of the Complaint, counsel for FXCM have met and conferred

820832.1

MOUND COTTON WOLLAN & GREENGRASS LLP

November 27, 2019
Page 2

with counsel for the Plaintiffs in good faith, and have agreed on a compromise about the scope of FXCM's production in response to their subpoena. Specifically, pursuant to a June 17, 2019 letter agreement, FXCM has agreed to produce documents in response to items 3, 4, 5, 7 and 13 of the plaintiffs' subpoena, on condition that these documents are designated "Highly Confidential/Attorneys' Eyes Only," and that plaintiffs pay FXCM the reasonable expenses incurred in compliance therewith. FXCM has also agreed, in lieu of producing additional documents, to submit a Declaration reasonably responsive to requests 1, 8, 12, 14, 15, 17, 18 and 19, which seek information related to FXCM's internal operations, such as proprietary algorithms, notwithstanding the fact that they cannot be said to be "central" to the allegations in the Complaint. We furnished the plaintiffs with a draft declaration providing much of the information sought in these requests. The plaintiffs have had our draft Declaration for four months, and have yet to advise FXCM as to the sufficiency of the information contained therein. Finally, the Plaintiffs have withdrawn requests 2, 6, 10 and 16.

While the parties have agreed in principle as to the scope of FXCM's production under Plaintiffs' subpoena, the parties are unable to come to an agreement, despite multiple conferences, on the extent of Plaintiffs' responsibility in reimbursing FXCM its costs of production and attorneys' fees resulting from FXCM's compliance with the subpoena.

Here, because FXCM, a non-party, will incur significant costs and attorneys' fees in complying with this subpoena, cost-shifting is appropriate in this instance. To begin with, this Court's individual rules provide as follows with respect to electronic discovery that a party shall not be required to search for responsive documents created more than five years before the lawsuit and to search for more than 160 hours. http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1596. The scope of production sought by the plaintiffs is quite broad, and will take far more than the 160 hour threshold in the Court's Individual Rules. Moreover, both Plaintiffs and Defendants' subpoenas exceed the presumptive five year limit set forth in the Court's e-discovery rules. Thus, the subpoena as written is in violation of this Court's rules and is overbroad, which will result in FXCM incurring significant costs in retrieving and producing documents for the three additional years.

Nonetheless, FXCM has agreed to produce multiple terabytes of data documenting millions of trades in order to comply with the subpoena requests. This process would involve the preparation of multiple queries as the data is stored differently for different years over the eight year time period, restoration of backup tapes, isolation of relevant data, cleaning of the data to ensure that a single query will produce the desired results across the entire dataset, linking the data together from FXCM's various databases in order to produce the requested information, and searching for voluminous documents, a process that is expected to take several months of full-time work to complete.[1] Thus, FXCM has agreed to dedicate two employees full time to culling

---

[1] While counsel for the plaintiffs has offered to bring in a third-party expert, FXCM's IT director advises that its system is unique, and difficult to navigate, such that it would take an inordinate amount of time to train any third

MOUND COTTON WOLLAN & GREENGRASS LLP

November 27, 2019
Page 3

the information responsive to the requests, which will take approximately two months of full time work to produce the documents we have agreed to produce to the Plaintiffs. Based on the salaries of those two employees, FXCM has requested reimbursement of $60,000 of expenses for those employees. Plaintiffs' counsel has agreed to pay only one half of these expenses.

In addition, FXCM seeks reimbursement of its legal fees, which have exceeded $50,000. Plaintiffs' counsel has not agreed to reimbursement of any of FXCM's attorneys' fees to date. Case law is clear, however, that a non-party's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance under Rule 45(c)(2)(B). See *First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 184 F.R.D. 234, 240-241 (S.D.N.Y. 1998); *In re Aggrenox Antitrust Litigation*, 2017 U.S. Dist. Lexis 172231 (S.D.N.Y 2017) (Allocating $20,000 of legal fees incurred by non-party to party issuing subpoena). Plaintiffs' counsel argues that case law only permits the costs of compliance with the subpoena, not the cost of pre-production work in negotiating the scope of the subpoena. But in *First Am. Corp. v. Price Waterhouse LLP*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998), the court held that pre-production expenses were compensable, writing that "the expenses incurred in lifting the legal impediments that prevented compliance with the Subpoena are reimbursable under Rule 45 (c) (2) (B)." 184 F.R.D at 240. Here, FXCM's attorneys have spent many hours analyzing and negotiating in multiple teleconferences with counsel to narrow the scope of the subpoena, reviewing documents to be produced by FXCM, and drafting a proposed 17 page Declaration in response to several requests in the subpoena that are unrelated to the "central" issues in this case.

Further, notwithstanding Plaintiffs' contentions, FXCM does not have an interest in the outcome of this case. Indeed, FXCM is not accused of any wrongdoing in this case and has no stake in its outcome as it does not stand to benefit from its resolution.

Under the circumstances, FXCM is entitled to its reasonable fees and expenses, including attorneys' fees, incurred in responding to the Plaintiffs' subpoena under Rule 45(d), as the work conducted by FXCM's counsel clearly benefits the Plaintiffs.

For these reasons, FXCM respectfully requests a conference with the Court in order to discuss the inability of counsel for both the Plaintiffs and Defendants to reach a mutual agreement with each other with respect to the scope of their respective subpoenas and to share FXCM's fees and expenses in order to reduce its burdens.

Respectfully submitted,

s/Barry R Temkin

---

party vendor on its intricacies. Moreover, FXCM's internal data is highly confidential, and FXCM does not want an outsider to gain unfettered access to its confidential customer information.

MOUND COTTON WOLLAN & GREENGRASS LLP

November 27, 2019
Page 4

cc:  All counsel via ECF

820832.1