UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
*Contant, et al.*,

           Plaintiff(s),

  -v-

*Bank of Americal Corporation, et al.*,

           Defendant(s).

-------------------------------------------------------------------- X

17 Civ. 3139 (LGS)

SECOND AMENDED
<u>CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER</u>

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

LORNA G. SCHOFIELD, United States District Judge:

1. All parties [consent _____ / do not consent _X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties [have _____ / have not __X__] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes _____ / No __X__]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/docs/mediation/Local%20Civil%20Rule%2083.10.Final.pdf . [Yes _____ / No __X__]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf and
    http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1491
    [Yes _____ / No __X__]

d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
    http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1492 [Yes _____ / No __X__]

4.  Alternative Dispute Resolution/Settlement

    a.  Settlement discussions [have __X__ / have not _____] taken place.

    b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: N/A.

    c.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: N/A.

    d.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): N/A.

    e.  **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.  No additional parties may be joined without defendants' consent or leave of Court.

6.  Amended pleadings that may be filed without further leave of Court until November 20, 2018 are limited to the filing of Plaintiffs' SCCAC as authorized by the Court's October 25, 2018 Opinion and Order. Any amendment subsequent to the filing of Plaintiffs' SCCAC requires defendants' consent or leave of Court.

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by 30 days from the date on which a Defendant answers the SCCAC.

8.  Fact Discovery

    a.  All fact discovery shall be completed by ~~May 2, 2019~~ ~~a date to be agreed by Plaintiffs and Defendants or otherwise ordered by the Court.~~ February 3, 2020.

b. The parties agree that Non-Moving Defendants will produce, subject to a protective order substantially in the form entered in In re Foreign Exchange Benchmark Rates Antitrust Litigation, No. 13-cv-7789 ("*FOREX*"), all documents and recordings produced in discovery to plaintiffs in *FOREX*, as well as transactional data for spot FX Instrument transactions between Defendants and entities identified by Plaintiffs as retail foreign exchange dealers. The parties will meet and confer as to the timing and format for Defendants' production of transactional data. Defendants filing a 12(b)(2) motion will be excused from this production until a decision on the motion. The initial productions of documents, recordings, and data described immediately above will be made by Defendants to Plaintiffs in accordance with the letter filed on November 8, 2018 by January 11, 2019.

The parties shall jointly submit a proposed protective order substantially in the form as the one entered in *FOREX* by no later than November 29, 2018.

The dates at which the parties are permitted to serve initial requests for production pursuant to Fed. R. Civ. P. 34, depositions pursuant to Fed. R. Civ. P. 30 and 31, interrogatories pursuant to Fed. R. Civ. P. 33, and requests to admit pursuant to Fed. R. Civ. P. 36 are as provided in the Federal Rules of Civil Procedure. Discovery is stayed as to Defendants filing a Rule 12(b)(2) motion. Initial requests to and from such Defendants may be served 14 days from the denial of such motion.

c. Responsive documents shall be produced on a rolling basis with substantial completion no later than 150 days before the close of fact discovery pursuant to paragraph 8(a). Do the parties anticipate e-discovery? [Yes __X__ / No _____]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by no later than 30 days before the close of fact discovery.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed no later than the close of fact discovery set forth in 8(a).

3

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by no later than 60 days after the close of fact discovery set forth in 8(a).

g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date to be agreed upon pursuant to paragraph 8(a).

9. Expert Discovery is stayed.

a. Anticipated types of experts if any: Plaintiffs have engaged Carol L. Osler, Ph.D., an expert economist specializing in currency trading and exchange rates. Plaintiffs anticipate engaging one or more additional expert economists and/or statisticians as well as experts regarding the retail foreign currency market. Defendants also anticipate engaging one or more experts.

b. All expert discovery shall be completed no later than 150 days after the close of fact discovery.

c. By no later than 60 days before the close of fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s), and all expert discovery completed by the date set forth in paragraph 9(b).

