

111 South Wacker Drive
Suite 4100
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Julia C. Webb
Direct Telephone: 312-443-0404
Direct Fax: 312-896-6404
jwebb@lockelord.com

December 6, 2019

VIA ECF

| | |
|---|---|
| The Honorable Lorna G. Schofield | The Honorable Stewart D. Aaron |
| United States District Judge | United States Magistrate Judge |
| Thurgood Marshall U.S. Courthouse | Daniel Patrick Moynihan U.S. Courthouse |
| 40 Foley Square | 500 Pearl Street |
| New York, New York 10007 | New York, New York 10007 |

Re:   *Contant, et al. v. Bank of Am. Corp., et al.*, 1:17-cv-03139

Dear Judge Schofield and Magistrate Judge Aaron:

Defendant HSBC North America Holdings, Inc. ("HSBC") respectfully submits this reply in support of its pre-motion letter to compel production of documents from non-party Forex Capital Markets, LLC ("FXCM").

**FXCM's Business Model And Data Are Central To This Case.**  HSBC's subpoena is not overbroad or unduly burdensome, and HSBC has made every effort to attempt to minimize the burden and expense of its requests for production on FXCM as explained in detail in HSBC's letter motion. ECF 335. FXCM's protestations that HSBC's requests are irrelevant demonstrate FXCM's misunderstanding of the claims in this case. *Those claims depend entirely on whether FXCM executed a directly offsetting trade with a defendant for each and every retail transaction with a putative class member as Plaintiffs have alleged.* Publicly-available information suggests that FXCM did not consistently execute such directly offsetting trades with a defendant, but frequently traded for its own account as a dealer or sourced its liquidity from providers other than defendants. Indeed, one of the sales practices for which FXCM was barred from conducting retail FX operations in the United States was its misrepresentations to retail customers that it sourced its liquidity from independent third-parties when, in fact, the majority of its liquidity was sourced from a firm in which FXCM held a major ownership interest.[1] Documents related to FXCM's

---

[1] *See, e.g.*, *In the Matter of Forex Capital Markets, LLC et al.*, Commodity Futures Trading Commission Docket No. 17-09, February 6, 2017 Order Instituting Proceeds Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, available at https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfforexcapitalorder020617.pdf; *In the Matter of Forex Capital Markets LLC et al.*, National Futures Association Case No. 17-BCC-001, February 6, 2017

trading and hedging practices, its relationship with liquidity providers and retail customers who purport to be members of the putative class, and the civil, regulatory and law enforcement proceedings against FXCM are all central to Plaintiffs' claims and HSBC's defenses. Accordingly, HSBC is absolutely entitled to discovery on those topics from FXCM.[2]

**Neither Plaintiffs Nor FXCM Will Tell HSBC What Is In The Proposed Production.** FXCM provided HSBC with a June 17, 2019 letter from FXCM to Plaintiffs identifying certain Request numbers from Plaintiffs' separate subpoena to which FXCM would search for responsive documents. But identifying Request numbers is not the same as providing a list of categories of documents that will actually be in the proposed production. And, while FXCM did forward an excel spreadsheet with one line of field names (without definitions) and 20 lines of data to HSBC on October 30, 2019, FXCM has repeatedly resisted all requests to identify for HSBC the scope of any data collection—such as date range, customers/custodians, currencies, retail-side or liquidity-side, types of instruments, etc.—it may be preparing for Plaintiffs. It is, quite frankly, confusing why neither Plaintiffs nor FXCM seem to be able to tell HSBC or the Court what documents Plaintiffs are seeking to compel FXCM to produce.

**There Is No Basis To Compel HSBC To Pay For FXCM's Costs To Comply With Plaintiffs' Separate Subpoena.** It is not unreasonable for HSBC to decline to pay for the preparation and production of unspecified documents responsive to Plaintiffs' subpoena without any explanation of how those documents might also be responsive to HSBC's subpoena. In lieu of citing any authority, FXCM states only that HSBC is likely to review the documents that FXCM produces to Plaintiffs. Of course HSBC is likely to review the documents that FXCM produces to Plaintiffs—that does not mean that HSBC should bear the cost for FXCM to respond to Plaintiffs' separate subpoena.

Plaintiffs chose to file this case, asserting claims based substantially on the nature of the operation of third-party RFEDs such as FXCM. Plaintiffs issued their subpoena to FXCM. Plaintiffs and FXCM negotiated some unspecified agreed set of documents to be produced. If the Court believes that FXCM is entitled to compensation for its responsibility to comply with valid subpoenas, which is questionable to begin with, it should be Plaintiffs—and not HSBC—that bear the burden of compensation.

---

Decision, available at https://www.nfa.futures.org/basicnet/regulatory-actions-detail-doc.aspx?docid=4409&rnd=e2b1a133-3a63-4135-b400-78d21bea553c.

[2] Plaintiffs did not confer with HSBC before issuing their subpoena to FXCM, so there was no opportunity for HSBC to participate in a joint subpoena process. Once Plaintiffs issued their subpoena and it was clear Plaintiffs had determined not to request certain documents or information which could be harmful to their position, HSBC had every right to request the documents it may need from FXCM to defend against Plaintiffs' broad claims.

**FXCM Has Not Incurred Substantial Attorneys' Fees Relating to HSBC's Subpoena.** FXCM and HSBC counsel have had three phone calls, and exchanged only a handful of emails unrelated to scheduling the phone calls (which FXCM counsel repeatedly asked to postpone). FXCM does not represent or suggest that it has spent *any time at all* responding to or reviewing documents responsive to HSBC's subpoena—all of its legal work appears to relate to Plaintiffs' separate subpoena. Such a minimal level of attorney time relating to HSBC's subpoena does not come close to imposing an unreasonable burden.

FXCM does confirm that it refused to answer HSBC's follow-up questions regarding the draft declaration it prepared in response to Plaintiffs' subpoena unless and until HSBC paid FXCM some unspecified amount of money. HSBC declined, and requested instead compliance with its document subpoena.

**FXCM Has Made No Effort To Comply With HSBC's Subpoena.** It is clear from FXCM's conduct and its response that FXCM has made no effort at all to comply with HSBC's subpoena. FXCM does not provide any explanation for its failure to produce documents responsive to HSBC's subpoena. Moreover, FXCM failed to serve written responses or objections to HSBC's subpoena, and it did not file any motion to quash the subpoena. Fed. R. Civ. P. 45(d)(2)(B), (d)(3). Accordingly, FXCM has waived any objections to HSBC's subpoena. *See, e.g.*, *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). It would not further the interests of justice or fairness to permit FXCM to so blatantly flout its responsibility to comply with a valid subpoena in a suit based on transactions between FXCM and its customers. Accordingly, the Court should order FXCM to produce all documents responsive to HSBC's subpoena within a reasonable time.

    Respectfully submitted,

    LOCKE LORD LLP

    By: /s/ Julia C. Webb
    Gregory T. Casamento
    3 World Financial Center
    New York, New York 10281
    Telephone: (212) 812-8325
    gcasamento@lockelord.com

    Roger B. Cowie
    2200 Ross Avenue, Suite 2800
    Dallas, TX 75201
    Telephone: (214) 740-8000
    rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendant*
*HSBC North America Holdings, Inc.*

CC: Counsel for all parties via ECF
Counsel for FXCM via email