# MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL
HOUSTON, TX

BARRY R. TEMKIN
(212) 804-4200
Btemkin@moundcotton.com

December 12, 2019

**VIA E MAIL**
The Honorable Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
Aaron_NYSDChambers@nysd.uscourts.gov

    Re:    James Contant v. Bank of America Corporation
              Civil Action No.: 17 Civ. 3139

Dear Judge Aaron:

        The undersigned is counsel for non-party Forex Capital Markets, LLC ("FXCM"), a retail foreign exchange dealer which has been served with a subpoena from the Defendants. We submit this letter in response to Your Honor's December 7, 2019 Order.

        HSBC's December 6, 2019 letter incorrectly states that FXCM made no effort to comply with the subpoena because it, inter alia, failed to serve written responses or objections to the subpoena, and did not file a motion to quash. Indeed, Your Honor's individual rules require that the parties confer in good faith in an effort to resolve any discovery disputes. In an effort to comply with the Court's rules, counsel for FXCM have continuously met and conferred with HSBC's counsel in order to narrow the scope of the HSBC subpoena and to avoid the expense of having to file a motion to quash.[1]

        During those meet and confers, counsel came to an agreement concerning FXCM's obligation to prepare written responses and objections to the HSBC subpoena. Specifically, Defendants' counsel was advised that an agreement in principle was reached with Plaintiffs' counsel as to the scope of FXCM's production under the Plaintiffs' subpoena. On June 21, 2019, we transmitted to HSBC's counsel the letter that was sent to Plaintiffs' counsel identifying the categories for which FXCM had agreed to produce responsive documents, which would result in the production of millions of pages of documents sought by Defendants in the HSBC subpoena.

---

[1] We note that the motion to quash of non-party retail forex dealer FXDD's was denied for failure to meet and confer before filing the papers.

MOUND COTTON WOLLAN & GREENGRASS LLP

December 12, 2019
Page 2

(See Exhibits 1, 2). In connection with the transmittal of that letter, we followed-up on an earlier conversation and asked HSBC to "[l]et us know whether you will accept this letter in lieu of formal written objections to Defendants' subpoena" and that, "[o]therwise, I am requesting an extension to serve FXCM's objections to the subpoena until after we have a call so that we can determine if there is anything that Defendants still need in response to their subpoena...." On June 25, 2019, HSBC's counsel sent an email stating "[w]e agree that FXCM may hold off on preparing a formal response, at least until we have had another chance to confer." (See Exhibit 2). Thus, HSBC granted FXCM an extension to serve written responses and objections to the subpoena pending continued negotiations, and has not, until it wrote the Court, contended otherwise.

The meet and confer conferences continued between the parties. Throughout the course of the negotiations, in addition to providing HSBC's counsel with our June 2019 letter agreement with the Plaintiffs, we provided an exemplar of the fields of transactional data that we would be producing so that Defendants' counsel could identify the types of data it would be receiving from FXCM in its production. (See Exhibit 3). We also produced to Defendants' counsel a 17 page draft Declaration that was provided to Plaintiffs' counsel, which addresses a number of the requests for confidential and proprietary information contained in both subpoenas, including documents related to FXCM's hedging, trading and pricing software, algorithms, and custom APIs with banks. (See Exhibit 4). Further, as late as the end of October, the parties were still meeting and conferring, with HSBC's counsel providing a list of 21 questions in connection with the draft Declaration. These questions sought information not specifically requested by the Plaintiffs, and the parties continued to discuss both the scope of the questions and whether the Defendants would reimburse FXCM its legal fees in connection with responding to the questions. (See Exhibit 5).

At no point in time after the June 25, 2019 agreement was reached did counsel for HSBC request that FXCM provide written objections and responses to the subpoena. In fact, other than getting push back from HSBC's counsel with respect to reimbursing FXCM for its fees and expenses, the parties were still negotiating as to the scope of the HSBC subpoena. As such, we were surprised to receive Defendants' November 19, 2010 letter to the Court, as we were never advised by HSBC's counsel that they believed we were at an impasse with respect to the scope of the subpoena, and that they intended to file a letter with the Court. As Your Honor is well aware, in accordance with Your Honor's individual rules, parties are required to advise their adversary should they intend to file a letter motion requesting a conference. Counsel for HSBC failed to do so. In fact, HSBC's counsel failed to certify in its November 19, 2020 letter (also required by Your Honor's rules) that it advised FXCM's counsel that it was going to be requesting a discovery conference.[2] Thus, prior to receipt of HSBC's November 19, 2019 email,

---

[2] Unlike HSBC's counsel, we note that Plaintiffs' counsel advised in writing that if the parties could not come to an agreement by a date certain concerning the payment of fees and expenses in connection with complying with the subpoena, Plaintiffs would be filing a letter requesting that the Court schedule a pre-motion conference regarding a motion for the Court to compel production and resolve the cost and fee shifting issue in dispute.

MOUND COTTON WOLLAN & GREENGRASS LLP

December 12, 2019
Page 3

counsel for FXCM was under the impression that the parties were still negotiating in good faith as to the scope of the HSBC subpoena, and that FXCM was not required to (at this point in time) serve formal responses and objections to the subpoena. Accordingly, it is respectfully requested that the Court find that FXCM did not waive its rights to object to HSBC's subpoena.

Since receipt of the HSBC subpoena, FXCM's counsel have spent months negotiating in good faith with counsel for HSBC. Notwithstanding our efforts, HSBC's counsel has consistently claimed that they cannot agree to share in FXCM's fees and expenses because they are unaware of the types of documents FXCM agreed to produce in response to Plaintiffs' subpoena. However, the June 17, 2019 letter agreement with the Plaintiffs and provided to HSBC on June 21, 2019 identifies the requests in Plaintiffs' subpoena for which FXCM agreed to provide responsive documents, as well as those requests for which FXCM agreed to respond to by Declaration. Not only are the details of the transactional data FXCM agreed to produce identified in Plaintiffs' subpoena, but FXCM's counsel provided to HSBC's counsel an exemplar of the fields of transactional data that it would be producing. This same information is also requested in HSBC's subpoena. Further, HSBC's counsel have insisted that FXCM provide additional information not requested by the Plaintiffs' subpoena in connection with the Declaration. We don't believe that a non-party is obligated to answer what are, in effect, interrogatories. Accordingly, it is respectfully requested that the Court direct that the Defendants reimburse FXCM for both its production expenses and its attorneys' fees in connection with the time and expense that has been and will continued to be incurred in complying with the HSBC subpoena.

Respectfully submitted,

s/Barry R Temkin

cc:  All counsel via ECF