# Exhibit 1

# MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL
HOUSTON, TX

BARRY R. TEMKIN

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

June 17, 2019

Tracey Cowan, Esq.
*Of Counsel*
Peiffer Wolf Carr & Kane
A Professional Law Corporation
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
tcowan@pwcklegal.com

Josh Ripley, Esq.
Berger & Montague
1818 Market St #3600
Philadelphia, PA 19103
jripley@bm.net

Re:   *Subpoena to FXCM in James Contant, et. al. v. Bank of America Corp., et al.*
Our File No.: 3263.008

Dear Josh and Tracey:

As you are aware, we represent non-party Forex Capital Markets, LLC ("FXCM") in connection with the subpoena issued by the Plaintiffs in the above litigation. We are writing to confirm our June 12, 2019 meet and confer conference concerning the subpoena issued to FXCM, and to share with you which additional documents FXCM is prepared to produce, subject to the plaintiffs' willingness to pay, in advance, FXCM's reasonable expenses, and the designation of these documents as Highly Confidential/Attorneys' Eyes Only under the November 30, 2018 Confidentiality Stipulation and Order.

I have summarized an outline of the parties' agreement on various non-party discovery issues to date as follows:

Request 1- (all algorithms used to collect and aggregate bid-ask quotes, spreads, markups and/or margins) – The plaintiffs have agreed to accept a declaration from FXCM explaining the algorithms as opposed to producing the actual algorithms.

MOUND COTTON WOLLAN & GREENGRASS LLP

June 17, 2019
Page 2

Request 2- The plaintiffs agree to withdraw this request on condition that FXCM produces documents responsive to items 1, 3, 4 and 8.

Requests 3, 4 – We agree to produce this information for the defendant banks only, for the eight states involved in the case, subject to an attorneys eyes only confidentiality designation, and subject to payment of FXCM's reasonable expenses in producing these documents. This would encompass all subcategories on this request.

Request 5 – We agree to produce this information for the defendant banks only, for the eight states involved in the case, subject to an attorneys eyes only confidentiality designation, and subject to payment of FXCM's reasonable expenses in producing these documents.

Request 6- Withdrawn by the plaintiffs.

Request 7 - Rather than obtain contracts between FXCM and all of its retail customers, Plaintiffs are willing to accept a general form contract, and all updates to the forms. We agree to produce such forms as were in use during the relevant period.

Request 8 – Plaintiffs are willing to accept a declaration explaining the manner in which FXCM sets bid-ask quotes, prices, spreads, mark-ups and/or margins rather than producing the actual algorithms.

Request 9 – Plaintiffs are willing to withdraw the component of this request that seeks algorithms relating to forecasting by FXCM. You will accept a summary of those algorithms.

Request 10 – Withdrawn by the plaintiffs.

Request 11 – FXCM does not have documents showing the percentage of retail customers from each State.

Request 12 – Plaintiffs are willing to accept a declaration explaining FXCM's application program interfaces used to connect and transfer with Defendants. You also stated that in lieu of a declaration, you would be willing to withdraw this request and instead ask about this information during a 30(b)(6) deposition (should you seek to depose a witness from FXCM).

Request 13 – FXCM has agreed to produce its API with retail customers.

Request 14 - Plaintiffs are willing to accept a declaration explaining FXCM's trading, execution and clearing software used to conduct transactions with Defendants. You also stated that in lieu of a declaration, you would be willing to withdraw this request and instead ask this information during a 30(b)(6) deposition (should you seek to depose a witness from FXCM).

Request 15 – Plaintiffs are willing to accept a declaration explaining our trading, execution and clearing software used to connect with retail customers. You also stated that in lieu of a

MOUND COTTON WOLLAN & GREENGRASS LLP

June 17, 2019
Page 3

declaration, you would be willing to withdraw this request and instead ask this information during a 30(b)(6) deposition (should you seek to depose a witness from FXCM).

Request 16 – Withdrawn by plaintiffs.

Requests 17, 18, 19 – Plaintiffs will accept a declaration concerning how FXCM hedges its trades in response to these requests.

 Per our discussion in our meet and confer conference on June 12, you have agreed to the foregoing parameters in principle, subject to several conditions. First, you have not agreed to pay for all of FXCM's expenses, but you have proposed a cost-sharing arrangement pursuant to which 1/3 would be paid by the plaintiffs, one third by defendants, and one third by FXCM. You wish to exclude the costs of drafting a declaration from your proposal. FXCM insists that the party issuing the subpoena to a non-party bear the reasonable expenses in connection therewith, and we agreed to provide you with an estimate of our costs in connection therewith by June 25. We have agreed to speak again about our cost estimates on June 25 at 2:00 PM.

 My client's CTO does not agree to permit a third party vendor access to its internal computer systems for a number of reasons, including confidentiality. In addition, FXCM advises that it would be disruptive for its staff to have to devote the time to train an outside vendor in using its unique internal data system. We are willing to discuss this issue further when we speak on June 25.

 You have asked us to provide an unsigned draft declaration with respect to the items in requests 8, 12, 14, 15, 17, 18, 19. We agree in principle to furnish such a document. Any such draft declaration would be without prejudice, confidential, and inadmissible in any proceeding. As discussed, we may prefer to furnish you with a proffer letter from counsel outlining the scope of the declaration, and you have indicated that this proposal would be acceptable to you. We have agreed to hold a follow up call about the declaration on July 9. Neither side will petition the court pending our discussions. We have spoken with our client, which advises that its chief technology officer will be happy to produce a declaration by July 9, but, due to vacation plans, cannot sooner oblige you.

 Please let me know if you have any additional comments, or if you wish to supplement this letter in order to clarify any issue that I discussed. Thank you for working with us towards an amicable resolution of this dispute.

Very truly yours,

Barry R. Temkin