# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 17-cv-3139-LGS<br><br>(related to No. 13-cv-7789-LGS) |

## DETAILS SUPPORTING PRELIMINARY APPROVAL PURSUANT TO RULE III.C.5 OF THE COURT'S INDIVIDUAL RULES AND PROCEDURES FOR CIVIL CASES

## I.     <u>Introduction</u>

Plaintiffs respectfully submit this Exhibit pursuant to Rule III.C.5 of the Court's Individual Rules and Procedures for Civil Cases, to provide the information required by that Rule in support of Plaintiffs' Motion for Preliminary Approval of Settlements. Rule III.C.5 provides in full:

> <u>Class Actions</u>. Any party moving for preliminary approval of a class action settlement must disclose the proposed plan of allocation and provide a spreadsheet or other document detailing the amount of (a) the total settlement fund, (b) the Claims Administrator's fee, costs and expenses, (c) proposed attorneys' fees, costs and expenses, (e) the named Plaintiffs' proposed service fee, (f) any other deduction from the settlement fund before payment to class members, and (g) the anticipated recovery in dollars and as a percentage of the plaintiff's estimated damages for the class and any subclass in the aggregate and per class member, including any assumptions used in calculating these amounts. The party moving for preliminary approval shall also file a proposed schedule for settlement, including dates for proposed class notice, submission of objections and exclusion requests and a fairness hearing.

> In accordance with Local Rule 23.1, a party seeking preliminary approval of a class action settlement must disclose any fee sharing agreement with any attorney or other person. The disclosure shall include the names and addresses of the applicants for such fees and the amounts requested, respectively.

## II.     <u>The Total Settlement Fund</u>

The Standard Chartered Bank ("SC"), Société Générale ("SG"), and Group Settling Defendants Settlements provide a combined $12,695,000 million in cash payments to the Settlement Fund to compensate the Classes, for a total Settlement Fund of $23,630,000 including the Citigroup and MUFG Bank ("MUFG") Settlements that were previously preliminarily approved by the Court. The SC Settlement provides for a payment of $1,720,000 by SC, *see id.* at Section II, ¶ (nn), the SG Settlement provides for a payment of $975,000 by SG, *see id.* at Section II, ¶ (nn), and the Group Settlement provides for a payment of $10,000,000 by Group Settling Defendants.

III.    <u>**Claims Administration Fees, Costs, and Expenses**</u>

In the July 29, 2019, Order granting preliminary approval of the Citigroup and MUFG Settlements, ECF No. 297 ("Citigroup/MUFG Preliminary Approval Order"), the Court appointed Heffler Claims Group ("Heffler") as the proposed Claims Administrator and Huntington National Bank as Escrow Agent. *Id.*

Plaintiffs' expert James Bibbings estimates that the total number of Class members is approximately 99,138. *See* Declaration of James Bibbings, ECF No. 274-4, ¶ 19. For a total Class size of 100,000, Heffler estimates that the total costs of publication notice, direct-mail postcard and email notice, internet notice including advertising the Settlement on social media and websites, and the administration of the claims will be approximately $229,794. *See* Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval of Settlements and Certifications of the Proposed Settlement Classes for Settlement Purposes ("Dell'Angelo Declaration"), ¶ 28. Actual notice and administration costs will vary based on a variety of factors in addition to the total number of Class members, including the claims rate, the methods of publication and internet advertising notices, and other related factors. The Claims Administrator may incur additional fees and expenses related to the claims administration process if the total number of claimants and/or the volume of work involved in the claims administration exceeds their current expectations.

Finally, the total amount of all invoices for claims administration work performed by Plaintiffs' expert econometrician Dr. Netz (and her consulting firm, applEcon, LLC), is $51,500.20 as of May 22, 2020. These invoices include work by Dr. Netz and her associates on the plan of allocation and the Declaration of Janet S. Netz, Ph.D., attached as Exhibit F to the Dell'Angelo Declaration. Class Counsel anticipate additional expert costs related to claims administration,

including the verification of claimant transactional volumes, determination of claim amounts, and related work for the claims process.

