IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, SANDRA LAVENDER, VICTOR HERNANDEZ, MARTIN-HAN TRAN, FX PRIMUS LTD., CARLOS GONZALEZ, UGNIUS MATKUS, CHARLES G. HITCHCOCK III, JERRY JACOBSON, TINA PORTER, and PAUL VERMILLION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; THE BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; BARCLAYS CAPITAL INC.; BNP PARIBAS GROUP; BNP PARIBAS NORTH AMERICA, INC.; BNP PARIBAS SECURITIES CORP.; BNP PARIBAS PRIME BROKERAGE, INC.; CITIGROUP INC.; CITIBANK, N.A.; CITICORP; CITIGROUP GLOBAL MARKETS INC.; CREDIT SUISSE GROUP AG; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES INC.; THE GOLDMAN SACHS GROUP, INC.; GOLDMAN, SACHS & CO.; HSBC HOLDINGS PLC; HSBC BANK PLC; HSBC NORTH AMERICA HOLDINGS, INC.; HSBC BANK USA, N.A.; HSBC SECURITIES (USA) INC.; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; MORGAN STANLEY; MORGAN STANLEY & CO., LLC; MORGAN STANLEY & CO. INTERNATIONAL PLC; RBC CAPITAL MARKETS LLC; ROYAL BANK OF SCOTLAND GROUP PLC; RBS SECURITIES INC.; SOCIÉTÉ GÉNÉRALE S.A.; STANDARD CHARTERED BANK; UBS AG; UBS GROUP AG; and UBS SECURITIES LLC,<br><br>Defendants. | Civil Action No. 1:17-cv-03139-LGS<br><br><br>STIPULATION AND AGREEMENT OF SETTLEMENT WITH SETTLING DEFENDANTS |

## I.   <u>RECITALS</u>

This Stipulation and Agreement of Settlement ("Settlement Agreement") is made and entered into on April 24, 2020 ("Execution Date"), between Class Plaintiffs (as defined herein) for themselves individually and on behalf of each Class Member in the Action (as defined herein), and Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. ("BNP Paribas"); Credit Suisse AG and Credit Suisse Securities (USA) LLC ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC) ("Goldman Sachs"); HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International plc ("Morgan Stanley"); RBC Capital Markets, LLC ("RBC"); The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc. (now known as NatWest Markets Securities Inc.) ("RBS"); UBS AG, UBS Group AG, and UBS Securities LLC ("UBS") (collectively, "Settling Defendants") (together with Class Plaintiffs, "Settling Parties"), by and through their respective counsel. This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, Class Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Settlement Classes against Settling Defendants;

WHEREAS, Class Plaintiffs have alleged, among other things, that Settling Defendants participated in an unlawful conspiracy to restrain trade, pursuant to which Settling Defendants and their alleged co-conspirators, including the other Defendants, as well as unnamed co-conspirators, agreed, among other things, to fix prices in the foreign exchange ("FX") market in violation of the antitrust, unfair competition, and consumer protection laws of New York, Arizona, California, Florida, Illinois, Massachusetts, Minnesota, and North Carolina;

WHEREAS, Class Plaintiffs have contended that they and the Settlement Classes are entitled to actual damages and treble damages for loss or damage as a result of violations of the laws as alleged in the Second Consolidated Class Action Complaint, arising from Settling Defendants' (and the other Defendants') alleged conduct;

WHEREAS, Defendants' motion to dismiss Class Plaintiffs' Consolidated Class Action Complaint for failure to state a claim was granted on March 15, 2018, and Class Plaintiffs' Second Consolidated Class Action Complaint was filed on November 28, 2018;

WHEREAS, Settling Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Class Plaintiffs in the Action and all charges of wrongdoing or liability against Settling Defendants arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action;

WHEREAS, Class Plaintiffs, for themselves individually and on behalf of each Class Member, and Settling Defendants agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Class Counsel concluded, after due investigation and after carefully

considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that: (1) it is in the best interests of the Settlement Classes to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Settling Defendants under this Settlement Agreement, are obtained for the Settlement Classes; and (2) the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Settlement Classes;

WHEREAS, Settling Defendants, while continuing to deny that they are liable for the claims asserted against them in the Action, have nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to put fully to rest this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the Second Consolidated Class Action Complaint and a release of claims as set forth herein;

WHEREAS, this Settlement Agreement is the product of arm's-length negotiations between Class Counsel and counsel for the respective Settling Defendants, and this Settlement Agreement embodies all of the terms and conditions of the settlement agreed upon between Settling Defendants and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Classes;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Settlement Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Classes and each member thereof) and Settling Defendants, by and through Class Counsel and Settling Defendants' respective counsel, that, subject to the approval of the Court, the Action be settled, compromised, and dismissed with prejudice as to Settling

Defendants, Deutsche Bank Securities Inc., and other Released Parties, without costs, except as stated herein, and releases be extended, as set forth in this Settlement Agreement.

## II.   DEFINITIONS

As used in this Settlement Agreement, the following capitalized terms have the meanings specified below:

(a)      "Action" means *Contant, et al. v. Bank of America Corporation, et al.*, No. 1:17-cv- 03139-LGS, which is currently pending in the United States District Court for the Southern District of New York, including all actions consolidated thereunder or that may be consolidated thereunder in the future.

(b)      "Alternative Judgment" means a Final Judgment and Order of Dismissal entered by the Court but in a form other than as proposed by Class Counsel and Settling Defendants.

(c)      "Arizona Plaintiff" means Plaintiff Sandra Lavender.

(d)      "Authorized Claimant" means any Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court in accordance with the terms of the Settlement Agreement.

(e)      "California Plaintiffs" means Plaintiffs Victor Hernandez and Martin-Han Tran.

(f)      "Claims Administrator" means Heffler Claims Group.

(g)      "Class Counsel" means Berger Montague PC, McCulley McCluer PLLC, Peiffer Wolf Carr & Kane LLP, and Schneider Wallace Cottrell Konecky LLP.

(h)      "Class Member" means a Person who is a member of one of the Settlement Classes, as defined in paragraph II(nn), and who has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

(i)      "Class Notice" means the form of notice concerning this Action and this

Settlement Agreement to be  created in consultation with the Claims Administrator to comply with the requirements of Fed. R. Civ. P. 23(c) and provided to members of the Settlement Classes, which shall be subject to consultation with the Settling Defendants before being submitted to the Court for approval.

(j)        "Class Period" means the period of December 1, 2007 through December 15, 2015 (inclusive).

