UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you purchased a foreign currency instrument from certain individuals or entities, a $23,630,000 class action settlement may affect you.

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

- There is a class action lawsuit *Contant, et al v. Bank of America Corp., et al*, No. 17-cv-3139-LGS pending in the United States District Court for the Southern District of New York ("Action" or "Lawsuit"). The Court has granted preliminary approval of cash settlements totaling $23.63 million with Defendants Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup"); MUFG Bank, Ltd. (formerly known as The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG Bank"); Standard Chartered Bank ("SC"), Société Générale ("SG"); Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Inc. ("Bank of America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. ("BNP Paribas"); Credit Suisse AG and Credit Suisse Securities (USA) LLC ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC) ("Goldman Sachs"); HSBC Bank plc, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International plc ("Morgan Stanley"); RBC Capital Markets, LLC ("RBC"); The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc. (now known as NatWest Markets Securities Inc.) ("RBS"); UBS AG, UBS Group AG, and UBS Securities LLC ("UBS") (collectively, ("Settling Defendants"). Citigroup has agreed to pay $9,950,000 ("Citigroup Settlement"); MUFG Bank has agreed to pay $985,000 ("MUFG Bank Settlement"); SC has agreed to pay $1,720,000 ("SC Settlement"). SG has agreed to pay $975,000 ("SG Settlement"); and the remaining twelve Defendant groups have agreed to pay $10,000,000 ("Group Settlement") for a total of $23,630,000, to resolve and release all claims that were alleged or could have been alleged against them in the Action. Collectively, the Citigroup, MUFG Bank, SC, SG, and Group Settlements are referred to as the "Settlements."

- The Lawsuit alleges that Defendants conspired to fix foreign currency ("FX") instrument prices, causing members of the Settlement Classes to be overcharged when purchasing an FX Instrument from an individual or entity and that individual or entity transacted in an FX Instrument directly with a Defendant or one of Defendants' alleged co-conspirators. Defendants believe that Class Plaintiffs' claims lack merit and would have been rejected prior to trial, at trial, or on appeal.

- For people and entities who purchased an FX Instrument from an individual or entity in or while residing in New York, Arizona, California, Florida, Illinois, Massachusetts, Minnesota, or North Carolina, during the period of December 1, 2007, through [DATE OF PRELIMINARY APPROVAL ORDER], and that party in turn transacted the FX instrument with a Defendant or an alleged co-conspirator, the Settlements create separate Settlement Classes for each of those states. If you fall into one of the state Settlement Classes, you are a Settlement Class Member.

- The Settlements offer cash payments to members of the Settlement Classes who file valid timely Claims.

- This Notice has important information. It explains the Settlements in this class action lawsuit. It also explains your rights and options in this case.

**<u>Legal Rights and Options</u>**

**<u>Your legal rights and options are described in this section. You may</u>:**

**File a Claim**: This is the only way to get money from the Settlements. You must timely file a valid claim. See Question 8 for more information.

**Exclude Yourself**: You may request to be excluded from the Settlement Classes. This is the only way you can be part of another lawsuit that asks for money for claims in this case against the Settling Defendants. You will *not* get a payment from these Settlements. You must mail your exclusion request by [50 DAYS PRIOR TO FAIRNESS HEARING DATE]. See Question 10 for more information.

**Object**: If you do not agree with any part of the Settlements or you do not agree with the requested award of attorneys' fees, expenses and/or service awards, you may write to the Court to say why and mail your objection by [50 DAYS PRIOR TO FAIRNESS HEARING DATE]. See Question 14 for more information. You may also request to speak at the Court hearing about either the fairness of these Settlements or about the requested attorneys' fees and expenses or service awards. See Question 20 for more information.

**Do Nothing:** You will not get money. You give up your rights to sue for relief about the claims in this Lawsuit. See Question 21 for more information.

