MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL
HOUSTON, TX

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

June 5, 2020

The Honorable Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
New York, New York 10007

RE: *Contant, et al. v. Bank of Am. Corp., et al.*, No. 17-cv-3139-LGS (S.D.N.Y.)

Dear Judge Aaron:

We represent non-party Forex Capital Markets, LLC ("FXCM") in connection with the subpoena served by the Plaintiffs. We respectfully submit this pre-motion letter to request the Court's assistance in directing the Plaintiffs to reimburse FXCM for the legal fees that it has incurred in connection with complying with Plaintiffs' subpoena.

Over the last few months, the parties have been negotiating reimbursement of the costs and fees related to FXCM's compliance with the overlapping subpoenas served by Plaintiffs and Defendants in this matter. While FXCM was not required to produce any documents in response to the HSBC subpoena, it did engage in a number of meet and confers with defense counsel with respect to the subpoena. FXCM has reached an agreement with counsel for HSBC regarding Defendants' reimbursement of attorneys' fees in connection with the HSBC subpoena, which has since been withdrawn.

The Plaintiffs' subpoena required an extensive effort by FXCM. On May 20, FXCM documents responsive to the Plaintiffs' subpoena, including data pertaining to 60 million trades, made by 54,300 customers over the course of an eight year period. Plaintiffs have agreed to reimburse FXCM $31,000 of the $35,580.70 in internal costs incurred in connection with retrieving the documents. Unfortunately, the parties have not resolved the question of reimbursement of FXCM attorneys' fees incurred in complying with Plaintiffs' subpoena. Accordingly, we respectfully request the Court order the Plaintiffs to reimburse FXCM for its legal fees of $51,737. In so doing, FXCM does not seek reimbursement for fees it incurred in negotiating with Defendants' counsel on their now-withdrawn subpoena.

Case law is clear that a non-party's legal fees, especially where the work benefits the requesting party, are a cost of compliance under Rule 45(c)(2)(B). See First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship, 184 F.R.D. 234, 240-241 (S.D.N.Y. 1998) (granting $75,000 of requested $210,000 in fees). See also, In re Aggrenox Antitrust Litig., No. 3:14-md-2516, 2017 U.S. Dist. LEXIS 172231, at *14-15 (D. Conn. Oct. 18, 2017); Dow Chemical Co. v. Reinhard, Index No. M8-85 (HB), 2008 WL 1968302 (apportioning costs on a 50/50 basis where the non-

Mound Cotton Wollan & Greengrass LLP

June 5, 2020
Page 2

party should have reasonably anticipated being drawn into the subsequent litigation because of its role as counsel for a party attempting to buy out Dow).  Below we have addressed the various categories for which FXCM incurred attorneys' fees and is seeking reimbursement from Plaintiffs.

**Meeting and Conferring:   [$40,375]**

In accordance with Your Honor's local rules, the parties were actively negotiating the scope of the subpoena until an agreement was reached as to scope and confirmed in writing by FXCM by letter dated June 17, 2019.  (Exhibit  1).

Several months after the parties had agreed to the original scope of FXCM's production in response to the original subpoena, the scope of the subpoena changed at the request of Plaintiffs' counsel following settlement of the underlying dispute.  Accordingly, the parties had a number of meet and confer sessions related to this post-settlement, narrowed subpoena scope.

Finally, counsel met and conferred concerning reimbursement of production costs and attorneys' fees related to compliance with Plaintiffs' subpoena.  In violation of the mandate of Rule 45 to reduce the burden on non-parties, counsel for the Plaintiffs made little if any effort to coordinate the burden imposed by two partially overlapping subpoenas.  Finally, the highly technical nature of FXCM's business, and the sought-after documents, required additional time by counsel to understand the technology and attempt to craft a compromise acceptable to both sides.

