| | |
|---|---|
| **From:** | Michael Dell"Angelo |
| **To:** | Jodi Tesser |
| **Subject:** | RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order |
| **Date:** | Wednesday, February 12, 2020 5:52:59 PM |

Jodi:

I just left you a voice mail. Please let me know if you are available tomorrow between 1:00 pm and 2:00 pm ET or 2:30 pm and 4:00 pm ET. Thanks.

Michael

**From:** Jodi Tesser <JTesser@moundcotton.com>
**Sent:** Wednesday, February 12, 2020 4:14 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Michael:

Please give me a call.

Thanks

Jodi

**From:** Michael Dell'Angelo <mdellangelo@bm.net>
**Sent:** Wednesday, February 12, 2020 11:46 AM
**To:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Michael Kane <mkane@bm.net>; Josh Ripley <jripley@bm.net>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Barry:

We are deeply concerned with the way FXCM continues to handle the subpoena process. It has and continues to be inefficient and is needlessly adding to the time and expense of reaching a resolution. At the same time, there is little discernable progress beyond where the parties were *before* we engaged in motion practice and had long ago reached an agreement on the scope of pre-settlement production.

For example, on our last call with Plaintiffs, FXCM and HSBC, you pressed Plaintiffs to reissue their subpoena entirely to reflect the narrowed scope in light of the parties' potential settlement of the *Contant* case. As I explained, doing so is inefficient and unnecessary. It is customary for parties to negotiate the scope of a subpoena or document request and to reduce their agreement to writing

without reissuing the original subpoena or document request. Regardless, FXCM had long ago agreed to produce in response to Plaintiffs' subpoena without the need to reissue the subpoena. Why then now put the parties to the time and expense of discussing the issue of a new subpoena and drafting and serving it? After some discussion you agreed that we could set forth the agreed upon narrowed scope in writing and asked that we do so anew notwithstanding the fact that we had already done so. After sending you a second email to reflect the scope, you then requested that we set forth the same information in a letter rather than an email. Our thought was and remains, the process that you have insisted upon is inefficient, ineffective and does not advance the process beyond where we have been for months. That is, we have all incurred additional legal fees, but we appear to be no closer to receiving the production, the scope of which does not appear to at issue. Nevertheless, we promptly accommodated your request and provided you with a letter that contained the text of our email. We were thus surprised to have you ask follow-up questions about the timing of the production which have already been discussed.

The short answer to your question is, no; it is not practical to wait until we have a court approved settlement because the process of approval is dependent upon Plaintiffs' receipt of data from RFEDs such as FXCM. I explained this fact to Jodi weeks ago (when I also proposed that Plaintiffs would agree to pay the reasonable costs of production in an effort to expedite the process by eliminating barriers such as the disagreement among Plaintiffs, FXCM and HSBC about how the production cost should be allocated) and stressed the importance of the RFED data to court approval, developing the plan of allocation and notice; we are now revisiting the issue as if it had never been discussed.

If the court does not grant final approval, both parties will need the narrowed scope of data that we agreed upon *before* Plaintiffs unilaterally narrowed the scope even further in light of the tentative settlement, as we explained. Notably, we proposed to narrow the scope of the subpoena given our need for less data in light of the settlement in the hopes that it would be more efficient, less burdensome, less costly and that compliance would be faster. (As you will recall, Plaintiffs and FXCM had reached an agreement on scope months ago. The only dispute was as to the cost of compliance (as you know, we have agreed to pay reasonable compliance costs, subject to verification of the costs), and FXCM's attorneys' fees). That is, in light of the potential settlement, we could have just proposed that FXCM produce what it had already agreed to produce and also propose, as we did, to cover the reasonable production costs. Yet, we appear to be no further in the process of getting the data despite our efforts to save everyone time and money and to reduce burden. What is more, I discussed these issues with Jodi weeks ago and explained why your proposal below is not feasible.

Respectfully, we seriously question whether "FXCM [will] basically shut down part of its business for months to comply with the subpoena." We have negotiated similar (and broader) productions with other RFEDs and none have claimed that pulling a narrow (albeit potentially large) data set would take months and require them to shut down parts of their business. We work with large data sets and frequently work with parties that are pulling enormous data sets and we don't hear that businesses will be shut down as a result. Regardless, to date, despite repeated requests and motion practice, we have received no substantiation of the proposed cost of compliance or FXCM's purported legal fees associated with compliance or resistance of the subpoena.

All that said, I suggest a different course. Despite repeated requests, FXCM has never substantiated

its cost estimates. Again, without any substantiation of the costs, Jodi has represented that pulling the more narrowed set of data (that which Plaintiffs proposed and that we agreed upon in light of the settlement) will likely cost about the same and take about the same amount of time as pulling the set of data that Plaintiffs and FXCM had agreed upon months ago before the parties communicated that they were close to a settlement and Plaintiffs proposed a further narrowing. ==Therefore, if the cost, time and burden are no different, we propose that FXCM simply produce the set of data that it originally agreed to produce and Plaintiffs will provide an undertaking to FXCM that that production constitutes FXCM's full compliance with the subpoena regardless of whether the settlement is approved or the parties revert to litigation. Thus, there will be no additional cost or cost savings to Plaintiffs and no less or more burden to FXCM now while reducing the possibility of additional effort in the future.==

Please let us know if our proposal is acceptable. Failing that, we propose that FXCM promptly produce the data set forth in my February 10, 2020 letter to you and Jodi and FXCM can resist any renewed subpoena in the unlikely event that the settlement is not approved. Assuming that FXCM's representations are correct that the cost and time for production are not materially different, we do not have a strong view as to which path FXCM chooses. However, we strongly believe that neither the Magistrate nor the Judge Schofield will be pleased to hear that an RFED production is the lingering impediment to our motion for preliminary approval of the anticipated settlement. We would like to bring this process to a prompt and amicable close. As requested, please also provide us with a cost estimate for the production and let us know how you wish to proceed.

