# Exhibit 2

**From:** Josh Ripley <jripley@bm.net>
**Sent:** Tuesday, October 08, 2019 7:31 PM
**To:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Michael Dell'Angelo <mdellangelo@bm.net>; Tracey Cowan <tcowan@pwcklegal.com>
**Subject:** RE: Contant et al. v. Bank of America et al. - FXCM Production

Barry:

Thank you for your response. We will send you our questions and comments on the Milazzo declaration this week.

We reached out to Defendants to attempt to coordinate on our cost sharing proposal, but Defendants have continued to represent that they are not yet in a position to agree to such an arrangement. It is my understanding that Defendants intend to review the documents that are produced by FXCM responsive to Plaintiffs' subpoena before Defendants determine if any additional materials are required responsive to Defendants' subpoena. However, we would like to advance this process without further delay.

As we have noted on prior calls, the law is clear that requesting parties are not required to reimburse any portion of a third party's attorneys' fees incurred by the third party in resisting a subpoena (as opposed to costs incurred in making productions responsive to a subpoena). *See, e.g.*, *In re Aggrenox Antitrust Litig.*, No. 3:14-MD-02516-SRU, 2017 WL 4679228, at *9 (D. Conn. Oct. 18, 2017) ("The plain language of Rule 45 provides that non-parties must be protected from significant expenses resulting from compliance [with a court order or subpoena]. It is a tenuous proposition, at best, that attorneys' fees incurred resisting a subpoena are expenses resulting from compliance." (citation omitted)). This is especially true where, as here, the requesting party has taken reasonable steps to limit the burden imposed by their subpoena. All of the fees sought by FXCM (three-fourths of FXCM's legal fees incurred as of the date of our June 25, 2019, call) were incurred in resisting and negotiating limitations of Plaintiffs' subpoena.

The law is also clear that the requesting party is not required to pay 100 percent of the third party's costs of production. *See, e.g., In re World Trade Ctr. Disaster Site Litig.*, No. 21-MC-100-AKH, 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010) ("Under Federal Rule of Civil Procedure 45, a party issuing a subpoena is not required to bear the subpoenaed nonparty's cost of compliance." (citing *In re First American Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y.1998)). We believe that contributing one-third of FXCM's estimated costs is more than reasonable, particularly given that FXCM's cost estimate was prepared internally and FXCM refused to allow Plaintiffs to obtain competitive quotes from third-party vendors to ensure that FXCM's cost estimate is reasonable.

However, in the interest of avoiding the further delay that would come with litigating our disagreements on cost sharing and fees, we are willing to increase our proposed cost contribution by $10,000. Accordingly, Plaintiffs will agree to reimburse FXCM for one-half of its estimated $60,000 in costs of production ($30,000). Absent a Court order, Plaintiffs do not agree to pay any additional legal fees, expenses, or other costs associated with the subpoena. This is Plaintiffs' full and final offer with respect to cost sharing. With respect to timing of the productions and finalization of the declaration, we are willing to meet and confer to work out a mutually agreeable timetable. Please let us know by this Friday, October 11, if FXCM agrees to Plaintiffs' proposal. I am generally available this week if you would like to discuss.

Regards,

**From:** Barry Temkin <BTemkin@moundcotton.com>
**Sent:** Tuesday, October 1, 2019 6:08 PM
**To:** Josh Ripley <jripley@bm.net>; Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Michael Dell'Angelo <mdellangelo@bm.net>; Tracey Cowan <tcowan@pwcklegal.com>
**Subject:** RE: Contant et al. v. Bank of America et al. - FXCM Production

Hi Josh.

Thanks for your email.  My client does not agree to shoulder 1/3 of the costs of its production, and I don't recall previously saying that it would.

We can't commit to the 8 week window to complete the entire production.  There are too many unknown factors that may or may not complicate/delay the production.  Also, we cannot commit to a rolling production.  We will need to review and confirm all of the results to make sure the database queries were run accurately.  That cannot be done until all records are retrieved.

Can you tell us approximately how many customer records and how many customer transaction records you obtained from the other RFEDs?  It would be helpful to know how the anticipated size of our production compares to the other RFEDs that have responded.

