**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES CONTANT, *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>BANK OF AMERICA<br>CORPORATION, *et al.*,<br><br>      Defendants. | Case No. 17-cv-3139-LGS<br><br>(related to No. 13-cv-7789-LGS)<br><br>ECF CASE |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND CERTIFYING THE PROPOSED SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] and Defendant Standard Chartered Bank ("SC") have entered into and executed a Stipulation and Agreement of Settlement (the "SC Settlement") that has been attached as Exhibit A to the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval of Settlements ("Dell'Angelo Decl."); Plaintiffs and Société Générale ("SG") have entered into and executed a Stipulation and Agreement of Settlement (the "SG Settlement") attached as Exhibit B to the Dell'Angelo Decl.; and Plaintiffs and Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America"), Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. ("BNP Paribas"), Credit Suisse AG and Credit Suisse Securities (USA) LLC ("Credit Suisse"), Deutsche Bank AG ("Deutsche Bank"), The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC) ("Goldman Sachs"), HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"), JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"), Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International plc ("Morgan Stanley"), RBC Capital Markets, LLC ("RBC"), The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc. (now known as NatWest Markets Securities Inc.) ("RBS"), UBS AG,

---

[1] As defined in the Settlements, "Action" means *Contant, et al. v. Bank of America Corp., et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y.).
[2] As defined in the Settlements, "Plaintiffs" are James Contant (the "New York Plaintiff"), Sandra Lavender (the "Arizona Plaintiff"), Victor Hernandez and Martin-Han Tran (together, the "California Plaintiffs"), FX Primus Ltd. and Carlos Gonzalez (together, the "Florida Plaintiffs"), Ugnius Matkus (the "Illinois Plaintiff"), Charles G. Hitchcock III (the "Massachusetts Plaintiff"), Jerry Jacobson (the "Minnesota Plaintiff"), and Tina Porter and Paul Vermillion (together, the "North Carolina Plaintiffs").

UBS Group AG, and UBS Securities LLC ("UBS") (collectively, "Group Settling Defendants") (together with SC and SG, "New Settling Defendants") have entered into and executed a Stipulation and Agreement of Settlement (the "Group Settlement") attached as Exhibit C to the Dell'Angelo Decl.;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, SC has agreed to pay an amount of $1,720,000 (the "SC Settlement Amount");

WHEREAS, in full and final settlement of the claims asserted against them in this Action, SG has agreed to pay an amount of $975,000 (the "SG Settlement Amount");

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Group Settling Defendants have agreed to pay a total amount of $10,000,000 (the "Group Settlement Amount");

WHEREAS, Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements, which sets forth the terms and conditions of the settlement of the Action against New Settling Defendants and for dismissal of the Action against each New Settling Defendant with prejudice upon the terms and conditions set forth in the Settlements;

WHEREAS, Class Plaintiffs have sought, and New Settling Defendants have agreed not to object to, the certification of the Settlement Classes (as defined below) solely for settlement purposes;

WHEREAS, Class Counsel have requested that they be appointed as settlement class counsel for the Settlement Classes pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Classes;

WHEREAS, SC, SG, Group Settling Defendants and Class Plaintiffs have agreed to the entry of this Preliminary Approval Order (the "Order" or "Preliminary Approval Order");

WHEREAS, the Court has considered the Settlements and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Settlements, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Court has subject matter jurisdiction over this Action and, solely for purposes of effectuating the Settlements and subject to the express limitations contained in the Settlements, personal jurisdiction over all Class Members.

2.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements, unless otherwise defined herein.

## I.      PRELIMINARY APPROVAL OF THE SETTLEMENTS

3.      Based on and pursuant to the class action criteria of Rules 23(a) and 23(b)(3) and of the Federal Rules of Civil Procedure and the preliminary approval requirements of Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court finds it will likely certify at the final approval stage for settlement purposes only, the Settlement Classes and the Settlement Classes meet the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b) of the Federal Rules of Civil Procedure.

