**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMES CONTANT, *et al.*,

               Plaintiffs,

v.

BANK OF AMERICA
CORPORATION, *et al*.,

               Defendants.

Case No. 17-cv-3139-LGS

(related to No. 13-cv-7789-LGS)

ECF CASE


**[PROPOSED] FINAL JUDGMENT, ORDER OF DISMISSAL WITH PREJUDICE, AND
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENTS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] and Defendants Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup") have entered into and executed a Stipulation and Agreement of Settlement (the "Citigroup Settlement") that has been attached as Exhibit A to the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval of Settlements and Certifications of the Proposed Settlement Classes for Settlement Purposes that Plaintiffs filed in connection with their Motion for Preliminary Approval of the Citigroup and MUFG Bank Settlements, ECF No. 274 ("Dell'Angelo Citigroup and MUFG Bank Settlement Decl."); Plaintiffs and Defendant MUFG Bank, Ltd. (formerly known as the Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG Bank") have entered into and executed a Stipulation and Agreement of Settlement (the "MUFG Bank Settlement") that has been attached as Exhibit B to the Dell'Angelo Citigroup and MUFG Bank Settlement Declaration; Plaintiffs and Standard Chartered Bank ("SC") have entered into and executed a Stipulation and Agreement of Settlement (the "SC Settlement") that has been attached as Exhibit A to the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Preliminary Approval of Settlements and Certifications of the Proposed Settlement Classes for Settlement Purposes that Plaintiffs filed in connection with their Motion for Preliminary Approval of the SC, SG, and Group Settlements, ECF No. 418 ("Dell'Angelo SC, SG, and Group Settlement Decl."); Plaintiffs and Société Générale ("SG") have entered into and executed a Stipulation and Agreement of Settlement (the "SG Settlement") attached as Exhibit B to the Dell'Angelo SC, SG, and Group Settlement

---

[1] As defined in the Settlements, "Action" means *Contant, et al. v. Bank of America Corp., et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y.).

[2] As defined in the Settlements, "Class Plaintiffs" or "Plaintiffs" are James Contant (the "New York Plaintiff"), Sandra Lavender (the "Arizona Plaintiff"), Victor Hernandez and Martin-Han Tran (together, the "California Plaintiffs"), FX Primus Ltd. and Carlos Gonzalez (together, the "Florida Plaintiffs"), Ugnius Matkus (the "Illinois Plaintiff"), Charles G. Hitchcock III (the "Massachusetts Plaintiff"), Jerry Jacobson (the "Minnesota Plaintiff"), and Tina Porter and Paul Vermillion (together, the "North Carolina Plaintiffs").

Declaration; and Plaintiffs and Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc. ("BNP Paribas"); Credit Suisse AG and Credit Suisse Securities (USA) LLC ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC) ("Goldman Sachs"); HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International plc ("Morgan Stanley"); RBC Capital Markets, LLC ("RBC"); The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc. (now known as NatWest Markets Securities Inc.) ("RBS"); UBS AG, UBS Group AG, and UBS Securities LLC ("UBS") (collectively, "Group Settling Defendants") (together with Citigroup, MUFG Bank, SC, and SG, "Settling Defendants") (together with Class Plaintiffs, "Settling Parties"), have entered into and executed a Stipulation and Agreement of Settlement (the "Group Settlement") attached as Exhibit C to the Dell'Angelo SC, SG, and Group Settlement Declaration.[3]

WHEREAS, in full and final settlement of the Released Claims in this Action, Citigroup has agreed to pay an amount of $9,950,000 (the "Citigroup Settlement Amount");

WHEREAS, in full and final settlement of the Released Claims in this Action, MUFG has agreed to pay an amount of $985,000 (the "MUFG Bank Settlement Amount");

---

[3] The Citigroup Settlement, MUFG Bank Settlement, SC Settlement, SG Settlement, and Group Settlement are defined collectively as the "Settlements."

WHEREAS, in full and final settlement of the Released Claims in this Action, SC has agreed to pay an amount of $1,720,000 (the "SC Settlement Amount");

WHEREAS, in full and final settlement of the Released Claims them in this Action, SG has agreed to pay an amount of $975,000 (the "SG Settlement Amount");

WHEREAS, in full and final settlement of the Released Claims in this Action, Group Settling Defendants have agreed to pay a total amount of $10,000,000 (the "Group Settlement Amount");

WHEREAS, Plaintiffs have filed a Motion for Final Approval of Class Settlements, pursuant to Federal Rule of Civil Procedure 23(e), for an order (1) granting final approval of the proposed Settlements as fair, reasonable, and adequate, and directing the consummation of the Settlements according to their terms; (2) granting final approval of the proposed plan of allocation; (3) finding that the notice, as implemented, satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) directing that this Action shall be dismissed with prejudice and without costs with respect to Settling Defendants, Credit Suisse Group AG, and Deutsche Bank Securities Inc., and final judgment of that dismissal be entered; (5) directing that the releases in the Settlements shall be deemed effective as of the Effective Date specified therein; (6) ordering that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action asserting any Released Claims as defined under the Settlements against any Released Party; (7) ordering that rulings, orders, and judgments in this Action shall not have any res judicata, collateral estoppel, or offensive collateral estoppel effect with respect to any non-released claims; (8) retaining with the Court the exclusive jurisdiction over the Settlements, including administration and consummation of the Settlements; and (9) such other and further relief as the Court deems appropriate;

4

WHEREAS, by Orders July 29, 2019 and July 17, 2020 (the "Preliminary Approval Orders"), this Court: (a) preliminarily approved the Settlements and Plan of Allocation; (b) preliminarily certified the Settlement Classes; (c) ordered that notice of the Settlement Agreements be provided to potential members of the Settlement Classes; (d) provided members of the Settlement Classes with the opportunity either to exclude themselves from the Settlement Classes or to object to any of the proposed Settlements; (e) designated Berger Montague PC as settlement class counsel for the Settlement Classes ("Class Counsel"); and (f) scheduled a hearing regarding final approval of the Settlements on November 19, 2020 at 11:30 am;

WHEREAS, due and adequate notice has been given to the Settlement Classes;

WHEREAS, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), having expired;

WHEREAS, the Settling Parties have agreed to the entry of this Final Judgment and Order Granting Motion for Final Approval of Class Settlements (the "Order" or "Final Approval Order");

WHEREAS, the Court conducted a fairness hearing on November 19, 2020 to consider, among other things, (a) whether the terms and conditions of the Settlements are fair, reasonable, and adequate to the Settlement Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Settling Defendants;

WHEREAS, the Court has considered the Settlements and other documents submitted in connection with Plaintiffs' Motion for Final Approval of Class Settlements, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Court has subject matter jurisdiction over this Action and, solely for purposes of effectuating the Settlements and subject to the express limitations contained in the Settlements, personal jurisdiction over all Class Members.

2.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements, unless otherwise defined herein.

3.      This Final Approval Order incorporates and makes a part hereof: (a) the Settlement Agreements, and (b) the Notice Plan, which was previously approved by the Court.

## I.      FINAL APPROVAL OF THE SETTLEMENTS

4.      Upon review of the record, including the submissions in support of the Settlements, the Court finds that the Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

5.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlements in all respects (including, without limitation: the Settlement Amounts; the Releases; and the dismissal with prejudice of the claims asserted against Settling Defendants in the Action), and finds that the Settlements are, in all respects, fair, reasonable, and adequate as to, and in the best interests of, all Class Members, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlements' consummation according to their terms. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 496 F.2d 448, 463 (2d Cir.1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

        a.      This Action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery outweighs the risks and uncertain possibility of future relief and protracted and expensive litigation; and

6

b.      Class Counsel's judgment that the Settlements are fair, reasonable and adequate, and Class Members' reaction to the Settlements, are entitled to great weight.

## II.     FINAL APPROVAL OF THE PLAN OF ALLOCATION

6.      Upon review of the record, the Court finds that the Plan of Allocation proposed in the May 22, 2020, Declaration of Janet S. Netz, Ph.D, ECF 420-6 (the "Plan of Allocation"), has a reasonable basis and is fair and adequate. Therefore, the Plan of Allocation is finally approved.

## III.    FINAL APPROVAL OF CLASS NOTICE

7.      Upon review of the record, the Court finds that the Notice (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of the pendency of the Action; the effect of the Settlements (including the releases to be provided thereunder); Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses; the right to object to any aspect of the Settlements, the Plan of Allocation, or the Fee and Expense Application; the right to opt out of the Settlement Classes; and the right to appear at the Fairness Hearing; (c) constituted due, adequate, and sufficient notice of the Settlements; and (d) satisfies the requirements of Federal Rules of Civil Procedure 23(c) and 23(e), due process, and any other applicable law. The Notice is therefore finally approved.

## IV.    CERTIFICATION OF THE SETTLEMENT CLASSES

8.      Based on the record before the Court, including the submissions in support of the Settlements and objections and responses thereto, the Court hereby affirms its determinations in its preliminary approval orders.

9.      Solely for purposes of the Settlements, the Court finds that the requirements of

Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the

members of the Settlement Classes are so numerous that joinder of all Class Members in the Action

is impracticable; (b) there are questions of law and fact common to the Settlement Classes and

these common questions predominate over any individual questions; (c) the claims of Plaintiffs

are typical of the claims of their respective Settlement Classes; (d) Class Plaintiffs and Class

Counsel have fairly and adequately represented and protected the interests of the Settlement

Classes; and (e) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering (i) the interests of the members of the Settlement

Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of

any litigation concerning the controversy already begun by members of the Settlement Classes;

(iii) the desirability or undesirability of concentrating the litigation of these claims in this particular

forum; and (iv) the likely difficulties in managing this Action as a class action.

10.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies,

solely for purposes of effectuating the Settlements, the following "Settlement Classes":

> **New York Class:** All persons and entities who, during the Class Period, indirectly
> purchased an FX Instrument from a Defendant or co-conspirator in New York and/or while
> domiciled in New York, by entering into an FX Instrument with a member of the Direct
> Settlement Class, where the Direct Settlement Class member entered into the FX
> Instrument directly with a Defendant or co-conspirator. Excluded from the New York Class
> are Defendants and their co-conspirators; the officers, directors, and employees of any
> Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a
> controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or
> co-conspirator; federal, state, and municipal government entities and agencies; any judicial
> officer presiding over this action and the members of his/her immediate family and judicial
> staff; and any juror assigned to this action. Also excluded from the New York Class are all
> indirect purchases of FX Instruments where the direct purchaser and indirect purchaser
> were operating outside of the U.S. at the time the direct purchase was made and the
> purchase was made with the foreign desk of a Defendant.

**Arizona Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Arizona and/or while domiciled in Arizona, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Arizona Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Arizona Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**California Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in California by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the California Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the California Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Florida Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Florida and/or while domiciled in Florida, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Florida Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Florida Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Illinois Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Illinois and/or while domiciled in Illinois, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Illinois Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Illinois Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Massachusetts Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Massachusetts and/or while domiciled in Massachusetts, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Massachusetts Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Massachusetts Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**Minnesota Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator in Minnesota and/or while domiciled in Minnesota, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the Minnesota Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the Minnesota Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

**North Carolina Class:** All persons and entities who, during the Class Period, indirectly purchased an FX Instrument from a Defendant or co-conspirator and were thereby injured in North Carolina, by entering into an FX Instrument with a member of the Direct Settlement Class, where the Direct Settlement Class member entered into the FX Instrument directly with a Defendant or co-conspirator. Excluded from the North Carolina Class are Defendants and their co-conspirators; the officers, directors, and employees of any Defendant or co-conspirator; any entity in which any Defendant or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator; federal, state, and municipal government entities and agencies; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action. Also excluded from the North Carolina Class are all indirect purchases of FX Instruments where the direct purchaser and indirect purchaser were operating outside of the U.S. at the time the direct purchase was made and the purchase was made with the foreign desk of a Defendant.

11.     As defined in the Settlements, the term "Class Period" means December 1, 2007, through July 19, 2019 (inclusive) for the Citigroup and MUFG Bank Settlements; December 1, 2007, through July 17, 2020 (inclusive) for the SC and SG Settlements; and December 1, 2007, through December 15, 2015 (inclusive) for the Group Settlement.

12.     As defined in the Settlements, the term "FX Instrument" for all Settlement Classes is any FX spot, forward, swap, future, option, or any other FX transaction or instrument, the trading or settlement value of which is related in any way to FX rates.

13.     As defined in the Settlements, the term "Direct Settlement Class" for all Settlement Classes refers to the class of direct purchasers who purchased an FX Instrument directly from one or more Defendants or co-conspirators, which was certified for settlement purposes in *FOREX*, *see, e.g.*, ECF No. 1097 and defines the Direct Settlement Class as:

All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant,

Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

14.     In the event that any of the five Settlements does not become effective in accordance with the terms of the respective agreement or the Effective Date does not occur, the certification of the Settlement Classes, as to whichever of the five Settlements did not become effective, shall be deemed null and void without the need for further action by the Court or Settling Defendants.

## V.     OTHER PROVISIONS

15.     The Court approves and directs the implementation of all the terms of the Settlements.

16.     If this Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Approval Order certifying the Settlement Classes shall be vacated *nunc pro tunc*.

17.     For avoidance of doubt, because no individual or entity has validly or timely requested exclusion from any of the Settlement Classes, all members of the Settlement Classes are Releasing Parties and shall be bound by this Final Approval Order and by the Settlements.

18.     The Court dismisses the Action, as well as all of the Released Claims, against any of the Released Parties by the Releasing Parties, with prejudice, and the Releasing Parties are enjoined from pursuing any Released Claim against any of the Released Parties. All parties are to bear their own costs, except as otherwise provided in the Settlements.

19.     For purposes of the Settlements, "Released Claims" is defined as any and all manner of claims, including Unknown Claims as defined below, causes of action, cross-claims,

counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of

recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether

class or individual, in law or equity or arising under constitution, statute, regulation, ordinance,

contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees,

and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and

several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate,

which Class Plaintiffs and the Settlement Classes ever had, now have, or hereafter can, shall, or

may have, individually, representatively, derivatively, or in any capacity against the Released

Parties that arise from or relate to a factual predicate of the Action, including any conduct alleged

or that could have been alleged in any amended complaint or pleading therein, from the beginning

of time through the Effective Date. The Released Claims do not include: (i) any claims relating to

the enforcement of the settlement; or (ii) any claims of a Person that submits a timely Request for

Exclusion in connection with the notice whose request is accepted by the Court. With respect to

any and all Released Claims, the Parties stipulate and agree that, by operation of the Final

Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly

waived and Class Members shall be deemed to have waived the provisions, rights, and benefits of

Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES
> NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR
> AT THE TIME OF EXECUTING THE RELEASE AND
> THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

20.      "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in her, his, or its favor as of the Effective Date, and any Settling Defendants' Claims against Releasing Parties which Released Parties do not know or suspect to exist in her, his, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected her, his, or its decision(s) with respect to the Settlements.

21.      For purposes of the Settlements, "Released Party" or "Released Parties" means Settling Defendants along with Credit Suisse Group AG, Deutsche Bank Securities Inc., and each of their past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, successors, and each of their respective past, present, and future officers, directors, managers, members, partners, shareholders, insurers, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

22.      "Releasing Parties" for purposes of the Settlements means individually and collectively Class Plaintiffs and each Class Member, on behalf of themselves and any of their respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns,

14

whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund.

23.     Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Approval Order, shall have fully, finally and forever waived, released, relinquished, and discharged (i) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against any Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

24.     Upon the Effective Date, claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid in the Action by way of settlement, judgment, or otherwise are barred.

25.     This Final Approval Order shall not affect, in any way, the right of Class Plaintiffs or the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

26.     Nothing in this Final Approval Order shall bar any action by any of the parties to enforce or effectuate the terms of the Settlements or this Final Approval Order.

27.     The Settlements, acts performed in furtherance of the Settlements, and/or documents executed in furtherance of the Settlements may not be deemed or used as evidence or an admission or other statement supporting: (a) the validity of any Released Claim; (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding. Notwithstanding the foregoing, any of

15

the five Settlement Agreements may be filed in an action to enforce or interpret the terms of such

Settlement Agreement, the settlement contained therein, and any other documents executed in

connection with the performance of the agreements embodied therein. The Released Parties may

also file any of the Settlement Agreements and/or this Final Approval Order in any action that may

be brought against them in order to support a defense or counterclaim based on the principles of

res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar,

or reduction or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

28.     Any order entered regarding Plaintiffs' request for an award of attorneys' fees,

expenses, and incentive awards shall in no way disturb or affect this Final Approval Order and

shall be considered separate from this Final Approval Order.

29.     If this Final Approval Order is set aside, materially modified, or overturned by this

Court or on appeal, and is not fully reinstated on further appeal, this Final Approval Order shall be

deemed vacated and shall have no force or effect whatsoever, to the extent provided by and in

accordance with the relevant Settlement(s). In the event that one or more of the Settlements are

terminated in accordance with their terms, vacated, or not approved, or the Effective Date fails to

occur for any reason, then the parties to the applicable, terminated Settlement(s) shall be deemed

to have reverted to their respective status as of the Execution Date(s) without prejudice, and, except

as otherwise expressly provided in the applicable Settlement(s), the parties shall proceed in all

respects as if the applicable Settlement(s) and any related orders had not been entered, and any

portion of the applicable Settlement Fund(s) previously paid by or on behalf of the applicable

settling defendant(s), together with any interest earned thereon (and, if applicable, re-payment of

any Fee and Expense Award(s), less Taxes due, if any, with respect to such income, and less costs

of administration and notice actually incurred and paid or payable from the applicable Settlement Fund(s) (not to exceed the threshold(s) specified in the applicable Settlement(s)) shall be returned to the applicable settling defendants within the time period specified in the applicable Settlement(s).

30.     Without affecting the finality of this Final Approval Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlements and any award or distribution of monies under the Settlements; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlements.

31.     There is no just reason for delay in the entry of this Final Approval Order, and immediate entry by the Clerk of the Court is directed.


So Ordered.

Dated: November 19, 2020
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE


17