

**MICHAEL C. DELL'ANGELO** / *MANAGING SHAREHOLDER*
**d** 215.875.3080 **m** 610.608.8766 | mdellangelo@bm.net

August 6, 2021

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   RE: *Contant, et al. v. Bank of America Corp., et al.*, No. 17-cv-3139

Dear Judge Schofield:

Pursuant to the Court's July 6, 2021 Order (ECF 460), Plaintiffs respectfully submit this letter to provide an update on the status of the estimated time that it will take for the Claims Administrator, in coordination with Class Counsel and their subject matter experts and economic consultants, to process and make a final determination of the *pro-rata* distribution amounts for all claims and to prepare and mail Settlement award checks.

As we previously informed the Court, AMA's claim involves millions of transactions that were not identified in the transactional data obtained by Class Counsel from RFEDs with whom many members of the Settlement Classes transacted during the relevant time period. On May 12, 2021, AMA first contacted Class Counsel regarding the March 19, 2021 claims deadline. On May 20, 2021, AMA submitted its late claim. Following extensive communications with AMA's counsel and representatives, on June 25, AMA provided some of the types of materials requested by Class Counsel and their experts and consultants. On July 16, AMA provided supplemental materials in support of its late claim; however, those materials substantially changed the scope of AMA's late claim which has further delayed the processing of AMA's late claim. Class Counsel and their experts and consultants have spent many hours processing, analyzing and evaluating AMA's submissions to understand the nature of AMA's trading relationships with each trading venue through which it had FX transactions included in its submitted late claim. In addition, we have been examining the submitted trades themselves. This is a laborious and time-consuming process necessary to determine which, if any, of AMA's millions of submitted transactions may qualify as valid indirect purchases under the Definitions of the Settlement Classes in this case and are sufficiently substantiated as such.



Hon. Lorna G. Schofield
August 6, 2021
Page 2 of 2

When Class Counsel exercised their discretion to allow AMA to submit a late claim, it was not apparent that doing so would result in a material delay in the distribution of the proceeds of the Settlement Funds. It is now apparent that the way AMA has attempted to substantiate and validate its late claim is resulting in a material delay. Accordingly, Class Counsel are committed to ensuring that the Claims Administrator provides AMA with a written claim notification assessment no later than August 13, 2021.

Promptly thereafter, the Claims Administrator, in conjunction with Plaintiffs' subject matter experts and economic consultants, will make a final determination of the *pro-rata* distribution amounts. Class Counsel anticipate filing the motion to distribute promptly after the Claims Administrator provides AMA with a written claim notification and updates the proposed *pro-rata* distribution amounts.

We welcome any questions the Court may have.

Respectfully submitted,

/s/ Michael Dell'Angelo
Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net