

200 N. Pacific Coast Highway, Suite 825, El Segundo, CA 90245
T 310.689.1750, F 310.689.1755
Scott O. Luskin, (310) 689-1764
sol@paynefears.com

October 15, 2021

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Contant, et al. v. Bank of America Corp., et al.*; No. 17-cv-3139

Dear Judge Schofield:

In response to the Court's October 8 order (ECF 499), AMA submits this supplemental letter supporting its request for sealing of information filed by Plaintiffs and AMA.

AMA recognizes the strong presumption of access that attaches to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Circ. 2006). To the extent documents submitted in support of a class action claim are judicial documents, they should be given a lower weight of presumption of public access because they are not key pleadings like summary judgment motions. *See, e.g., In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 354-55 (S.D.N.Y. 1996).

Regardless of the presumption, this Court has held that one of the interests justifying sealing otherwise public documents is "protecting from disclosure proprietary, sensitive, and confidential business information." *Debbie Markowitz v. KBI Services d/b/a Kindbody*, No. 21-mc-00397-LGS, 2021 WL 4702908 (S.D.N.Y. Oct. 7, 2021) (Schofield, J.). The information need not rise to the level of trade secrets. *Id*. Accordingly, AMA's sealing request includes: (1) documents that reflect the confidential financial information of AMA, (2) documents that reflect the confidential strategies and trade secrets of AMA, and (3) documents containing AMA user names, account numbers, and other identifying information.[1]

The submissions generally reflect AMA's confidential and proprietary business information, including historical and current currency trading partners, business strategies, and actual trading information, which, if made public, could negatively impact AMA's business and provide insight into AMA's proprietary trading practices and trade secrets. Indeed, the identities of trading partners and relationships is confidential with the industry. AMA has had, currently has, or may in the near future again have competitive relationships with many Defendants and FOREX settlement class members. As discussed below, AMA requests permission to file the following documents with the proposed redactions or completely under seal:

---

[1] AMA also viewed its communications with Class Counsel and the settlement administrator acting on counsel's behalf as legal advice, which is privileged under the attorney client privilege. Those communications should be protected from disclosure for that reason as well.

Judge Schofield
October 15, 2021
Page 2

### AMA's Submission (ECF 498)

Letter Brief – redacting portions of pages 1, 2, and 5 (reflecting confidential business information including AMA's trading partners, trading volume, and specific information about trades and trade practices)

Ex 1 – Lutomirski Declaration, redacting pages 4-6, 9 and 10 (reflecting confidential business information including AMA's trading partners, trading volume, and specific information about trades and trade practices)

Ex 2 -  Trade Example completely under seal (reflecting AMA usernames, account numbers, and confidential currency trade information)

Ex 3 – Email correspondence with Kristen M. Anderson completely under seal (reflecting business strategies, including AMA's trading venues, and the confidential preliminary status of the FOREX claim)

Ex. 4 – Excerpts of email correspondence with Class Counsel redacting portions (reflecting confidential business information including trading partners, trading volume, and AMA's communications with same)

Ex. 7 - Trade Example completely under seal (reflecting AMA usernames, account numbers, and confidential currency trade information, including excerpts of banking statements)

Ex. 9 – Agreement with venue completely under seal (reflecting the parties' trading agreement with pricing)

### Plaintiff's Submission (ECF 490)

Letter Brief – Redact portions of all pages (reflecting confidential business information including AMA's trading partners, trading volume, and specific information about trades and trade practices)

Ex. A – Claim Assessment completely under seal (discussing AMA's contracts with venues, as well as confidential and proprietary trading volume, partners, and timing of trades)

Exs. B, C – Redact portions of email correspondence (reflecting confidential business information, including AMA's trading partners)

Ex. D – Redact portions of email correspondence (reflecting confidential business information including AMA's trading partners and trade practices)

Ex. F – Redact portions of email correspondence (reflecting confidential business information including AMA's trading partners, trading volume, and trade practices as well as information confidential to the FOREX matter)

Judge Schofield
October 15, 2021
Page 3

Ex. G – Redact portions of email correspondence (reflecting confidential business information including AMA's trading partners, trading volume, and specific information about trades, AMA username, account numbers, and other identifying information, and trade practices)

Ex. I, J, K – Redact portions of email correspondence (reflecting confidential business information including AMA's trading partners, trading volume, and trade practices)

Ex. L – Cover letter explaining details of updated claim completely under seal (discussing AMA's contracts with venues, as well as confidential and proprietary trading volume, partners, and timing of trades)

Ex. M – Redact portions of correspondence to claim administrator (reflecting confidential business information, including AMA's trading partners)

Ex. N – Response to Claim Assessment completely under seal (discussing AMA's contracts with venues, as well as confidential and proprietary trading volume, partners, and timing of trades)

Ex. O – Redact portions of correspondence from Class Counsel (reflecting confidential business information including AMA's trading partners, trading volume, and specific information about trades, and trade practices)

Ex. Q – Agreement with venue completely under seal (reflecting the parties' trading agreement with pricing)

For the exhibits identified above, AMA can submit suggested redactions of documents previously submitted by Plaintiffs completely under seal at the Court's convenience.

Respectfully submitted,

Scott O. Luskin
PAYNE & FEARS LLP

SOL/bfm

AMA's application to seal the documents at Dkt. No. 497 is GRANTED for substantially the reasons stated in this letter.  By **October 22, 2021**, AMA shall file its proposed redactions to the documents at Dkt. No. 490 under seal.

The Clerk of Court is respectfully directed (1) to maintain the documents at Dkt. No. 497 under seal with access limited to the parties listed in the appendix at Dkt. No 496 and (2) to close the motion at Dkt. No. 496.

Dated: October 18, 2021
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE