UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES CONTANT, et al.,
                            Plaintiffs,

              -against-

BANK OF AMERICA CORPORATION, et al.,
                            Defendants.
------------------------------------------------------------X

17 Civ. 3139 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 23, 2021, Class Counsel filed a letter requesting review of an unresolved dispute with Claimant AMA Capital LLC and stating Class Counsel's position on the dispute (Dkt. No. 490);

      WHEREAS, on October 7, 2021, AMA filed a response in opposition (Dkt. No. 497);

      WHEREAS, on October 18, 2021, Class Counsel filed a reply (Dkt. No. 503);

      WHEREAS, on October 19, 2021, a group of settling defendants filed a letter requesting an opportunity to be heard if the dispute is resolved based on the appropriate class definition (Dkt. No. 506);

      WHEREAS, Class Counsel advances four reasons for denying AMA's claim: (1) untimeliness, (2) insufficient documentation, (3) failure to meet the class definition, including through purchase of access to a trading platform and use of a prime broker, and (4) the potential for duplicate recovery of claims submitted in this case and in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13 Civ. 7789 ("*FOREX*") (Dkt. No. 490);

      WHEREAS, the timeliness argument is rejected. The settlement permits Class Counsel to "accept late-submitted claims for processing by the Claims Administrator." (Dkt. No. 420-2 § XI.d.ii). Class Counsel accepted the late claim, and AMA expended resources to supplement its

claim based on the acceptance;

WHEREAS, the factors courts consider in addressing untimely class action settlement claims, the *Pioneer* factors, all weigh in favor of accepting AMA's claim.  The factors are: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith."  *Cassese v. Wash. Mut., Inc.*, No. 05 Civ. 2724, 2013 WL 5502831, at *1 (E.D.N.Y. Oct. 1, 2013) (citing *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The danger of prejudice to other claimants is minimal, the length of the delay was minimal, AMA's claim was untimely because AMA did not receive actual notice of the settlement claim deadline until the day it filed its claim and AMA acted in good faith;

WHEREAS, Class Counsel's documentation argument is accepted.  The settlement requires claimants to support their claims "by such documents or proof as Class Counsel and the Claims Administrator, in their discretion, may deem acceptable."  (Dkt. No. 420-2 § XI.d.i).  The Claim Form, which the Court approved, states claimants "must submit detailed transactional records."  (Dkt. No. 467).  As the Claim Form makes clear, detailed transactional records are necessary "for purposes of calculating [claimants'] *pro rata* claimant award."  (*Id.*);

WHEREAS, additional information is necessary for claims that were denied for reasons other than insufficient documentation.  It is hereby

**ORDERED** that AMA's claims already accepted for payment shall be accepted by Class Counsel and the Claims Administrator for calculating AMA's *pro rata* award.  It is further

**ORDERED** that, of the denied claims, any that lack detailed transactional records are denied.  It is further

**ORDERED** that judgment is reserved on any claims denied for reasons other than insufficient documentation.  It is further

**ORDRED** that class counsel, settling defendants and AMA shall submit letters not to exceed five pages by **November 12, 2021**, further addressing AMA's dispute regarding the settlement class definition, including through purchase of access to a trading platform and use of a prime broker, and failure to identify duplicate transactions

Dated: October 29, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE