EXHIBIT A

| | |
|---|---|
| **From:** | Michael Dell'Angelo <mdellangelo@bm.net> |
| **Sent:** | Friday, December 3, 2021 6:28 AM |
| **To:** | Scott O. Luskin; Michael Kane |
| **Cc:** | Cormio, Rob; lori.castaneda@kroll.com |
| **Subject:** | RE: Contant v BofA - AMA Claim |

Scott:

I do not agree that it is accurate to say AMA has previously requested "most" of the information in your email below.

Regardless, as to item 1, the trades included in the motion for distribution are those that were approved in the Claim Assessment. The Claim Assessment identifies the venues. Additional information regarding the transactions has been provided in our discussions regarding documentation. That said, we have requested additional information regarding which of AMA's trades were including in the distribution motion and will make it available to you.

As to the remainder of the requested information, we stand on the Motion for Distribution.

Very truly yours,

Michael

**Michael Dell'Angelo** / *Executive Shareholder*

📞 215.875.3080    📠 610.608.8766



📍 1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** Scott O. Luskin <SOL@paynefears.com>
**Sent:** Thursday, December 2, 2021 4:34 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>; Michael Kane <mkane@bm.net>
**Cc:** Cormio, Rob <Rob.Cormio@kroll.com>; lori.castaneda@kroll.com
**Subject:** Contant v BofA - AMA Claim

Michael,

AMA has several questions about the claims, which we hope you will answer. AMA has previously requested most of this information, without response, but believes that it is even more pertinent now given all the pending motions before the Court. Please respond as soon as you can because, as you know, several deadlines are fast approaching.

1. What AMA trades were included in the motion for disbursement, including the venue and volume? A calculation of allowed claim amount would be great, but if not, at least the line items from AMA's claim form would be helpful to identify the trades.

2. Did other class members receive a Claim Assessment Notification with these details?

3. What was the total volume of trades included in the motion for disbursement?  What is the total allowed claim amount?

4. If AMA's trades with  that AMA continues to dispute were included in the motion for disbursement, what would be the total volume of AMA's claim, the total volume of trades in the settlement, the total allowed claim amount, and AMA's portion of the Settlement Fund?  A calculation would be helpful on that front as well.

5. For all Option 2 claimants, what venues, including RFEDs, were accepted other than the Option 1 RFEDs?

6. What type of documentation was required (and received) from Option 2 claimants showing that trades at venues other than the Option 1 RFEDs were valid trades within the class definition, especially what documents showed that the trades made with the venue were back-to-back with a Defendant? Asked another way, for other Option 2 claimants how were those venues and trades verified as meeting the class definition?

7. Why is FX Primus Ltd a Florida plaintiff? It appears that it's never been registered to do business there and it could not be located on searches of the Florida secretary of state site.

AMA appreciates your cooperation to clarify these issues.

Best regards,

Scott

**Scott O. Luskin**
Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 200 N. Pacific Coast Highway, Suite 825, El Segundo, CA 90245
Direct 310.689.1764 • Main 310.689.1750 • Fax 310.689.1755
www.paynefears.com • email: sol@paynefears.com