**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMES CONTANT, *et al.*,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION, *et al.*,

Defendants.

Case No. 17-cv-3139-LGS

(related to No. 13-cv-7789-LGS)

ECF CASE

**[~~PROPOSED~~] ORDER GRANTING NOTICE OF PLAINTIFFS' MOTION FOR DISBURSEMENT OF SETTLEMENT FUNDS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, on November 19, 2020, the Court entered Final Judgement, Order of Dismissal with Prejudice, and Order Granting Motion for Final Approval of Class Settlements (ECF 460) ("Final Approval Order") whereby the Court finally approved: (a) the Citigroup Settlement between Plaintiffs[2] and Defendants Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc.; (b) the MUFG Bank Settlement between Plaintiffs and Defendant MUFG Bank, Ltd. (formerly known as the Bank of Tokyo-Mitsubishi UFJ, Ltd.); (c) the Standard Chartered Settlement between Plaintiffs and Standard Chartered Bank; and Société Générale

[1] As defined in the Settlements, "Action" means *Contant, et al. v. Bank of America Corp., et al.*, No. 1:17-cv-03139-LGS (S.D.N.Y.).

[2] As defined in the Settlements, "Class Plaintiffs" or "Plaintiffs" are James Contant (the "New York Plaintiff"), Sandra Lavender (the "Arizona Plaintiff"), Victor Hernandez and Martin-Han Tran (together, the "California Plaintiffs"), FX Primus Ltd. and Carlos Gonzalez (together, the "Florida Plaintiffs"), Ugnius Matkus (the "Illinois Plaintiff"), Charles G. Hitchcock III (the "Massachusetts Plaintiff"), Jerry Jacobson (the "Minnesota Plaintiff"), and Tina Porter and Paul Vermillion (together, the "North Carolina Plaintiffs").

between Plaintiffs and Société Générale; (d) the Group Settlement between Plaintiffs and Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated; Barclays Bank PLC and Barclays Capital Inc.; BNP Paribas (identified in the Complaint as BNP Paribas Group), BNP Paribas US Wholesale Holdings Corp., previously known as BNP Paribas North America, Inc., and BNP Paribas Securities Corp., which now includes BNP Paribas Prime Brokerage, Inc.; Credit Suisse AG and Credit Suisse Securities (USA) LLC; Deutsche Bank AG; The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC); HSBC Bank plc, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International plc); RBC Capital Markets, LLC; The Royal Bank of Scotland plc (now known as NatWest Markets Plc) and RBS Securities Inc. (now known as NatWest Markets Securities Inc.); UBS AG, UBS Group AG, and UBS Securities LLC;[3] and the Plan of Allocation proposed in the May 22, 2020, Declaration of Janet S. Netz, Ph.D, ECF 420-6 (the "Plan of Allocation") approved therein;

WHEREAS, Plaintiffs submitted two proposed Claim Forms on November 24, 2020, ECF Nos. 466-1, 466-2 (the "Claim Forms"), which the Court approved on November 25, 2020. ECF No. 467;

WHEREAS, the Claims Administrator mailed Claim Forms to 94,867 members of the Settlement Classes and emailed Claim Forms to 43,309 members of the Settlement Classes for whom the Claims Administrator had email addresses who had previously received direct mail notice of the Settlements and also posted fillable online versions of the Claim Forms to the

[3] The Citigroup Settlement, MUFG Bank Settlement, SC Settlement, SG Settlement, and Group Settlement are defined collectively as the "Settlements."

Settlement website, fxindirectantitrustsettlement.com, and members of the Settlement Classes had the option of submitting a Claim Form online or by mail;

WHEREAS, Plaintiffs have moved for distribution of the Net Settlement Funds;

WHEREAS, Plaintiffs have submitted the Declaration of Lori L. Castaneda in Support of Plaintiffs' Motion for Disbursement of Settlement Funds ("Castaneda Decl."), verifying the actions taken by the Claims Administrator Heffler Claims Group ("Heffler")[4] to: (i) mail and email Claim Forms to members of the Settlement Classes; (ii) post the Claim Forms to case settlement website; (iii) verify the accuracy of submitted Claim Forms; (iv) in concert with applEcon, the Court-approved economic consulting firm for purposes of Settlement Administration, and consultation with Class Counsel (a) analyze transaction data produced by Retail Foreign Exchange Dealers ("RFEDs") or submitted by members of the Settlement Classes, and (b) work with members of the Settlement Classes to cure deficiencies and discrepancies in submitted Claim Forms, if possible; and, (v) make a final determination as to the 9,210 Claimants that are eligible to share in the Net Settlement Funds, which shares are to be calculated using the Court-approved methodology set forth in the Plan of Allocation;

WHEREAS, on November 16, 2021, the Court Ordered (ECF 531) Plaintiffs to file their motion to distribute the settlement proceeds by November 30, 2021;

WHEREAS, as set forth in to ¶ 30 of the Final Approval Order, the Court has retained jurisdiction over the implementation of the Settlements and any award or distribution of monies under the Settlements; and

WHEREAS, the Court has considered Plaintiffs' Motion for Disbursement of Settlement Funds, and other documents submitted in support, and good cause appearing therefore;

[4] The Court-appointed Claims Administrator changed its name to Kroll Settlement Administration in April 2021.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The allocation determinations made by Court-appointed Claims Administrator Heffler in consultation with Plaintiffs' expert economic consulting firm, applEcon, based on the Court-approved Plan of Allocation, as described in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Disbursement of Settlement Funds (the "Memorandum"), the Castaneda Decl., and the Declaration of Michael Dell'Angelo in Support of Plaintiffs' Motion for Disbursement of Settlement Funds ("Dell'Angelo Decl."), are hereby approved.

2. Acceptance of the late-filed claims described in paragraph 17 of the Castaneda Decl. and paragraph 6 of the Dell'Angelo Decl., and to include such claims in the *pro rata* distribution of the Net Settlement Funds is hereby approved.

3. Rejection of the deficient claims described in paragraphs 19 and 27 of the Castaneda Decl. and paragraph 12 of the Dell'Angelo Decl. is hereby approved.

4. Distribution by Heffler to each authorized Claimant its *pro rata* share of the Net Settlement Funds, as proposed in the Memorandum, Castaneda Decl., and Dell'Angelo Decl. is hereby approved, pending, and subject to, the resolution of Claimant AMA Capital Management, LLC's appeal in favor of Class Counsel.

5. Payment of up to $3,000 for taxes owed by the Net Settlement Funds, as Qualified Settlement Funds, on interest income earned on the funds deposited in the Court-approved escrow account prior to the funds being distributed is hereby approved.

6. Withholding of $50,000 from the Net Settlement Funds to address any ~~unanticipated~~ disputes arising from the claims process and distribution of the Net Settlement Fund, which includes payment of taxes, if any, is hereby approved.

7. Payment of $41,600 to Heffler (the Claims Administrator) for management of the distribution process including printing of checks, postage, the reissuance of checks, as needed,

along with Class Member communications and any other duties deemed necessary to complete the distribution.

8. Payment of $500 to applEcon for fees to assist with the claims process and calculating payments to authorized claimants is hereby approved.

9. No further Claims received by Heffler shall be allowed.

10. Class Counsel, Heffler, applEcon and all persons who are involved in the review, verification, calculation, tabulation or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in such activities, are released and discharged from any claims arising out of the administration of Settlement Funds, except for any claim by AMA Capital Management LLC. Class Counsel may make an application for release from AMA after AMA's claim is resolved.

11. All members of the Settlement Classes, whether or not they are to receive payment from the Net Settlement Funds, are barred from making any further claim against the Net Settlement Funds beyond the amount allocated to them by the Settlements as approved by the Court.

12. Class Counsel, Heffler, and applEcon are hereby authorized within two (2) years after the distribution of the Net Settlement Fund to members of the Settlement Classes with accepted claims to discard: (a) paper or hard copies of Proof of Claim forms and related documents; and (b) electronic media or data.

13. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of these Settlements.

SO ORDERED.

DATED: January 5, 2022, ~~2021~~

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE