UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JAMES CONTANT, et al.,
                    Plaintiffs,

        -against-                         17 Civ. 3139 (LGS)

BANK OF AMERICA CORPORATION, et al.,      ORDER
                    Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on September 23, 2021, Class Counsel filed a letter requesting review of an unresolved dispute with Claimant AMA Capital LLC ("AMA") and stating Class Counsel's position on the dispute (Dkt. No. 490);

       WHEREAS, on October 7, 2021, AMA filed a response in opposition (Dkt. No. 497);

       WHEREAS, on October 18, 2021, Class Counsel filed a reply (Dkt. No. 503);

       WHEREAS, Class Counsel advanced four reasons for denying AMA's claim: (1) untimeliness, (2) insufficient documentation, (3) failure to meet the class definition, including through purchase of access to a trading platform and use of a prime broker and (4) the potential for duplicate recovery of claims submitted in this case and in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13 Civ. 7789 ("*FOREX*") (Dkt. No. 490);

       WHEREAS, the Order dated October 29, 2021, rejected Class Counsel's timeliness argument, accepted Class Counsel's documentation argument, ordered Class Counsel to accept any of AMA's claims that had already been accepted and ordered Class Counsel, settling defendants and AMA to submit further briefing (Dkt. No. 516);

       WHEREAS, Class Counsel, settling defendants and AMA filed letters on November 12, 2021 (Dkt. Nos. 522, 525 and 526);

WHEREAS, based on these submissions, the Order dated November 16, 2021, denied the claims denied by Class Counsel because they all lack detailed transactional records as required by the settlement (Dkt. No. 531);

WHEREAS, AMA filed a motion for reconsideration of the November 16, 2021, Order on November 22, 2021 (Dkt. No. 534);[1]

WHEREAS, Plaintiffs filed a motion for disbursement of settlement funds on November 30, 2021 (Dkt. No 538); AMA filed the only opposition to the motion on December 7, 2021 (Dkt. No. 551); and Plaintiffs filed a reply memorandum of law in support of their motion for disbursement on December 14, 2021 (Dk. No. 555);

I. **Motion for Reconsideration**

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Lewis v. Nissan N. Am. Inc.*, No. 04 Civ. 562, 2021 WL 807126, at *1 (S.D.N.Y. Mar. 3, 2021). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). A motion for reconsideration is

---

[1] After filing its motion to reconsideration, AMA filed a notice of appeal. That notice does not divest this Court of jurisdiction because the notice of appeal is held in abeyance until the motion for reconsideration is resolved. *See Banks v. Braun*, No. 19 Civ. 6591, 2019 WL 6050426, at *1 (S.D.N.Y. Nov. 15, 2019); *Coan v. Kaufman*, 349 F.Supp.2d 271, 273 n.1 (D. Conn. 2004) ("This filing [of a notice of appeal] does not divest this Court of jurisdiction to rule on Plaintiff's Motion for Reconsideration. Instead, the notice of appeal is held in abeyance until the motion for reconsideration is resolved."), *aff'd*, 457 F.3d 250 (2d Cir. 2006).

"not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court . . . ." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (internal quotation marks omitted); *see also Tonga Partners, L.P.*, 684 F.3d at 52;

WHEREAS, AMA is not entitled to reconsideration. AMA does not identify any change of controlling law, any new evidence, the need to correct a clear error or prevent injustice, but rather rehashes arguments already briefed and rejected by the Court.

As an initial matter, the Court declines to consider AMA's additional evidence submitted with its motion for reconsideration. AMA provides no basis for presenting this evidence on a motion for reconsideration, such as its prior unavailability. The evidence should have been presented previously if AMA wanted the Court to consider it. *See Sinrich v. Fernwood Enters.*, No. 09 Civ. 688, 2009 WL 3109824, at *3 (S.D.N.Y. Sept. 28, 2009) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

AMA seeks reconsideration on the basis that the Court overlooked its submission of additional transaction data after Class Counsel formally rejected its claim. This data was not overlooked. AMA argues that such transaction data should have been considered by the Claims Administrator and it is unjust for the Court not to order the Claims Administrator to do so. The settlement agreements require that

> [p]rior to rejection of a proof of claim and release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected may seek review by the Court as provided below.

(*E.g.* Dkt 420-2 § XI(d)(iv)). The settlement agreements then explain that,

> [i]f any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph 11(d)(iv) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation.

(*E.g.* Dkt 420-2 § XI(d)(v)). AMA argues that the Claims Administrator should have accepted new detailed transactional records after completing the Claims Assessment and rejecting a portion of the claim. AMA's argument is incorrect. The settlement agreements clearly state that prior to rejection of a proof of claim, "the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted." Here, there is no dispute that the Claims Administrator (1) took steps to communicate with AMA to remedy the curable deficiencies prior to rejection, (2) provided AMA an opportunity to revise its proof of claim and (3) reviewed AMA's revised proof of claim and transaction records prior to formally rejecting a portion of AMA's claim. AMA argues that the Claims Administrator was then obligated to review new documentation and transaction records after rejecting the claim because the settlement agreements state that a claimant contesting a rejection must "serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation." (Dkt 420-2 § XI(d)(v)). But, nothing about "supporting documentation" suggests that the process for contesting rejected claims should permit yet another bite at the apple to remedy deficiencies in the proof of claim submitted. Instead, the process of contesting a rejected claim, where as here, the claimant is

4

provided with an opportunity to supplement its submission prior to rejection, should be viewed as the functional equivalent of a motion for reconsideration and not a chance to reopen the claims process in its entirety by permitting the submission of new evidence previously available to the claimant.

Even if AMA were entitled to submit additional new documentation following the rejection of its claim by the Claims Administrator, AMA still does not meet its burden for reconsideration because AMA failed to identify the duplicate transactions it submitted in *FOREX*, an additional reason that AMA's claims were denied for lack of detailed records. Any such claims belong either in the *FOREX* class settlement as direct trades, or the settlement here. AMA is not entitled to duplicate recovery on any claim, as the settlement classes and covered transactions in the two cases are mutually exclusive.

      II.     **Motion for Disbursement of Settlement Funds**

WHEREAS, an order approving disbursement of settlement funds is appropriate at this juncture. Class Counsel and the Claims Administrator have diligently and fairly performed their roles in overseeing the direct implementation of the Settlements. Class Counsel and the Claims Administrator made significant efforts to ensure that class members filed claims and were aware of the claims filing deadline, including sending personalized emails and letters to certain potential claimants and handling nearly 4,000 phone calls and over 700 emails from members of the Settlement Classes. Class Counsel and the Claims Administrator also exercised their discretion to process 963 late claims. This work was completed significantly under budget, with $122,683.24 of the funds for notice and settlement administration remaining after review of the claims.

As Class Counsel points out, judicial economy is served by granting the motion for

disbursement. Resolving AMA's claimant dispute and the motion for disbursement will allow any objections to the Court's decision on either issue to proceed in tandem on appeal. Otherwise, class members would need to wait for the claimant dispute to be resolved and then potentially wait for any subsequent disputes and appeals of the disbursement motion to be resolved before receiving their portion of the settlement funds.

      AMA's arguments in opposition to the motion for disbursement are unavailing. First, AMA argues that the motion for disbursement should be denied because the settlement does not permit the distribution of funds until after all timely objections to rejected claims are resolved and all appeals therefrom have been resolved. However, approval of the disbursement motion does not require immediate distribution of the settlement funds. The disbursement motion can be granted with the distribution to proceed later after AMA's appeal, in accordance with the settlement terms and the decision on appeal. Second, AMA argues a $50,000 reserve would violate the settlement and would be inadequate to provide for AMA's claim should AMA prevail on its appeal. Because settlement funds will not be distributed until after AMA's appeal is resolved, the size of the reserve is immaterial. If AMA prevails, there will be no distribution under the current motion for disbursement and a new motion for disbursement will need to be filed. Third, AMA argues vaguely without reference to case law that Class Counsel is not distributing the funds in a fair and reasonable way. Other than identifying a minor scrivener's error, which Class Counsel explains had no material outcome on the calculation of claimants' pro-rata shares of the settlement funds, AMA points to no issues with the request for disbursement or claims administration process. AMA seeks to litigate its objection to the rejection of its claim as an issue of fairness, but points to no evidence that it was treated differently from any other similarly-situated class member. For example, that Class Counsel

recommends accepting late claims that it could process in a timely manner but argued against acceptance of AMA's late claim, which could not be processed as quickly, provides no basis for finding that Class Counsel has not been fair.  The Court declines to transform the motion for disbursement into an opportunity for the sole objecting claimant to scrutinize and seek justification for every decision made by Class Counsel and the Claims Administrator in the administration of the settlement;

WHEREAS, all of the specific relief sought by the motion for disbursement is warranted except for revisions necessitated by the dispute with AMA and its pending appeal.  An order granting the motion for disbursement will issue separately.  It is hereby

**ORDERED** that AMA's motion for reconsideration is DENIED.  It is further

**ORDERED** that the motions to seal filed in connection with the motion for reconsideration and motion for disbursement at Dkt. Nos. 533, 545, 550 and 554 are GRANTED for the reasons identified at Dkt. No. 501.

The Clerk of Court is respectfully directed (1) to maintain the documents at Dkt. No. 534 under seal with access limited to the individuals listed in the appendix at Dkt. No. 533, (2) to maintain the document at Dkt. No. 546 under seal with access limited to the individuals listed in the appendix at Dkt. No. 545, (3) to maintain the documents at Dkt. No. 551 under seal with access limited to the individuals listed in the appendix at Dkt. No. 550, (4) to maintain the document at Dkt. No. 555 under seal with access limited to the individuals listed in the appendix at Dkt. No. 554 and (5) to close the motions at Dkt. Nos. 533, 534, 535, 538, 545, 550 and 554.

Dated: January 5, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE