

**MICHAEL C. DELL'ANGELO** ⁄ *EXECUTIVE SHAREHOLDER*
d 215.875.3080  m 610.608.8766 | mdellangelo@bm.net

May 22, 2023

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   RE: *Contant, et al. v. Bank of America Corp., et al.*, No. 17-cv-3139

Dear Judge Schofield:

  Class Counsel respectfully submit this letter in response to the letter filed by counsel for AMA Capital, LLC ("AMA") in the above-referenced matter on May 19, 2023. ECF 585.

  Class Counsel respectfully request that this Court deny AMA's request to "rescind" its Order Granting Plaintiffs' Motion for Disbursement of Interest Income on the Settlement Funds ("Interest Order). ECF 584. Plaintiffs' Motion for Disbursement of Interest Income on the Settlement Funds is limited to the treatment of interest income earned on the Settlement Funds which are the subject of the Court's now final Order Granting Notice of Plaintiffs' Motion for Disbursement of Settlement Funds ("Disbursement Order"). ECF 562. As discussed below, Class Counsel intend to promptly implement the Disbursement Order while AMA's challenge to the Interest Order is addressed.

  On May 21, 2021 – nearly *two years* to the day before Class Counsel filed their May 18, 2023 Motion to Distribute Interest Income Earned on the Settlement Funds -- AMA contacted Class Counsel to seek permission to file a late claim. As the Court is abundantly aware, AMA's repeated attempts to extract millions of dollars in Settlement Funds to which this Court and the Second Circuit Court of Appeals held AMA was not entitled, have significantly delayed the distribution of Settlement Funds to authorized Claimants. As discussed below, delays result in a variety of consequences that prejudice authorized Claimants.

  Distribution of the Settlement Funds pursuant to the Distribution Order is long overdue. By way of background, on November 20, 2020, the Court entered Final Judgment, Order of Dismissal with Prejudice and Order Granting Motion for Final Approval of Class Settlements,



May 22, 2023
Page 2

including the Plan of Allocation ("Final Approval Order") in this class action. ECF 460. On January 5, 2022, the Court granted the Distribution Order. ECF 562. However, the Court stayed the distribution of the settlement checks to authorized Claimants pursuant to the Distribution Order until "resolution of Claimant AMA Capital Management, LLC's appeal in favor of Class Counsel." *Id.* at ¶ 4. On April 14, 2023, the Second Circuit Court of Appeals entered an Order and Opinion affirming this Court's orders ("Affirmance Orders). Second Cir. Document Nos. 168, 168-1. On May 8, 2023, the Second Circuit Court of Appeals issued its mandate sending the case back to this Court (ECF 578) and taxed costs against AMA on May 18, 2023. ECF 579. Accordingly, the Final Approval Order (including the Plan of Allocation), Distribution Order and Affirmance Orders are all final.

Pursuant to the Distribution Order, Class Counsel possess the authority to distribute the Settlement Funds that are the subject of the Distribution Order at any time and intend to do so promptly to avoid compounding the needless prejudice, administrative costs and inefficiencies caused by AMA thus far.

Class Counsel filed a motion to include a portion of the interest earned on the Settlement Funds during the long delay caused by AMA's conduct ("Interest Distribution Motion"). ECF 580. The purpose of the Interest Distribution Motion was that it would be economically and administratively efficient to distribute the interest earned on the Settlement Funds together with the previously approved payment to each authorized Claimant of its *pro rata* share of the Net Settlement Funds (ECF 562), rather than in separate tranches. The basis of AMA's objection to the Interest Distribution Motion is unknown. However, it is too late to challenge the Distribution Order or Court-approved Plan of Allocation and payment to each authorized Claimant of its *pro rata* share of the Net Settlement Funds. *See* ECF 562. Whatever AMA's objection, it appears that it once again seeks to inject many more years of delay into the distribution process. Further delay in distributing the portion of the Settlement Funds that are the subject of the final Distribution Order is unfair and unnecessary. Consequently, Class Counsel intend to promptly effectuate the distributions authorized by the final and non-appealable Distribution Order (ECF 562) while challenges to the Interest Order are addressed.

It is well known that delays in claims administration result in inefficiency and added costs as Settlement Class Members change addresses, die or businesses cease to exist, resulting in increased administrative costs and some Settlement Class Members not receiving funds at all which, in turn, may result in further supplemental distributions, tax obligations and associated fees for tax professionals arising from settlement account balances that remain open longer than



May 22, 2023
Page 3

necessary and *cy pres* motions – all of which burden the Court, Claims Administrator, Class Counsel and Settlement Class Counsel.

    If the Court wishes to entertain contested briefing related to the Interest Distribution Motion, Class Counsel remain committed to protecting the interests of the Settlement Class Members. If AMA attempts to continue to disrupt the distribution process and those efforts are unsuccessful and necessitate a supplemental distribution, Class Counsel reserve the right to seek all appropriate relief from this Court against AMA.

        Respectfully submitted,

        */s/ Michael Dell'Angelo*
        Michael Dell'Angelo

cc:  All Counsel of Record *(via ECF)*