

**MICHAEL C. DELL'ANGELO** / *EXECUTIVE SHAREHOLDER*
d 215.875.3080  m 610.608.8766 | mdellangelo@bm.net

January 4, 2024

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE: *Contant, et al. v. Bank of America Corp., et al.*, No. 17-cv-3139

Dear Judge Schofield:

      Pursuant to the Court's Order of January 3, 2024 (ECF 618), Class Counsel write to provide the Court with additional information on each of the claimants in Exhibit 1 (ECF 617-1) to Class Counsel's January 2, 2024 letter (ECF 617), to (i) explain the difference in the amounts reported for the first claimant on Exhibit 1, Claim Number WCF0116733, under the Distribution Motion and under the Supplemental Distribution Motion ("Claim WCF0116733"); and (ii) explain how much the amount otherwise payable for each claimant (including all accrued interest) reflected on Exhibit 1 is reduced if the current Supplemental Distribution Motion is granted ("Corrected Claim Amounts").

      **<u>Claim WCF0116733</u>**

      The claim in Row 1 (Claim Number WCF0116733) of Exhibit 1 is an Option One Claim. Including all accrued interest, the claim amount increases from $752.33 under the Distribution Motion to $68,533.41 under the Supplemental Distribution Motion when correcting for the RFED data matching error discussed in the Supplemental Distribution Motion, as detailed below.

      The Plan of Allocation provides for three types of claims, Option One, Option Two and *de minimis*.

      Option One claims were calculated by Kroll and applEcon based on transactional data that Class Counsel obtained from four RFEDs: (1) Forex Capital Markets ("FXCM"); (2) GAIN Capital; (3) Oanda Corporation ("Oanda"); and (4) FXDirectDealer, LLC (collectively "Option One RFED Data").



Hon. Lorna G. Schofield
January 4, 2024
Page 2 of 3

Option Two claims were calculated solely based on documentation provided by claimants.

Authorized *de minimis* claims were paid a small fixed amount. *De minimis* claims were those that did not appear in the Option One RFED Data and for which the claimant did not provide the detailed transactional data required to support an Option Two claim, but did establish that the claimant otherwise met the Settlement Class Definitions.

Under the Plan of Allocation, Option One and Option Two claims were calculated *pro rata* based on the total transactional volume of all claimants during the Class Period.

Claimant WCF0116733 filed an Option One claim. Qualifying transactions for Claimant WCF0116733 appear in the Option One RFED Data which reflects that the claimant transacted with two RFEDs, FXCM and Oanda. Specifically, Claimant WCF0116733 transacted with FXCM through six separate accounts and with Oanda in a single account.

When Kroll and applEcon prepared the claim calculations in the Distribution Motion, the qualifying transactions of Claimant WCF0116733 were only matched to five of its six FXCM accounts and were not matched to its Oanda account. The transactions in Claimant WCF0116733's Oanda account represents over 98% of its total transactional volume; the sixth FXCM account represents nominal relative transactional volume. Because the Plan of Allocation provides that an Option One claimant's claim will be calculated using all of the available Option One RFED Data, by not matching the sixth FXCM account and the Oanda account, the claim calculation for Claimant WCF0116733 was significantly understated, explaining the substantial increase in the total claim amount from the Distribution Motion to the corrected amount in the Supplemental Distribution Motion.

**Corrected Claim Amounts**

Pursuant to the Court's Order at ECF 616, Exhibit 1 (ECF 617-1) to Class Counsel's January 2, 2023 letter (ECF 617) contains a representative sample of the claim amounts of 15 class members, on an individual basis, showing the before and after amounts when the distribution adjustment requested in the Supplemental Distribution Motion (ECF 613-1) (claim amounts reflected in Column D of ECF 617-1) is applied to the claim amounts in the Distribution Motion (ECF 541-2) (claim amounts reflected in Column B to ECF 617-1) and the Interest Distribution Motion (ECF 582-1) (claim amounts reflected in Column C of ECF 617-1).

Application of the RFED matching correction to Option One Claims referenced in the Supplemental Distribution Motion results in reductions to the claims reflected on Exhibit 1 as



Hon. Lorna G. Schofield
January 4, 2024
Page 3 of 3

follows: Claim Row 2 ($1,588.10), 3 ($936.40), 4 ($38.70), 8 ($3.45), 9 ($1.39), 12 ($0.64), 14 ($0.39) and 15 ($102.05) ("Reduced Claim Amounts").

      The Reduced Claim Amounts result from the application of the *pro rata* allocation of the Net Settlement Fund across all Option One and Option Two claims. The Supplemental Distribution Motion corrects those Option One claims for which the original claim calculation in the Distribution Motion contained an administrative matching error of the Option One RFED Data. As discussed above regarding the calculation of Claim WCF0116733, the calculation of certain Option One claims in the Distribution Motion were not matched to all Option One RFED Data applicable to the claimant's claim, causing the impacted Option One claims to be understated pursuant to the terms of the Plan of Allocation. The corrected matching for the impacted Option One claims results in an increased claim amount. Because the Plan of Allocation provides that the Net Settlement Fund is to be allocated on a *pro rata* basis across all Option One and Option Two claims, the *pro rata* increase of the corrected Option One claims results in a *pro rata* reduction of the remaining Option One and Option Two claims which would have been overstated pursuant to the Plan of Allocation but for the corrections in the Supplemental Distribution Motion.

      Class Counsel are available to address any questions that the Court may have.

Respectfully submitted,

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo

cc:      All Counsel of Record via ECF