10. This case [is _X___ / is not _____] to be tried to a jury.

11. The parties cannot estimate the length of trial at this time.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below: (i) Plaintiffs intend to request that the Court lift the stay of discovery that is currently in place pursuant to ECF No. 102, (ii) the parties intend to jointly propose a schedule for the filing of Plaintiffs' Second Consolidated Class Action Complaint and Defendants' answers and to propose a schedule for Defendants' joint motions pursuant to Rule 12.

12. The discovery stay in this matter is lifted, except as to matters stayed pursuant to DOJ request in Case No. 15-cv-9300, ECF No. 475.

13. Status Letters and Conferences and Case Schedule

a. The parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2, on January 3, 2019, and every 45 days thereafter.

a. By February 1, 2019, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By 14 days after the close of fact discovery, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

4

c. A case management conference will be held on ~~May 16, 2019, at 11:00 a.m.~~ January 9, 2020, at 10:40 a.m. Any party wishing to file any dispositive or class certification motion shall file a pre-motion letter at least two weeks before the conference, in the form provided in Individual Rule III.A.1. Any party wishing to oppose such motion shall file a responsive letter as provided in Individual Rule III.A.1.

~~Fourteen days after the close of all discovery, a pre-motion conference will be held for any anticipated dispositive motions.~~

~~A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.~~

d. ~~Plaintiffs' Position: The scheduling of a class certification conference prior to the completion of fact discovery is premature. Any case schedule should be keyed to the date at which the partial stay of discovery related to the DOJ action is lifted such that Plaintiffs are permitted to take full fact discovery.~~

~~If the Court is inclined to establish dates for expert matters, class certification, and dispositive motions at this time, Plaintiffs propose the following schedule:~~

> ~~Plaintiffs' Opening Expert Reports (class and merits) - 30 days after the close of fact discovery as set forth in 8(a).~~
> ~~Last Day to Depose Experts Concerning Opening Reports - 30 days after Opening Expert Reports.~~
> ~~Opposition Expert Reports - 30 days after Last Day to Depose Experts Concerning Opening Reports.~~
> ~~Last Day to Depose Opposition Experts - 30 days after Opposition Expert Reports. Reply Expert Reports - 30 days after the deposition of Opposition Experts.~~
> ~~Daubert Motions - 45 days after Reply Expert Reports.~~
> ~~Class Certification Motion - 45 days after Reply Expert Reports.~~
> ~~Daubert Opposition Briefs - 30 days after Class Certification Motion.~~
> ~~Class Certification Opposition Brief - 30 days after Daubert Opposition Brief.~~
> ~~Daubert Reply Briefs - 30 days after Class Certification Opposition.~~
> ~~Class Certification Reply Brief - 21 days after Daubert Reply Briefs.~~
> ~~Summary Judgment Motions - 30 days after Class Certification Reply.~~
> ~~Summary Judgment Opposition Briefs - 30 days after Summary Judgment Motions.~~
> ~~Summary Judgment Reply Briefs - 21 days after Summary Judgment Opposition Briefs.~~

~~Defendants' Position: Defendants request an interim status conference on or about May 15, 2019 to discuss Plaintiffs' motion for class certification, as well as any dispositive motions proposed to be filed before the close of discovery.~~

5

e.  This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

14. Pursuant to ECF No. 166 authorizing the filing of Plaintiffs' Second Consolidated Class Action Complaint ("SCCAC"), the parties shall comply with the following briefing schedule:

   On or before November 20, 2018, Plaintiffs shall file a Second Consolidated Class Action Complaint ("SCCAC") consistent with the Court's October 25, 2018 Opinion and Order (ECF No. 166);

   All Defendants seeking to move to dismiss pursuant to Fed. R. Civ. P. 12 shall file such joint motion(s) on December 20, 2018, and all other Defendants shall file individual answers on or before January 11, 2019;

   Plaintiffs shall file their memoranda in opposition to Defendants' motion(s) to dismiss on or before January 28, 2019; and

   Defendants shall file their joint reply brief(s) on or before February 19, 2019.

The Clerk of Court is directed to enter the dates under paragraphs 5,6, 8(a), 9(b)-(c), (c) 13(a)-(d), and 14 into the Court's calendar.

Dated: December 4, 2019
  New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6