**IV.**     **Proposed Attorneys' Fees, Costs, and Expenses**

Plaintiffs' anticipated request for attorneys' fees with respect to all five Settlements will not exceed $6,194,083.33, or 26.21% of the gross Settlement Fund. Specifically, in Plaintiffs' motion for preliminary approval of the Citigroup and MUFG Settlements, Plaintiffs proposed that their anticipated request for attorneys' fees would not exceed 20 percent of the proceeds of the Citigroup and MUFG Settlements (*i.e.* a maximum fee request of $2,187,000 from those Settlements), as well as reimbursement of reasonably incurred costs and expenses. Plaintiffs propose that their request for attorneys' fees will not exceed 25 percent of the proceeds of the SC and SG Settlements (*i.e.* a maximum fee request of $673,750 from those Settlements), and one-third of the proceeds of the Group Settlement (*i.e.* a maximum fee request of $3,333,333.33 from the Group Settlement).

Plaintiffs also intend to request reimbursement of reasonably incurred costs and expenses. Plaintiffs' reasonably incurred litigation costs and expenses, as of May 22, 2020, total $1,634,659.21. Class Counsel anticipate incurring certain additional costs and expenses including data hosting charges, costs of shutting down Plaintiffs' document database, and attorney expenses related to claims administration and the final approval process.

Class Counsel also intend to request service awards of $5,000 to each of the eleven Class Representatives, for a total of $55,000. Class Counsel will request those service awards in connection with their request for attorneys' fees and reimbursement of costs and expenses.

## V.   **Other Deductions**

Plaintiffs do not anticipate any other significant deductions from the Settlement Fund. Plaintiffs believe that other Settlement expenses, if any, will be minimal and may include taxes and other escrow costs associated with administering the Settlement Funds.

## VI.   **The Anticipated Recovery in Dollars and as a Percentage of Plaintiffs' Estimated Classwide Damages, in the Aggregate and Per Class Member**

Deducting the maximum attorneys' fees request of $6,194,083.33, litigation costs and expenses as set forth above of $1,634,659.21, maximum total service award request of $55,000, estimated claims administrator costs of $229,794, and expert expenses for the plan of allocation of $51,500.20 (as of May 22, 2020) from the Gross Settlement Fund of $23,630,000 results in a Net Settlement Fund of $15,464,963.26. Thus, applying the Class size estimate of 99,138, the estimated average recovery per Class member provided by the Gross Settlement Fund is $238.35, and the average per-Class member recovery from the Net Settlement Fund is $155.99.

Applying the estimates detailed in Plaintiffs' Memorandum for total actual damages in this Action based on the estimates submitted in the *FOREX* plaintiffs' final settlement approval papers, for a Class size of 99,138, the per-Class member estimate for actual damages is between $2,058 (using the more conservative $204 million damages estimate) and $7,979 (using the higher $791 million damages estimate). *See* Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlements and Certifications of the Proposed Settlement Classes for Settlement Purposes, § VI.D.

## VII.   **Proposed Schedule**

As set forth in the Proposed Order, Plaintiffs submit the below proposed schedule for: (a) dissemination of notice; (b) Plaintiffs' motions for attorneys' fees, costs, expenses, and service awards for the Settlement Class representatives; (c) the deadlines for Settlement Class members

to object to the Settlements or request exclusion from the Settlement Classes; (d) Plaintiffs'

notice to the Court identifying persons requesting exclusion from the Class; (e) Plaintiffs' notice

to the Court confirming completion of the Notice program; (f) Plaintiffs' submission of a motion

and memorandum in support of final approval of the Settlements; (g) any responses by the

parties to any objections; (h) a Fairness Hearing; and (i) submissions of claims by Settlement

Class members (the "Settlement Schedule"):

| Event | Timeline |
|---|---|
| Completion of Direct Notice to the Class ("Direct Notice Date") | Within 45 days from the entry of this Order |
| Completion of Publication Notice to the Class ("Publication Notice Date")[1] | Within 45 days from the entry of this Order |
| Submission of motion for attorneys' fees, expenses, and service awards for the class representatives | 21 days after the Notice Date |
| Deadline for Class Members to Opt Out of the Class or Object to the Settlements | 50 days prior to Fairness Hearing |
| Plaintiffs' Notice to Court Identifying Persons or Entities Requesting Exclusion from the Class and Completion of the Notice Program | Within 7 days after the deadline to opt-out of the Settlements |
| Submission of motion and memorandum in support of final approval of the Settlements (the "Final Approval Motion") and any responses by the parties to any objections filed by and Class Members. | 60 days after the Notice Date |
| Fairness Hearing | 35 days after Final Approval Motion (50 days after Opt-Out Deadline) or a date to be determined by the Court |
| Claims Deadline | Within 120 days of the Order Granting Final Approval |

---

[1] Collectively, the Direct Notice Date and Publication Notice Date are referred to herein as the Notice Date.

## VIII.   Summary of Information Required by Rule III.C.5

The following chart summarizes the information provided above:

| | |
|---|---|
| Total Settlement Fund (Combined Citigroup, MUFG, SC, SG, and Group Settlement Amounts) | $23,630,000 |
| Estimated Notice and Claims Administration Costs | $229,794 |
| Expert Expenses for Plan of Allocation | $51,500.20 (as of May 22, 2020) |
| Anticipated Attorneys' Fees Request | Not to exceed (a) 20% of Citigroup and MUFG Settlement Funds; (b) 25% of SC and SG Settlement Funds; and (c) one-third of Group Settlement Fund ($6,194,083.33 total) |
| Attorneys' Costs and Expenses | $1,634,659.21 (as of May 22, 2020) |
| Proposed Service Awards | $55,000 ($5,000 for each of the 11 Settlement Class Representatives) |
| Other Deductions | None |
| Net Settlement Fund (Deducting Maximum Fee Award, Attorneys' Costs and Expenses, Service Awards, and Claims Administration and Plan of Allocation Costs) | $15,464,963.26 |
| Estimated Number of Settlement Class Members | 99,138 |
| Anticipated Average Recovery Per Class Member (Total Settlement Fund) | $238.35 |
| Anticipated Average Recovery Per Class Member (Net Settlement Fund) | $155.99 |
| Estimated Potential Classwide Damages | $204 million to $791 million |
| Estimated Average Potential Damages Per Class Member | $2,058 to $7,979 |
| Rule 23.1 Fee Sharing Disclosure | Class Counsel and Kehoe Law Firm, P.C. entered into a fee sharing agreement that provides the Kehoe Law Firm, P.C. shall be entitled to receive 10 percent of the portion of attorneys' fees, as awarded by the Court, attributable to the Florida Class only. The portion of |

|  | attorneys' fees attributable to the Florida Class will be calculated based on the total volume of Settlement funds awarded to Florida Class member claimants relative to the total claimant awards for all Classes. Other than that agreement and the Settlement Agreements themselves, there are no additional agreements required to be identified under Rule 23(e)(3) as counsel of record have agreed to allocate the remaining attorneys' fees awarded based on their pro rata share of lodestar and there no additional fee-sharing agreements subject to disclosure pursuant to S.D.N.Y. Local Civil Rule 23.1. |
|---|---|

Dated: May 26, 2020                              Respectfully submitted,

/s/ Michael Dell'Angelo
Michael Dell'Angelo
Michael J. Kane
Joshua T. Ripley
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net
mkane@bm.net
jripley@bm.net

*Settlement Class Counsel*

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com

*Counsel for Plaintiffs and the Proposed Classes*

Joseph C. Peiffer
**PEIFFER WOLF CARR & KANE, APLC**
201 St. Charles Ave. Suite 4610
New Orleans, LA 70170
Tel: (504) 523-2434
Fax: (504) 523-2464
jpeiffer@pwcklegal.com

*Counsel for Plaintiffs and the Proposed Classes*

R. Bryant McCulley
Stuart McCluer
**MCCULLEY MCCLUER PLLC**
701 East Bay Street
Suite 411
Charleston, SC 29403
Tel: (843) 444-5404
Fax: (843) 444-5408
bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

*Counsel for Plaintiffs and the Proposed Classes*