(k)        "Class Plaintiffs" means James Contant, Sandra Lavender, Victor Hernandez, Martin-Han Tran, FX Primus Ltd., Carlos Gonzalez, Ugnius Matkus, Charles G. Hitchcock III, Jerry Jacobson, Tina Porter, and Paul Vermillion.

(l)        "Court" means the United States District Court for the Southern District of New York.

(m)        "Defendants" means Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America"); MUFG Bank, Ltd. (formerly known as The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG Bank"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. ("BNP Paribas"); Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup"); Credit Suisse AG, and Credit Suisse Securities (USA) LLC ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank") and Deutsche Bank Securities Inc.; The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC) ("Goldman Sachs"); HSBC Holdings plc, HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"); JPMorgan Chase & Co. and

6

JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co. LLC, and

Morgan Stanley & Co. International plc ("Morgan Stanley"); RBC Capital Markets, LLC ("RBC");

The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc.

(now known as NatWest Markets Securities Inc.) ("RBS"); Société Générale ("SG"); Standard

Chartered Bank ("Standard Chartered"); and UBS AG, UBS Group AG, and UBS Securities LLC

("UBS"); and any other Person or Persons who are named as defendants in the Action at any time

up to and including the date a Preliminary Approval Order is entered.

(n)     "Direct Settlement Class" refers to the class of direct purchasers who purchased

an FX Instrument directly from one or more Defendants or co-conspirators, which was granted

class certification for settlement purposes in *FOREX*, *see, e.g.*, ECF No. 1097 and defines the

Direct Settlement Class as:

> All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX
> Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of
> a Defendant, a Released Defendant Party, or co-conspirator where such Persons were either
> domiciled in the United States or its territories or, if domiciled outside the United States or
> its territories, transacted FX Instruments in the United States or its territories. Specifically
> excluded from the Direct Settlement Class are Defendants; Released Defendant Parties; co-
> conspirators; the officers, directors, or employees of any Defendant, Released Defendant
> Party, or co-conspirator; any entity in which any Defendant, Released Defendant Party, or
> co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign
> of any Defendant, Released Defendant Party, or co-conspirator and any person acting on
> their behalf; provided, however, that Investment Vehicles shall not be excluded from the
> definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class
> are any judicial officer presiding over this action and the members of his/her immediate
> family and judicial staff, and any juror assigned to this Action.

(o)     "Escrow Agent" means Huntington National Bank.

(p)     "Execution Date" means the date of the execution of this Settlement Agreement

by counsel for all Parties thereto.

(q)     "Fairness Hearing" means the hearing to be held by the Court to determine

whether the settlement set forth in this Settlement Agreement shall receive final approval pursuant

to Fed. R. Civ. P. 23.

(r)     "Final Judgment and Order of Dismissal" means the order of the Court, substantially in the form of Exhibit A, finally approving the settlement set forth in this Settlement Agreement and dismissing with prejudice the claims of Class Plaintiffs and Class Members against Settling Defendants and Deutsche Bank Securities Inc. The Final Judgment and Order of Dismissal shall become final when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.

(s)     "Florida Plaintiffs" means Plaintiffs FX Primus Ltd. and Carlos Gonzalez.

(t)     "*FOREX*" means *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-07789-LGS, which is currently pending in the United States District Court for the Southern District of New York.

(u)     "FX Instrument" means any FX spot, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related in any way to FX rates.

(v)     "Illinois Plaintiff" means Plaintiff Ugnius Matkus.

(w)    "Massachusetts Plaintiff" means Plaintiff Charles G. Hitchcock III.

(x)     "Minnesota Plaintiff" means Plaintiff Jerry Jacobson.

(y)     "New York Plaintiff" means Plaintiff James Contant.

8

(z) "Net Settlement Fund" has the meaning given to it in paragraph X(f)(v).

(aa) "North Carolina Plaintiffs" means Plaintiffs Tina Porter and Paul Vermillion.

(bb) "Notice Order" means an order of the Court that approves the form of Class Notice and preliminarily approves the proposed Plan of Distribution.

(cc) "Notice Plan" means the plan created in consultation with the Claims Administrator to comply with the requirements of Fed. R. Civ. P. 23(c) for providing members of the Settlement Classes with notice of this Action and the Settlement Agreement, which shall be subject to consultation with the Settling Defendants before being submitted to the Court for approval.

(dd) "Person" means an individual or entity, and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

(ee) "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, taxes, and tax expenses, and such attorneys' fees, costs, expenses, service awards, interest, and other expenses as may be awarded by the Court. At a time and in a manner determined by the Court, Class Counsel shall submit for Court approval a Plan of Distribution for each of the Settlement Classes that will provide for the distribution of the applicable Net Settlement Fund. Each Plan of Distribution shall be devised and implemented with the assistance of the Claims Administrator.  For the avoidance of doubt, Settling Defendants shall have no responsibility or obligation to devise, implement, or assist with the Plan of Distribution.

(ff) "Preliminary Approval Order" means an order of the Court that preliminarily approves the settlement set forth in this Settlement Agreement.

(gg)    "Released Claims" means any and all manner of claims, including Unknown Claims as defined below, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which Class Plaintiffs and the Settlement Classes ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against the Released Parties that arise from or relate to a factual predicate of the Action, including any conduct alleged or that could have been alleged in any amended complaint or pleading therein, from the beginning of time through the Effective Date. The Released Claims do not include: (i) any claims relating to the enforcement of the settlement; or (ii) any claims of a Person that submits a timely Request for Exclusion in connection with the notice whose request is accepted by the Court. With respect to any and all Released Claims, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived and Class Members shall be deemed to have waived the provisions, rights, and benefits of Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

(hh)    "Released Party" or "Released Parties" means Settling Defendants, Credit Suisse Group AG, Deutsche Bank Securities Inc., and each of their past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, successors, and each of their respective past, present, and future officers, directors, managers, members, partners, shareholders, insurers, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

(ii)    "Releasing Parties" means individually and collectively Class Plaintiffs and each Class Member, on behalf of themselves and any of their respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund.  For avoidance of doubt, Persons whose Requests for Exclusion are accepted by the Court are not "Releasing Parties."

(jj)    "Request for Exclusion" has the meaning given to it in Section V.

(kk)    "Second Consolidated Class Action Complaint" or means the Second Consolidated Class Action Complaint filed in the Action on November 28, 2018 at ECF No. 183.

(ll)    "Settlement Agreement" means this Stipulation and Agreement of Settlement.

(mm)    "Settlement Amount" means $10,000,000.00.

(nn)    "Settlement Classes" means, collectively, the "New York Class," "Arizona Class," "California Class," "Florida Class," "Illinois Class," "Massachusetts Class," "Minnesota Class," and "North Carolina Class".

(oo)    "Settling Defendants' Claims" means claims, including "Unknown Claims" as defined below, that any Released Party may have against a Releasing Party or Class Counsel relating to the institution, prosecution, or settlement of the Action, except for claims to enforce any of the terms of this Settlement Agreement.

(pp)    "Settlement Fund" means the escrow account established pursuant to paragraph X(a) of this Settlement Agreement, including all monies held therein in accordance with the terms of this Settlement Agreement.

(qq)    "Settling Parties" means Class Plaintiffs and Settling Defendants.

(rr)    "Taxes" has the meaning given to it in paragraph XII(c).

(ss)    "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settling Defendants' Claims against Releasing Parties which Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the settlement.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and Settling Defendants' Claims.  Nevertheless, Class Plaintiffs and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Class

12

Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims and Settling Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.   Class Plaintiffs and the Released Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settling Defendants' Claims was separately bargained for and was a key element of the Settlement Agreement.

## III.   <u>SETTLEMENT CLASS CERTIFICATION</u>

(a)   The Settling Parties hereby stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are satisfied, and subject to Court approval, the following classes shall be certified as to Settling Defendants:

(i)   **New York Class:** All Persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in New York and/or while domiciled in New York, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the New York Class are all

indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(ii)   **Arizona Class:** All Persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(iii)   **California Class**: All Persons and entities who, during the Class Period indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in California by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-

14

conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(iv)  **Florida Class**: All Persons and entities who, during the Class Period indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(v)  **Illinois Class:** All Persons and entities who, during the Class Period indirectly purchased

an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(vi)  **Massachusetts Class**: All Persons and entities who, during the Class Period indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her

16

immediate family and judicial staff. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(vii) **Minnesota Class**: All Persons and entities who, during the Class Period indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(viii) **North Carolina Class**: All Persons and entities who, during the Class Period indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina

Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; and any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

(b)     The Settling Parties' agreement as to certification of the Settlement Classes is solely for purposes of effectuating a settlement and for no other purpose. Settling Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to become effective. The Settling Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the settlement, and that if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this  Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Classes becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Settlement

Classes, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

## IV.   GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Settling Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms of this Settlement Agreement. This includes Settling Defendants serving notice on those entities required to receive notice pursuant to 28 U.S.C. §1715. For the avoidance of doubt, except as otherwise set forth herein, Settling Defendants shall have no liability, obligation, or responsibility to assist with preparing and distributing Class Notice and the administration of the settlement, including, without limitation, locating members of the Class (including relevant trade and location data), soliciting Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, or processing proof of claim and release forms.  In the event that the Settling Parties are required under this Settlement Agreement to have a mediator resolve a dispute, the Settling Parties shall agree upon a mediator.

## V.   PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)      Within forty-five (45) days following the Execution Date as agreed to by the Settling Parties, Class Counsel shall submit to the Court, and Settling Defendants shall have an opportunity to comment on but shall not oppose, a motion requesting entry of the Preliminary Approval Order. That motion shall:

(i)      seek certification of the Settlement Classes solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3);

(ii)      request preliminary approval of the settlement set forth in this Settlement

Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

(iii)     seek the appointment of Arizona Plaintiff as representative of the Arizona Class, New York Plaintiff as representative of the New York Class, California Plaintiffs as representatives of the California Class, Florida Plaintiffs as representatives of the Florida Class, Illinois Plaintiff as representative of the Illinois Class, Massachusetts Plaintiff as representative of the Massachusetts Class, Minnesota Plaintiff as representative of the Minnesota Class, North Carolina Plaintiffs as representatives of the North Carolina Class, and Class Counsel as interim Lead Class Counsel for all Settlement Classes pursuant to Fed. R. Civ. P. 23(g);

(iv)     explain that Class Plaintiffs will submit a separate application, seeking approval of the form, and method of dissemination, of notice to the Settlement Classes, which shall, among other things, apprise each member of a Class of his, her, or its right to exclude themselves from, or object to, the settlement;

(v)     seek appointment of Heffler Claims Group as Claims Administrator;

(vi)     seek appointment of Huntington National Bank as Escrow Agent;

(vii)     stay all proceedings in the Action until the Court renders a final decision on approval of the settlement set forth in this Settlement Agreement; and

(viii)     attach a proposed form of order, which includes such provisions as are typical in such orders, including: (1) setting a date for the Fairness Hearing, and (2) a provision that, if preliminary or final approval of the settlement is not obtained, the settlement is null and void, and the Settling Parties will revert to their positions ex ante without prejudice to their rights, claims, or defenses.

(b)     The proposed Preliminary Approval Order submitted by Class Plaintiffs in

connection with their motion for preliminary approval of the Settlement Agreement shall provide that (1) proceedings will be stayed with respect to the Released Parties until the Court renders a final decision on approval of the Settlement Agreement; and (2) pending that final determination, each Class Plaintiff and member of the Settlement Classes, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties.

(c)     Class Counsel, in consultation with the Claims Administrator, shall develop a Class Notice to apprise each member of the Settlement Classes of his, her, or its right to exclude themselves from, or object to, the settlement.

(d)     Any Person falling within the definition of the Settlement Classes may request to be excluded from the Settlement Classes ("Request for Exclusion").  A Request for Exclusion must be: (i) in writing, (ii) signed by the Person or his, her, or its authorized representative, (iii) state the name, address, and phone number of that Person, and (iv) include:  (1) proof of membership in one or more of the Settlement Classes, including documentation evidencing FX trading during the Class Period; and (2) a signed statement that "I/we hereby request that I/we be excluded from the Settlement Classes in the *Contant v. Bank of America Corp.* Litigation."  The request must be mailed to the Claims Administrator at the address provided in the Class Notice and be postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing or any other date set by the Court.  Unless the Court orders otherwise, a Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Class Member and shall be bound by the settlement set forth in the Settlement Agreement, if approved.  All Persons who

submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall be excluded from the Settlement Classes, shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement.  Class Counsel shall cause to be provided to the Settling Defendants' respective counsel copies of all Requests for Exclusion, together with all documents and information provided with such Requests, and any written revocation of Requests for Exclusion, within three (3) business days of receipt by Class Counsel of that exclusion request.

(e)        Any Person who has not requested exclusion from one of the Settlement Classes and who objects to the settlement set forth in this Settlement Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.  However, subject to the Court's discretion, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes:  (i) a notice of intention to appear; (ii) proof of membership in one or more of the Settlement Classes, including documentation evidencing FX trading during the Class Period; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.  Such a written objection must be both filed with the Court no later than fifty (50) days prior to the date set for the Fairness Hearing and mailed to Class Counsel and to the Settling Defendants' respective counsel at the addresses provided in the Class Notice and postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action,

unless otherwise excused for good cause shown, as determined by the Court.

(f)      If preliminary approval of the Settlement Agreement is entered by the Court, Class Plaintiffs shall seek, and Settling Defendants shall not oppose, entry of a Final Judgment and Order of Dismissal that:

(i)      certifies the Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ.  P. 23(b)(3) solely for the purpose of the settlement;

(ii)      approves finally the settlement set forth in this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

(iii)      finds that the Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Settlement Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)      directs that, as to the Released Parties, the Action shall be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs. Such dismissal shall not affect, in any way, the right of Class Plaintiffs or Class Members to pursue claims, if any, outside the scope of the Released Claims;

(v)      bars claims by any Person against any of the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vi)      orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vii)      retains with the Court exclusive jurisdiction over the settlement and this

23

Settlement Agreement, including the administration and consummation of the settlement; and

(viii)    determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Settling Defendants and Deutsche Bank Securities Inc. shall be final and entered forthwith.

## VI.    EFFECTIVE DATE OF SETTLEMENT

(a)    The "Effective Date" of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)    Settling Defendants' contributions to the Settlement Fund have been made pursuant to this Settlement Agreement;

(ii)    entry of the Preliminary Approval Order;

(iii)    entry of an order approving Class Notice;

(iv)    final approval by the Court of the settlement set forth in this Settlement Agreement, following Class Notice and the Fairness Hearing;

(v)    no Settling Party has exercised his, her, or its rights to terminate this Settlement Agreement, including but not limited to pursuant to Section XIII hereof; and

(vi)    entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor Settling Defendants elect to terminate this Settlement Agreement, such Alternative Judgment becomes final.

(b)    Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution and/or Fee and Expense Application, shall not in any way delay or preclude

the Effective Date.

## VII.   CLAIMS ADMINISTRATOR

(a)      Pursuant to the Preliminary Approval Order and subject to Court approval, Heffler Claims Group will be the Claims Administrator to assist with the settlement claims process as set forth herein consistent with the Court's Order granting preliminary approval of the settlements with Citigroup and MUFG. *See* ECF No. 297, ¶22.

(b)      The Claims Administrator shall, in consultation with Class Counsel: (i) effectuate the notice plan approved by the Court, (ii) administer and calculate the claims submitted by Class Members, and (iii) oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution. The Claims Administrator shall also be responsible, within three (3) business days of the deadline set by the Court for the filing of Requests for Exclusion, for supplying to Class Counsel and counsel for Settling Defendants a complete list of Persons who have timely requested exclusion from the Settlement Classes, together with all such Requests for Exclusion.

## VIII.   SCOPE AND EFFECT OF SETTLEMENT

(a)      The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of: (i) the Action against Settling Defendants, Credit Suisse Group AG, and Deutsche Bank Securities Inc.; (ii) any and all Released Claims as against all Released Parties; and (iii) any and all of Released Parties' Claims as against all Releasing Parties.

(b)      Upon the Effective Date of settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged (1) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of

claim and release form, and (2) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (iii) agrees and covenants not to sue, either directly, representatively, or in any other capacity, any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(c)     Upon the Effective Date of settlement, each of the Released Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have fully, finally, and forever released and discharged (1) Class Plaintiffs, Class Counsel, and each and all Class Members from each and every one of Settling Defendants' Claims, and (2) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (ii) shall forever be enjoined from prosecuting any of Settling Defendants' Claims; and (iii) agrees and covenants not to sue, either directly, representatively, or in any other capacity, on the basis of any of Settling Defendants' Claims, or to assist any third party in commencing or maintaining any such suit related to any of Settling Defendants' Claims.

(d)     The releases provided in this Settlement Agreement shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

(e)     As an express and material condition of this Settlement Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims by any Person against any of the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

(f)     In the event that this Settlement Agreement is terminated, including pursuant to Section XIII, or any material condition for the final approval of this Settlement Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

## IX.     FEE AND EXPENSE APPLICATION

(a)     Class Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (i) attorneys' fees; (ii) reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Action; and/or (iii) service awards for Class Plaintiffs in conjunction with their representation of the Settlement Classes. Settling Defendants will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, service awards, and interest as are awarded by the Court ("Fee and Expense Award") to Class Counsel shall be paid from the Settlement Fund to Class Counsel on the date that is five (5) business days following the Effective Date.

(b)     Notwithstanding any other provision of this Settlement Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement or the settlement of the Action, or affect the finality or binding nature of any of the releases granted hereunder. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel.

## X.     THE SETTLEMENT FUND

(a)     The Settlement Fund shall be established as an escrow account to be maintained

and administered by the Escrow Agent, subject to approval by the Court. The Settlement Fund shall be administered pursuant to this Settlement Agreement and subject to the Court's continuing supervision and control. No monies shall be paid from the Settlement Fund without the specific authorization of Class Counsel. Counsel for the Settling Parties agree to cooperate, in good faith, to form an appropriate escrow agreement in conformance with this Settlement Agreement.

(b)      Settling Defendants shall cause the Settlement Amount payment of $10,000,000 to be transferred to the Escrow Agent within twenty-one (21) business days following entry of the Preliminary Approval Order, provided that within five (5) days following entry of the Preliminary Approval Order, Class Counsel shall provide Settling Defendants with such information as Settling Defendants may require to complete the wire transfer. If one or more of the Settling Defendants contend that a regulatory or other barrier imposed or caused by the COVID-19 pandemic would preclude the timely transfer of some or all of the Settlement Amount, Settling Defendants will inform the Court and Class Counsel as soon as practicable and provide an explanation for the delay and status update regarding the expected time of the Settlement Amount payment transfer. These funds, together with any interest earned thereon, shall constitute the Settlement Fund. After the Court approves of the form and method of Class Notice, Class Counsel may pay from the Settlement Fund, without further approval from Settling Defendants or the Court, the costs and expenses incurred up to the sum of $400,000 in connection with preparing and distributing Class Notice and the administration of the settlement, including, without limitation, locating members of the Settlement Classes (including relevant trade and location data), soliciting Class Members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms. All costs and expenses incurred in connection with providing Class Notice and the administration of the settlement in

excess of $400,000 shall be paid from the Settlement Fund, subject to approval from the Court.

(c)     If the court does not grant final approval, then the Settlement Amount, plus any accrued interest, shall be returned to Settling Defendants, less the amounts expended to give notice up to $400,000. Otherwise, any interest accrued on the Settlement Fund will be added to the total gross Settlement Amount to benefit Class Plaintiffs and the Settlement Classes.

(d)     The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (b) secured by instruments backed by the full faith and credit of the United States Government. The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(e)     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and the Plan of Distribution approved by the Court.

(f)     The Settlement Fund shall be applied as follows:

(i)     to pay the Attorneys' Fees and Expense Award, and service awards to Class Plaintiffs, if and to the extent allowed by the Court;

(ii)     to pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the settlement, including, without limitation, locating members of the Settlement Classes, soliciting Class Members'

claims, assisting with the filing of claims, administering and distributing the Net Settlement

Fund to Authorized Claimants, and processing proof of claim and release forms;

> (iii)    to pay the Taxes and tax expenses described in Section XII hereof;

> (iv)    to pay any other Court-approved fees and expenses; and

> (v)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund")

to Authorized Claimants for each Class as allowed by the Court pursuant to the Class

Distribution Order.

(g)    As set forth above, Settling Defendants shall be responsible for paying the total

Settlement Amount of \$10,000,000. Settling Defendants shall have no responsibility for any other

costs, including, as further detailed in this Settlement Agreement, any attorneys' fees and expenses

or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and

costs shall be paid from the Settlement Fund, as approved by the Court.

## XI.   **ADMINISTRATION OF THE SETTLEMENT**

(a)    The Settling Parties have agreed that Heffler Claims Group shall be the Claims

Administrator for Class Notice, allocation, distribution of funds, and other settlement

administration responsibilities. All fees and costs associated with Class Notice, allocation,

distribution of funds, and other settlement administration costs incurred by the Claims

Administrator shall be paid exclusively out of the Settlement Fund.

(b)    Any Class Member who does not submit a valid proof of claim and release form

will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise

be bound by all of the terms of this Settlement Agreement and the settlement, including the terms

of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided

for herein, and will be barred from bringing any action or proceeding against the Released Parties

concerning the Released Claims.

(c)     The Claims Administrator shall process this settlement based upon proofs of claim submitted in connection with the settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for their obligation to fund the settlement or cause it to be funded as detailed in this Settlement Agreement, Settling Defendants shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund. Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

(d)     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(i)     Each Class Member, at a time determined by the Court, shall be required to submit a proof of claim and release form (as shall be approved by the Court) which, inter alia, releases all Released Claims against all Released Parties, is signed under penalty of perjury by an authorized Person, and is supported by such documents or proof as Class Counsel and the Claims Administrator, in their discretion, may deem acceptable;

(ii)     All proofs of claim must be submitted by the date specified in the Preliminary Approval Order and the Notice Order, unless such period is extended by order of the Court. Any Class Member who fails to submit a proof of claim and release form by such date shall be forever barred from receiving any payment pursuant to this Settlement Agreement (unless, by order of the Court, a later submitted proof of claim and release form

by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the Released Parties concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim and release form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the proof of claim and release form shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of Settlement Funds is not materially delayed. Class Counsel shall have no liability for failing to accept any late-submitted claims;

(iii)     Each proof of claim and release form shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim and release form is in accordance with this Settlement Agreement and any applicable orders of the Court, and the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph 11(d)(v) below. The Claims Administrator will review each approved proof of claim and release form and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant. The Released Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

(iv)     Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim and release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected may seek review by the Court as provided below;

(v)     If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph 11(d)(iv) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be otherwise resolved in a timely fashion, Class Counsel shall thereafter present the request for review to the Court; and

(vi)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to counsel for Settling Defendants, for approval by the Court in the Class Distribution Order (as defined in paragraph 11(i)).

(e)     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Settling Defendants or any of the

Released Parties, and no discovery shall be allowed on the merits of the Action or settlement in connection with processing of the proofs of claim.

(f)     Payment pursuant to this Settlement Agreement and the Plan of Distribution shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the Released Parties concerning the Released Claims.

(g)     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court. As provided herein, Settling Defendants have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund; therefore, any such proceedings naming or purporting to name any Settling Defendant should be dismissed with prejudice as to the Settling Defendant(s).

(h)     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all claims have been processed and evaluated by the Claims Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with

respect to the Fee and Expense Application have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all fees and costs of administration have been paid.

(i)      Class Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

(j)      Class Plaintiffs and Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Except as set forth in paragraph 10(b), Settling Defendants shall have no obligation under this Settlement Agreement or the settlement to pay or cause to be paid any amount of money, and Settling Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Class Plaintiffs, by any Class Member, or by any Releasing Parties, including but not limited to by their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Released Claims. Class Plaintiffs and Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(k)      Settling Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible

and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is de minimis and such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Class Counsel, subject to Court approval.

## XII.   TAXES

(a)      The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith. The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be returned to Settling Defendants, as provided in paragraph XIII(c), if the settlement does not become effective for any reason, including by reason of a termination of this Settlement Agreement pursuant to paragraphs XIII(a) or XIII(b).

(b)      For the purpose of § 468B of the Code and the Treasury regulations thereunder, Class Counsel shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall be consistent with this Section XII and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)      All: (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement

Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1 (or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on or in connection with the Settlement Fund (collectively "Taxes"), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)      Neither the Settling Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent, Claims Administrator, or Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Settling Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

## XIII.   <u>TERMINATION OF SETTLEMENT</u>

(a)      Either Class Plaintiffs, through Class Counsel, or the Settling Defendants as a group, through their respective counsel, shall have the right to terminate the settlement set forth in this Settlement Agreement by providing written notice of their election to do so ("Termination

Notice") to all other Parties hereto within thirty (30) days of the date on which: (i) the Court or any appellate court enters a final order denying Plaintiffs' motion for preliminary approval of the Settlement Agreement; (ii) the Court or any appellate court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect; (iv) the Court enters an Alternative Judgment; (v) the Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect; or (vi) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect. If Settling Defendants as a group or Class Plaintiffs as a group elect to terminate the settlement pursuant to this Section XIII, all pre-settlement rights and positions of Settling Parties shall be restored and the fact and terms of the settlement shall not be admissible in any trial or otherwise used against any party.  Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application and/or any Plan of Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or settlement.

(b)      As set forth in paragraph VII(b) above, the Claims Administrator shall provide Class Counsel and Counsel for Settling Defendants a list of those Persons, if any, who have filed a request to be excluded from the Settlement Classes, together with all such Requests for Exclusion, within three (3) business days of the deadline set by the Court for the filing of Requests for Exclusion. Simultaneously herewith, the Settling Parties are executing a supplemental agreement setting forth opt-out thresholds, which provide Settling Defendants with the right to terminate the Settlement Agreement if (i) a material number of persons submit Requests for Exclusion from the Settlement Classes or (ii) the Persons requesting exclusion would likely have been eligible to receive, but for their exclusion, a material percentage of distributions from the Net Settlement

Fund. The Settling Parties agree that the supplemental agreement shall not be filed with the Court unless and until either (i) the Court orders or otherwise directs the parties to file the supplemental agreement or (ii) a dispute among Plaintiffs and Settling Defendants concerning its interpretation or application arises and, in either such event, it shall be filed and maintained with the Court under seal. The parties will otherwise keep the terms of the supplemental agreement confidential, except if compelled by judicial process to disclose the supplemental agreement. As for the terms of this Settlement Agreement, they shall remain confidential until the preliminary approval motion is filed.

(c)     Except as otherwise provided herein, in the event the Settlement Agreement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties to this Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Settling Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award, less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $400,000)) shall be returned to Settling Defendants within ten (10) business days from the date of the event causing such termination. At the request of Counsel for Settling Defendants, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendants.

(d)     No Settling Party hereto or its counsel shall directly, or indirectly, solicit or encourage any Person to request exclusion from the Class.

## XIV.   **MISCELLANEOUS**

(a)      Any and all of exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

(b)      The Settling Parties to this Settlement Agreement intend the settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Plaintiffs and/or any Class Member against the Released Parties with respect to the Action and the Released Claims. Accordingly, Class Plaintiffs and Settling Defendants agree not to assert in any judicial proceeding that the Action was brought by Class Plaintiffs or defended by Settling Defendants in bad faith or without a reasonable basis. The Settling Parties further agree not to assert in any judicial proceeding that any Party violated Fed. R. Civ. P. 11. The Settling Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after extensive negotiations between and consultations with, experienced legal counsel.

(c)      Upon the Court's entry of an order granting final approval of this Settlement Agreement, Plaintiffs will voluntarily dismiss Deutsche Bank Securities Inc. from this Action with prejudice.

(d)      The Settling Parties agree to provide reasonable cooperation to assist one another in opposing or negotiating a resolution of any claim for costs, attorneys' fees, or expenses asserted by any third-party retail foreign exchange dealer or other third party in connection with subpoenas served by the Settling Parties in the Action. For the avoidance of doubt, the Settling Parties shall be liable for any costs or fees that the Court may assess against them as awarded to any third party, and no Party is required to indemnify or otherwise pay the costs or fees of any other Party as awarded by the Court.

(e)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(f)     The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Distribution, and enforcing the terms of this Settlement Agreement.

(g)     For the purpose of construing or interpreting this Settlement Agreement, Class Plaintiffs and Settling Defendants agree that it is to be deemed to have been drafted equally by all Settling Parties hereto and shall not be construed strictly for or against any Party.

(h)     This Settlement Agreement and the supplemental agreement described in paragraph XIII(b) shall constitute the entire agreement between Class Plaintiffs and Settling Defendants pertaining to the settlement of the Action against Settling Defendants and supersedes any and all prior and contemporaneous undertakings of Class Plaintiffs and Settling Defendants in connection therewith. All terms of this Settlement Agreement are contractual and not mere recitals. The terms of this Settlement Agreement are and shall be binding upon each of the Settling Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settling Parties hereto including any Class Members.

(i)     This Settlement Agreement may be modified or amended only by a writing executed by Class Plaintiffs, through Class Counsel, and Settling Defendants, through counsel for Settling Defendants, subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Classes unless notice is required by law or by the Court.

(j)        Nothing in this Settlement Agreement shall be construed as an admission of any fact, wrongdoing, or liability by Settling Defendants or by any of their subsidiaries, affiliates, officers, directors, employees, insurers, predecessors or successors.  Settling Parties stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are satisfied. Settling Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the settlement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement Agreement is terminated, or if the settlement otherwise does not become final. Defendants enter into this Settlement Agreement without any admission of liability or wrongdoing, which they expressly deny, and nothing in this Settlement Agreement shall limit the Settling Defendants' ability to fully defend against litigation brought by other class and nonclass plaintiffs as to any matter relating to FX instruments or otherwise or to take any position in any other action.

(k)        All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(l)        Settling Defendants, Class Plaintiffs, their respective counsel, and the Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(m)      The Settling Parties acknowledge that this Settlement Agreement makes no determination as to which Class Members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed.

(n)       The proposed Plan of Distribution is not a necessary term of this Settlement

Agreement and it is not a condition of this Settlement Agreement that any particular Plan of Distribution be approved. The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court. The Plan of Distribution is a matter separate and apart from the settlement between the Settling Parties and any decision by the Court concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(o)     This Settlement Agreement may be executed in counterparts by Class Plaintiffs and Settling Defendants, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

(p)     Class Plaintiffs and Settling Defendants acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Class Plaintiffs and Settling Defendants and their respective counsel agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake. Moreover, Class Plaintiffs and Settling Defendants and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(q)     Each of the undersigned attorneys represents that he/she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Class Plaintiffs. Each of the undersigned attorneys shall use

their best efforts to effectuate this Settlement Agreement.

IN WITNESS WHEREOF, the Settling Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the date first herein written above.

*On behalf of Class Plaintiffs and the Settlement Classes:*

By: _____
Michael Dell'Angelo
Michael Kane
Joshua T. Ripley
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net
mkane@bm.net
jripley@bm.net

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com

Joseph C. Peiffer
PEIFFER WOLF CARR & KANE, APLC
201 St. Charles Ave. Suite 4610
New Orleans, LA 70170
Tel: (504) 523-2434
Fax: (504) 523-2464
jpeiffer@pwcklegal.com

R. Bryant McCulley
Stuart McCluer
MCCULLEY MCCLUER PLLC
1022 Carolina Boulevard, Suite 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506

bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

**On behalf of Settling Defendants:**

SULLIVAN & CROMWELL LLP

By: *Matthew A. Schwartz*

Matthew A. Schwartz
Matthew A. Peller
Nikolai Krylov
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
pellerm@sullcrom.com
krylovn@sullcrom.com

*Attorneys for Defendants Barclays Bank PLC
and Barclays Capital Inc.*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____

Boris Bershteyn
Tansy Woan
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
tansy.woan@skadden.com

Gretchen M. Wolf (admitted *pro hac vice*)
155 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0700
gretchen.wolf@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*

SHEARMAN & STERLING LLP

By: _____
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A. and Merrill
Lynch, Pierce, Fenner & Smith Incorporated*

ALLEN & OVERY LLP

By: _____
David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for Defendants BNP Paribas Group, BNP
Paribas North America, Inc., BNP Paribas Securities
Corp., and BNP Paribas Prime Brokerage, Inc.*

bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

**On behalf of Settling Defendants:**

SULLIVAN & CROMWELL LLP

By: _____
Matthew A. Schwartz
Matthew A. Peller
Nikolai Krylov
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
pellerm@sullcrom.com
krylovn@sullcrom.com

*Attorneys for Defendants Barclays Bank PLC
and Barclays Capital Inc.*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Boris Bershteyn
Tansy Woan
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
tansy.woan@skadden.com

Gretchen M. Wolf (admitted *pro hac vice*)
155 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0700
gretchen.wolf@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*

SHEARMAN & STERLING LLP

By: _____
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A. and Merrill
Lynch, Pierce, Fenner & Smith Incorporated*

ALLEN & OVERY LLP

By: _____
David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for Defendants BNP Paribas Group, BNP
Paribas North America, Inc., BNP Paribas Securities
Corp., and BNP Paribas Prime Brokerage, Inc.*

bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

*On behalf of Settling Defendants:*

SULLIVAN & CROMWELL LLP

By: _____
Matthew A. Schwartz
Matthew A. Peller
Nikolai Krylov
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
pellerm@sullcrom.com
krylovn@sullcrom.com

*Attorneys for Defendants Barclays Bank PLC
and Barclays Capital Inc.*

SHEARMAN & STERLING LLP

By: _____

_____
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A. and Merrill
Lynch, Pierce, Fenner & Smith Incorporated*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Boris Bershteyn
Tansy Woan
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
tansy.woan@skadden.com

Gretchen M. Wolf (admitted *pro hac vice*)
155 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0700
gretchen.wolf@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*

ALLEN & OVERY LLP

By: _____
David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for Defendants BNP Paribas Group, BNP
Paribas North America, Inc., BNP Paribas Securities
Corp., and BNP Paribas Prime Brokerage, Inc.*

45

bmcculley@mcculleymccluer.com
smccluer@mcculleymccluer.com

*On behalf of Settling Defendants:*

SULLIVAN & CROMWELL LLP

By: _____
Matthew A. Schwartz
Matthew A. Peller
Nikolai Krylov
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
schwartzmatthew@sullcrom.com
pellerm@sullcrom.com
krylovn@sullcrom.com

*Attorneys for Defendants Barclays Bank PLC
and Barclays Capital Inc.*

SHEARMAN & STERLING LLP

By: _____
Adam S. Hakki
Richard F. Schwed
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Bank of America
Corporation, Bank of America, N.A. and Merrill
Lynch, Pierce, Fenner & Smith Incorporated*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Boris Bershteyn
Tansy Woan
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
tansy.woan@skadden.com

Gretchen M. Wolf (admitted *pro hac vice*)
155 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0700
gretchen.wolf@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*

ALLEN & OVERY LLP

By: _____
David C. Esseks
Laura R. Hall
Rebecca Delfiner
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
laura.hall@allenovery.com
rebecca.delfiner@allenovery.com

*Attorneys for Defendants BNP Paribas Group, BNP
Paribas North America, Inc., BNP Paribas Securities
Corp., and BNP Paribas Prime Brokerage, Inc.*

45

MOORE AND VAN ALLEN PLLC

By: _____
James R. McLoughlin, Jr.
Mark A. Nebrig
Joshua D. Lanning
Moore and Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendant RBC Capital Markets, LLC*


LOCKE LORD LLP

By: _____
Gregory T. Casamento
3 World Financial Center
New York, NY 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank PLC, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.*

DAVIS POLK & WARDWELL LLP

By: _____
Paul S. Mishkin
Adam G. Mehes
Maude Paquin
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
adam.mehes@davispolk.com
maude.paquin@davispolk.com

*Attorneys for Defendants The Royal Bank of Scotland plc (now known as NatWest Markets Plc), and RBS Securities Inc. (now known as NatWest Markets Securities Inc.)*


GIBSON, DUNN & CRUTCHER LLP

By: _____
Eric J. Stock
Philip O. Shapiro
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
pshapiro@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
Amy Feagles
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500 jarp@gibsondunn.com
mkatsur@gibsondunn.com
afeagles@gibsondunn.com

*Attorneys for Defendants UBS AG and UBS Securities LLC*

MOORE AND VAN ALLEN PLLC

By: _____
James P. McLoughlin, Jr.
Mark A. Nebrig
Joshua D. Lanning
Moore and Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendant RBC Capital Markets, LLC*


LOCKE LORD LLP

By: _____
Gregory T. Casamento
3 World Financial Center
New York, NY 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank PLC, HSBC
North America Holdings, Inc., HSBC Bank USA,
N.A., and HSBC Securities (USA) Inc.*

DAVIS POLK & WARDWELL LLP

By: *Paul Mish*
Paul S. Mishkin
Adam G. Mehes
Maude Paquin
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
adam.mehes@davispolk.com
maude.paquin@davispolk.com

*Attorneys for Defendants The Royal Bank of
Scotland plc (now known as NatWest Markets Plc),
and RBS Securities Inc. (now known as NatWest
Markets Securities Inc.)*


GIBSON, DUNN & CRUTCHER LLP

By: _____
Eric J. Stock
Philip O. Shapiro
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
pshapiro@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
Amy Feagles
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500 jarp@gibsondunn.com
mkatsur@gibsondunn.com
afeagles@gibsondunn.com

*Attorneys for Defendants UBS AG and UBS
Securities LLC*

MOORE AND VAN ALLEN PLLC

By: _____
James P. McLoughlin, Jr.
Mark A. Nebrig
Joshua D. Lanning
Moore and Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendant RBC Capital Markets, LLC*

LOCKE LORD LLP

By: _____
Gregory T. Casamento
3 World Financial Center
New York, NY 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank PLC, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.*

DAVIS POLK & WARDWELL LLP

By: _____
Paul S. Mishkin
Adam G. Mehes
Maude Paquin
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
adam.mehes@davispolk.com
maude.paquin@davispolk.com

*Attorneys for Defendants The Royal Bank of Scotland plc (now known as NatWest Markets Plc), and RBS Securities Inc. (now known as NatWest Markets Securities Inc.)*

GIBSON, DUNN & CRUTCHER LLP

By: _____
Eric J. Stock
Philip O. Shapiro
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
pshapiro@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
Amy Feagles
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500 jarp@gibsondunn.com
mkatsur@gibsondunn.com
afeagles@gibsondunn.com

*Attorneys for Defendants UBS AG and UBS Securities LLC*

MOORE AND VAN ALLEN PLLC

By: _____
James P. McLoughlin, Jr.
Mark A. Nebrig
Joshua D. Lanning
Moore and Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
jimmcloughlin@mvalaw.com
marknebrig@mvalaw.com
joshlanning@mvalaw.com

*Attorneys for Defendant RBC Capital Markets, LLC*


LOCKE LORD LLP

By: _____
Gregory T. Casamento
3 World Financial Center
New York, NY 10281
Telephone: (212) 812-8325
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8000
rcowie@lockelord.com

J. Matthew Goodin
Julia C. Webb
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Bank PLC, HSBC
North America Holdings, Inc., HSBC Bank USA,
N.A., and HSBC Securities (USA) Inc.*

DAVIS POLK & WARDWELL LLP

By: _____
Paul S. Mishkin
Adam G. Mehes
Maude Paquin
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
paul.mishkin@davispolk.com
adam.mehes@davispolk.com
maude.paquin@davispolk.com

*Attorneys for Defendants The Royal Bank of
Scotland plc (now known as NatWest Markets Plc),
and RBS Securities Inc. (now known as NatWest
Markets Securities Inc.)*


GIBSON, DUNN & CRUTCHER LLP

By: _____
Eric J. Stock
Philip O. Shapiro
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
estock@gibsondunn.com
pshapiro@gibsondunn.com

D. Jarrett Arp
Melanie L. Katsur
Amy Feagles
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500 jarp@gibsondunn.com
mkatsur@gibsondunn.com
afeagles@gibsondunn.com

*Attorneys for Defendants UBS AG and UBS
Securities LLC*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By:

Thomas J. Moloney
George S. Cary
Rishi Zutshi
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
rzutshi@cgsh.com

LATHAM & WATKINS LLP

By:

Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
joseph.serino@lw.com
Telephone: (212) 906-1717

KING & SPALDING LLP

By:

G. Patrick Montgomery
1700 Pennsylvania Ave., NW
Washington, DC  20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

*Attorneys for Defendants The Goldman Sachs Group,
Inc. and Goldman Sachs & Co. LLC*

*Attorneys for Defendants Deutsche Bank AG and
Deutsche Bank Securities Inc.*

WACHTELL, LIPTON, ROSEN & KATZ

By:

Jonathan Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley, Morgan
Stanley & Co., LLC, and Morgan Stanley & Co.
International PLC*

CAHILL GORDON & REINDEL LLP

By:

David G. Januszewski
Elai E. Katz
Herbert S. Washer
Jason M. Hall
Margaret A. Barone
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
ekatz@cahill.com
hwasher@cahill.com
jhall@cahill.com
mbarone@cahill.com

*Attorneys for Defendants Credit Suisse AG, and
Credit Suisse Securities (USA) LLC*

47

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: _____
Thomas J. Moloney
George S. Cary
Rishi Zutshi
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
rzutshi@cgsh.com

*Attorneys for Defendants The Goldman Sachs Group,
Inc. and Goldman Sachs & Co. LLC*

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Jonathan Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley, Morgan
Stanley & Co., LLC, and Morgan Stanley & Co.
International PLC*

LATHAM & WATKINS LLP

By: Joseph Serino / CES
Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
joseph.serino@lw.com
Telephone: (212) 906-1717

KING & SPALDING LLP

By: G. Patrick Montgomery / WMP
G. Patrick Montgomery
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

*Attorneys for Defendants Deutsche Bank AG and
Deutsche Bank Securities Inc.*

CAHILL GORDON & REINDEL LLP

By: _____
David G. Januszewski
Elai E. Katz
Herbert S. Washer
Jason M. Hall
Margaret A. Barone
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
ekatz@cahill.com
hwasher@cahill.com
jhall@cahill.com
mbarone@cahill.com

*Attorneys for Defendants Credit Suisse AG, and
Credit Suisse Securities (USA) LLC*

47

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: _____
Thomas J. Moloney
George S. Cary
Rishi Zutshi
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
rzutshi@cgsh.com

*Attorneys for Defendants The Goldman Sachs Group,
Inc. and Goldman Sachs & Co. LLC*

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Jonathan Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley, Morgan
Stanley & Co., LLC, and Morgan Stanley & Co.
International PLC*

LATHAM & WATKINS LLP

By: _____
Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
joseph.serino@lw.com
Telephone: (212) 906-1717

KING & SPALDING LLP

By: _____
G. Patrick Montgomery
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

*Attorneys for Defendants Deutsche Bank AG and
Deutsche Bank Securities Inc.*

CAHILL GORDON & REINDEL LLP

By: _____
David G. Januszewski
Elai E. Katz
Herbert S. Washer
Jason M. Hall
Margaret A. Barone
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
ekatz@cahill.com
hwasher@cahill.com
jhall@cahill.com
mbarone@cahill.com

*Attorneys for Defendants Credit Suisse AG, and
Credit Suisse Securities (USA) LLC*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Thomas J. Moloney
George S. Cary
Rishi Zutshi
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
tmoloney@cgsh.com
gcary@cgsh.com
rzutshi@cgsh.com

*Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman Sachs & Co. LLC*

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Jonathan Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co. International PLC*

LATHAM & WATKINS LLP

By: _____
Joseph Serino, Jr.
885 Third Avenue
New York, New York 10022
joseph.serino@lw.com
Telephone: (212) 906-1717

KING & SPALDING LLP

By: _____
G. Patrick Montgomery
1700 Pennsylvania Ave., NW
Washington, DC  20006
Telephone: (202) 626-5444
pmontgomery@kslaw.com

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*

CAHILL GORDON & REINDEL LLP

By: *Jason M. Hall/me*
David G. Januszewski
Elai E. Katz
Herbert S. Washer
Jason M. Hall
Margaret A. Barone
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
ekatz@cahill.com
hwasher@cahill.com
jhall@cahill.com
mbarone@cahill.com

*Attorneys for Defendants Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

47