BASIC INFORMATION .................................................................................................................. 4

    1.    Purpose of this Notice? ................................................................................... 4

    2.    What is this Lawsuit about? .............................................................................. 4

    3.    Why is this Lawsuit a class action? ................................................................. 5

    4.    Why are there Settlements? .............................................................................. 5

    5.    Am I part of these Settlements? ....................................................................... 5

SETTLEMENT BENEFITS ............................................................................................................. 8

    6.    What do these Settlements Provide? ................................................................ 8

    7.    How do I ask for money from these Settlements? ........................................... 8

HOW TO FILE A CLAIM .............................................................................................................. 9

    8.    How do I file a claim? ..................................................................................... 9

    9.    Am I giving up anything by filing a claim or not filing a claim? ................... 9

    10.    How do I exclude myself from the Settlement Classes? ................................ 10

    11.    If I don't exclude myself, can I sue Settling Defendants and the Other Relased Parties for the same thing later? .................................................................................................... 11

    12.    If I exclude myself from these Settlements, can I get money from the Settlements? ....... 11

    13.    If I exclude myself from these Settlements, can I still object? ...................... 11

OBJECTING TO THE SETTLEMENTS ........................................................................................... 11

    14.    How do I tell the Court if I don't like the Settlements? ................................. 11

    15.    What is the difference between objecting and excluding? .............................. 12

THE LAWYERS REPRESENTING YOU ......................................................................................... 13

    16.    Do I have a lawyer in this Lawsuit? .............................................................. 13

    17.    How will the lawyers be paid? ....................................................................... 13

THE COURT'S FAIRNESS HEARING ........................................................................................... 13

    18.    When and where will the Court decide whether to approve these Settlements? ............. 13

    19.    Do I have to come to the Fairness Hearing to get my money? ...................... 14

    20.    What if I want to speak at the Fariness Hearing? .......................................... 14

IF YOU DO NOTHING ............................................................................................................... 14

    21.    What happens if I do nothing? ....................................................................... 14

GETTING MORE INFORMATION ................................................................................................ 14

    22.    How do I get more information? .................................................................... 14

**1.  Purpose of this Notice?**

This notice explains the proposed Settlements in a class action which is called *Contant, et al v. Bank of America Corp., et al*, No. 17-cv-3139-LGS, and the legal rights and options of the members of the Settlement Classes to participate in it, or not, before the Court decides whether to give final approval to the Settlements. This Notice explains the Lawsuit, the proposed Settlements, your legal rights, the benefits available, eligibility for those benefits, and how to get them. The Honorable Lorna G. Schofield of the U.S. District Court for the Southern District of New York is overseeing this Lawsuit.

The persons or entities who started this case are called the "Plaintiffs." The Plaintiffs are James Contant, Sandra Lavender, Victor Hernandez, Martin-Han Tran, FX Primus Ltd., Carlos Gonzalez, Ugnius Matkus, Charles G. Hitchcock III, Jerry Jacobson, Tina Porter, and Paul Vermillion.

The companies they sued and settled with are the "Defendants." Defendants are Citigroup, MUFG Bank, SC, SG, Bank of America, Barclays, BNP Paribas, Credit Suisse, Deutsche Bank, Goldman Sachs, HSBC, JPMorgan, Morgan Stanley, RBC, RBS, and UBS.

**2.  What is this Lawsuit about?**

Generally, Plaintiffs allege that Defendants fixed the prices of foreign currency instruments ("FX Instruments") in violation of the following state laws: Arizona Revised Statutes, § 44-1401, *et seq*. (the Arizona Antitrust Act); California Business and Professions Code § 16700, *et seq.* (the California Cartwright Act); California Business and Professions Code § 17200, *et seq.* (California's Unfair Competition Law); Fla. Stat. § 501.201, *et seq*. (the Florida Deceptive and Unfair Trade Practices Act); 740 Ill. Comp. Stat. 10/1, *et seq*. (the Illinois Antitrust Act); Mass. Gen. Laws ch. 93A, §1 *et seq*. (the Massachusetts Consumer Protection Law); Minn. Stat. §§ 325D.49 to 325D.66 (the Minnesota Antitrust Law of 1971); New York General Business Laws § 340, *et seq*. (the New York Donnelly Act); and N.C. Gen. Stat. § 75-1, *et seq*. (the North Carolina Unfair Trade Practice Act). FX Instruments are any FX spot transaction, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related to FX rates.

Plaintiffs claim that beginning on or around December 1, 2007, Defendants conspired to fix prices in the FX market on a daily basis. Plaintiffs allege that Defendants' conspiracy involved, among other things: (1) the fixing of FX bid-ask spreads; and (2) the fixing of benchmark FX rates, including, but not limited to, the WM/Reuters Fixes and the ECB Fixes. Plaintiffs further allege that Defendants: (1) created and participated in chat rooms and other forms of electronic communication; (2) shared confidential client and proprietary trading information with other Defendants involved in the conspiracy; (3) coordinated trades with other Defendants and alleged co-conspirators in order to illegally manipulate FX benchmark rates and spot rates; (4) monitored the trades placed by traders employed by co-conspirator Defendants in order to ensure compliance with the conspiracy; and (5) used code names, code words, and deliberate misspellings in efforts to evade detection. As a result of the alleged conspiracy, Plaintiffs allege that they and the members of the proposed Settlement Classes were injured in the form of overcharges on FX Instruments purchased from an individual or entity and that individual or entity transacted in an FX Instrument directly with a Defendant or one of Defendants' alleged co-conspirators during the litigation Class Period December 1, 2007 through December 31, 2013. The "Class Period" for the Settlements is the period of December 1, 2007 through December 15, 2015, for purposes of the Group Settlement; December 1, 2007 through July 29, 2019, for purposes of the Citigroup and MUFG Bank Settlements; and December 1, 2007 through [DATE OF PRELIMINARY APPROVAL ORDER] for purposes of the SC and SG Settlements.

You may obtain more information regarding the specific allegations of the Action by reviewing the Second Consolidated Class Action Complaint ("SCCAC"), which is available at www.FXIndirectAntitrustSettlement.com.

**3.  Why is this Lawsuit a class action?**

In a class action, the Plaintiffs (or Class Plaintiffs) sue not only for themselves, but also on behalf of other people or businesses with similar legal claims and interests. Together all of these people or businesses with similar claims and interests form classes, and are class members.

When a court decides a case or approves a settlement, it is applicable to all members of the classes (except class members who exclude themselves). In this case, the Court has preliminarily approved the Settlements and the classes defined below in Question 6, and approved this Notice.

**4.  Why are there Settlements?**

Class Plaintiffs and Class Counsel believe that the members of the Settlement Classes have been damaged by Defendants' conduct, as described in the SCCAC. Defendants believe that Class Plaintiffs' claims lack merit, and would have been rejected prior to trial, at trial, or on appeal. Nothing in the Settlements constitutes an admission by Defendants of, or evidence of, liability, wrongdoing, or the merits of the allegations and claims asserted by Class Plaintiffs in the Action.  Nor does anything in the Settlements constitute an admission by Class Plaintiffs of, or evidence of, the validity of any defense asserted by, or that could have been asserted by, Defendants.

The Court has not decided on the merits in favor of Class Plaintiffs or Defendants. However, on May 20, 2019 the Court granted a motion to dismiss for lack of personal jurisdiction filed by MUFG Bank and SG, and dismissed MUFG Bank and SG from the Lawsuit. The Settlements allow both sides to avoid the costs and risks of lengthy litigation, trial, and any appeals. The Settlements allow members of the Settlement Classes who submit valid claims to receive some compensation, rather than risk ultimately receiving nothing. Class Counsel and Class Plaintiffs believe that the Settlements are in the best interests of all members of the Settlement Classes.

If the Settlements are approved, Plaintiffs and the Settlement Classes will dismiss and release their claims against Defendants.

**5.  Am I part of these Settlements?**

In the Court's Preliminary Approval Orders of July 29, 2019, and [DATE OF PRELIMINARY APPROVAL ORDER], the Court defined the following statewide Settlement Classes:

**New York Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in New York and/or while domiciled in New York, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the New York Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Arizona Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members

5

of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**California Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in California by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Florida Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Illinois Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Massachusetts Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to

this action. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Minnesota Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**North Carolina Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class Member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

The "Class Period" for the Settlements is the period of December 1, 2007 through December 15, 2015 for purposes of the Group Settlement; December 1, 2007 through July 29, 2019 for purposes of the Citigroup and MUFG Bank Settlements; and December 1, 2007 through [DATE OF PRELIMINARY APPROVAL ORDER] for purposes of the SC and SG Settlements.

The "Direct Settlement Class" is:

> All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Defendant Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Defendant Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Defendant Party, or co-conspirator; any entity in which any Defendant, Released Defendant Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Defendant Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

If you are not sure whether you are part of these Settlements, contact the Settlement Administrator at:

Call the toll-free number, 1-844-245-3777
Visit www.FXIndirectAntitrustSettlement.com
Write to: Heffler Claims Group, PO Box 7907, Philadelphia, PA 19101-7907
Email: info@fxindirectantitrustsettlement.com.

## SETTLEMENT BENEFITS

### 6.  What do these Settlements Provide?

Settling Defendants have collectively paid $23,630,000 of Settlements into a fund (the "Settlement Fund") to be held for disbursement to the members of the Settlement Classes, if the Court grants final approval of the Settlement Agreements. The Settlement Fund, plus interest earned from the date it was established, less the costs of settlement administration and notice, applicable taxes on the settlement fund, attorneys' fees and expenses, and service awards for the class representatives, all as approved by the Court (the "Net-Settlement Fund") will be divided among the members of the Settlement Classes, who send in valid Claim Forms by [120 DAYS AFTER ORDER GRANTING FINAL APPROVAL] ("Authorized Claimants") according to the Plan of Allocation.

### 7.  How do I ask for money from these Settlements?

You must file a valid and timely claim to get money from the Settlements. If the Court finally approves the Settlements, you are a member of one or more of the Settlement Classes and you do not exclude yourself from the Settlement Classes, you will receive a Claim Form in the mail or by email. You may also get a Claim Form by visiting FXIndirectAntitrustSettlement.com or by contacting the Settlement Administrator toll-free number: 1-844-245-3777.

**How much money will I get?**

At this time, it is not known precisely how much each member of the Settlement Classes will receive from the Net Settlement Fund or when payments will be made. The amount of your payment, if any, will be determined by the Plan of Allocation. The Settlement Administrator will first determine the Settlement Class Member's eligible transaction volume on FX Instruments. The Plan of Allocation includes two claim amount options: a "Pro Rata Award" and a "De Minimis Award." For the **Pro Rata Award**, award calculations are based on a model that will estimate the Class Member's claim relative to the claims of the other Class Members. The Pro Rata Award model will apply a uniform overcharge percentage rate across all currency pairs to a Class Member's eligible FX instrument transactions. The overcharge rate is then weighted based on the currency pair's trading liquidity to generate the amount of each Claimant's potential claim. Currency pairs that are most liquid category will have the lowest weightings while illiquid pairs will have the highest weightings to reflect that the illiquid currency pairs have larger spreads. The Net Settlement Fund will be distributed to all Authorized Claimants that qualify for the Pro Rata Award on a *pro rata* basis. Specifically, the Pro Rata Award distribution of the Net Settlement Fund will be based on the percentage of each Authorized Claimant's allowed claim as compared to the sum of all valid, allowed claims that are filed. A discount of 90% will be applied for FX instruments purchased after December 31, 2013. Eligible Class Members whose Pro Rata Award would otherwise fall under a certain threshold—and Class Members who provide documentation sufficient to demonstrate that they transacted FX Instruments with an individual or entity that in turn transacted in the FX instrument with a Defendant or one of Defendants' alleged co-conspirators during the Class Period but who do not have transactional data sufficient for the Claims Administrator to calculate a Pro Rata Award—are eligible to receive a **De Minimis Award** in a fixed amount determined pursuant to the Plan of Allocation. The complete Plan of Allocation is available on the settlement website, www.FXIndirectAntitrustSettlement.com. No monies will revert to Settling Defendants if the Settlements are granted final approval.

# How to File A Claim

**8.  How do I file a claim?**

If the Court approves the Settlements (see "The Court's Fairness Hearing" below), the Court will approve a Claim Form and set a deadline for members of the Settlement Classes to submit claims. To receive a payment, you must submit a Claim Form. A Claim Form will be mailed or emailed to you automatically. The Claim Form will also be posted on the website and available by calling the tollfree number shown below. Members of the Settlement Classes will be able to submit claims electronically using this website or by email or by returning a paper Claim Form.

Read the instructions carefully. The Claim Form will provide two options for submitting your claim. Option 1 is the Estimated Claim Option. Under Option 1, the Settlement Administrator will estimate your eligible transaction volume using transaction data received from retail foreign exchange dealers ("RFEDs") in this case. If you select Option 1 and the Settlement Administrator does not have data for your transactions sufficient to calculate a Pro Rata Award, you will be eligible to receive a De Minimis Award. Option 2 is the Document Claim Option. Under Option 2, you will submit data and documentation of your eligible transactions using the electronic data template available on the settlement website, and the Settlement Administrator will review it. More details on these options will be available at [www.FXIndirectAntitrustSettlement.com](www.FXIndirectAntitrustSettlement.com) or by contacting the Settlement Administrator at 1-844-245-3777.

Once the Settlement Administrator receives your timely-filed Claim Form, the Settlement Administrator will estimate your volume and eligible participation amount for the relevant time period and will provide you with an explanation of how the estimate was determined (for example, analysis of documentation you submitted, analysis of RFED transaction data produced in this case, extrapolation from your documentation or RFED's transaction data produced in this case, or any combination thereof). As provided in the Plan of Allocation, if your eligible participation amount falls below a certain threshold, you will be eligible to receive a De Minimis Award.

**Please keep all documentation related to your transactions in FX Instruments during the period December 1, 2007 to [DATE OF PRELIMINARY APPROVAL ORDER] for use in filing your Claim Form. Having documentation may be important to filing and substantiating a successful claim**.

Some companies may offer to help you file your Claim Form in exchange for a portion of your recovery from the Settlements. While you may choose to use such companies, you should know that you can file with the Settlement Administrator on your own, free of charge. Additionally, you are entitled to contact the Settlement Administrator or Class Counsel for assistance with understanding and filing your Claim Form – again, at no cost to you.

**9.  Am I giving anything up by filing a claim or not filing a claim?**

If you are a member of any of the Settlement Classes and do not exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit related to the conduct and legal issues alleged in the SCCAC against any of the Defendants or Released Parties, even if you do not file a Claim Form. More specifically, staying in the Settlement Classes means you have agreed to be bound by the Settlement Agreements and all of their terms including the release of claims contained therein. The Settlement Agreements are available on the settlement website, www.FXIndirectAntitrustSettlement.com. The claims released in these settlements are described below.

The "Released Claims" for purposes of the Settlements means any and all manner of claims (including Unknown Claims),causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses,

9

attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which Class Plaintiffs and the Settlement Classes ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against the Released Parties that arise from or relate to a factual predicate of the Action, including any conduct alleged or that could have been alleged in any amended complaint or pleading therein, from the beginning of time through the Effective Date. "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in their favor as of the Effective Date, and any Settling Defendants' Claims against Releasing Parties which Released Parties do not know or suspect to exist in their favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected their decision(s) with respect to the Settlements. Upon the Effective Date, members of the Settlement Classes shall have expressly waived the provisions, rights, and benefits of Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class members shall have also waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

"Released Party" or "Released Parties" means Defendants along with Credit Suisse Group AG, Deutsche Bank Securities Inc., and each of their past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, successors, and each of their respective past, present, and future officers, directors, managers, members, partners, shareholders, insurers, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

**The Scope and Effect of the Release**: Upon the Effective Date of the Settlements, members of the Settlements who do not exclude themselves from the Settlements: (1) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged (a) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim and release from, and (b) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (2) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (3) agrees and covenants not to sue, either directly, representatively, or in any other capacity, any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

**10.  How do I exclude myself from the Settlement Classes?**

If you are a member of one of the Settlement Classes, do not want to remain in that Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements. This is sometimes referred to as "opting out" of a class. The Court will exclude from the Settlements all Settlement Class Members who submit valid and timely requests for exclusion.

If you exclude yourself, you will not be able to receive any payments from these Settlements. However, this is the only way you will retain your rights to sue the Defendants and the Released Parties on your own based on the claims asserted in this Action.

You can exclude yourself by sending a written "Request for Exclusion" to the Settlement Administrator. You cannot exclude yourself by telephone or email. You must do so in writing by mail. To be valid, your Request for Exclusion must be postmarked by [50 DAYS PRIOR TO FAIRNESS HEARING DATE] and be mailed to the Settlement Administrator: *Contant v. Bank of America Corp.* Settlement, c/o Heffler Claims Group, PO Box 7907, Philadelphia, PA 19101-7907.

Your Request for Exclusion must: (i) be in writing; (ii) be signed by the person holding the claim or his, her or its authorized representative; (iii) state the name, address, and phone number of the Person; (iv) include proof of membership in a Settlement Class; and (v) include a signed statement that "I/we hereby request I/we be excluded from the Settlements in *Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS."

## 11.  If I don't exclude myself, can I sue Defendants and the other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants and the Released Parties for the claims that the Settlements resolve. If you decide to exclude yourself, your decision will apply only to Defendants and the other Released Parties.

## 12.  If I exclude myself from these Settlements, can I get money from the Settlements?

No. You will not get any money from the Settlements if you exclude yourself.

## 13.  If I exclude myself from these Settlements, can I still object?

No. If you exclude yourself, you are no longer a member of a Settlement Class and may not object to any aspect of the Settlements.

## OBJECTING TO THE SETTLEMENTS

## 14.  How do I tell the Court if I don't like the Settlements?

If you are a member of one of the Settlement Classes (and don't exclude yourself from one of the Settlement Classes), you can object to any part of the Settlements, the Plan of Allocation, and/or the request for attorneys' fees and litigation costs and expenses and/or the service awards request.

To object, you must timely submit a letter that includes the following: (1) the name of the case (*Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS); (2) your name and address and if represented by counsel, the name, address, and telephone number of your counsel; (3) proof that you are a member of one of the Settlement Classes; (4) a statement detailing all your objections to the Settlements with specificity and including your legal and factual bases for each objection; and (5) a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend.

You cannot make an objection by telephone or email. You must do so in writing and file your objection with the Clerk of Court and mail your objection to each of the following addresses postmarked by [50 DAYS PRIOR TO FAIRNESS HEARING DATE].

**Court**

United States District Court for the Southern District of New York
Clerk of Court
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007

You must also send a copy of your Statement of Objections to Class Counsel and Counsel for the Settling Defendants at the following addresses:

**Class Counsel**

Michael Dell'Angelo
Berger Montague PC
1818 Market St., Suite 3600
Philadelphia, PA 19103

**Defendant Citigroup**

Andrew Lazerow
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001

**Defendant MUFG Bank**

Andrew C. Finch
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

**Defendant SC**

Marc Gottridge
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017

**Defendant SG**

Patrick Ashby
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

**Settling Group Defendants**

Jeffrey J. Resetarits
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

If you don't timely and validly submit your objection, your view will not be considered by the Court or any court on appeal.

## 15.  What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlements. You can object to the Settlements only if you don't exclude yourself from one of the Settlement Classes.  Objecting does not change your ability to claim money from the Settlement Fund if the Court approves the Settlements. If you exclude yourself, you cannot object because the Settlements no longer affect your rights and you cannot claim money from the Settlement Fund.

# THE LAWYERS REPRESENTING YOU

### 16.  Do I have a lawyer in this Lawsuit?

The Court has appointed the law firm of Berger Montague PC to represent you and the other members of the Settlement Classes:

> Michael Dell'Angelo
> Michael J. Kane
> Berger Montague PC
> 1818 Market St., Suite 3600
> Philadelphia, PA 19103
> mdellangelo@bm.net
> mkane@bm.net
> (215) 875-3000

Berger Montague PC has been appointed Settlement Class Counsel by the Court. If you have any questions about the notice or the Lawsuit, you can contact the above-listed law firm. Class Counsel will apply to the Court for payment of attorneys' fees and litigation costs and expenses from the Settlement Fund. You will not otherwise be charged for the services of Settlement Class Counsel or any other attorneys representing the Plaintiffs in this Action (collectively, "Class Counsel"). If you want to be represented by your own lawyer, you may hire one at your own cost.

### 17.  How will the lawyers be paid?

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs or expenses. Any attorneys' fees and costs and expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. By [21 DAYS AFTER NOTICE DATE], Class Counsel will move for an award of attorneys' fees not to exceed $6,194,083.33 (26.21% of the Settlement Fund), reimbursement of litigation costs and expenses not to exceed $1,825,000, and service awards of $5,000 for each of the eleven Settlement Class Representatives ($55,000 total) to be paid out of the Settlement Fund.

Any motions in support of the requests will be available on the Settlement Website after they are filed. After that time, if you wish to review the motion papers, you may do so by viewing them at www.FXIndirectAntitrustSettlement.com.

The Court will consider the motion for attorneys' fees and litigation costs and expenses at or after the Fairness Hearing.

# THE COURT'S FAIRNESS HEARING

### 18.  When and where will the Court decide whether to approve these Settlements?

There will be a Fairness Hearing at **[TIME]** on **[MONTH, DAY, YEAR (on a date to be determined by the Court)].** The hearing will take place at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007

*Important!* The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit: www.FXIndirectAntitrustSettlement.com.

At the Fairness Hearing the Court will consider whether the Settlements are fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the Plaintiffs' requests for attorneys' fees and expenses, service awards to the Class Plaintiffs and other costs. The Court will consider any objections and listen to members of the Settlement Classes who have asked to speak at the Fairness Hearing.

**19.  Do I have to come to the Fairness Hearing to get my money?**

No. You do not have to go to the Fairness Hearing, even if you sent the Court an objection. But, you can go to the hearing or hire a lawyer to go the Fairness Hearing if you want to, at your own expense.

**20.  What if I want to speak at the Fairness Hearing?**

You must file a Notice of Intention to Appear with the Court at this address:

> United States District Court for the Southern District of New York
> Clerk of Court
> Daniel Patrick Moynihan Courthouse
> 500 Pearl St.
> New York, New York 10007

Your Notice of Intention to Appear must be filed by [50 DAYS PRIOR TO FINAL FAIRNESS HEARING DATE]. You must also mail a copy of your letter to Class Counsel and Counsel for the Settling Defendants at the addresses listed in question 15.

Your Notice of Intention to Appear must be signed and: (i) state the name, address, and phone number of the person and if applicable, the name, address, and telephone number of you attorney (who must file a Notice of Appearance with the Court); and (ii) state that you (or if applicable, your lawyer) intends to appear at the Fairness Hearing for the Settlements in *Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS.

## IF YOU DO NOTHING

**21.  What happens if I do nothing?**

If you do nothing, you will be automatically a member of one or more of the Settlement Classes if you fit one or more of the Settlement Class descriptions. However, if you do not timely file a Claim Form, you will not receive any payment from the Settlements. You will be bound by past and future rulings, including rulings on the Settlements and Settlement releases, Released Claims, and Released Parties.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This Notice summarizes the Lawsuit, the terms of the Settlements, and your rights and options in connection with the Settlements. More details are in the Settlement Agreements, which are available for your review at www.FXIndirectAntitrustSettlement.com. The Settlement Website also has the operative Complaint and other documents relating to the Settlements. You may also call toll free 1-844-245-3777 or write the Claim Administrator at: *Contant v. Bank of America Corp.* Settlement, c/o Heffler Claims Group, PO Box 7907, Philadelphia, PA 19101-7907.

**Please Do Not Attempt to Contact Judge Schofield or the Clerk of Court with Any Questions**