The following activities were conducted by counsel during the meet and confer process:
- Review and analysis of Plaintiffs' subpoena - **$2,305**;
- In-person meetings, telephone conversations, review of documents and emails with client regarding technology, time and compliance cost in connection with responding to subpoena - **$9,545**;
- Review of exemplars of trading information provided by client that were sent to Plaintiffs' counsel for review to understand the type of  tech data to be produced in connection with complying with the subpoena - **$1,242.50**;
- Letters, telephone conversations and e-mails to Plaintiffs' counsel re scope of subpoena - **$10,155**;
- Review of case law regarding third party's entitlement to costs and fees in connection with subpoena in preparation for meet and confers with Plaintiffs' counsel and Court conferences regarding same - **$4,980**;
- Letters, telephone conversations and e-mails to Plaintiffs' counsel regarding reimbursement of production costs and attorneys' fees, including letter confirming agreement on scope of production - **$5,007.50**;
- Communications to/from client reporting on continued negotiations with Plaintiffs' counsel regarding the scope of the subpoena and reimbursement of production costs and attorneys' fees - **$2,125**; and

907571.1

Mound Cotton Wollan & Greengrass LLP

June 5, 2020
Page 3

- Letters and conferences with the Court addressing meet and confers between counsel for Plaintiffs and FXCM regarding compliance with subpoena and reimbursement of costs and fees in connection with compliance with same - **$5,015**.

We respectfully submit that all of these line items entries, which total **$40,375**, are recoverable from the Plaintiffs in connection with complying with the subpoena.[1]

**Draft Evan Milazzo Declarations: [$9,622]**

At the request of Plaintiffs' counsel, and in lieu of producing several items on the Plaintiffs' subpoena, FXCM prepared a seventeen page Declaration of its Chief Technology Officer, Evan Milazzo, that addressed a number of the subpoena requests. Plaintiff specifically asked FXCM, in an email, to prepare a detailed Declaration as opposed to producing documents in response to the requests seeking proprietary and confidential information, such as algorithms to collect and aggregate bid-ask quotes, spreads, mark-ups ad/or margins, application program interfaces, trading. (Exhibit 3). Additionally, at the request of Plaintiffs' counsel, FXCM provided a Declaration attesting to the total production costs in connection with complying with the subpoena. (Exhibit 4). This work was undertaken at Plaintiffs' request, to avoid burdening the court and parties with additional unnecessary work.

The following activities were conducted by counsel in connection with the Declarations:
- In-person meetings, telephone conversations, and e-mails with clients regarding information to be included in the Declarations - **$2,370;**
- Prepare and revise draft Declarations for client review and revisions to same -**$7,162;**
- Emails to/from Plaintiffs' counsel regarding the Declarations - **$90.00**.

We respectfully submit that all of these line items entries, which total $9,622, are recoverable from the Plaintiffs in connection with complying with the subpoena.[2]

**Time Spent Preparing Application for Attorneys' Fees [$1,740]**

Finally, FXCM is seeking $1,740 for the costs in connection with preparing its application to the Court for reimbursement of its attorneys' fees. We have been meeting and conferring with Plaintiffs' counsel to come up with an appropriate amount for reimbursement, but have not been able to resolve this issue. Thus, in light of the fact that FXCM is entitled to

---

[1] For Your Honor's reference, the line items in the invoices that discuss activities related to meet and confers are highlighted in yellow. (Exhibit 2)

[2] The line items in the invoices attached as Exhibit 2 that discuss activities related to the Declarations are highlighted in red. We note with respect to the Declaration concerning confidential and proprietary information, some of my firm's billing entries refer to the preparation of a Milazzo Declaration in connection with a motion to quash that FXCM was contemplating filing when it first received the dueling subpoenas from the Plaintiffs and the Defendants. This Declaration (as well as the motion) was never filed and was revised to include additional information to address the various requests previously identified for which Plaintiffs agreed to accept a Declaration in lieu of responsive documents.

907571.1

Mound Cotton Wollan & Greengrass LLP

June 5, 2020
Page 4

attorneys' fees for complying with the subpoena, FXCM is seeking the costs of this application. See Linglong Americas Inc. v. Horizon Tire Inc., 666 Fed. Appx. 445 (N.D. Ohio Apr. 4, 2018) (finding that the expenses incurred in litigating the fee dispute were reimbursable).[3]

For the foregoing reasons, FXCM respectfully requests the Court to award its attorneys' fees in the amount of $51,737 incurred in connection with its efforts in complying with Plaintiffs' subpoena.

Respectfully submitted,

s/*Barry Temkin*

---

[3] For Your Honor's reference, the line items in the invoices attached as Exhibit 2 that discuss activities related to the current fee dispute application are highlighted in orange.

907571.1