Best regards,

Michael

**From:** Barry Temkin <BTemkin@moundcotton.com>
**Sent:** Wednesday, February 12, 2020 8:09 AM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>; Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Michael Kane <mkane@bm.net>; Josh Ripley <jripley@bm.net>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Hi Michael.
Thank you for your letter of February 10.
I am concerned about the contingency clause in your letter, in which you reserve the right to re-issue the subpoena should the case not settle. I don't want FXCM to basically shut down part of its business for months to comply with the subpoena if you are going to come back after us at a later time for additional documents.
Are you OK with removing that sentence? Alternatively, would it be OK to just wait until you have a court-approved settlement, so we know that we are only going through this thing once?

Thanks.
Barry

**Barry Temkin**
*Partner*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004
Tel: (212) 804-4221
Fax: (212) 344-8066
Email: btemkin@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas
Established 1933**

---

**From:** Michael Dell'Angelo <mdellangelo@bm.net>
**Sent:** Monday, February 10, 2020 3:03 PM
**To:** Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>; Michael Kane <mkane@bm.net>; Josh Ripley <jripley@bm.net>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Jodi:

Please see the attached correspondence.

Regards,

Michael

---

**From:** Jodi Tesser <JTesser@moundcotton.com>
**Sent:** Monday, February 10, 2020 11:28 AM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Michael:

My client is working on it, but advised that he did not think it would be much different from the

$60,000 previously quoted.

Jodi

**Jodi S. Tesser**
*Special Counsel*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004
Tel: (212) 804-4525
Fax: (212) 344-8066
Email: jtesser@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas**
**Established 1933**

---

**From:** Michael Dell'Angelo <mdellangelo@bm.net>
**Sent:** Monday, February 10, 2020 11:24 AM
**To:** Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

We will prepare a letter. Do you have a proposed cost estimate yet?

---

MICHAEL DELL'ANGELO / *Managing Shareholder*
**d** 215.875.3080 **m** 215.875.3000 | mdellangelo@bm.net

**BERGER | MONTAGUE**
1818 MARKET ST | SUITE 3600 | PHILADELPHIA, PA 19103
bergermontague.com | twitter | facebook | linkedin

---

**From:** Jodi Tesser <JTesser@moundcotton.com>
**Sent:** Monday, February 10, 2020 9:32 AM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Michael:

Further to our conversation of last week, would you please put in a letter the documents you are looking FXCM to produce and indicate that the production of those documents is in full satisfaction of the subpoena. We cannot move forward with the production unless we have this from you in

writing in letter format.

Thanks

Jodi


**Jodi S. Tesser**
*Special Counsel*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004
Tel: (212) 804-4525
Fax: (212) 344-8066
Email: jtesser@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas
Established 1933**

---

**From:** Goodin, Matthew <JMGoodin@lockelord.com>
**Sent:** Wednesday, February 05, 2020 2:56 PM
**To:** Jodi Tesser <JTesser@moundcotton.com>; Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Our thinking was really just to streamline but we'd be OK with the attached, which brings that sentence back in.  Let us know if this works.

Matt Goodin
LOCKE LORD LLP
*jmgoodin@lockelord.com*
Office:  312.443.0472
Cell:  312.545.5523

---

**From:** Jodi Tesser <JTesser@moundcotton.com>
**Sent:** Wednesday, February 5, 2020 1:18 PM
**To:** Goodin, Matthew <JMGoodin@lockelord.com>; Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Matt and Michael:

What is the thought process for striking the discussion concerning our meet and confers related to attorneys' fees and costs? We would like that language to remain in the letter.

**Jodi S. Tesser**
*Special Counsel*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004
Tel: (212) 804-4525
Fax: (212) 344-8066
Email: jtesser@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas**
**Established 1933**

---

**From:** Goodin, Matthew <JMGoodin@lockelord.com>
**Sent:** Wednesday, February 05, 2020 2:05 PM
**To:** Jodi Tesser <JTesser@moundcotton.com>; Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

Jodi-

Thanks for preparing the draft letter. The attached reflects plaintiffs' and HSBC's collective edits. Based on where we left things yesterday, we think this is sufficient to secure the time we need to continue our discussions. Thanks,

Matt Goodin
LOCKE LORD LLP
jmgoodin@lockelord.com
Office: 312.443.0472
Cell: 312.545.5523

---

**From:** Jodi Tesser <JTesser@moundcotton.com>
**Sent:** Wednesday, February 5, 2020 11:59 AM
**To:** Goodin, Matthew <JMGoodin@lockelord.com>; Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Subject:** RE: Activity in Case 1:17-cv-03139-LGS-SDA Contant et al v. Bank Of America Corporation et al Order

All:

As discussed, my draft letter is attached for review and comment.

Regards,

**Jodi S. Tesser**
*Special Counsel*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004
Tel: (212) 804-4525
Fax: (212) 344-8066
Email: jtesser@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas**
**Established 1933**

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.



_____

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or

responsibility for any incorrect, misleading, or altered information contained in this electronic message.

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.