My suggestion is that the plaintiffs and defendants jointly should:  (a) pay all of FXCM's production costs in advance; (b) pay 75% of FXCM's legal fees in advance; (c)  get us their comments and response on Evan Milazzo's declaration now.

As far as the scheduling goes:  you hold onto my letter of July 17 for months, and then tell me you need an answer by this Thursday?  I find it lacking in credibility and good faith that the plaintiffs have taken three and one-half months to review Evan Milazzo's declaration, and that after three and one  half months, you unilaterally impose a three day deadline on us to respond to your latest offer.  That lacks any credibility.

I would also appreciate it if the plaintiffs and defendants would get on the same page for this.  There is no reason for both sides to have served multiple and redundant overlapping subpoenas on 60 non-parties, and then leave FXCM to negotiate separately with each.  That's not reasonable, and it's just causing FXCM to incur additional legal expenses that you have not offered to pay.

Barry

**Barry Temkin**
*Partner*

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York, NY 10004

Tel: (212) 804-4221
Fax: (212) 344-8066
Email: btemkin@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California | Texas**
**Established 1933**

---

**From:** Josh Ripley <jripley@bm.net>
**Sent:** Tuesday, October 01, 2019 1:23 AM
**To:** Barry Temkin <BTemkin@moundcotton.com>; Jodi Tesser <JTesser@moundcotton.com>
**Cc:** Michael Dell'Angelo <mdellangelo@bm.net>; Tracey Cowan <tcowan@pwcklegal.com>
**Subject:** RE: Contant et al. v. Bank of America et al. - FXCM Production

Barry:

As I mentioned on our last call, we previously reached out to Defendants to discuss a joint cost sharing arrangement with respect to FXCM's costs of productions, but Defendants have informed us that they are not yet in a position to agree to such an arrangement. Due to the upcoming fact discovery deadline and the more imminent deadline for Plaintiffs to disseminate notice of the settlements to members of the Settlement Classes (including FXCM's former customers), we need to bring our negotiations to a close and move forward with the production as soon as possible.

The attached letter accurately summarizes the subpoena requests that Plaintiffs have agreed to limit, withdraw, or accept a response via a declaration. I understand that FXCM seeks reimbursement of its estimated costs of production in the amount of $60,000, in addition to reimbursement of three-fourths of FXCM's legal fees incurred as of the date of our June 25, 2019, call. I also understand that you previously stated that FXCM may be amenable to a cost sharing arrangement in which Plaintiffs, Defendants, and FXCM each pays one-third of FXCM's estimated $60,000 in costs.

In the interests of moving forward with FXCM's document and data productions promptly, Plaintiffs propose the following compromise:

- Plaintiffs will reimburse FXCM for one-third of its anticipated $60,000 in costs of production ($20,000).
- Other than their $20,000 contribution towards FXCM's costs of production, Plaintiffs will not be required to pay any legal fees, expenses, or other costs associated with the subpoena.
- FXCM will begin collecting the documents and data agreed upon by Plaintiffs and FXCM (as summarized in the attached letter) promptly, will make rolling productions as the materials are collected, and will complete all productions by no later than eight weeks after the date of the parties' agreement to these terms.
- Plaintiffs will provide questions and comments on FXCM's draft declaration by no later than October 8, 2019. Plaintiffs and FXCM will work in good faith thereafter to address any issues raised by Plaintiffs and finalize the declaration by no later than eight weeks after the date of the parties' agreement to these terms.

Consistent with our prior phone calls, we believe that the law is clear that Plaintiffs are under no obligation to pay any of FXCM's legal fees associated with the subpoena. And we believe that our cost sharing proposal is more than reasonable, particularly in light of our prior discussions regarding the three-way cost sharing arrangement. Our proposed agreement does not limit FXCM's ability to seek reimbursement of costs and/or fees from the Defendants in the above-referenced action.

Please let us know by no later than Thursday, October 3, if FXCM agrees to Plaintiffs' proposal. I am available all day tomorrow and Wednesday if you would like to discuss.

Sincerely,

JOSH RIPLEY / *Associate*
d 215.875.3093 m 215.875.3000 | jripley@bm.net

**BERGER | MONTAGUE**
1818 MARKET ST | SUITE 3600 | PHILADELPHIA, PA 19103
bergermontague.com | twitter | facebook | linkedin

The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.