4.      Upon review of the record, the Court finds that the Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

5.      Plaintiffs' negotiations for the Settlements were lengthy, hard-fought, and informed by extensive analyses conducted by Class Counsel and their experts. The reasonableness of the

Settlements is supported by: the July 29, 2019, Order granting preliminary approval of the Citigroup and MUFG Settlements, ECF No. 297 ("Citigroup/MUFG Preliminary Approval Order"); Plaintiffs' experts' analyses with respect to the volume of retail FX trading relative to the overall direct purchaser FX Instrument market at issue in the related direct purchaser antitrust action *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789-LGS ("*FOREX*"); the SC, SG, and Group Settling Defendants settlements which this Court approved in *FOREX*; Plaintiffs' analyses regarding potential actual damages in this Action; and the SC, SG, and Group Settling Defendants settlements approved by the courts in the related Canadian actions.

6.      The litigation risks faced by Plaintiffs when the Settlements were reached are substantial. Plaintiffs will need to overcome numerous hurdles before the Action proceeds to trial, including obtaining class certification and defeating Defendants' *Daubert* and summary judgment motions. Even if Plaintiffs succeed in establishing liability and damages at trial, a jury verdict in favor of Plaintiffs would likely be followed by appeals. The certainty of the recoveries achieved by the Settlements therefore supports preliminary approval, and likely final approval, of the Settlements when weighed against the risks of establishing liability and damages against the New Settling Defendants.

7.      Therefore, the Settlements are hereby preliminarily approved, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the Court will likely find at the final approval stage that the Settlements are fair, reasonable and adequate and finds a reasonable basis for determining that the Settlements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlements should be given as provided in this Order.

8.     In the event that the Court does not grant final approval, or one or more of the Settlements is terminated, vacated, or the Effective Date fails to occur for any reason, then solely with respect to any Party to such Settlement, such Settlement (including any amendments thereto) and this Order shall be null and void with respect to such Settlement, of no further force or effect with respect to such Settlement, and without prejudice to such New Settling Defendant's rights, claims, or defenses, and may not be introduced as evidence or referred to in any actions or proceedings with respect to such New Settling Defendant, and each such Party shall be deemed to have reverted to their respective status in the Action as it existed prior to the execution of the respective Settlements, except as otherwise expressly provided herein. In the event that the Court does not grant final approval, the Settlement Amounts, plus any accrued interest, shall be returned to New Settling Defendants, less the amounts for notice and the administration of the Settlements, as specified, *infra*, in Paragraph 22 of this Order

9.     Neither New Settling Defendants, nor any of their counsel, nor any of the Released Parties (as defined in each of the Settlements) shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, allocation, or distribution of any Settlement Fund or Net Settlement Fund; the proposed Plan of Allocation; the determination, administration, calculation or payment of any claims asserted against any Settlement Fund or the Net Settlement Fund; any funds held by the Escrow Agent; the payment or withholding of taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards, or expenses submitted by Plaintiffs or counsel for Plaintiffs; or any allocation of the fee and expense award by Class Counsel.

10.     New Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlements, nor any of

their respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlements shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by New Settling Defendants.

## II.  CERTIFICATION OF THE SETTLEMENT CLASSES

11.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlements, the following "Settlement Classes":

**New York Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in New York or while domiciled in New York, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the New York Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Arizona Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**California Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in California by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly

with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Florida Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Illinois Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Massachusetts Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts

Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Minnesota Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**North Carolina Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

12.     As defined in the Settlements, the term "Class Period" for purposes of the SC and

SG Settlements is the period of December 1, 2007 through the date of this Order, SC Settlement §

II, ¶ (k); SG Settlement § II, ¶ (k); and the term "Class Period" for purposes of the Group

Settlement is the period of December 1, 2007 through December 15, 2015 Group Settlement § II, ¶ (j).

13.     As defined in the Settlements, the term "FX Instrument" for all Settlement Classes is any FX spot, forward, swap, future, option, or any other FX transaction or instrument the trading or settlement value of which is related in any way to FX rates. SC Settlement § II, ¶ (x); SG Settlement § II, ¶ (x); Group Settlement § II, ¶ (u).

14.     As defined in the Settlements, the term "Direct Settlement Class" for all Settlement Classes refers to the class of direct purchasers who purchased an FX Instrument directly from one or more Defendants or co-conspirators, which was certified for settlement purposes in *FOREX*, ECF No. 536. SC Settlement § II, ¶ (o); SG Settlement § II, ¶ (o); Group Settlement § 2, ¶ (n). The *FOREX* settlements, *id*., define the Direct Settlement Class as (capitalized terms below have the meanings specified in the *FOREX* settlements, *see, e.g.*, *FOREX* ECF No. 481-3):

> All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

SC Settlement § II, ¶ (o); SG Settlement § II, ¶ (o); Group Settlement § 2, ¶ (n).

15.     The Court preliminarily finds that Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement purposes only, as follows: (a) the members of the Settlement Classes are so numerous that joinder of all

Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of their respective Settlement Classes; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

## III.   CLASS COUNSEL AND CLASS REPRESENTATIVES

16.   The Court previously appointed Berger Montague PC ("Class Counsel") as Class Counsel for the Settlement Classes in connection with the Citigroup and MUFG Bank Settlements because the firm had fairly and adequately represented the proposed Settlement Classes in accordance with Fed. R. Civ. P. 23(g) and is qualified and experienced to continue to represent the Settlement Classes. ECF No. 297, ¶18. Accordingly, the Court finds that Berger Montague PC will continue to serve as Settlement Class Counsel for the Settlement Classes.

17.   The Court previously appointed Settlement Class Representatives James Contant, Sandra Lavender, Victor Hernandez, Martin-Han Tran, FX Primus Ltd., Carlos Gonzalez, Ugnius Matkus, Charles G. Hitchcock III, Jerry Jacobson, Tina Porter, and Paul Vermillion as Settlement Class Representatives in connection with the Citigroup and MUFG Bank Settlements because they had adequately represented the interests of the absent members of their respective Settlement

Classes, and that no apparent conflict existed between the proposed Settlement Class Representatives and the members of the Settlement Classes. ECF No. 297, ¶19. Accordingly, the Court finds that Plaintiffs will continue to serve as class representatives on behalf of their respective Settlement Classes.

## IV.   CLASS NOTICE AND PLAN OF ALLOCATION

18.     The Court determines that notice shall be disseminated to the members of the Settlement Classes no later than 45 days after entry of this Order, pursuant to the Settlement Schedule below.

19.     The Court previously appointed Heffler Claims Group as the Claims Administrator for purposes of the Citigroup and MUFG Bank Settlements. ECF No. 297, ¶22. Heffler Claims Group shall continue to serve as the Claims Administrator to assist Class Counsel in effectuating and administering the Notice Plan and the exclusion process for Opt-Outs for all Settlements.

20.     The Court determines that Plaintiffs' proposed Notice Plan, and the proposed postcard Notice and Long-Form Notice submitted with Plaintiffs' Motion, satisfy each of the Rule 23(c)(2)(B) requirements and will adequately notify members of the Settlement Classes of the proposed Settlements. Accordingly, the Court approves the Notice Plan, including the use of the Long-Form Notice published on a settlement website and available via mail upon request, postcard Notice to be mailed directly to the members of the Settlement Classes for which Class Counsel have mailing addresses, email notice to the members of the Settlement Classes for which Class Counsel have email addresses, and publication notice and advertising to be disseminated through various media outlets. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Classes and to apprise them of the Action, the terms and conditions of the Settlement

12

Agreement, their right to opt out and be excluded from any of the Settlement Classes, and to object to the Settlements; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process. Plaintiffs and the Claims Administrator are ordered to disseminate Notice pursuant to the Settlement Schedule below.

The parties shall replace the placeholders included in the forms of notice for the deadlines to object and opt-out with the date certain identified in the Settlement Schedule below.

21.    The Court preliminarily approves the methods of allocating the Net Settlement Fund to the Settlement Classes as set forth in the Declaration of Dr. Janet S. Netz, Ph.D. and related papers submitted with Plaintiffs' Motion (the "Plan of Allocation"). The Court finds preliminarily that the method proposed is a straightforward and equitable method of allocating the Net Settlement Fund to the members of the Settlement Classes, and that it fairly accounts for the relative strengths and weaknesses of the claims of different categories of the members of the Settlement Classes, while ensuring that all valid claimants for which transactional data is available receive a *pro rata* share of the net settlement fund, and that claimants for which transactional data is unavailable or whose *pro rata* share is below the *de minimis* payment threshold will be entitled to a reasonable *de minimis* award. The Court will further evaluate the proposed method of allocation at the Fairness Hearing.

22.    Plaintiffs may pay up to $600,000 for notice and claims administration costs from the Settlement Fund pursuant to the SC, SG, and Group Settlements. If the actual costs of disseminating notice and administering the Settlement exceed $600,000—in addition to the $200,000 notice and claims administration costs that the Court authorized to be paid from the Citigroup and MUFG Bank Settlement Funds, *see* ECF No. 297 (Order Granting Preliminary

Approval of Citigroup and MUFG Bank Settlements)—Plaintiffs shall file a motion requesting Court approval for the disbursement of additional funds for notice and administration costs.

## V.   FEES, COSTS, EXPENSES, SERVICE AWARDS, AND CLAIMS ADMINISTRATION COSTS

23.     As provided in the Settlement Schedule below, Plaintiffs may file a motion for attorneys' fees, costs, expenses, and service awards for the Settlement Class Representatives by 21 days after the Notice Date set forth below.

## VI.   ESCROW AGENT

24.     Huntington National Bank shall continue to serve as the Escrow Agent for the Settlements. ECF No. 297, ¶29. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities as are set forth in the Settlements.

25.     The Court approves the establishment of escrow accounts under the Settlements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

26.     The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlements and/or further order(s) of the Court.

## VII.   SETTLEMENT SCHEDULE

27.     The Court hereby orders the schedule below for: (a) dissemination of notice; (b) Plaintiffs' motions for attorneys' fees, costs, expenses, and service awards for the representatives of the Settlement Classes; (c) the deadlines for members of the Settlement Classes to object to the Settlements or request exclusion from any of the Settlement Classes; (d) Plaintiffs' notice to the Court identifying persons requesting exclusion from the Settlement Classes; (e) Plaintiffs' notice

to the Court confirming completion of the Notice program; (f) Plaintiffs' submission of a motion and memorandum in support of final approval of the Settlements; (g) any responses by the parties to any objections; (h) a Fairness Hearing; and (i) submissions of claims by members of the Settlement Classes (the "Settlement Schedule"):

| Event | Timeline |
| --- | --- |
| Completion of Direct Notice to the Class ("Direct Notice Date") | ~~Within 45 days from the entry of this Order~~ August 31, 2020 |
| Completion of Publication Notice to the Class ("Publication Notice Date")[3] | ~~Within 45 days from the entry of this Order~~ August 31, 2020 |
| Submission of motion for attorneys' fees, expenses, and service awards for the class representatives. | ~~21 days after the Notice Date~~ September 21, 2020 |
| Deadline for Class Members to Opt Out of the Class or Object to the Settlements | ~~30 days prior to Fairness Hearing~~ October 15, 2020 |
| Plaintiffs' Notice to Court Identifying Persons or Entities Requesting Exclusion from the Class and Completion of the Notice Program | ~~Within 7 days after the deadline to opt out of the Settlements~~  October 22, 2020 |
| Submission of motion and memorandum in support of final approval of the Settlements (the "Final Approval Motion") and any responses by the parties to any objections filed by and Class Members. | ~~60 days after the Notice Date~~ October 30, 2020 |
| Fairness Hearing | **November 19, 2020, at 11:30 a.m.** |
| Claims Deadline | Within 120 days of the Order Granting Final Approval |

28.     The Court finds and concludes that the Settlement Schedule set forth above is fair to the members of the Settlement Classes, and will provide adequate time for the members of the Settlement Classes to review the preliminary approval papers and Settlements, and to consider the attorneys' application for fees, costs, expenses, and service awards before deciding whether to object or opt out.

---

[3] Collectively, the Direct Notice Date and Publication Notice Date are referred to herein as the Notice Date.

29.     Any member of the Settlement Classes that does not submit a request for exclusion until October 15, 2020 shall have 30 days prior to Fairness Hearing ("Objection Period") to submit a written objection to the Settlements, any requests for attorneys' fee awards, any request for expense awards, any request for class representatives' service awards, and/or the Plan of Allocation.

30.     Such an Objector must file a written statement of objections with the Court within the Objection Period, and send it the following designees of Class Counsel and counsel for settling Defendants by first-class mail and postmarked within the Objection Period:

**Class Counsel**

Michael Dell'Angelo
Berger Montague PC
1818 Market St., Suite 3600
Philadelphia, PA 19103

**Defendant Citigroup**

Andrew Lazerow
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001

**Defendant MUFG Bank**

Andrew C. Finch
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

**Defendant SC**

Marc Gottridge
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017

**Defendant SG**

Patrick Ashby
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

**Settling Group Defendants**

Jeffrey J. Resetarits

Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

31.    The written objection must provide the following information: (1) identify the name

of the case (*Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS); (2) the objector's name and

address and, if represented by counsel, the name, address, and telephone number of the objector's

counsel; (3) proof that the objector is a member of one of the Settlement Classes; (4) a statement

detailing all objections to any or all Settlements with specificity and including the legal and factual

bases for each objection; and (5) a statement of whether the objector intends to appear at the

Fairness Hearing, either with or without counsel, and if with counsel, the name of the counsel who

will attend.

32.    Any member of the Settlement Classes that does not wish to participate in these

Settlements shall have 30 days prior to Fairness Hearing until October 15, 2020 ("Exclusion Period") to submit a written

request for exclusion  to opt-out of being a member of any of the Settlement Classes. To request

exclusion, a member of the Settlement Classes mut send a written request to the Claims

Administrator by first-class mail and postmarked within the Exclusion Period. The written

exclusion request must: (i) be signed by the person holding the claim or an authorized

representative; (ii) state the name, address, and phone number of the Person; (iii) include proof of

membership in a Settlement Class; and (iv) include a signed statement that "I/we hereby request

I/we be excluded from the Settlements in *Contant v. Bank of America Corp.*, No. 17-cv-3139-LGS.

33.    At the Fairness Hearing, the Court will conduct an inquiry as it deems appropriate

into the fairness, reasonableness and the adequacy of the Settlements, address any objections to

the Settlements, and determine whether the Settlements and Plan of Allocation should be finally

approved, whether judgment should be entered thereon as to the Settling Defendants, and whether to approve any motions for service awards, and attorneys' fees, costs, and expenses.

34.     All proceedings in the Action with respect to New Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with the terms thereof. Pending final determination of whether the Settlements should be approved, each Plaintiff and each member of the Settlement Classes, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties, and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claim.

35.     All members of the Settlement Classes shall be bound by all final determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the members of the Settlement Classes.

36.     Any Settlement Class member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. All members of the Settlement Classes who do not enter an appearance will be represented by Class Counsel.

SO ORDERED.

The Clerk of Court is respectfully directed to record on the Court calendar The Fairness Hearing on November 19, 2020, at 11:30 A.M.

Dated: July 17, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE